**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
JOHN T. JASNOCH (CA 281605)
jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508

*Attorneys for Lead Plaintiff Movant Mark Lohkemper*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY, <br><br> Defendants. | Case No. 2:19-cv-01828-R-SK <br><br> **NOTICE OF MOTION & MOTION OF PLAINTIFF MARK LOHKEMPER FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF HIS SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT** <br><br> Date:    June 3, 2019 <br> Time:    10:00 a.m. <br> Judge:  Hon. Manuel L. Real <br> Dept.:  Courtroom 880, 8th Floor |

NOTICE OF MOTION & MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT, CASE NO.: 19-CV-01828-R-SK

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ............................................................................ 1

STATEMENT OF THE ISSUES TO BE DECIDED ............................................. 2

I.     INTRODUCTION ......................................................................... 2

II.    FACTUAL BACKGROUND ............................................................. 3

     A.    Lohkemper Should Be Appointed Lead Plaintiff ....................... 4

          1.    Lohkemper's Motion Is Timely ....................................... 4

          2.    Lohkemper Has the Largest Financial Stake in the Relief Sought by the Class ............................................... 5

          3.    Lohkemper Is Otherwise Qualified Under Rule 23 ......... 6

     B.    The Court Should Approve Lohkemper's Choice of Counsel .............................................................................. 8

IV.    CONCLUSION .................................................................................. 9

NOTICE OF MOTION & MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT, CASE NO.: 19-CV-01828-R-SK

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Feyko v. Yuhe Int'l Inc.*,
No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012)...............................................................................................................5

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002)...........................................................2, 5, 8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)...........................................................8

*In re Cohen v. U.S. Dist. Court for N. Dist. Of Cal.*,
586 F.3d 703 (9th Cir. 2009)...........................................................8

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998)...........................................................6

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015)...........................................................6

*Lax v. First Merchs. Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)...........................................................6

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)...........................................................5, 6

*Russo v. Finisar Corp.*,
No. 5:CV 11-01252, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011)...........................................................7

*Westley v. Oclaro, Inc.*,
No. C-11-2448, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011)...........................................................7

i

NOTICE OF MOTION & MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT, CASE NO.: 19-CV-01828-R-SK

**Statutes, Rules, and Regulations**

15 U.S.C.
   §77z-1(a)(3)(A)(i)(II) ........................................................................................ 5
   §77z-1(a)(3)(A)-(B)........................................................................................... 5
   §77z-1(a)(3)(B)(iii)(II)(aa) .............................................................................. 8
   §77z-1(a)(3)(B)(v) ............................................................................................ 8
   §78u-4 ................................................................................................................. 1
   §78u-4(a)(3)(A)(i) ............................................................................................. 4
   §78u-4(a)(3)(B) ............................................................................................ 2, 6
   §78u-4(a)(3)(B)(i)............................................................................................. 5
   §78u-4(a)(3)(B)(iii) .......................................................................................... 2
   §78u-4(a)(3)(B)(iii)(I)(bb)............................................................................... 5
   §78u-4(a)(3)(B)(iii)(I)(cc) ............................................................................... 6
   §78u-4(a)(3)(B)(v)............................................................................................ 2

**Federal Rules of Civil Procedure**
   Rule 23...................................................................................................*passim*
   Rule 23(a) ......................................................................................................... 6
   Rule 23(a)(3)...................................................................................................... 7

**Other Authorities**

NEWBERG ON CLASS ACTIONS
   §3:13 (4th ed. 2008) ......................................................................................... 7

## **NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lead Plaintiff movant and putative Class member Mark Lohkemper ("Lohkemper"), by and through his undersigned counsel, hereby moves this Court in Courtroom 880, 8th Floor, of the United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, California 90012, on June 3, 2019 at 10:00 a.m., or as soon thereafter as the matter may be heard, for the entry of an order: (1) appointing Lohkemper as Lead Plaintiff for the putative Class pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (2) approving his selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class.

This motion is made on the grounds that Lohkemper timely filed this motion and is the most adequate plaintiff.  Based on the information presently available, Lohkemper has the largest financial interest in the relief sought by the Class amongst movants for lead plaintiff, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as his claims are typical of the claims of the Class, and will fairly and adequately represent the interests of the Class.  In addition, Lohkemper has selected and retained Scott+Scott, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel.

This motion is based on this notice of motion and memorandum of points and authorities herein, the Declaration of John T. Jasnoch ("Jasnoch Decl.") filed concurrently herewith and in support thereof, the pleadings and other files and records previously entered in these actions, and such other written or oral argument as may be presented to the Court.

## STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Court should appoint Lohkemper as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2. Whether the Court should approve of Lohkemper's selection of Scott+Scott as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Mark Lohkemper, by and through his undersigned counsel, respectfully submits this memorandum of points and authorities in support of his motion for: (1) appointment as Lead Plaintiff pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA; and (2) approval of his selection of Scott+Scott to serve as Lead Counsel for the putative Class.

The PSLRA provides that the Court is to appoint as lead plaintiff the member or members of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii). As demonstrated below, Lohkemper should be appointed to serve as the Lead Plaintiff for this litigation because: (1) his motion for appointment is timely filed; (2) based on information presently available, Lohkemper has the largest financial interest in this litigation; and (3) is an adequate and typical Class member. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the PSLRA's standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same). In addition, Lohkemper's selection of Scott+Scott to serve as Lead Counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott has a long

NOTICE OF MOTION & MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT, CASE NO.: 19-CV-01828-R-SK

history of successfully litigating securities class actions and possesses the necessary resources to aggressively prosecute this action on behalf of the putative class.

## II.     FACTUAL BACKGROUND

On February 29, 2019, Alan Grabisch ("Plaintiff Grabisch") filed a complaint in this district, under docket number 2:19-cv-01497, on behalf of all persons, other than Defendants (defined below), who purchased or otherwise acquired Stamps.com, Inc. ("Stamps.com" or the "Company") between May 3, 2017 and February 21, 2019, inclusive (the "*Grabisch* Action").  *See* ECF No. 1 in No. 2:19-cv-01497.  On April 22, 2019, pursuant to stipulation of the parties, the *Grabisch* Action was dismissed without prejudice.  *See* ECF No. 17 in No. 2:19-cv-01497.

On March 13, 2019, Plaintiff Matt Karinski ("Plaintiff Karinski") filed the instant complaint on behalf of all persons, other than Defendants (defined below), who purchased or otherwise acquired Stamps.com, Inc. ("Stamps.com" or the "Company") between May 3, 2017 and February 21, 2019, inclusive (the "*Karinski* Action").  *See* Complaint, ¶1.  The *Karinski* Action is substantially similar to the *Grabisch* Action and was marked related to the *Grabisch* Action.  *See* ECF No. 8.

Stamps.com is a provider of Internet-based mailing and shipping solutions in the United States.  ¶2.  Under the Stamps.com and Endicia brands, Stamps.com customers use United States Postal Service ("USPS") solutions to mail and ship a variety of mail pieces and packages through the USPS.  ¶2.[1]  Customers using Stamps.com solutions receive discounted postage rates compared to USPS.com

---

[1]     Unless otherwise indicated, all "¶__" and "¶¶__" citations refer to the complaint filed in the *Karinski* Action (ECF No. 1) (the "Complaint").

3

and USPS retail locations on certain mail pieces. ¶2. The Company's stock trades on the NASDAQ under the ticker symbol "STMP." ¶11.

The Complaint alleges that Stamps.com and certain of its officers and directors (collectively, "Defendants") made false and/or misleading statements and/or failed to disclose that: (i) the Company's financial results depended on the manipulation of a USPS reseller program that cost USPS an estimated $235 million per year; and (ii) as a result, the Company's business was unsustainable and its financial results were highly misleading. ¶24.

On February 21, 2019, after the market closed, Stamps.com held a conference call to discuss its financial results from the fourth quarter of 2018 and fiscal year 2018 as well as its business outlook and "certain strategic items . . . that impact our business outlook for 2019." ¶25. On the call, defendant and Company CEO Kenneth McBride discussed the Company's renewal talks with USPS over its revenue share agreement and claimed that Stamps.com "will no longer be exclusive to the USPS and that's nonnegotiable." ¶26. The revelation was an inexplicable announcement that the Company was simply walking away from a business relationship that accounted for 87% of the Company's earnings. ¶29. The Company further announced that, contrary to previous expectations of strong growth, 2019 revenue was expected to decline 5.4%. ¶27.

On this news, the Company's stock plummeted to a close price of $83.65 on February 22, 2019, a decline of over 57% from the previous close price of $198.08.

## III. ARGUMENT

### A. Lohkemper Should Be Appointed Lead Plaintiff

#### 1. Lohkemper's Motion Is Timely

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i).

Following the commencement of the *Grabisch* Action, on February 28, 2019, Plaintiff Grabisch published notice of pendency of the action via *Business Wire.* *See* Jasnoch Decl., Ex. A.  Notice of the *Karinski* Action was published on March 13, 2019, via *GlobeNewswire*.  *See* Jasnoch Decl., Ex. B.  Both notices stated that lead plaintiff motions must be filed by April 29, 2019.  *See* Exs. A & B.

All putative Class members seeking to be appointed lead plaintiff are required to move for appointment within 60 days of publication of the Early Notice.  15 U.S.C. §77z-1(a)(3)(A)-(B).  Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely.  15 U.S.C. §77z-1(a)(3)(A)(i)(II).  Moreover, Lohkemper has submitted a certification stating his willingness to serve as a representative party on behalf of the class.  *See* Jasnoch Decl., Ex. C.

### 2.    Lohkemper Has the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts: "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph."  15 U.S.C. §78u-4(a)(3)(B)(i).  Furthermore, there is a "rebuttable presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at \*2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA's lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at \*2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730).  "District courts have typically considered the Olsten–Lax factors to determine who has the largest financial

interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)) (internal quotation marks omitted). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Lohkemper has the largest financial interest in the relief sought in this litigation. Lohkemper suffered losses of approximately $206,000. *See* Jasnoch Decl., Ex. D. Given that Lohkemper has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff, he should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Lohkemper Is Otherwise Qualified Under Rule 23

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in

6

deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'" *Id*. Here, the claims of Lohkemper are typical of the claims of the other members of the putative Class because, like all other Class members, Lohkemper: (1) purchased Stamps.com securities during the Class Period; (2) was adversely affected by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result thereof. *See Russo v. Finisar Corp.*, No. 5:CV 11-01252, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Lohkemper are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. *See* NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, a movant is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the movant's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate "'whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation'"). Lohkemper satisfies the "adequacy" requirement in the instant litigation because

7

his interests are clearly aligned with the interests of the putative Class.  Moreover, Lohkemper, like all other members of the Class, suffered losses as a result of purchasing Stamps.com securities at prices that were artificially inflated due to Defendants' alleged conduct.  Lohkemper will, therefore, benefit from the same relief as other Class members.  In short, there is absolutely no evidence of antagonism between Lohkemper and the putative Class.

Lohkemper has also demonstrated that he is an adequate representative in this matter by retaining competent and experienced counsel.  As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Accordingly, Lohkemper has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the purposes of his motion.

**B.      The Court Should Approve Lohkemper's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35.  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U.S. Dist. Court for N. Dist. Of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

Lohkemper has selected the law firm of Scott+Scott to serve as Lead Counsel.  Scott+Scott has significant experience in the prosecution of securities class actions and as its history indicates, Scott+Scott will vigorously prosecute this case on behalf of Lohkemper and the putative Class.  *See* Jasnoch Decl., Ex. E. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-

8

profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[2]  Scott+Scott is also currently serving as lead or co-lead counsel in securities class actions pending in several United States District Courts, including *Mustafin v. GreenSky, Inc.*, 1:18-cv-110071 (S.D.N.Y.); *McWilliams v. Evoqua Water Technologies Corp.*, 1:18-cv-10320 (S.D.N.Y); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.); and *In re SanDisk LLC Sec. Litig.*, No. 15-cv-01455 (N.D. Cal.).

In light of the foregoing, the Court should approve Lohkemper's selection of Scott+Scott as Lead Counsel.  The Court can be assured that by approving Lohkemper's choice of counsel, the putative Class will receive the highest caliber of representation.

## IV.    CONCLUSION

For all of the foregoing reasons, Lohkemper respectfully requests that the Court appoint Lohkemper as Lead Plaintiff for the putative class, and approve his selection of Scott+Scott to serve as Lead Counsel.

DATED: April 29, 2019

Respectfully submitted,
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 s/ John T. Jasnoch
John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300

---

[2]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Cir. Ct., Jackson Cty., Mo.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. Imclone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); and *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million).

9

San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508

– and –

Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
tlaughlin@scott-scott.com
Rhiana Swartz (*pro hac vice* forthcoming)
rswartz@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334

*Proposed Lead Counsel for Proposed Lead Plaintiff Mark Lohkemper*

10

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

Executed on April 29, 2019, at San Diego, California.

s/ John T. Jasnoch
John T. Jasnoch (CA 281605)

11