**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel:  (213) 985-7290
Email: amccall@zlk.com

*Attorneys for Demetrious Manuselis*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | No. 2:19-cv-01497-MLR-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEMETRIOUS MANUSELIS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Hon. Manuel L. Real<br>Date:  June 3, 2019<br>Time: 10:00 a.m.<br>Courtroom #880 - 8th Floor |

## **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................................1

II.     STATEMENT OF FACTS ...................................................................................2

III.    ARGUMENT ........................................................................................................3

  A.    MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE .......................................................................................3

    1.  The Procedure Required by the PSLRA ....................................................3

      a. Movant Is Willing to Serve As Class Representative ..........................4

      b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class ...........................................................................5

    2.  Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ..............................................................................5

      a. Movant's Claims are Typical of the Claims of all the Class Members 6

      b. Movant will Adequately Represent the Class .....................................7

  B.    APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE .......................................................................................8

IV.     CONCLUSION .....................................................................................................9

# TABLE OF AUHTORITIES

**Cases**

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994)..................................................................................8

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) .........................................................................7

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982)..............................................................................................7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998)..............................................................................7

*Haung v. Acterna Corp.*,
  220 F.R.D. 255 (D. Md. 2004)..............................................................................6

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002)........................................................................1, 5, 6

*In re Drexel  Burnham Lambert Group*,
  960 F.2d 285 (2d Cir. 1992)..................................................................................7

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998) ..............................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...........................................................................7

*Maiden v. Merge Techs., Inc.*,
  No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)........5

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993)..................................................................................7

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ................................................................6

*Weiss v. York Hosp.*,
  745 F.2d 786 (3d Cir. 1984)..................................................................................7

**Statutes**

15 U.S.C. § 78u-(a)(3)(A)(i)(II) ...............................................................................3

15 U.S.C. § 78u-(a)(3)(B)(i).....................................................................................4

15 U.S.C. § 78u-4(3)(B)(iii)(I)..................................................................................8

15 U.S.C. § 78u-4(a) .................................................................................................3

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................passim

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...............................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ..........................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).....................................................................8

15 U.S.C. § 78u-4(e) ...............................................................................................5

**Rules**

Fed. R. Civ. P. 23 ...........................................................................................passim

## I.    PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action")[1] brought on behalf of all persons who purchased or otherwise acquired the securities of Stamps.com, Inc. ("Stamps.com" or the "Company") between May 3, 2017 and February 21, 2019, inclusive ("Class Period"). Plaintiff in the  above-captioned action (the "Action") alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Kenneth McBride ("McBride"), Kyle Huebner ("Huebner"), and Jeff Carberry ("Carberry") (collectively, "Defendants").[2]

Movant Demetrious Manuselis ("Movant") lost approximately $344,561.94 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (b) for approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant satisfies both requirements.

Movant believes that he has the largest financial interest in the outcome of the case.[3] As such, Movant meets the requirements of the PSLRA for  appointment

---

[1] The first filed action against the Defendants entitled *Grabisch v. Stamps.com, Inc., et al.,* Case No. 2:19-cv-01497 (the "*Grabisch* Action") was filed on February 28, 2019 in this Court and was voluntarily dismissed on April 22, 2019.

[2] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.

[3] Movant's certifications identifying his transactions during the Class Period and a chart identifying his collective losses, is attached to the Declaration of Adam C. McCall, dated April 29, 2019 ("McCall Decl."), as Exhibits A, and B, respectively.

as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[4]

Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel for plaintiff and the proposed class should be approved by this Court.

## II.    STATEMENT OF FACTS

Stamps.com is a provider of Internet-based mailing and shipping solutions in the United States.¶ 2.[5] The Company is incoprporated in Delaware and its securities trade on the NASDAQ under the ticker symbol "STMP." ¶ 11. Stamps.com allows customers to ship and mail mail pieces and packages using the United States Postal Service ("USPS"), while paying lower prices than if the customers used USPS.com or USPS retail locations for some mail pieces. ¶ 2.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's financial results depended on the manipulation of a USPS program that cost USPS an estimated $235 million per year; and (ii) as a result, the Company's business was unsustainable and its financial results were highly misleading. ¶ 24.

In 1999 Stamps.com became the first USPS-approved PC Postage vendor offering software only mailing and shipping services. ¶ 17. At the beginning of the Class Period, May 3, 2017, Stamps.com issued a press release announcing it's first

---

[4] The Action excludes from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[5] Citations to "¶" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint") filed in the Action. The facts set forth in the Complaint are incorporated herein by reference.

quarter of 2017 financial results ("Q1 2017"). In this press release, the Company mislead investors by discussing the strong partnership with USPS, and that it was only getting better. ¶¶ 22-23. Over the next two years, Stamps.com repreatedly touted its purported strong financial results and relationship with USPS, but did not inform the investing public that its agreement with USPS was in jeapordy. ¶¶ 20, 25-30.

Then after the market closed on February 21, 2019, the Company held a conference call to discuss its fourth quarter 2018 financial results and business outlooks that would impact its business in 2019. ¶ 25. On this call, it was announced that Stamps.com would be discontinuing its shipping partnership with USPS, and that its 2019 revenue outlook was expected to decline 5.4%. ¶ 26. Following these announcements, the Company's stock price plummeted $114.43 per share, or 57%, to close at $83.65 on February 22, 2019. ¶ 28.

## III. ARGUMENT

### A. MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE

#### 1. The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II)

and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the  court, has  the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### a. **Movant Is Willing to Serve As Class Representative**

On February 28, 2019, counsel in the *Grabisch* Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Stamps.com and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the action.[6]

Movant has reviewed a complaint filed in the pending Actions and has timely

---

[6] The *Grabisch* Action was filed in this Court on February 28, 2019. On that same day, the Notice was published over *Business Wire*, a widely-circulated national business- oriented wire service. See McCall Decl. Ex. D.

filed his motion pursuant to the Notice.

### b. **Movant Has the Requisite Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* McCall Decl., Ex. B. The movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold his shares, if he sold his shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased Stamps.com shares in reliance upon the materially false and misleading statements issued by defendants, and were injured thereby. Movant suffered a substantial loss of $344,561.94. See McCall Decl. Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. **Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest

financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiffs move for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp*., 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig*., 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. **Movant's Claims are Typical of the Claims of all the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same

injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other Class members, acquired Stamps.com securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other Class members because Movant suffered losses similar to those of other Class members and their losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. **Movant will Adequately Represent the Class**

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned

with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the Class members, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B) (v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

## B.   APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead

Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See* McCall Decl. Ex. E (the firm resume of Levi & Korsinsky).

## IV.  CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court grant his Motion and enter an order: (1) appoint Movant as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: April 29, 2019                         Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 /s/ *Adam C. McCall*
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: amccall@zlk.com

*Attorneys for Movant Demetrious Manuselis*

## CERTIFICATE OF SERVICE

I, Adam C. McCall, hereby declare under penalty of perjury as follows:

I am an associate attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On April 29, 2019, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEMETRIOUS MANUSELIS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 29, 2019.

 /s/Adam C. McCall
Adam C. McCall