Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com

*Counsel of Lead Plaintiff Movant*
*STMP Investor Group*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY, <br><br> Defendants. | Case No: 2:19-cv-01828-R-SK <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STMP INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Hearing Date: June 3, 2019 <br> Time: 10:00 am <br> Courtroom: 880-8th floor <br> Judge: Hon. Manuel L. Real |

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION.................................................................................................1

II.     STATEMENT OF FACTS....................................................................................2

III.    ARGUMENT .......................................................................................................3

      A.      The Court Should Appoint the STMP Investor Group as
            Lead Plaintiff.......................................................................................3

           1.      The Procedure Required by the PSLRA.......................................3

           2.      Movants Satisfy The Requirements Of Rule 23(A)
               Of The Federal Rules Of Civil Procedure ....................................5

      B.      Movants' Choice Of Counsel Should Be Approved..............................8

IV.     CONCLUSION ....................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Pages**

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002)...............................................................1, 4, 5, 6

*Crawford v. Honig*,
    37 F.3d 485 (9th Cir. 1994)..........................................................................7

*In re Drexel Burnham Lambert Group*,
    960 F.2d 285 (2d Cir. 1992)..........................................................................7

*Dura Pharm., Inc. v. Broudo*,
    125 S. Ct. 1627 (2005) .................................................................................5

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004) ..................................................................6

*Gen. Tel. Co. of the Southwest v. Falcon*,
    457 U.S. 147 (1982) ......................................................................................6

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)........................................................................6

*Haung v. Acterna Corp.*,
    220 F.R.D. 255 (D. Md. 2004) ......................................................................6

*In re Milestone Sci. Sec. Litig.*,
    183 F.R.D. 404 (D.N.J. 1998) .......................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998)......................................................................6

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993) ..........................................................................6

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999)............................................................5

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984) .....................................................................6, 7

**Rules & Statutes**                                                                                    **Pages**

15 U.S.C. §§ 78u-4(a), *et seq.*.................................................................................3, 4, 5, 7, 8

Fed. R. Civ. P. 23(a) ..................................................................................................5, 6, 7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STMP INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

Case No: 2:19-cv-01828-R-SK

iii

## I.   INTRODUCTION

Movants Michael Rado and Paul Davis (collectively, "Movants" or the "STMP Investor Group") respectfully submit this memorandum of points and authorities in support of their motion for: (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (b) approval of their selection of the law firms of Glancy Prongay & Murray LLP and Kirby McInerney LLP as Lead Counsel; and (c) such other and further relief as the Court may deem just and proper.

The above-captioned securities class action lawsuit alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against Stamps.com, Inc. ("Stamps.com" or the "Company"), Kenneth McBride, Kyle Huebner, and Jeff Carberry (collectively, "Defendants").[1] Movants are members of the proposed class of all persons who purchased or otherwise acquired the securities of Stamps.com during the period from May 3, 2017 through February 21, 2019, inclusive (the "Class Period").

The PSLRA dictates that the Court appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he or she is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

Movants believe that they satisfy both requirements. Movants purchased 10,580 Stamps.com shares during the Class Period, with a total Class Period expenditure of $1,961,616.66. On a net basis, Movants purchased 9,580 shares for a total net Class Period expenditure of $1,683,878.66. Movants suffered total Class

---

[1] On February 28, 2019, a proposed class action was filed against Defendants asserting substantially similar claims for the same proposed class period. *See Grabisch v. Stamps.com, et al.*, 2:19-cv-01497-R-SK (C.D. Cal. Feb. 28, 2019) (ECF No. 1) (the "*Grabisch* Action"). On April 12, 2019, counsel for plaintiff in the *Grabisch* Action filed a stipulation of voluntary dismissal with prejudice. *See Grabisch* Action ECF No. 16).

Period investment losses of $842,076.97, when losses are calculated on a last-in, first-out ("LIFO") basis. *See* Exhibit 5 to the accompanying Declaration of Robert V. Prongay ("Prongay Decl."). As such, Movants believe that they have the largest financial interest in the outcome of the case and that they will fairly and adequately represent the interests of the Class. Accordingly, Movants meet the requirements of the PSLRA for appointment as Lead Plaintiff and respectfully submit that they should be appointed Lead Plaintiff and that their selection of Glancy Prongay & Murray LLP and Kirby McInerney LLP as Lead Counsel should be approved by this Court.

## II.  STATEMENT OF FACTS

Stamps.com is a provider of Internet-based mailing and shipping solutions in the United States.[2] Under the Stamps.com and Endicia brands, Stamps.com customers use United States Postal Service ("USPS") solutions to mail and ship a variety of mail pieces and packages through the USPS. Customers using Stamps.com solutions receive discounted postage rates compared to USPS.com and USPS retail locations on certain mail pieces.

During the Class Period, Defendants repeatedly touted the Company's purportedly strong financial results and relationship with USPS. These statements were false and misleading because they failed to disclose that: (i) the Company's financial results depended on the manipulation of a USPS reseller program that cost USPS an estimated $235 million per year; and (ii) as a result, the Company's business was unsustainable and its financial results were highly misleading.

The truth emerged on February 21, 2019, after the market closed, when Stamps.com held a conference call to discuss its financial results from the fourth quarter of 2018 and fiscal year 2018 as well as its business outlook and "certain strategic items . . . that impact our business outlook for 2019." On the call, the

---

[2] The "Statement of Facts" is derived from the factual allegations of the complaint filed in connection with the above-captioned action.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STMP INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No: 2:19-cv-01828-R-SK
2

Company's Chairman and Chief Executive Officer ("CEO"), Kenneth McBride ("McBride"), inexplicably stated that the Company was discontinuing its shipping partnership with USPS—despite the fact that USPS-related business accounts for 87% of the Company's revenue. The Company further announced that, contrary to previous expectations of strong growth, 2019 revenue was expected to decline 5.4%. On this news, the Company's stock plummeted to a close price of $83.65 on February 21, 2019, a decline of over 57% from the previous close price of $198.08.

On February 26, 2019, it was reported that, contrary to McBride's representations, USPS itself had decided to terminate its relationship with Stamps.com in the face of the Company's increasing demands and abuse of the USPS's reseller program.

## III. ARGUMENT

### A. The Court Should Appoint the STMP Investor Group as Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within twenty days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider all motions filed within sixty days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i). The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the movant that:

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### a. Movants Filed A Timely Motion In Response To A Notice

On February 28, 2019, counsel for plaintiff in the dismissed *Grabisch* action caused a notice to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Stamps.com and certain of its officers, and which advised putative class members that they had sixty days from the date of the Notice (or April 29, 2019) to file a motion to seek appointment as a lead plaintiff in the Action. *See* Prongay Decl. Ex. 1. Subsequently, on March 13, 2019, counsel for plaintiff in this action issued a press release advising investors of the same April 29, 2019 deadline to seek lead plaintiff appointment. *See* Prongay Decl. Exhibit 2. As such, Movants have timely filed this motion.

### b. Movants Have The Largest Financial Interests In The Relief Sought By The Class

According to 15 U.S.C § 78u-4(a)(3)(B)(iii), "the court shall adopt a presumption that the most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and otherwise satisfies the adequacy and typicality requirements of Rule 23. *See also In re Cavanaugh*, 306 F.3d at 730. During the Class Period, Movants purchased 10,580 shares of Stamps.com stock, for which they spent a total of $1,961,616.66. Movants

had net purchases of 9,580 shares during the Class Period, and net Class Period expenditures of $1,683,878.66. *See* Prongay Decl. Ex. 5. Matching their sales and purchases on a last-in, first-out (LIFO) basis (the method favored by most courts), Movants lost $842,076.97 from their class period transactions. When losses on the LIFO-matched trades are calculated per the Supreme Court's directives in *Dura Pharm.*, *Inc. v. Broudo*, 125 S. Ct. 1627 (2005) and its progeny, and are limited to the stock price declines caused by the corrective disclosures alleged in the complaints, Movants' losses from Class Period transactions are $833,474.97. *See* Prongay Decl. Ex. 5.

## 2.   Movants Satisfy The Requirements Of Rule 23(A) Of The Federal Rules Of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See In re Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the

lead plaintiff moves for class certification. *See In re Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998). As detailed below, Movants satisfy both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying their appointment as Lead Plaintiff.

### a. Movants' Claims Are Typical Of The Claims Of All Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movants plainly meet the typicality requirement of Rule 23 because: (i) they suffered the same injuries as the absent class members; (ii) they suffered as a result of the same course of conduct by Defendants; and (iii) their claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 606-07 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge). In this Action, the typicality requirement is met because Movants' claims are identical to, and neither compete nor conflict with, the claims of the other Class members. Movants, like the other members of the Class, acquired Stamps.com securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, their claims are typical, if not identical, to those of the other members of the Class because

Movants suffered losses similar to those of other Class members and their losses result from Defendants' common course of wrongful conduct. Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809-11; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.     Movants Will Adequately Represent The Class

Movants are adequate representatives for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movants to whether the interests of the movants are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994). Movants' interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movants' interests and those of the Class, but Movants have significant and compelling interests in prosecuting the Action based on the large financial losses they have suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movants' identical interests with the members of the Class, demonstrate that Movants will vigorously pursue the interests of the Class.

Moreover, Movants have submitted a Joint Declaration attesting to their understanding of the responsibilities of a lead plaintiff and their willingness to coordinate their efforts as necessary to fulfill those obligations. Prongay Decl. Ex. 4.

In addition, Movants have retained counsel highly experienced in prosecuting securities class actions, and will submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). They will prosecute the Action vigorously on behalf of the Class. Accordingly, at this stage of the proceedings, Movants have made the

preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

In addition, because Movants have sustained the largest amount of losses from Defendants' alleged wrongdoing, they are, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead this Action.

### B.    Movants' Choice Of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movants have selected and retained the law firms of Glancy Prongay & Murray LLP and Kirby McInerney LLP as the proposed Lead Counsel for the Class. *See* Prongay Decl., Exs. 6-7 (the firm resumes of Glancy Prongay & Murray LLP and Kirby McInerney LLP). The members of Glancy Prongay & Murray LLP and Kirby McInerney LLP have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) appoint Movants as Lead Plaintiff for the Class in the Action; (2) approve Glancy Prongay & Murray LLP and Kirby McInerney LLP as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: April 29, 2019

GLANCY PRONGAY & MURRAY LLP

By: */s/ Robert V. Prongay*
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)

Lesley F. Portnoy (#304851)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com

Ira M. Press
Thomas W. Elrod
KIRBY McINERNEY LLP
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
Email: ipress@kmllp.com

*Counsel for Lead Plaintiff Movant STMP
Investor Group*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On April 29, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 29, 2019, at Los Angeles, California.

*s/ Robert V. Prongay*
Robert V. Prongay