Ramzi Abadou (SBN 222567)
ramzi.abadou@ksfcounsel.com
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, California 94117
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Movant Richard Dell'Anno*
*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MATT KARINSKI, Individually and on Behalf of all Others Similarly Situated<br><br>    Plaintiff,<br><br>v.<br><br>STAMPS.COM, INC, KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>    Defendants. | **Docket No.: 2:19-cv-01828-R-SK**<br><br>CLASS ACTION<br><br>NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT RICHARD DELL'ANNO'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL<br><br>DATE: Monday, June 3, 2019<br>TIME: 10:00 A.M.<br>JUDGE: Hon. Manuel L. Real<br>DEPT: Courtroom 880 |

CASE NO. 2:19-CV-01828-R

## NOTICE OF MOTION AND MOTION

### TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that at 10:00 a.m. on June 3, 2019, or as soon thereafter as the matter may be heard, before the Honorable Manuel L. Real, United States District Court, Central District of California, Roybal Federal Building, Courtroom 880 – 8th Floor, 255 East Temple Street, Los Angeles, CA, 90012, Richard Dell'Anno will and hereby does move for an order appointing Mr. Dell'Anno as Lead Plaintiff pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and approving of Mr. Dell'Anno's selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the attached declarations and exhibits, the pleadings on file in this action, oral argument, and such other matters as the Court may consider in hearing this motion. Mr. Dell'Anno makes this Motion with the belief that he is the "most adequate plaintiff" as defined by the PSLRA. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). As demonstrated in the Certification and Loss Chart attached to the Declaration of Ramzi Abadou in Support of Richard Dell'Anno's Motion for Appointment as Lead Plaintiff Approval of His Selection of Lead Counsel ("Abadou Decl.") (Exhibits A and B), Mr. Dell'Anno: (i) has the largest financial interest in the relief sought by the class; and (ii) satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23.

## I.    PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Grabisch v. Stamps.com, Inc.*, Case No. 2:19-cv-01497, was filed on February 28, 2019 (the "*Grabisch* Action") alleging violations of §§ 10(b) and 20(a) of the Exchange Act, 15 U.SC. §§ 78j(b) and 78t(a),

CASE NO. 2:19-CV-01828-R

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

1

and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder. A second action, *Karinski v. Stamps.com, Inc.,* Case No. 2:19-cv-01828, was filed on March 13, 2019 (the "*Karinksi* Action"). On April 22, 2019 this Court entered an order granting the *Grabisch* Action parties' stipulated motion to dismiss that action without prejudice. ECF No. 17. The *Karinski* Action is brought pursuant to the Exchange Act on behalf of all persons or entities who acquired Stamps.com securities between May 3, 2017 and February 21, 2019, inclusive ("the Class Period"). The Exchange Act claims allege that Defendants engaged in a fraudulent scheme to artificially inflate the prices of Stamps.com securities during the Class Period as set forth below.

## II.    STATEMENT OF FACTS

Defendant Stamps.com is a Delaware corporation headquartered in California. ¶11.[1] It trades on the NASDAQ under the ticker symbol "STMP." *Id.* Defendants Kenneth McBride, Kyle Huebner and Jeff Carberry are the Company's Chief Executive Officer, President, and Chief Financial Officer, respectively. ¶¶13-15. Stamps.com was the first United States Postal Service ("USPS")-approved internet-based vendor of stamps. ¶17. It provides access to online "mailing and other shipping solutions," which enables to customers to print postage at home. ¶18. During the class period, Defendants touted the Company's strong relationship with the USPS. ¶¶3, 20.

On May 3, 2017, Stamps.com issued a press release, filed with the Securities and Exchange Commission ("SEC") on Form 8-K, stating in part, "[w]e are very pleased with our continued strong revenue and earnings growth this quarter . . . we saw continued strong growth in our shipping business areas, and we experienced strong contributions from all of our subsidiaries." ¶21. Similarly, on an August 2, 2017 earnings call, Defendant McBride stated, "the partnership with the Postal

---

[1]    All "¶" and "¶¶" references are to the *Karinksi* Action Complaint. ECF No. 1.

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

CASE NO. 2:19-CV-01828-R

2

Services is continuing to be stronger and stronger . . . we have multiple contracts and various partnerships with the Postal Service." ¶23.

On February 21, 2019, after the market closed, Defendant McBride discussed the Company's latest discussions with the USPS over its revenue share agreement, revealing that Stamps.com "will no longer be exclusive to the USPS," and that "USPS has not agreed to accept these terms." ¶26. Defendant McBride went on to announce that "we decided to discontinue our shipping partnership with the USPS." *Id.* At the same time, the Company announced that their 2019 revenue was expected to decline 5.4%. ¶27. On this news, Stamp.com's share price plummeted from a closing price of $198.08 on February 21, 2019 to a closing price of $83.65 the next day, *a 57% decline in value*. ¶28.

## III.  ARGUMENT

### A.  MR. DELL'ANNO SHOULD BE APPOINTED AS LEAD PLAINTIFF

#### 1.  The PSLRA's Procedural Requirements

The PSLRA establishes the procedure to select a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Grabisch* Action published a notice on *BusinessWire*[2] on February 28, 2019. *See* Abadou Decl., Ex. C. This notice announced that motions for appointment as lead plaintiff were to be filed no later than April 29, 2019. Within 60

---

[2]  *BusinessWire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 531 (N.D. Cal. 2009).

CASE NO. 2:19-CV-01828-R

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL
3

days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the investor that the Court determines to be most capable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Only by a showing of proof that a lead plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the putative class, will this presumption be overcome. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2.   Mr. Dell'Anno is the "Most Adequate Plaintiff"

Mr. Dell'Anno has met the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing this motion. Moreover, Mr. Dell'Anno has sustained a substantial loss from his investment in Stamps.com securities, and has shown his willingness to represent the class, as demonstrated by his execution of a Certification detailing his Stamps.com transactions during the Class Period. *See*

CASE NO. 2:19-CV-01828-R

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4

Abadou Decl., Ex. A. In addition, Mr. Dell'Anno has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. *See* Abadou Decl., Ex. D.

### a. Mr. Dell'Anno Has the "Largest Financial Interest" in the Relief Sought by the Class

"According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. "So long as the plaintiff with the largest losses satisfies the adequacy requirements, he is entitled to lead plaintiff status . . . ." *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) (citing *In re Cavanaugh*, 306 F.3d at 732). As demonstrated herein, Mr. Dell'Anno (with losses of $965,408) has the largest known financial interest in the relief sought by the Class. *See* Abadou Decl. Exhibit B.

### b. Mr. Dell'Anno Satisfies the Requirements of Rule 23

A proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of a proposed lead plaintiff. *See Kim v. Advanced Micro Devices, Inc.*, 2018 U.S. Dist. LEXIS 98172, at *5 (N.D. Cal. June 11, 2018) ("When ruling on a motion for appointment as lead plaintiff, the main focus is on the typicality and adequacy requirements of Rule 23."). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Gudimetla v. Ambow Educ. Holding Ltd.*, 2012 U.S. Dist. LEXIS 195807, at *9 (C.D. Cal. Nov. 19, 2012); *see also Schriver v. Impac Mortg. Holdings, Inc.*, 2006 U.S. Dist. LEXIS 40607, at *15-16 (C.D. Cal. May 2, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

CASE NO. 2:19-CV-01828-R

5

plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors."). As detailed below, Mr. Dell'Anno satisfies both the typicality and adequacy requirements of Rule 23. *See Shreves v. Xunlei Ltd.*, 2015 U.S. Dist. LEXIS 123745, at *9 (C.D. Cal. Sep. 15, 2015) (fact that movant had largest financial stake in the litigation "supports his willingness to vigorously represent the Putative Class.").

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Gudimetla,* 2012 U.S. Dist. LEXIS 195807, at *9. The requirement that the proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Just Film, Inc. v. Buono,* 847 F.3d 1108, 1116 (9th Cir. 2017). Here, the typicality requirement is met because Mr. Dell'Anno's claims are identical, non-competing and non-conflicting with the claims of other putative class members. Mr. Dell'Anno and the putative class acquired Stamps.com securities during the Class Period when the Company's stock price was artificially inflated as a result of Defendants' alleged misrepresentations.

Thus, both Mr. Dell'Anno and the putative class suffered damages as a result of these purchases. Mr. Dell'Anno like all other putative class members: (1) acquired Stamps.com securities during the Class Period; (2) acquired Stamps.com securities at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages as a result of the alleged misrepresentations. Accordingly, Mr. Dell'Anno's claims and injuries arise from the same conduct from which the other class members' claims and injuries arise. *See Gudimetla,* 2012 U.S. Dist. LEXIS 195807, at *9.

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

CASE NO. 2:19-CV-01828-R

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Mr. Dell'Anno to whether: "(1) counsel for the class is qualified and competent; and (2) the representative's interests are not antagonistic to the interests of absent class members." *Mannkind Sec. Actions*, 2011 U.S. Dist. LEXIS 164320, at \*17 (C.D. Cal. Apr. 27, 2011). Mr. Dell'Anno's interests are clearly aligned with the members of the putative class because his claims are identical to that of the putative class. Mr. Dell'Anno transacted in Stamps.com common stock and options during the putative Class Period and incurred substantial losses as a result thereof. Mr. Dell'Anno also has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the financial loss he incurred as a direct result of Defendants' alleged wrongful conduct. *Crihfield v. CytRx Corp.*, 2016 U.S. Dist. LEXIS 181615, at \*15 (C.D. Cal. Oct. 26, 2016).

Further, as set forth below, Mr. Dell'Anno has selected a law firm highly experienced in successfully prosecuting securities class actions and complex litigation, as Proposed Lead Counsel.

## IV. THE COURT SHOULD APPROVE MR. DELLANO'S CHOICE OF COUNSEL

The PSLRA vests authority in the appointed Lead Plaintiff to select and retain counsel to represent the putative class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Mr. Dell'Anno has selected KSF to serve as Lead Counsel for the putative class, a firm with substantial expertise in the prosecution of securities class actions in federal and state courts across the country. *See* Abadou Decl., Ex. D.

As a national law firm with a presence in Louisiana, California and New York, KSF is well qualified to serve as Lead Counsel. *See* Abadou Decl., Ex. D; *see also*

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

CASE NO. 2:19-CV-01828-R

7

*Kasper v. AAC Holdings, Inc*., 2017 U.S. Dist. LEXIS 109608, at \*42-43 (M.D. Tenn. July 14, 2017) (appointing KSF as co-class counsel at class certification, finding that it satisfied the requirements of Rule 23(g)). The firm has been appointed as lead counsel by many federal courts, including several in this Circuit. *See Ziolkowski v. Netflix, Inc.*, 2017 U.S. Dist. LEXIS 91848, at \*11 (N.D. Cal. June 14, 2017); *see also In re Orexigen Therapeutics, Inc. Securities Litigation*, No. 15-cv-00540-JLS, slip op. at 6 (S.D. Cal. June 22, 2015) (appointing KSF sole lead counsel and finding that the "Kahn Swick & Foti firm has extensive experience in the prosecution of securities class actions and it appears that it will adequately represent the interests of all class members."); *In re CytRx Corp. Sec. Litig*., Case No. 14-cv-01956-GHK, slip op. at 5 ("Based on the firm's résumé and experience with class action securities litigation . . . the Court is satisfied that Kahn, Swick & Foti, LLC is qualified to serve as lead counsel in this case.") (C.D. Cal. June 13, 2014).

KSF also served as co-counsel to the lead plaintiff in the *Halliburton* securities litigation matter where KSF twice prevailed before the United States Supreme Court and obtained a $100 million recovery for the class. *Halliburton Co. v. Erica P. John Fund, Inc*., 134 S. Ct. 2398 (2014); *see also Erica P. John Fund, Inc. v. Halliburton Co*., 563 U.S. 804 (2011). Thus, the Court may be assured that in granting this motion, the class will receive legal representation of the highest caliber from KSF. *See id*.

## V.    <u>CONCLUSION</u>

For all of the foregoing reasons, Mr. Dell'Anno respectfully requests that this Court: (1) appoint him as Lead Plaintiff; (2) approve his selection of Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: April 29, 2019

Respectfully Submitted,

KAHN SWICK & FOTI, LLP

By: _/s/ Ramzi Abadou_____

Ramzi Abadou (SBN 222567)
ramzi.abadou@ksfcounsel.com
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, California 94117
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

-and-

KAHN SWICK & FOTI, LLC
Lewis S. Kahn
Melinda Nicholson
(*pro hac vice to be submitted*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
melinda.nicholson@ksfcounsel.com

*Counsel for Movant Richard Dell'Anno and Proposed Lead Counsel for the Class*

CASE NO. 2:19-CV-01828-R

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ Ramzi Abadou
RAMZI ABADOU

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

CASE NO. 2:19-CV-01828-R

10