**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone:  (310) 405-7190
Email:  jpafiti@pomlaw.com

*Attorney for Movants*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | Case No. 2:19-cv-01828-R-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STAMPS.COM INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**<br><br>DATE:  May 20, 2019<br>TIME:  10:00 a.m.<br>JUDGE:  Manuel L. Real<br>CTRM:  Courtroom 880, 8th Floor |

MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     STATEMENT OF FACTS .........................................................................................1

III.    ARGUMENT ............................................................................................................2

      A.   THE STAMPS.COM INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ..........................................................2

           1.   The Stamps.com Investor Group is Willing to Serve as Class Representative ...........................................................................3

           2.   The Stamps.com Investor Group Has the "Largest Financial Interest" ..........................................................................4

           3.   The Stamps.com Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure.....5

           4.   The Stamps.com Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ..........................................................................7

      B.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..........................................................................8

IV.     CONCLUSION ........................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>Cases</u>

*A.F.I.K. Holding SPRL v. Fass*,
216 F.R.D. 567 (D.N.J. 2003)..................................................................................4

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)..................................................................................................7

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994) .........................................................................................6

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006) .....................................................................................6

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999)...............................................................................6

*Fischler v. Amsouth Bancorporation*,
176 F.R.D. 583 (M.D. Fla. 1997) .............................................................................6

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................5

*Grabisch v. Stamps.com, Inc. et al.*,
Docket No. 2:19-cv-01497 (C.D. Cal.).....................................................................3

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996)..............................................................................5

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) ...........................................4

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)..........................................4

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) .......................................................................4, 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998)................................................................................5

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004) ............................................................................... 4

*Janovici v. DVI, Inc.*, No. 03-4795,
    2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003) ........................................ 4

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ........................................ 4

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ........................................ 8

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986) ................................................................................. 6

### Statutes

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ...........................................................................*passim*

### Rules

Federal Rules of Civil Procedure Rule 23 ..................................................................*passim*

Movants Terence Warner, Oluwole Olobatuyi, and Wayne Phelps (collectively, the "Stamps.com Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing the Stamps.com Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the securities of Stamps.com, Inc. ("Stamps.com" or "the Company") between May 3, 2017 and February 21, 2019, both dates inclusive (the "Class Period"); and (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Stamps.com Investor Group, with losses of approximately $473,151 in connection with its purchases of Stamps.com securities, has the largest financial interest in the relief sought in this action. The Stamps.com Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members. Accordingly, the Stamps.com Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## II.    STATEMENT OF FACTS

Stamps.com is a provider of Internet-based mailing and shipping solutions in the United States. Under the Stamps.com and Endicia brands, Stamps.com customers use United States Postal Service ("USPS") solutions to mail and ship a variety of mail pieces and packages through the USPS. Customers using Stamps.com solutions receive

MEMORANDUM OF POINTS AND AUTHORITIES

1

discounted postage rates compared to USPS.com and USPS retail locations on certain mail pieces.

During the Class Period, Defendants repeatedly touted the Company's purportedly strong financial results and relationship with USPS. These statements were false and misleading because they failed to disclose that: (i) the Company's financial results depended on the manipulation of a USPS reseller program that cost USPS an estimated $235 million per year; and (ii) as a result, the Company's business was unsustainable and its financial results were highly misleading.

The truth emerged on February 21, 2019, after the market closed, when Stamps.com held a conference call to discuss its financial results from the fourth quarter of 2018 and fiscal year 2018 as well as its business outlook and "certain strategic items . . . that impact our business outlook for 2019." On the call, the Company's Chairman and Chief Executive Officer ("CEO"), Kenneth McBride ("McBride"), inexplicably stated that the Company was discontinuing its shipping partnership with USPS—despite the fact that USPS-related business accounts for 87% of the Company's revenue. The Company further announced that, contrary to previous expectations of strong growth, 2019 revenue was expected to decline 5.4%. On this news, the Company's stock plummeted to a close price of $83.65 on February 21, 2019, a decline of over 57% from the previous close price of $198.08.

On February 26, 2019, it was reported that, contrary to McBride's representations, USPS itself had decided to terminate its relationship with Stamps.com in the face of the Company's increasing demands and abuse of the USPS's reseller program.

## III.    ARGUMENT

### A.    THE STAMPS.COM INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Stamps.com Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead

plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Stamps.com Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. The Stamps.com Investor Group is Willing to Serve as Class Representative

On February 28, 2019, counsel for a plaintiff in a related action[1] caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Stamps.com securities that they had 60 days—*i.e.*, until April 29,

---

[1] The case was styled: *Grabisch v. Stamps.com, Inc. et al.*, Docket No. 2:19-cv-01497 (C.D. Cal.). On April 22, 2019, the case was voluntarily dismissed without prejudice. (*Grabisch*, ECF No. 17.)

2019—to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jennifer Pafiti in Support of Motion of the Stamps.com Investor Group for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Pafiti Decl."), Ex. A.

The Stamps.com Investor Group has filed the instant motion pursuant to the Notice, and its members have attached Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. B. Accordingly, the Stamps.com Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The Stamps.com Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the Stamps.com Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003).

_____

[2] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

MEMORANDUM OF POINTS AND AUTHORITIES

During the Class Period, the Stamps.com Investor Group (1) purchased 27,893 shares of Stamps.com common stock and 64 option contracts; (2) expended $4,990,676 on its purchases of Stamps.com securities; (3) retained 3,165 of its shares of Stamps.com common stock; and (4) as a result of the disclosures of the fraud, suffered a loss of $473,151 in connection with its purchases of Stamps.com securities.  *See* Pafiti Decl., Ex. C.  Because the Stamps.com Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.     The Stamps.com Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp.

542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the Stamps.com Investor Group are typical of those of the Class.  The Stamps.com Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Stamps.com, or omitted to state material facts necessary to make the statements they did make not misleading.  The Stamps.com Investor Group, as did all members of the Class, purchased Stamps.com securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to

uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The Stamps.com Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the Stamps.com Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation.    Moreover, the Stamps.com Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. The Stamps.com Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing the Stamps.com Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the Stamps.com Investor Group to fairly and adequately represent the Class has been discussed above. The Stamps.com Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the Stamps.com Investor Group should be appointed Lead Plaintiff for the Class.

## B.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Stamps.com Investor Group has selected Pomerantz and as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Pafiti Decl., Ex. D. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement *in In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See id*. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Action, the Stamps.com Investor Group's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by the Stamps.com Investor Group, the members of the class will receive the best legal representation available.

## IV.  CONCLUSION

For the foregoing reasons, the Stamps.com Investor Group respectfully requests that the Court issue an Order: (1) appointing the Stamps.com Investor Group as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated: April 29, 2019

**POMERANTZ  LLP**

*/s/ Jennifer Pafiti*

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone:  (310) 405-7190
Email:  jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**HOLZER & HOLZER, LLC**
Corey D. Holzer
1200 Ashwood Parkway
Suite 410
Atlanta, Georgia 30338
Telephone:  (770) 392-0090
Facsimile:  (770) 392-0029
Email:  cholzer@holzerlaw.com

*Additional Counsel for Movants*

MEMORANDUM OF POINTS AND AUTHORITIES

9

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Movants*

CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/     *Jennifer Pafiti*
Jennifer Pafiti