ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIELLE S. MYERS (259916)
TRICIA L. McCORMICK (199239)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
danim@rgrdlaw.com
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> STAMPS.COM, INC., et al., <br><br> Defendants. | Case No. 2:19-cv-01828-R-SK <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF LAW IN SUPPORT OF INDIANA PUBLIC RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL <br><br> DATE:    June 3, 2019 <br> TIME:    10:00 a.m. <br> CTRM:    880, 8th Floor <br> JUDGE:   Hon. Manuel L. Real |

1558322_1

## I.  INTRODUCTION

This securities class action lawsuit was filed on behalf of purchasers of Stamps.com, Inc. ("Stamps.com" or the "Company") securities between May 3, 2017 and February 21, 2019 (the "Class Period"), seeking to recover damages caused by defendants' violations of federal securities laws pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.[1]

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "appoint the most adequate plaintiff as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(iii). Indiana Public Retirement System (the "Retirement System") should be appointed lead plaintiff because it filed a timely Motion, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Retirement System's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.  FACTUAL BACKGROUND

Stamps.com is a provider of Internet-based mailing and shipping solutions in the United States and Europe through its shipping relationship with the United States Postal Service (the "USPS").  Under the Stamps.com and Endicia brands, Stamps.com customers receive discounts to use the Company's USPS-only products by printing

---

[1]   A related class action was also filed in this District on February 28, 2019, but was subsequently voluntarily dismissed: *Grabisch v. Stamps.com, Inc.*, No. 2:19-cv-01497.

- 1 -

"electronic postage" directly onto envelopes, plain paper, or labels using a standard personal computer, printer, and Internet connection. The USPS accounts for approximately 87% of Stamps.com's earnings.

Under its relationship with the USPS, Stamps.com had a license to buy postage at far cheaper than advertised rates and resell the postage at a hefty markup (though still below market price). This "reselling" market was dominated by Stamps.com, which had an understanding with the USPS that it would only offer these discounted rates to larger companies that could buy postage in bulk.

The complaint alleges that during the Class Period, defendants made false and misleading statements and/or failed to disclose adverse information regarding the Company's business and prospects. Specifically, defendants falsely touted the Company's purported strong financial results and relationship with the USPS without disclosing that the Company's financial results depended on the manipulation of its "reseller" program with the USPS, and that, as a consequence, the Company's business was unsustainable and its financial results were highly misleading. As a result of this information being withheld from the market, the price of Stamps.com stock was artificially inflated during the Class Period to more than $275 per share.

Then on February 21, 2019, after the market closed, Stamps.com held a conference call to discuss its fourth quarter and fiscal year 2018 financial results. On the call, Stamps.com's CEO stated that the Company had "decided to discontinue [its] shipping partnership with the USPS so that [it] could fully embrace partnerships with other carriers who . . . will be well positioned to win in a shipping business in the next five years." ECF No. 1 at ¶26. The Company further announced that, contrary to previous expectation of strong growth, 2019 revenue was expected to decline 5.4%. On this news, the price of Stamps.com stock fell over 57%, from $198.08 per share to $83.65 per share.

- 2 -

1558322_1

## III.   ARGUMENT

### A.   The Retirement System Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."   15 U.S.C. §79u-4(a)(1).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."   15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice in this case was published on February 28, 2019 via *Business Wire*.  *See* Declaration of Tricia L. McCormick in Support of Indiana Public Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("McCormick Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  The Retirement System meets these requirements and should therefore be appointed Lead Plaintiff.

- 3 -

### 1.    This Motion Is Timely

The February 28, 2019, statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court for appointment as lead plaintiff within 60 days, or by April 29, 2019.  *See* McCormick Decl., Ex. A.  Because the Retirement System's Motion has been timely filed, it is eligible for appointment as lead plaintiff.

### 2.    The Retirement System Has the Largest Financial Interest in the Relief Sought by the Class

The Retirement System purchased 28,301 shares and lost approximately $2,145,432 on a first-in, first-out basis and $2,124,273 on a last-in, first-out basis during the Class Period.  *See* McCormick Decl., Exs. B, C.  To the best of its counsels' knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest.  Therefore, the Retirement System satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    The Retirement SystemOtherwise Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).  Importantly, a "'wide-ranging analysis under Rule 23 is not appropriate [at the initial stage of the litigation] and should be left for consideration on a motion for class certification.'"  *Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx), 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011) (citation omitted).

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be

- 4 -

1558322_1

substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Here, the Retirement System purchased Stamps.com securities during the Class Period at prices that were allegedly artificially inflated by defendants' misrepresentations, and sustained monetary damages as a result. "The typicality requirement thus appears to be satisfied because the [Retirement System]'s claims arise 'from the same event[s] or course of conduct that gives rise to the claims of other class members,' and are 'based on the same legal theory.'" *Id.* at \*6 (citation omitted).

"The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Id.* Here, the Retirement System suffered a significant loss on its investment in Stamps.com securities and is motivated to diligently pursue the putative class's claims. *See* McCormick Decl., Exs. B-C. The Retirement System does not have any conflict of interest between its claims and those of the putative class and is not subject to any unique defenses. Finally, the Retirement System has selected qualified counsel to represent it and the putative class. *See* §III.B., *infra*. As such, the Court should find that the adequacy requirement has been met.

Because the PSLRA's requirements have been satisfied, the Court should grant the Retirement System's Motion.

### B. The Court Should Approve the Retirement System's Selection of Counsel

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, the Retirement System has selected Robbins Geller as lead counsel. *See* McCormick Decl., Ex. D.

- 5 -

1558322_1

Robbins Geller, a 200-attorney firm with offices nationwide and in California, regularly practices complex securities litigation.  McCormick Decl., Ex. D.  Courts throughout the country, including those in this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Hot Topic, Inc. Sec. Litig.*, No. CV 13-02939 SJO (JCx), 2014 WL 12462472, at *5 (C.D. Cal. Nov. 3, 2014) (finding that Robbins Geller was "qualified and competent" and noting that "[o]ther courts have stated that the firm . . . 'is comprised of probably the most prominent securities class action attorneys in the country'") (citation omitted); McCormick Decl., Ex. D.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Retirement System's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Retirement System has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Retirement System respectfully requests that the Court grant its motion for appointment as lead plaintiff and approval of its selection of lead counsel.

DATED:  April 29, 2019                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
TRICIA L. McCORMICK
JUAN CARLOS SANCHEZ

s/ Tricia L. McCormick
TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

- 6 -

1558322_1

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

- 7 -

1558322_1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 29, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  triciam@rgrdlaw.com

1558322_1

# Mailing Information for a Case 2:19-cv-01828-R-SK Matt Karinski v. Stamps.com, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com

- **John T Jasnoch**
  jjasnoch@scott-scott.com,edewan@scott-scott.com,efile@scott-scott.com

- **Adam C McCall**
  amccall@zlk.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)