RICHARD H. ZELICHOV (SBN 193858)
richard.zelichov@kattenlaw.com
CHRISTINA L. COSTLEY (SBN 227134)
christina.costley@kattenlaw.com
PAUL S. YONG (SBN 303164)
paul.yong@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | Case No. 2:19-cv-01828-MWF (SK)<br><br>DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE<br><br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 5A<br>Date: January 13, 2020<br>Time: 10:00 a.m. |
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Lead Plaintiff,<br><br>vs.<br><br>STAMPS.COM, INC., KENNETH McBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................ 1

II.  LEGAL STANDARDS ........................................................................ 3

III. THE COURT SHOULD CONSIDER DOCUMENTS PLAINTIFF RELIES ON TO BE INCORPORATED BY REFERENCE INTO THE COMPLAINT ............................................................................ 4

IV.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF SPECIFIC PORTIONS OF THE DOCUMENTS SUBMITTED BY DEFENDANTS ................................................................................ 9

V.   CONCLUSION ................................................................................ 21

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Azar v. Yelp, Inc.*,
    2018 WL 6182756 (N.D. Cal. Nov. 27, 2018)
    ...........................................................................................................13, 15, 21

*Bodri v. GoPro, Inc.*,
    252 F. Supp. 3d 912 (N.D. Cal. 2017) ...........................................................4

*Carmel v. Mizuho Bank, Ltd.*,
    2018 WL 6981840 (C.D. Cal. Nov. 13, 2018)...............................................4, 11

*Carson v. Experian Info. Sols., Inc.*,
    2019 WL 3073993 (C.D. Cal. July 9, 2019) .......................................................11

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
    880 F. Supp. 2d 1045 (N.D. Cal. 2012) ...............................................................15

*Curry v. Yelp Inc.*,
    875 F.3d 1219 (9th Cir. 2017).............................................................................15

*Daniels-Hall v. Nat'l Educ. Ass'n*,
    629 F.3d 992 (9th Cir. 2010).............................................................................10

*Diaz v. Intuit, Inc.*,
    2018 WL 2215790 (N.D. Cal. May 15, 2018) .....................................................17

*Glob. Apogee v. Sugarfina, Inc.*,
    2018 WL 4945305 (C.D. Cal. Oct. 10, 2018) .....................................................11

*Golub v. Gigamon Inc.*,
    2019 WL 4168948 (N.D. Cal. Sept. 3, 2019).................................................2, 10

*Gonzalez v. Planned Parenthood of L.A.*,
    759 F.3d 1112 (9th Cir. 2014)...........................................................................1

*Hawaii v. Trump*,
    859 F.3d 741 (9th Cir. 2017).............................................................................20

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
    189 F.3d 971 (9th Cir. 1999).........................................................................10, 19

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**

*In re Agribiotech Sec. Litig.*,
2000 WL 35595963 (D. Nev. Mar. 2, 2000)........................................................18

*In re Amgen Inc. Sec. Litig.*,
544 F. Supp. 2d 1009 (C.D. Cal. 2008)..................................................................7

*In re Aqua Metals, Inc. Sec. Litig.*,
2019 WL 3817849 (N.D. Cal. Aug. 14, 2019).............................................11, 15

*In re Bausch & Lomb, Inc. Sec. Litig.*,
592 F. Supp. 2d 323 (W.D.N.Y. 2008) .................................................................14

*In re BofI Holding, Inc. Secs. Litig.*,
2018 WL 1410729 (S.D. Cal. Mar. 21, 2018).....................................................21

*In re Copper Mountain Sec. Litig.*,
311 F. Supp. 2d 857 (N.D. Cal. 2004) ...................................................................6

*In re Edward D. Jones & Co., L.P. Sec. Litig.*,
2019 WL 2994486 (E.D. Cal. July 9, 2019) ................................................11, 12

*In re Facebook, Inc. Sec. Litig.*,
2019 WL 4674347 (N.D. Cal. Sept. 25, 2019)........................................7, 10, 21

*In re Intel Corp. Sec. Litig.*,
2019 WL 1427660 (N.D. Cal. Mar. 29, 2019)
............................................................................................................4, 11, 15, 19

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014)................................................................................4

*In re PetroChina Co. Ltd. Sec. Litig.*,
120 F. Supp. 3d 340 (S.D.N.Y. 2015) ....................................................................9

*In re SunPower Corp. Sec. Litig.*,
2018 WL 4904904 (N.D. Cal. Oct. 9, 2018)..........................................................5

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018).........................................................................*passim*

*Marder v. Lopez*,
450 F.3d 445 (9th Cir. 2006)..................................................................................3

*Oaktree Principal Fund V, L.P. v. Warburg Pincus LLC*,
2018 WL 6137169 (C.D. Cal. Aug. 29, 2018)....................................................11

iii

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

*Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*,
  2015 WL 1775221 (C.D. Cal. Apr. 14, 2015)......................................................8

*Olagues v. Musk*,
  2019 WL 3457831 (N.D. Cal. July 31, 2019) ....................................................12

*Orshan v. Apple Inc.*,
  2018 WL 1510202 (N.D. Cal. Mar. 27, 2018) ...................................................14

*Paddock v. Dreamworks Animation SKG, Inc.*,
  2015 WL 12711653 (C.D. Cal. Apr. 1, 2015), *aff'd sub nom.* 677
  F. App'x 376 (9th Cir. 2017)...............................................................................2

*Paralyzed Veterans of Am. v. McPherson*,
  2008 WL 4183981 (N.D. Cal. Sept. 9, 2008)....................................................18

*Park v. GoPro, Inc.*,
  2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) ..............................................5, 15

*Philco Investments, Ltd. v. Martin*,
  2011 WL 4595247 (N.D. Cal. Oct. 4, 2011) .......................................................2

*Prodanova v. H.C. Wainwright & Co., LLC*,
  2018 WL 8017791 (C.D. Cal. Dec. 11, 2018) ............................................*passim*

*Ret. Sys. v. Sterling Fin. Corp.*,
  963 F. Supp. 2d 1092 (E.D. Wash. 2013) ...........................................................3

*Skilstaf, Inc. v. CVS Caremark Corp.*,
  669 F.3d 1005 (9th Cir. 2012)..............................................................................4

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001)................................................................................1

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .........................................................................................1, 3

*Wochos v. Tesla, Inc.*,
  2019 WL 1332395 (N.D. Cal. Mar. 25, 2019).......................................10, 11, 12

*Young v. Ault*,
  2019 WL 1718676 (C.D. Cal. Feb. 25, 2019).....................................................4

iv

**Statutes**

15 U.S.C. § 78u-5(e) ..................................................................................................... 6

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE

**TO ALL THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Stamps.com Inc. ("Stamps"), Kenneth McBride, Kyle Huebner, and Jeff Carberry (collectively, "Defendants") respectfully request that the Court consider certain documents, which are incorporated by reference in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint," "CC," or "¶") and/or subject to judicial notice, in connection with Defendants' Motion to Dismiss the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Motion to Dismiss" or "Mot."). Defendants met and conferred with Plaintiff concerning the Motion to Dismiss and this request on September 24, 2019 and October 2, 2019.

## I.     INTRODUCTION

The Supreme Court has instructed that courts deciding motions to dismiss in securities class actions:

> *[M]ust consider the complaint in its entirety*, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, *documents incorporated into the complaint by reference, and matters of which a court may take judicial notice*.

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added). Courts must also "take into account plausible opposing inferences." *Id.* at 323. The Supreme Court so held because "[p]rivate securities fraud actions [], if not adequately contained, can be employed abusively to impose substantial costs on companies and individuals whose conduct conforms to the law." *Id.* at 313. The Ninth Circuit has further instructed that courts should not "accept as true allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) (collecting

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

1

cases).[1]  Although the Ninth Circuit recently clarified the standards applicable to the incorporation by reference and judicial notice doctrines in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), the fundamental principles set forth above remain unchanged.  *See, e.g.*, *Golub v. Gigamon Inc.*, 2019 WL 4168948, at \*6 (N.D. Cal. Sept. 3, 2019) (applying *Khoja* and holding that "when reviewing a motion to dismiss for failure to state a claim, [the Court] need not 'accept as true allegations that contradict matters properly subject to judicial notice;' a party may not avoid dismissal by raising an unreasonable factual dispute" (quoting *Sprewell*, 266 F.3d at 988)).

Defendants request that the Court consider specific portions of the following documents attached as Exhibits 1 through 34 to the Declaration of Paul S. Yong ("Ex." or "Exs.") because they are incorporated by reference and/or are properly subject to judicial notice under Federal Rule of Evidence 201.  The Court's consideration of many of these documents is necessary to evaluate the Complaint because the crux of Plaintiff's theory is that Stamps improperly concealed a "secret" and "clandestine" scheme to sell discounted postage to small-volume and existing USPS customers.  *See* ¶¶ 71, 77, 83, 93.  This theory, however, is not plausible under the Private Securities Litigation Reform Act (the "Reform Act") and *Tellabs* because Stamps and the USPS repeatedly disclosed this very practice to the market.  *See Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL

---

[1]   Courts also "need not accept as true Plaintiffs' allegations . . . that are contradicted by" documents incorporated by reference. *Philco Investments, Ltd. v. Martin*, 2011 WL 4595247, at \*7 n.9 (N.D. Cal. Oct. 4, 2011).  Where facts and inferences drawn from these documents conflict with plaintiff's allegations, and the parties do not dispute their authenticity, the Court may consider this discrepancy in evaluating the Complaint. *See, e.g.*, *Paddock v. Dreamworks Animation SKG, Inc.*, 2015 WL 12711653, at \*5 (C.D. Cal. Apr. 1, 2015) (dismissing securities class action where plaintiffs misconstrued the allegedly false statements, which was "evident after an examination of the full statements made"), *aff'd sub nom.* 677 F. App'x 376 (9th Cir. 2017).

2

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

8017791, at *3-5 (C.D. Cal. Dec. 11, 2018) (applying *Khoja* and taking judicial notice of various public statements for the purpose of "respon[ding] to Plaintiff's contention that Defendants concealed relevant information from the market"); *see* Mot. at 16-17, 22-23.  The other documents should similarly be considered as they fall within categories and are requested to be reviewed for purposes that are routinely accepted by courts in securities class actions.

For the Court's convenience, a chart tracking the documents subject to this request and the reasons that the Court may consider them is attached as "**Appendix A**."  The Exhibits have also been marked to identify which specific portions Defendants ask the Court to consider.  *See Khoja*, 899 F.3d at 999.

## II.   LEGAL STANDARDS

When ruling on a motion to dismiss in a securities class action, "courts must consider the complaint in its entirety," including: (1) documents incorporated by reference, and (2) matters subject to judicial notice.  *Tellabs*, 551 U.S. at 322. "These are each distinct concepts" and should be analyzed separately.  *See City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1106 (E.D. Wash. 2013).

**Incorporation by Reference.**  The incorporation by reference doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims."  *Khoja*, 899 F.3d at 1002.  If a document is incorporated by reference into a complaint, "[t]he court may treat such a document as part of the complaint,'" and "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

both parties – and the Court – are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

**Judicial Notice.** Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Young v. Ault*, 2019 WL 1718676, at *2-3 (C.D. Cal. Feb. 25, 2019) (taking judicial notice of 21 "SEC filings and the undisputed facts contained therein, as well as all matters of public record") (citing *Khoja*, 899 F.3d at 1002); Fed. R. Evid. 201(b). Courts routinely take judicial notice of "publicly available financial documents such as SEC filings" and "publicly available articles or other news releases of which the market was aware." *See, e.g.*, *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) (noting that "SEC filings are routinely subject to judicial notice," even if the document was "not mentioned in the [Complaint], nor do plaintiff's claims necessarily depend on it"); *Carmel v. Mizuho Bank, Ltd.*, 2018 WL 6981840, at *2 (C.D. Cal. Nov. 13, 2018) (taking judicial notice of news articles and government report for the purpose of determining "what was in the public realm at the time"). Documents that are subject to judicial notice may be considered "without converting a motion to dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (citation and internal quotation marks omitted).

**III.    THE COURT SHOULD CONSIDER DOCUMENTS PLAINTIFF RELIES ON TO BE INCORPORATED BY REFERENCE INTO THE COMPLAINT**

When deciding a motion to dismiss in a securities class action, courts are entitled to examine the actual text of documents cited in the complaint, without having to rely solely on plaintiff's characterizations. *See Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) ("If a plaintiff fails to attach to the

4

complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim." (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001))). Courts are permitted to consider a document on a motion to dismiss "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (emphasis added) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Here, the Court may consider Exhibits 1 through 34 because their contents are referred to extensively throughout the Complaint and/or form the basis of Plaintiff's claims.[2] These documents are also subject to judicial notice for the reasons explained below in Part IV.

**(1) Documents containing Defendants' alleged misstatements and/or corrective disclosures (Exs. 6, 14-16, 33)**. In deciding a motion to dismiss in a securities class action, courts routinely consider documents containing the alleged misstatements and/or corrective disclosures as being incorporated by reference into the complaint. *See, e.g.*, *Park v. GoPro, Inc.*, 2019 WL 1231175, at \*6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference SEC filings, press releases, and earnings call transcripts containing alleged false statements and corrective disclosures); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at \*3 (N.D. Cal. Oct. 9, 2018) (incorporating by reference SEC filings and call transcripts that were

---

[2] Plaintiff admits in the first (unnumbered) paragraph of the Complaint that it "brings this federal class action based . . . upon the investigation of counsel, which included, without limitation, the review and analysis of: (a) public filings made by [Stamps] with the U.S. Securities and Exchange Commission (the "SEC"); (b) releases and other publications disseminated by defendants; (c) securities analyst reports, news articles, websites, and other publicly available information concerning defendants and other related non-parties, including the U.S. Postal Service (the "USPS") . . . ." CC at 1. Every single document that Defendants request the Court to consider as incorporated by reference falls into these three aforementioned categories (a)-(c) that Plaintiff admits its allegations are "based upon."

5

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

referenced "explicitly as the ground[s] for [the Company's] false statements and scienter" in the complaint).  Furthermore, when a complaint challenges forward-looking statements, the Reform Act's "safe harbor" requires the court to consider any cautionary language accompanying the forward-looking statements.  *See* 15 U.S.C. § 78u-5(e) (requiring the court to consider "any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant"); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (same); Mot. at 25.  The requested documents are:

- **Ex. 6**, a Stamps Form 10-Q filed with the SEC on August 8, 2018. Plaintiff references Ex. 6 as indicative of scienter.  *See* ¶¶ 106-107. Defendants offer Ex. 6 so that the Court can consider the full context of the document and analyze the risk disclosure that Stamps provided to the market concerning its negotiations with the USPS.  *See* Mot. at 10, 11, 26, 27.

- **Ex. 14**, a published transcript of a Stamps earnings call held on August 2, 2017.  Plaintiff relies on Ex. 14 to allege that Defendants made false and misleading statements.  *See* ¶¶ 4, 74-75.  Defendants offer Ex. 14 so that the Court can consider the full context of the alleged misstatements and to show that Stamps disclosed to the market information that Plaintiff claims was not disclosed.  *See* Mot. at 7, 8, 16, 17, 34.

- **Ex. 15**, a published transcript of a Stamps earnings call held on February 21, 2019.  Plaintiff relies on Ex. 15 as a component of its "corrective disclosure" theory of loss causation.  *See* ¶¶ 10, 94, 120, 122, 124. Defendants offer Ex. 15 so that the Court can consider the full context of the alleged disclosure and its relevance to Plaintiff's theory of loss causation.  *See* Mot. at 11, 12, 33, 37, 38.

- **Ex. 16**, a published transcript of a Stamps earnings call held on May 8, 2019.  Plaintiff relies on Ex. 16 as a component of its "corrective disclosure" theory of loss causation.  *See* ¶¶ 12, 64, 97, 113, 127. Defendants offer Ex. 16 so that the Court can consider the full context of the alleged disclosure and its relevance to Plaintiff's theory of loss causation.  *See* Mot. at 11, 38.

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

6

- **Ex. 33**, a blog post published by *The American Conservative* on February 26, 2019, titled "Taxpayers Win as the Postal Service Gives Stamps.com the Boot." Plaintiff relies on Ex. 33 as an unspecified component of its "corrective disclosure" theory of loss causation. *See* ¶¶ 11, 95 123; *see generally* ¶¶ 121-130. Plaintiff also relies on Ex. 33 to argue that Stamps' statements regarding its relationship with the USPS and the reasons given for the discontinuation of the package business incentive agreement announced on February 21, 2019 were false or misleading. *See* ¶¶ 11, 95. Defendants do not ask the Court to assume the truth of any of the statements contained in Ex. 33, but solely to provide the full context of the alleged misstatement and/or any relevance to Plaintiff's theory of loss causation. *See* Mot. at. 23, 27.

**(2)    Task Force Report (Ex. 23).** Courts routinely consider public government records on which the allegations in a complaint are based in deciding motions to dismiss. *See, e.g.*, *In re Facebook, Inc. Sec. Litig*., 2019 WL 4674347, at \*9 (N.D. Cal. Sept. 25, 2019) (incorporating by reference communications between Facebook and the Energy and Commerce Committee of the U.S. House of Representatives); *In re Amgen Inc. Sec. Litig*., 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (incorporating by reference FDA documents that were "either referenced or quoted in the CAC"). The Complaint relies heavily on allegations related to President Trump's initiation of a Task Force concerning the USPS in April 2018 and the ensuing report published on December 4, 2018, titled "United States Postal Service: A Sustainable Path Forward" (the "Task Force Report"). *See* ¶¶ 9, 11, 63, 89, 92, 106, 109, 115, 120. Plaintiff also relies on the Task Force Report as the basis for its core allegation that USPS allegedly discontinued its exclusive partnership with Stamps "because of the Company's practice of profiting at the expense of the USPS." *See* ¶¶ 11, 63, 106, 109, 115. Defendants offer Exhibit 23 for the limited purpose of allowing the Court to consider the complete findings of the Task Force. *See* Mot. at 10, 29, 36.

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

7

**(3)    Form 4s filed with the SEC (Exs. 8-10)**.  Exhibits 8 through 10 are Form 4s filed publicly with the SEC on behalf of Defendants McBride, Huebner, and Carberry.[3]  The Complaint includes 13 pages of stock sales by individuals affiliated with Stamps (from both before and during the putative class period) to support an inference of scienter.  *See* ¶¶ 98-99.   Although Plaintiff does not "expressly" cite the Form 4s, courts routinely consider Form 4s to be incorporated by reference when plaintiffs allege that defendants' stock sales during the putative class period support an inference of scienter.  *See Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at \*15 (C.D. Cal. Apr. 14, 2015) (collecting cases for the proposition that when a complaint refers to stock sales and has "gleaned" that information from Form 4s, the Form 4s are incorporated by reference even if not "expressly referenced in the complaint"); *see also* Mot. at 29-32.  The requested documents are:

- **Ex. 8**, Form 4s filed with the SEC on behalf of Kenneth McBride in connection with sales made on: March 8, 2017; March 10, 2017; March 16, 2017; April 17, 2017; November 27, 2017; November 28, 2017; December 18, 2017; March 2, 2018; March 7, 2018; March 8, 2018; and March 9, 2018.  Plaintiff alleges that McBride's sales of shares of Stamps common stock, reported in these Form 4s, support a strong inference of scienter.  *See* ¶¶ 20, 98-101.  Defendants offer Ex. 8 for the limited purpose of showing that McBride's sales of shares of Stamps common stock during the putative class period were made pursuant to Rule 10b5-1 plans, thus negating any inference of scienter.  *See* Mot. at 31. Defendants also offer Ex. 8 for the limited purpose of demonstrating that McBride was not in possession of "material non-public information" in connection with Plaintiff's Section 20A claim because his December 18, 2017 trades were made pursuant to a Rule 10b5-1 plan.  *See* Mot. at 39. Finally, Defendants offer Ex. 8 to show that Plaintiff understated the

---

[3]    Defendants specifically reserve the right to provide the Court with the Form 4s of non-defendants Ananda, Biswas, Bortnak, Buerba, Clem, Jones, Khechfe, Lipson, Miller, and Weisberg to the extent that Plaintiff continues to rely on stock sales by these non-defendants (and non-speakers) in opposition to the motion to dismiss. *See* ¶¶ 98-101.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

number of shares of stock that Mr. McBride sold in the two years prior to the class period.  *See* Mot. at 31.

- **Ex. 9**, Form 4s filed with the SEC on behalf of Kyle Huebner in connection with sales made on: March 5, 2018; March 7, 2018; and March 8, 2018.  Plaintiff alleges that Huebner's sales of shares of Stamps common stock, reported in these Form 4s, supports a strong inference of scienter.  *See* ¶¶ 21, 98-101.  Defendants offer Ex. 9 for the limited purpose of showing that Huebner's sale of shares of Stamps common stock were made pursuant to Rule 10b5-1 plans, thus negating any inference of scienter.  *See* Mot. at 30.

- **Ex. 10**, Form 4s filed with the SEC on behalf of Jeff Carberry in connection with sales made on October 23, 2017 and October 24, 2017.  Plaintiff alleges that Carberry's sales of shares of Stamps common stock, reported in these Form 4s, supports a strong inference of scienter.  *See* ¶¶ 22, 98-101.  Defendants offer Ex. 10 for the limited purpose of showing that Carberry's sale of shares of Stamps common stock were made pursuant to Rule 10b5-1 plans, thus negating any inference of scienter.  *See* Mot. at 30.

**(4)   Stamps' historical stock trading prices (Ex. 34).**  Exhibit 34 is a chart of the daily historical trading prices of Stamps common stock from May 1, 2017 through August 8, 2019, as reported by Yahoo Finance.  Throughout the Complaint, Plaintiff cites Stamps' historical stock prices for various purposes (*see, e.g.*, ¶¶ 4, 7, 10, 12, 13, 98, 99, 101, 126, 128), and the prices are therefore properly deemed incorporated by reference into the Complaint.  *See In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 354 (S.D.N.Y. 2015) (historical stock price data incorporated by reference).

## IV.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF SPECIFIC PORTIONS OF THE DOCUMENTS SUBMITTED BY DEFENDANTS

Exhibits 1 through 34 should be considered by the Court on the independent grounds that they are properly subject to judicial notice.  Under Federal Rule of Evidence 201(b), even if a document is not referenced at all in the complaint, courts may take judicial notice of matters "not subject to reasonable dispute" that

9

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

"can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Ninth Circuit instructs that courts "need not 'accept as true allegations that contradict matters properly subject to judicial notice;' a party may not avoid dismissal by raising an unreasonable factual dispute.'" *Golub*, 2019 WL 4168948 at *6 (quoting *Sprewell*, 266 F.3d at 988).

District courts across the Ninth Circuit routinely take judicial notice of publicly-available documents in securities class actions for the "purpose of determining what representations [defendants] made to the market," *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *1-2 (N.D. Cal. Mar. 25, 2019), and to identify what publicly-available information "the market was aware of." *Prodanova*, 2018 WL 8017791 at *3-5 (taking judicial notice for the purpose of "respon[ding] to Plaintiff's contention that Defendants concealed relevant information from the market").[4] Doing so does not require the Court to determine whether what was said in these documents was true; it merely requires the Court to determine ***that it was said***, and the fact that a statement was made is not subject to reasonable dispute.

The following non-exhaustive list of post-*Khoja* decisions further support Defendants' position:

- *In re Facebook, Inc. Sec. Litig.*, --- F.Supp.3d ---, 2019 WL 4674347, *9 (N.D. Cal. Sept. 25. 2019) ("Specifically, a court may take judicial notice: (1) of matters of public record, *Khoja*, 899 F.3d at 999, (2) that the market was aware of information contained in news articles, *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999), and (3) publicly accessible websites whose accuracy and authenticity is not subject to dispute, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).");

---

[4] *See also* ¶ 132 (alleging that "the market for Stamps stock promptly digested current information regarding Stamps from *all publicly available sources* and reflected such information in the price of the stock" (emphasis added)).

10

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

- *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at \*5 (N.D. Cal. Aug. 14, 2019) (taking judicial notice of SEC filings, press releases, and conference call transcripts "for the purpose of determining what was disclosed to the market");

- *In re Edward D. Jones & Co., L.P. Sec. Litig.*, 2019 WL 2994486, at \*3 (E.D. Cal. July 9, 2019) (taking judicial notice of defendants' "public comments and reports" for "the limited purpose of determining what information was disclosed to the public during the class period");

- *Carson v. Experian Info. Sols., Inc.*, 2019 WL 3073993, at \*2 (C.D. Cal. July 9, 2019) ("A Court may take judicial notice of publications to indicate what was in the public realm at the time.");

- *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at \*6 (N.D. Cal. Mar. 29, 2019) (taking judicial notice of news article "for the purpose of showing that particular information was available to the stock market");

- *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at \*2 (N.D. Cal. Mar. 25, 2019) (taking judicial notice of "documents that Tesla filed with the United States Securities and Exchange Commission [and] earnings conference call transcripts . . . for the sole purpose of determining what representations Tesla made to the market");

- *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at \*3 (C.D. Cal. Dec. 11, 2018) (taking judicial notice of various press releases and "news articles published on public websites and blogs," because, "[i]t is appropriate to 'take judicial notice that the market was aware of the information in news articles submitted by the defendants'" (quoting *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999));

- *Carmel v. Mizuho Bank, Ltd.*, 2018 WL 6981840, at \*2 (C.D. Cal. Nov. 13, 2018) (taking judicial notice of news articles for the purpose of determining "what was in the public realm at the time");

- *Glob. Apogee v. Sugarfina, Inc.*, 2018 WL 4945305, at \*2 (C.D. Cal. Oct. 10, 2018) (taking judicial notice of various news articles for the purpose of "showing what information was in the public realm at that time");

- *Oaktree Principal Fund V, L.P. v. Warburg Pincus LLC*, 2018 WL 6137169, at \*7-8 (C.D. Cal. Aug. 29, 2018) (holding that "[w]hen it

11

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

comes to news reports, courts may take judicial notice of them to 'indicate what was in the public realm at the time'" but not as evidence that "the contents of those articles were in fact true" (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)).

Additionally, courts routinely take judicial notice of documents for background context and to inform the "chronology of events" relevant to the lawsuit. *See Olagues v. Musk*, 2019 WL 3457831, at \*4 (N.D. Cal. July 31, 2019) (taking judicial notice of various documents "for the purpose of informing the Court of the chronology of events" since "[t]hose events are undisputed and can be accurately and readily determined from the publicly filed SEC documents"). The documents from which Defendants request the Court take judicial notice of certain statements/information fall into the following five categories:

1. Transcripts of public earnings calls and interviews (Exs. 11-19);

2. Public SEC filings (Exs. 1-10);

3. Public government records (Exs. 20-24);

4. News articles, analyst reports, press releases, and blog posts (Exs. 25-33);

5. Stamps' historical stock trading prices (Ex. 34).

To aid in the Court's analysis, Defendants have marked Exhibits 1 through 34 to identify which specific portions of the documents for which Defendants are requesting judicial notice. *See Khoja*, 899 F.3d at 999 ("A court must also consider – and identify – which fact or facts it is noticing").

**(1)    Transcripts of public earnings calls and interviews (Exs. 11-19).** Publicly-available transcripts of earnings calls and interviews are routinely subject to judicial notice for "the limited purpose of determining what information was disclosed to the public during the class period." *See Edward D. Jones*, 2019 WL 2994486 at \*3; *see also Tesla*, 2019 WL 1332395 at \*2 (taking judicial notice of transcripts "for the sole purpose of determining what representations Tesla made to

12

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

the market"); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at \*5 (N.D. Cal. Nov. 27, 2018).  Defendants do not request that the Court take judicial notice of portions of these transcripts for their truth, but merely to show that the statements were made to the public.  The transcripts have been properly authenticated, and the fact that the statements were made to the public is not subject to reasonable dispute.  *See* Yong Decl. ¶¶ 12-20.  As the plethora of above-cited cases demonstrate, taking judicial notice here is uncontroversial.[5]  The requested documents are:

- **Ex. 11**, a published transcript of a Stamps earnings call held on July 28, 2016.  Defendants offer Ex. 11 to demonstrate that the identified statements were made publicly as of that date.  *See* Mot. at 5, 6, 7, 17.

- **Ex. 12**, a published transcript of a Stamps earnings call held on February 23, 2017.  Defendants offer Ex. 12 to demonstrate that the identified statements were made publicly as of that date.  *See* Mot. at 7.

- **Ex. 13**, a published transcript of a Stamps earnings call held on May 3, 2017.  Defendants offer Ex. 13 to demonstrate that the identified statements were made publicly as of that date.  *See* Mot. at 7.

- **Ex. 14**, a published transcript of a Stamps earnings call held on August 2, 2017.  Defendants offer Ex. 14 to demonstrate that the identified statements were made publicly as of that date.  *See* Mot. at 7, 8, 16, 17, 34.

- **Ex. 15**, a published transcript of a Stamps earnings call held on February 21, 2019.  Defendants offer Ex. 15 to demonstrate that the identified statements were made publicly as of that date.  *See* Mot. at 6, 11, 12, 33, 37, 38.

- **Ex. 16**, a published transcript of a Stamps earnings call held on May 8, 2019.  Defendants offer Ex. 16 to demonstrate that the identified statements were made publicly as of that date.  *See* Mot. at 11.

---

[5]  Moreover, the transcripts of earnings call and interviews from the USPS (Exs. 18, 19) are publicly-available government documents, which are likewise routinely subject to judicial notice.  *See infra.*

13

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

- **Ex. 17**, a published transcript of a Stamps earnings call held on August 7, 2019.   Defendants offer Ex. 17 to demonstrate that the identified statements were made publicly as of that date.  *See* Mot. at 11, 12.

- **Ex. 18**, a published transcript of an August 1, 2017 video interview of USPS Chief Customer and Marketing Officer, Jim Cochrane, that was published on Stamps' website.  Defendants offer Ex. 18 to demonstrate that the identified statements regarding the USPS reseller program were made publicly by Mr. Cochrane as of that date.  *See* Mot. at 8, 34, 35. These statements are also properly subject to judicial notice because they are publicly-available statements from a government official and are available on Stamps' website.  *See In re Bausch & Lomb, Inc. Sec. Litig*., 592 F. Supp. 2d 323, 339 (W.D.N.Y. 2008) (applying *Tellabs* and taking judicial notice of certain statements made by Acting Commissioner of the FDA in transcript of video interview); *Orshan v. Apple Inc*., 2018 WL 1510202, at *3 (N.D. Cal. Mar. 27, 2018) (taking judicial notice of webpages hosted by defendant).

- **Ex. 19**, a verified transcript of a USPS earnings call held on August 9, 2018.[6]   Defendants offer Ex. 19 to demonstrate that the identified statements by USPS Chief Financial Officer, Joseph Corbett, were made as of that date.  *See* Mot. at 10, 23, 27.

**(2)    Public SEC filings (Exs. 1-10).**   With limited exceptions (as explained more fully below), Defendants ask that the Court take judicial notice of select portions of SEC filings for the same purpose as the call transcripts – not for their truth, but simply to demonstrate that the statements were publicly made.[7]

---

[6]    As described in the Yong Declaration ¶ 19, Mr. Corbett's statements from the August 9, 2018 USPS earnings call were publicly-available in audio / video format as of that date.  To ease the Court's review, Defendants have attached a verified transcript of the earnings call as Ex. 19.  The Court may also refer to the original audio, in which the specific statement was made at approximately minute 16:32 to minute 17:39. *See* USPS, Financial Call, 8-9-2018, *available at* https://about.usps.com/what/financials/briefings/welcome.htm?video=cfo180809.

[7]    Other than the Form 4s, to the very limited extent Stamps may ask the Court to consider the documents for their truth, they are offered solely for uncontested background facts regarding Stamps' and the USPS's business, the package shipping industry generally, and the dates that certain Stamps employees left Stamps or were issued option grants.  *See, e.g.*, Exs. 2-5.

14

District courts in the Ninth Circuit applying *Khoja* routinely take judicial notice of public SEC filings, even if the SEC filings are not referenced in the complaint and/or are outside the putative class period. *See Intel*, 2019 WL 1427660 at \*7 (taking judicial notice of Form 10-K predating the putative class period that was "not mentioned in the [Complaint], nor do plaintiff's claims necessarily depend on it," and noting that "SEC filings are routinely subject to judicial notice"); *Aqua Metals*, 2019 WL 3817849 at \*5 (taking judicial notice of numerous SEC filings).

The only instances where Defendants seek to bring in SEC filings for their truth (other than uncontested background facts) are certain Form 4s filed with the SEC, which are routinely subject to judicial notice for the purpose of evaluating whether the alleged insider stock sales raise a strong inference of scienter under *Tellabs*. *See Azar v. Yelp, Inc.*, 2018 WL 6182756, at \*4 (N.D. Cal. Nov. 27, 2018) ("Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action."); *Park v. GoPro, Inc.*, 2019 WL 1231175, at \*7 (N.D. Cal. Mar. 15, 2019) (applying *Khoja* and taking judicial notice of fact that defendants "sold their shares pursuant to a 10b5-1 plan"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("[C]ourts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan."); *Curry v. Yelp Inc.*, 875 F.3d 1219, 1226 n.2 (9th Cir. 2017) (affirming dismissal because judicially noticed "Form 4s . . . indicate that the vast majority of Individual Defendants' stock sales were made pursuant to a Rule 10b5-1 plan"); Mot. at 30-31.[8]  The requested documents are:

_____

[8]  As discussed above in Part III *supra*, Defendants request that the Court consider the Form 4s (Exs. 8-10) on the independent basis that they are incorporated by reference in the Complaint.

15

- **Ex. 1**, a Form 10-Q filed with the SEC on behalf of Stamps on August 7, 2015.  Defendants offer Ex. 1 for the limited purposes of showing that Stamps disclosed to the market certain aspects of its business and relationship with the resellers.  *See* Mot. at 6, 7, 16, 34.

- **Ex. 2**, a Form 10-K filed with the SEC on behalf of Stamps on March 1, 2017.  Defendants offer Ex. 2 for the limited purposes of showing that Stamps: (i) disclosed to the market certain aspects of its business and relationship with the USPS and third-party postage resellers, (ii) included cautionary language in risk disclosures in connection with certain challenged forward-looking statements, and (iii) to provide additional uncontested background relevant to Plaintiff's claims.  *See* Mot. at 3, 5, 7, 9, 25, 26.

- **Ex. 3**, a Form 8-K filed with the SEC on behalf of Stamps on November 6, 2017.  Defendants offer Ex. 3 for the limited purpose showing the date when Weisberg transitioned to a non-executive position at Stamps.  *See* Mot. at 30.

- **Ex. 4**, a Form 10-K filed with the SEC on behalf of Stamps on February 28, 2018.  Defendants offer Ex. 4 for the limited purposes of showing that Stamps: (i) disclosed to the market certain aspects of its business and relationship with the USPS and third-party postage resellers, (ii) included cautionary language in risk disclosures in connection with certain challenged forward-looking statements, and (iii) to provide additional uncontested background relevant to Plaintiff's claims.  *See* Mot. at 4, 7, 9, 25, 26.

- **Ex. 5**, a Schedule 14A filed with the SEC on behalf of Stamps on May 3, 2018.  Defendants offer Ex. 5 for the limited purposes of showing the date when Miller left Stamps and the date when option grants were issued to defendants McBride, Huebner, and Carberry.  *See* Mot. at 30, 31.

- **Ex. 6**, a Form 10-Q filed with the SEC on behalf of Stamps on August 8, 2018.  Defendants offer Ex. 6 for the limited purposes of showing that Stamps included cautionary language in risk disclosures concerning its negotiations with the USPS.  *See* Mot. at 10, 11, 26, 27.

- **Ex. 7**, a Form 10-K filed with the SEC on behalf of Stamps on March 1, 2019.  Defendants offer Ex. 7 for the limited purposes of showing that Stamps: (i) disclosed to the market certain aspects of its business and relationship with the USPS and third-party postage resellers, (ii) included

16

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

cautionary language in risk disclosures in connection with certain challenged forward-looking statements, and (iii) to provide additional uncontested background relevant to Plaintiff's claims. *See* Mot. at 11, 38.

- **Ex. 8**, Form 4s filed with the SEC on behalf of Kenneth McBride in connection with sales made on: March 8, 2017; March 10, 2017; March 16, 2017; April 17, 2017; November 27, 2017; November 28, 2017; December 18, 2017; March 2, 2018; March 7, 2018; March 8, 2018; and March 9, 2018. Defendants offer Ex. 8 for the limited purposes discussed above. *See* Mot. at 30, 31, 39.

- **Ex. 9**, Form 4s filed with the SEC on behalf of Kyle Huebner in connection with sales made on: March 5, 2018; March 7, 2018; and March 8, 2018. Defendants offer Ex. 9 for the limited purpose discussed above. *See* Mot. at 30.

- **Ex. 10**, Form 4s filed with the SEC on behalf of Jeff Carberry in connection with sales made on October 23, 2017 and October 24, 2017. Defendants offer Ex. 10 for the limited purpose of showing that Carberry's sale of shares of Stamps common stock were made pursuant to Rule 10b5-1 plans. *See* Mot. at 30.

**(3)  Public Government Records (Exs. 20-24).**  Defendants request that the Court take judicial notice of certain information from government entities to demonstrate that this information was available to the market at the time of publication. Defendants also request that the Court take judicial notice of uncontested information on government websites that provide crucial context to Plaintiff's allegations. "It is not uncommon for courts to take judicial notice of factual information found on the world wide web. This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice." *Prodanova*, 2018 WL 8017791 at *4 (taking judicial notice of publicly-available FINRA documents and webpages) (citation omitted); *see also Diaz v. Intuit, Inc.*, 2018 WL 2215790, at *3 (N.D. Cal. May 15,

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

17

2018) ("A court may take judicial notice of records and reports of administrative bodies.").[9]  The requested documents are:

- **Ex. 20**, a provision of the USPS Domestic Mail Manual, § 709 Negotiated Service Contracts.  Defendants request that the Court consider Ex. 20 to provide the actual terms of the provision, which Plaintiff paraphrases (incorrectly) without citation.  *See* Mot. at 20; ¶¶ 37-38.

- **Ex. 21**, excerpts from a report by the Office of Inspector General, United States Postal Service published on April 29, 2013, titled "Domestic Negotiated Service Agreements: Audit Report."  One of Plaintiff's core allegations is that Stamps violated certain unspecified USPS policies regarding the use of negotiated service agreements ("NSAs").  Defendants request that the Court consider Ex. 21 to provide additional context regarding Plaintiff's allegations regarding government regulation of NSAs.  *See* Mot. at 5.

- **Ex. 22**, an executive order published by the White House on April 12, 2018, titled "Executive Order on the Task Force on the United States Postal System."  Defendants request that the Court consider Ex. 22 to provide additional context regarding Plaintiff's allegations regarding President Trump's initiation of the Task Force.  *See* Mot. at 9, 29.

- **Ex. 23**, a report published by the United States Department of the Treasury, Task Force on the United States Postal Service on December 4, 2018, titled "United States Postal Service: A Sustainable Path Forward" (the "Task Force Report").  Defendants request that the Court consider Ex. 23 to provide the full context regarding Plaintiff's allegations regarding the findings of the Task Force Report. *See* Mot. at 10, 29, 36.

- **Ex. 24**, a printout from the website of the USPS, titled "About the United States Postal Service."  Defendants request that the Court consider Ex. 24 for the fact that USPS is not taxpayer funded and funds its operations solely through the sale of postage, products, and services.  *See* Mot. at 4, 27.

---

[9]  *See also In re Agribiotech Sec. Litig.*, 2000 WL 35595963, *2 (D. Nev. Mar. 2, 2000) ("In this new technological age, official government or company documents may be judicially noticed insofar as they are available via the worldwide web."); *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (collecting cases taking judicial notice of government documents).

18

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**(4)     News articles, analyst reports, press releases, and blog posts (Exs. 25-33).**  The Court may take judicial notice of news articles, analyst reports, press releases, and blog posts for the limited purpose of showing that the information was available to the public at the time of publication.  *See Intel*, 2019 WL 1427660 at *6 (taking judicial notice of news articles from *The Verge* and *New York Times* "for the purpose of showing that particular information was available to the stock market"); *Prodanova*, 2018 WL 8017791 at *3 (taking judicial notice of "news articles published on public websites and blogs that show a date of publication"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants.").  Defendants request that the Court take judicial notice of these documents to show that they were publicly-available to the market as of the date of publication.  The requested documents are:

- **Ex. 25**, an excerpt from a shortseller report published by Prescience Point Capital Management on July 14, 2016, titled "Stamps.com: The Software Valeant?"  Defendants request that the Court consider Ex. 25 to demonstrate that the information displayed in the chart was publicly-available as of this date. *See* Mot. at 7.

- **Ex. 26**, a shortseller report published by Craig-Hallum Capital Group on July 20, 2016, titled "Playing the Stamps.com Whack-A-Mole Game." Defendants request that the Court consider Ex. 26 to demonstrate that the information in this report was publicly-available as of this date.  Plaintiff also cites a report from Craig-Hallum Capital Group in the Complaint. *See* ¶ 61.

- **Ex. 27**, an analyst report published by B. Riley on August 9, 2016, titled "Key Takeaways from Conversation with Ruth Goldway, Former Chairwoman of the Postal Regulatory Commission."  Defendants request that the Court consider Ex. 27 to demonstrate Chairwoman Goldway's statements regarding the USPS reseller program as of that date. *See* Mot. at 7.

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

19

- **Ex. 28**, a news article published by *Linn's Stamp News* on August 1, 2017, titled "USPS 'Postage Reselling' Program Scrutinized." Defendants request that the Court consider Ex. 28 to demonstrate statements made by USPS spokespersons regarding the USPS reseller program as of that date. *See* Mot. at 8.

- **Ex. 29**, a press release issued by Stamps on August 2, 2017, titled "Stamps.com Announces Appointment of Kyle Huebner as President; Jeff Carberry as CFO; and JR Veingkeo as Chief Accounting Officer." Defendants request that the Court consider Ex. 29 for the purpose of showing the date Bortnak left his position as an executive at Stamps. *See* Mot. at 30.

- **Ex. 30**, a press release issued by Stamps on February 27, 2017, titled "Stamps.com Announces New CTO." Defendants request that the Court consider Ex. 30 for the purpose of showing the date Biswas left his position as an executive at Stamps. *See* Mot. at 30.

- **Ex. 31**, a news article from *Vox* published on April 4, 2018, titled "Donald Trump's Twitter Feud with Amazon, Explained." Defendants request that the Court consider Ex. 32 to provide additional background regarding President Trump's initiation of the Task Force, and, in particular, the fact that the President issued tweets in March and April 2018 that were highly critical of certain practices concerning the USPS. *See Hawaii v. Trump*, 859 F.3d 741, 773 n.14 (9th Cir. 2017) (taking judicial notice of the President's tweets "as the veracity of this statement 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (quoting Fed. R. Evid. 201(b)(2)) (vacated on other grounds, 138 S. Ct. 377 (2017)).

- **Ex. 32**, a news article published by *Reuters* on August 31, 2018, titled "Senate Cancels Postal Service Hearing; Trump's Amazon Crusade Delayed." Defendants request that the Court consider Ex. 31 to provide additional background to Plaintiff's allegations concerning the Task Force, and, in particular, the fact that the Senate cancelled postal hearings and delayed the Task Force Report on August 31, 2018. *See* Mot. at 10.

- **Ex. 33**, a blog post published by *The American Conservative* on February 26, 2019, titled "Taxpayers Win as the Postal Service Gives Stamps.com the Boot." Defendants request that the Court consider Ex. 33 because it is properly subject to judicial notice for the purpose of providing the full

20

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

context of the statements made in that article. *See In re BofI Holding, Inc. Secs. Litig.*, 2018 WL 1410729, at \*7 n.5 (S.D. Cal. Mar. 21, 2018) (taking judicial notice of shortseller blog post referenced in the complaint).

**(5)    Stamps' historical stock trading price (Ex. 34).**  "[S]tock price is public information 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned' and are the proper subject of judicial notice in a motion to dismiss." *Azar*, 2018 WL 6182756 at \*4 (taking judicial notice of the Company's stock prices during the putative class period); *Facebook*, 2019 WL 4674347 at \*10 ("Information about the stock price of publicly traded companies [is] the proper subject of judicial notice." (quoting *Copper Mountain*, 311 F. Supp. 2d at 864)).   Thus, in addition to being incorporated by reference into the Complaint (*see supra*), the Court may consider Exhibit 34 for the independent reason that it is subject to judicial notice under Rule 201.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 6, 8-10, 14-16, 23, 33-34 under the incorporation by reference doctrine and take judicial notice of Exhibits 1 through 34 under Federal Rule of Evidence 201.   In compliance with the Ninth Circuit's guidance in *Khoja*, Defendants have identified the specific portions of the documents they are requesting the Court to consider by highlighting such portions in the versions of the documents attached to the Declaration of Paul S. Yong.

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

21

Dated:  October 4, 2019          KATTEN MUCHIN ROSENMAN LLP

By:   */s/ Paul S. Yong*

Paul S. Yong
paul.yong@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:  (310) 788-4400
Facsimile:  (310) 788-4471

*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*

22