RICHARD H. ZELICHOV (SBN 193858)
richard.zelichov@kattenlaw.com
CHRISTINA L. COSTLEY (SBN 227134)
christina.costley@kattenlaw.com
PAUL S. YONG (SBN 303164)
paul.yong@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:  (310) 788-4400
Facsimile:  (310) 788-4471

*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | Case No. 2:19-cv-01828-MWF (SK)<br><br>DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>Judge:  Hon. Michael W. Fitzgerald<br>Courtroom:  5A |
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Lead Plaintiff,<br><br>vs.<br><br>STAMPS.COM, INC., KENNETH McBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | |

---

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

**ANSWER**

Defendants Stamps.com Inc. ("Stamps" or the "Company"), Kenneth McBride, Kyle Huebner, and Jeff Carberry (collectively, "Defendants"), respectfully submit their Answer and Affirmative Defenses in response to the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), dated August 5, 2019, filed by Lead Plaintiff Indiana Public Retirement System ("Lead Plaintiff"). On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. Nonetheless, Defendants have provided answers to numerous paragraphs in the Complaint that are not relevant to the claims remaining in the case. Defendants have provided its answers to the allegations in the Complaint without conceding that any such allegations remain relevant to the claims remaining in the case.

1.     Defendants state that the allegations contained in paragraph 1 are legal conclusions to which no response is required.

2.     In response to the allegations in paragraph 2, Defendants admit that Stamps is a provider of Internet-based mailing and shipping solutions to customers in the United States and Europe and offers customers certain USPS products at discounted rates that allow them to print electronic postage directly onto envelopes, plain paper, or labels using a standard personal computer, printer, and internet connection. Defendants otherwise deny the allegations contained in paragraph 2.

3.     To the extent paragraph 3 relies upon Stamps' accounting and financial performance during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings during the Class Period for their complete and

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

1

accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 3.

4.    To the extent paragraph 4 relies upon Stamps' financial performance during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings and transcripts of analyst and investor conference calls during the Class Period for their complete and accurate contents, and deny any characterization thereof.  To the extent paragraph 4 relies upon public statements by Stamps and/or Defendant McBride during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings and transcripts of analyst and investor conference calls during the Class Period for their complete and accurate contents, and deny any characterization thereof.  Further, to the extent paragraph 4 relies on allegations concerning Stamps' stock price, Defendants state that Stamps' stock price is a matter of public record and that no response is required.  Defendants otherwise deny the allegations contained in paragraph 4.

5.    Defendants deny the allegations contained in paragraph 5.

6.    Defendants deny the allegations contained in paragraph 6.

7.    To the extent that the allegations contained in paragraph 7 rely upon the Individual Defendants' and certain Stamps directors and employees' stock sales during the Class Period, Defendants respectfully refer the Court to Form 4s reporting transaction in Stamps securities ("Stamps Forms 4") that were filed with the SEC on behalf of these individuals during the Class Period for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 7.

8.    To the extent that the allegations contained in paragraph 8 rely upon Stamps' stock purchases during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings during the Class Period in which such stock purchases are disclosed, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 8.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

2

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

9. To the extent that paragraph 9 references a governmental Task Force created in April 2018, Defendants respectfully refer the Court to the Executive Order on the Task Force on the United States Postal System, and deny any characterization thereof. Further, to the extent that paragraph 9 relies on a December 2018 Task Force Report, Defendants respectfully refer the Court to this document for the complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations in paragraph 9.

10. To the extent paragraph 10 relies upon Stamps' public statements on or around February 21, 2019, Defendants respectfully refer the Court to Stamps' SEC filings and transcripts of analyst and investor conference calls for their complete and accurate contents, and deny any characterization thereof. Further, to the extent paragraph 4 relies on allegations concerning Stamps' stock price and trading volume, Defendants state that Stamps' stock price and trading volume is a matter of public record and that no response is required. Defendants otherwise deny the allegations contained in paragraph 10.

11. To the extent paragraph 11 relies upon statements by Stamps and/or Defendant McBride on a February 21, 2019 conference call, Defendants respectfully refer the Court to the transcript of the call for its complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 11.

12. To the extent paragraph 12 relies upon Stamps' public statements on or around May 8, 2019, Defendants respectfully refer the Court to Stamps' SEC filings and transcripts of analyst and investor conference calls for their complete and accurate contents, and deny any characterization thereof. Further, to the extent paragraph 12 relies on allegations concerning Stamps' stock price and trading volume, Defendants state that Stamps' stock price and trading volume are a matter of public record and that no response is required. Defendants otherwise deny the allegations contained in paragraph 12.

3

13. To the extent that the allegations contained in paragraph 13 rely upon certain individuals' stock sales during the Class Period, Defendants respectfully refer the Court to the Stamps Forms 4 filed with the SEC during the Class Period for their complete and accurate contents, and deny any characterization thereof. Further, to the extent paragraph 13 relies on allegations concerning Stamps' stock price, Defendants state that Stamps' stock price is a matter of public record and that no response is required. Defendants otherwise deny the allegations contained in paragraph 13.

14. Defendants state that the allegations contained in paragraph 14 are legal conclusions to which no response is required.

15. Defendants state that the allegations contained in paragraph 15 are legal conclusions to which no response is required. To the extent an answer is required, Defendants admit that the statutes cited in paragraph 15 confer jurisdiction upon the Court under the circumstances set forth in the provisions of those statutes.

16. Defendants state that the allegations contained in paragraph 16 are legal conclusions to which no response is required. To the extent an answer is required, Defendants admit that the statutes cited in paragraph 16 provide for the propriety of venue under the circumstances set forth in the provisions of those statutes. Defendants admit that Stamps maintained corporate headquarters in this District and conducted substantial business in California throughout the Class Period.

17. Defendants state that the allegations contained in paragraph 17 are legal conclusions to which no response is required.

18. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 regarding Indiana Public Retirement System's assets under management, members, and stock purchases, and on that basis, deny such allegations, except admit that Indiana Public Retirement System

4

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

filed a certification with the Court stating that it transacted in Stamps stock during the Class Period and that the Court appointed it Lead Plaintiff for the putative Class on June 5, 2019.  Except as specifically admitted, Defendants deny the allegations contained in paragraph 18.

19.   Defendants admit the allegations contained in paragraph 19.

20.   In response to paragraph 20, Defendants admit that Defendant McBride served as Stamps' Chairman and CEO during the Class Period.  To the extent paragraph 20 relies upon Defendant McBride's stock sales during the Class Period, Defendants respectfully refer the Court to the Stamps Forms 4 filed with the SEC on behalf of Defendant McBride for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 20.

21.   In response to paragraph 21, Defendants admit that Defendant Huebner served as Stamps' President since in or around August 2017 and prior to then, he served in various roles at Stamps, including Co-President and CFO.  To the extent paragraph 21 relies upon Defendant Huebner's stock sales during the Class Period, Defendants respectfully refer the Court to the Stamps Forms 4 filed with the SEC on behalf of Defendant Huebner for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 21.

22.   In response to paragraph 22, Defendants admit that Defendant Carberry served as Stamps' CFO since in or around August 2017.  To the extent paragraph 22 relies upon Defendant Carberry's stock sales during the Class Period, Defendants respectfully refer the Court to the Stamps Forms 4 filed with the SEC on behalf of Defendant Carberry for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 22.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

5

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

23.    Defendants state that no response is required to the allegations contained in paragraph 23.

24.    Defendants admit the allegations contained in the first two sentences of paragraph 24.  Defendants further admit that Stamps' solutions allow customers to receive discounts for most USPS packages as compared to retail postal rates.  Defendants further admit that Stamps' solutions allow customers to receive discounts for First Class Mail compared to retail postal rates.  Defendants otherwise deny the allegations contained in paragraph 24.

25.    To the extent paragraph 25 relies upon Stamps' public statements and financial performance during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings and transcripts of analyst and investor conference calls during the Class Period for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 25.

26.    To the extent paragraph 26 relies upon Stamps' public statements and financial performance during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings and transcripts of analyst and investor conference calls during the Class Period for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 26.

27.    To the extent paragraph 27 relies upon Stamps' public statements and financial performance during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings and transcripts of analyst and investor conference calls during the Class Period for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 27.

28.    In response to the allegations in paragraph 28, Defendants admit that Stamps was the first ever USPS-approved PC Postage vendor to offer a software

6

only mailing and shipping solution in 1999. Defendants otherwise deny the allegations contained in paragraph 28.

29. In response to the allegations contained in paragraph 29, Defendants admit that Stamps competes with the USPS in certain respects, but otherwise denies the allegations in paragraph 29.

30. In response to the allegations contained in paragraph 30, Defendants admit that the USPS initiated its NSA program at some point in time prior to the Class Period. Defendants further admit that pursuant to these NSAs, the USPS offers postage rates discounted from USPS retail rates, but otherwise deny the allegations contained in paragraph 30.

31. In response to the allegations contained in paragraph 31, Defendants admit that the USPS entered into NSAs with postage resellers including, but not limited to, Parcel Partners, Express 1, and IntuiShip. Defendants otherwise deny the allegations in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. To the extent paragraph 36 relies on the Postal Accountability and Enhancement Act of 2006, Defendants respectfully refer the Court to the Postal Accountability and Enhancement Act of 2006 for its complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 36.

37. To the extent paragraph 37 relies on the Postal Accountability and Enhancement Act of 2006 and/or the United States Postal Service Domestic Mail Manual, Defendants respectfully refer the Court to the Postal Accountability and Enhancement Act of 2006 and/or the United States Postal Service Domestic Mail

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Manual for their complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 37.

38.    To the extent paragraph 38 relies on the Postal Accountability and Enhancement Act of 2006 and/or the United States Postal Service Domestic Mail Manual, Defendants respectfully refer the Court to the Postal Accountability and Enhancement Act of 2006 and/or the United States Postal Service Domestic Mail Manual for their complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 38.

39.    To the extent paragraph 39 relies on the Postal Accountability and Enhancement Act of 2006 and/or the United States Postal Service Domestic Mail Manual, Defendants respectfully refer the Court to the Postal Accountability and Enhancement Act of 2006 and/or the United States Postal Service Domestic Mail Manual for their complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 39.

40.    To the extent paragraph 40 relies on the Postal Accountability and Enhancement Act of 2006 and/or the United States Postal Service Domestic Mail Manual, Defendants respectfully refer the Court to the Postal Accountability and Enhancement Act of 2006 and/or the United States Postal Service Domestic Mail Manual for their complete and accurate contents, and deny any characterization thereof. Defendants otherwise the allegations in paragraph 40.

41.    In response to the allegations contained in paragraph 41, Defendants admit that Stamps publicly disclosed acquisitions of certain companies before the start of the Class Period. Defendants otherwise deny the allegations contained in paragraph 41.

42.    In response to the allegations contained in paragraph 42, Defendants admit that Stamps acquired a number of companies before the start of the Class Period. Defendants otherwise deny the allegations contained in paragraph 42.

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

43.    In response to the allegations contained in paragraph 43, Defendants admit that Stamps acquired a number of companies before the start of the Class Period.  Defendants otherwise deny the allegations contained in paragraph 43.

44.    Defendants deny the allegations contained in paragraph 44.

45.    To the extent the allegations contained in paragraph 45 rely upon Stamps' and the USPS' financial performance between 2013 and 2017, Defendants respectfully refer the Court to Stamps' SEC filings and publicly available financial information from the USPS for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 45.

46.    Defendants lack information and belief concerning the allegations in paragraph 46 and on that basis, deny the allegations contained in paragraph 46. Defendants also otherwise deny the allegations contained in paragraph 46.

47.    Defendants lack information and belief concerning the allegations in paragraph 47 and on that basis, deny the allegations contained in paragraph 47. Defendants also otherwise deny the allegations contained in paragraph 47.

48.    Defendants lack information and belief concerning the allegations in paragraph 48 and on that basis, deny the allegations contained in paragraph 48. Defendants also otherwise deny the allegations contained in paragraph 48.

49.    Defendants lack information and belief concerning the allegations in paragraph 49 and on that basis, deny the allegations contained in paragraph 49. Defendants also otherwise deny the allegations contained in paragraph 49.

50.    Defendants lack information and belief concerning the allegations in paragraph 50 and on that basis, deny the allegations contained in paragraph 50. Defendants also otherwise deny the allegations contained in paragraph 50.

51.    Defendants deny the allegations contained in paragraph 51.

52.    To the extent the allegations in paragraph 52 rely upon certain communications between the USPS and IntuiShip beginning on February 10, 2016,

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

9

Defendants respectfully refer the Court to these communications for their complete and accurate contents, if such communications exists, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 52.

53.    To the extent the allegations in paragraph 53 rely upon a letter sent by Cliff Rucker of the USPS to Robert Ross of IntuiShip on August 2, 2016, Defendants respectfully refer the Court to this letter for its complete and accurate contents, if such letter exists, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 53.

54.    To the extent the allegations in paragraph 54 rely upon an email sent by Cliff Rucker of the USPS to Candi Booth and Amine Khechfe on July 16, 2016, Defendants respectfully refer the Court to this email for its complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 54.

55.    In response to the allegations contained in paragraph 55, Defendants admit that Donald J. Trump was inaugurated in January 2017. Defendants further admit that the USPS is an independent federal agency of the Executive Branch of the U.S. Government. Defendants otherwise deny the allegations contained in paragraph 55.

56.    To the extent paragraph 56 relies upon Stamps' public statements during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings and transcripts of analyst and investor conference calls during the Class Period for their complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 56.

57.    In response to the allegations contained in paragraph 57, Defendants admit that Stamps communicated with the USPS on a number of topics during Class Period. Defendants otherwise deny the allegations contained in paragraph 57.

10

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

58.    Defendants deny the allegations contained in paragraph 58.

59.    Defendants deny the allegations contained in paragraph 59.

60.    Defendants deny the allegations contained in paragraph 60.

61.    Defendants deny the allegations contained in paragraph 61.

62.    To the extent that the allegations in paragraph 62 rely upon Stamps' financial results and public statements before and during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings and transcripts of analyst and investor conference calls during and before the Class Period for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 62.

63.    To the extent that paragraph 63 references a governmental Task Force created in April 2018, Defendants respectfully refer the Court to the Executive Order on the Task Force on the United States Postal System, and deny any characterization thereof.   Further, to the extent paragraph 63 relies on a December 2018 Task Force Report, Defendants respectfully refer the Court to this document for the complete and accurate contents, and deny any characterization thereof.  To the extent that paragraph 63 relies on Stamps' public statements during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings and transcripts of analyst and investor conference calls during and before the Class Period for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 63.

64.    To the extent that the allegations contained in paragraph 64 rely on Stamps' public statements on or around May 8, 2019, Defendants respectfully refer the Court to Stamps' SEC filings and transcripts of analyst and investor conference calls for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 64.

65.    On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not

11

false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 65 do not fall into those limited categories and so Defendants state that no response is required to the allegations contained in paragraph 65.

66. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 66 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 66. Although no response is required, to the extent that the allegations contained in paragraph 66 rely upon Stamps' 1Q17 earnings release, Defendants respectfully refer the Court to this earnings release for its complete and accurate contents, and deny any characterization thereof.

67. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 67 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 67. Although no response is required, to the extent that the allegations

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

contained in paragraph 67 rely upon Stamps' 1Q17 earnings release, Defendants respectfully refer the Court to this earnings release for its complete and accurate contents, and deny any characterization thereof.

68.    On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading.  The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model.  Most of the statements alleged to be misleading in paragraph 68 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 68 that are not in those limited categories.  To the extent that any response is required and to the extent that the allegations contained in paragraph 68 rely upon statements made by Defendant McBride during Stamps' 1Q17 earnings call, Defendants respectfully refer the Court to the transcript of this call for their complete and accurate contents, and deny any characterization thereof.

69.    On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading.  The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model.  The statements alleged to be misleading in paragraph 69 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 69.  To the extent that any response is required and to the extent that the allegations contained in paragraph 69 rely upon statements made by Defendant McBride during Stamps' 1Q17 earnings call, Defendants respectfully refer the

13

Court to the transcript of this call for their complete and accurate contents, and deny any characterization thereof.

70.    On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading.  The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model.  Most of the statements alleged to be misleading in paragraph 70 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 70 that are not in those limited categories.  To the extent that any response is required and to the extent that the allegations contained in paragraph 70 rely upon statements made by Defendant McBride during Stamps' 1Q17 earnings call, Defendants respectfully refer the Court to the transcript of this call for their complete and accurate contents, and deny any characterization thereof.

71.    In response to the allegations in paragraph 71, Defendants state that the allegations contained in paragraph 71 are legal conclusions to which no response is required.  Further, Defendants incorporate and repeat their responses to paragraphs 66-70 above as if fully set forth herein. Defendants otherwise deny the allegations contained in paragraph 71.

72.    On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading.  The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model.  The statements alleged to be misleading in paragraph 72 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

14

paragraph 72. Although no response is required, to the extent that the allegations contained in paragraph 72 rely upon Stamps' 2Q17 earnings release, Defendants respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

73. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 73 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 73. Although no response is required, to the extent that the allegations contained in paragraph 73 rely upon Stamps' 2Q17 earnings release, Defendants respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

74. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. Most of the statements alleged to be misleading in paragraph 74 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 74 that are not in those limited categories. To the extent that any response is required and to the extent that the allegations contained in paragraph 74 rely upon statements made by Defendant McBride during Stamps' 2Q17 earnings

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

call, Defendants respectfully refer the Court to the transcript of this call for their complete and accurate contents, and deny any characterization thereof.

75. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 75 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 75. To the extent that any response is required and to the extent that the allegations contained in paragraph 75 rely upon statements made by Defendant Huebner during Stamps' 2Q17 earnings call, Defendants respectfully refer the Court to the transcript of this call for their complete and accurate contents, and deny any characterization thereof.

76. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 76 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 76. Although no response is required, to the extent that the allegations contained in paragraph 76 rely upon statements by Defendant Carberry during a 2Q17 earnings call, Defendants respectfully refer the Court to the transcript of this call for its complete and accurate contents, and deny any characterization thereof.

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

77. In response to the allegations in paragraph 77, Defendants state that the allegations contained in paragraph 77 are legal conclusions to which no response is required. Further, Defendants incorporate and repeat their responses to paragraphs 72-76 above as if fully set forth herein. Defendants otherwise deny the allegations contained in paragraph 77.

78. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 78 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 78. Although no response is required, to the extent that the allegations contained in paragraph 78 rely upon Stamps' 3Q17 earnings release, Defendants respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

79. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 79 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 79. Although no response is required, to the extent that the allegations contained in paragraph 79 rely upon Stamps' 3Q17 earnings release, Defendants

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

80.     On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading.  The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model.  The statements alleged to be misleading in paragraph 80 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 80..  To the extent that any response is required and to the extent that the allegations contained in paragraph 80 rely upon statements made by Defendant McBride during Stamps' 3Q17 earnings call, Defendants respectfully refer the Court to the transcript of this call for their complete and accurate contents, and deny any characterization thereof.

81.     On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading.  The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model.  The statements alleged to be misleading in paragraph 81 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 81.  Although no response is required, to the extent that the allegations contained in paragraph 81 rely upon Stamps' 4Q17 and FY17 earnings release, Defendants respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

18

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

82.    On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 82 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 82. Although no response is required, to the extent that the allegations contained in paragraph 82 rely upon Stamps' 4Q17 and FY17 earnings release, Defendants respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

83.    In response to the allegations in paragraph 83, Defendants state that the allegations contained in paragraph 83 are legal conclusions to which no response is required. Further, Defendants incorporate and repeat their responses to paragraphs 78-82 above as if fully set forth herein. Defendants otherwise deny the allegations contained in paragraph 83.

84.    On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 84 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 84. Although no response is required, to the extent that the allegations contained in paragraph 84 rely upon Stamps' 1Q18 earnings release, Defendants

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

85. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 85 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 85. Although no response is required, to the extent that the allegations contained in paragraph 85 rely upon Stamps' 1Q18 earnings release, Defendants respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

86. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 86 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 86.. To the extent that any response is required and to the extent that the allegations contained in paragraph 86 rely upon statements made by Defendant Huebner during Stamps' 1Q18 earnings call, Defendants respectfully refer the Court to the transcript of this call for their complete and accurate contents, and deny any characterization thereof.

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Katten

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

87.     On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading.  The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model.  The statements alleged to be misleading in paragraph 87 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 87.  Although no response is required, to the extent that the allegations contained in paragraph 87 rely upon Stamps' 2Q18 earnings release, Defendants respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

88.     On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading.  The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model.  The statements alleged to be misleading in paragraph 88 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 88.  Although no response is required, to the extent that the allegations contained in paragraph 88 rely upon Stamps' 2Q18 earnings release, Defendants respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

89.     On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading.  The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a

positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. Most of the statements alleged to be misleading in paragraph 89 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 89 that are not in those limited categories. To the extent that any response is required and to the extent that the allegations contained in paragraph 89 rely upon statements made by Defendant McBride during Stamps' 2Q18 earnings call, Defendants respectfully refer the Court to the transcript of this call for their complete and accurate contents, and deny any characterization thereof.

90. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 90 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 90. Although no response is required, to the extent that the allegations contained in paragraph 90 rely upon Stamps' 3Q18 earnings release, Defendants respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

91. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 91 do not fall into those limited categories and therefore

22

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

Defendants state that no response is required to the allegations contained in paragraph 91. Although no response is required, to the extent that the allegations contained in paragraph 91 rely upon Stamps' 3Q18 earnings release, Defendants respectfully refer the Court to this release for its complete and accurate contents, and deny any characterization thereof.

92. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. Most of the statements alleged to be misleading in paragraph 92 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 92 that are not in those limited categories. To the extent that any response is required and to the extent that the allegations contained in paragraph 92 rely upon statements made by Defendant McBride during Stamps' 3Q18 earnings call, Defendants respectfully refer the Court to the transcript of this call for their complete and accurate contents, and deny any characterization thereof.

93. In response to the allegations in paragraph 93, Defendants state that the allegations contained in paragraph 93 are legal conclusions to which no response is required. Further, Defendants incorporate and repeat their responses to paragraphs 84-92 above as if fully set forth herein. Defendants otherwise deny the allegations contained in paragraph 93.

94. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had only stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

23

concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 94 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 94. To the extent that a response is required and to the extent that the allegations contained in paragraph 94 rely upon statements by Stamps and/or Defendant McBride during a February 21, 2019 conference call, Defendants respectfully refer the Court to the transcript of this call for its complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 94.

95. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had only stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 95 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 95. To the extent that a response is required and to the extent that paragraph 95 relies upon statements by Stamps and/or Defendant McBride on a February 21, 2019 conference call, Defendants respectfully refer the Court to the transcript of the call for its complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 95.

96. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had only stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 96 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 96. To the extent that a response is required and to the extent that the allegations contained in paragraph 96 rely upon statements by Stamps and/or Defendant McBride during a February 21, 2019 conference call, Defendants respectfully refer the Court to the transcript of this call for its complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 96.

97. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had only stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. The statements alleged to be misleading in paragraph 97 do not fall into those limited categories and therefore Defendants state that no response is required to the allegations contained in paragraph 97. To the extent that a response is required and to the extent that the allegations contained in paragraph 97 rely upon statements by Stamps during a May 8, 2019 conference call and/or SEC filings, Defendants respectfully refer the Court to the transcript of this call and/or SEC filings for their complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 97.

98. To the extent that the allegations contained in paragraph 98 rely upon the Individual Defendants' and certain Stamps directors and employees' stock sales during the Class Period, Defendants respectfully refer the Court to the Stamps Forms 4 filed with the SEC on behalf of these individuals during the Class Period

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

25

for their complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 98.

99.    To the extent that the allegations contained in paragraph 99 rely upon certain Individual Defendants' and Stamps directors and employees' stock sales prior to the Class Period, Defendants respectfully refer the Court to Stamps Forms 4 filed with the SEC on behalf of these individuals prior to the Class Period for their complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 99.

100.    To the extent that the allegations contained in paragraph 100 rely upon certain Individual Defendants' and Stamps directors and employees' stock sales prior to and during the Class Period, Defendants respectfully refer the Court to the Stamps Forms 4 filed with the SEC on behalf of these individuals prior to and during the Class Period for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 100.

101.    To the extent that the allegations contained in paragraph 101 rely upon certain Individual Defendants' and Stamps directors and employees' stock sales during the Class Period, Defendants respectfully refer the Court to the Stamps Forms 4 filed with the SEC on behalf of these individuals during the Class Period for their complete and accurate contents, and deny any characterization thereof.  To the extent that the allegations contained in paragraph 101 rely upon Stamps' stock purchases during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings during the Class Period in which such stock purchases are disclosed, and deny any characterization thereof.  Further, to the extent paragraph 101 relies on allegations concerning Stamps' stock price, Defendants state that Stamps' stock price is a matter of public record and that no response is required. Defendants otherwise deny the allegations contained in paragraph 101.

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

102. To the extent that the allegations contained in paragraph 102 rely upon certain Individual Defendants' and Stamps directors and employees' stock sales during the Class Period, Defendants respectfully refer the Court to the Stamps Forms 4 filed with the SEC on behalf of these individuals during the Class Period for their complete and accurate contents, and deny any characterization thereof. To the extent that the allegations contained in paragraph 102 rely upon Stamps' stock purchases during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings during the Class Period in which such stock purchases are disclosed, and deny any characterization thereof. Further, to the extent paragraph 102 relies on allegations concerning Stamps' stock price, Defendants state that Stamps' stock price is a matter of public record and that no response is required. Defendants otherwise deny the allegations contained in paragraph 102.

103. Defendants deny the allegations contained in paragraph 103.

104. To the extent that the allegations contained in paragraph 104 rely on Stamps' public statements during the class period, Defendants respectfully refer the Court to Stamps' SEC filings and analysts and investor call transcripts during the Class Period for their complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 104.

105. Defendants deny the allegations contained in paragraph 105.

106. To the extent that the allegations contained in paragraph 106 rely on Stamps' public statements during the class period, Defendants respectfully refer the Court to Stamps' SEC filings and analysts and investor call transcripts during the Class Period for their complete and accurate contents, and deny any characterization thereof. Further, to the extent that the allegations contained in paragraph 106 rely on Stamps' Form 10-Q filed with the SEC on August 8, 2018, Defendants respectfully refer the Court to this SEC filing for its complete and

accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 106.

107.   To the extent that the allegations contained in paragraph 107 rely on Defendant McBride's statements during an investor conference call made in connection with 2Q18 results, Defendants respectfully refer the Court to this call transcript for its complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 107.

108.   To the extent that the allegations contained in paragraph 108 rely on Stamps' public statements in February 2019, Defendants respectfully refer the Court to Stamps' SEC filings and analysts and investor call transcripts for their complete and accurate contents, and deny any characterization thereof.  Further, to the extent that the allegations contained in paragraph 108 rely on and/or characterize Stamps' financial results, Defendants respectfully refer the Court to Stamps' SEC filings and analysts and investor call transcripts for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 108.

109.   Defendants deny the allegations contained in paragraph 109.

110.   Defendants deny the allegations contained in paragraph 110.

111.   Defendants deny the allegations contained in paragraph 111.

112.   Defendants deny the allegations contained in paragraph 112.

113.   To the extent that the allegations contained in paragraph 113 rely upon Stamps' public statements on May 8, 2019, Defendants respectfully refer the Court to Stamps' SEC filings and analysts and investor call transcripts for their complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 113.

114.   To the extent that the allegations in paragraph 114 rely upon Stamps' financials prior to and during the Class Period, Defendants respectfully refer the Court to Stamps' SEC filings prior to and during the Class Period for their

28

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 114.

115. In response to the allegations contained in paragraph 115, Defendants respectfully refer the Court to Stamps' SEC filings and analysts and investor call transcripts for their complete and accurate contents, and deny any characterization thereof. Defendants otherwise deny the allegations contained in paragraph 115.

116. Defendants deny the allegations contained in paragraph 116.

117. Defendants state that the allegations contained in paragraph 117 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 117.

118. In response to the allegations in paragraph 118, Defendants admit that Defendants McBride, Carberry, and Huebner serve and/or served as Stamps' CEO, CFO, and President during the Class Period or portions thereof. Defendants further admit that Defendants McBride, Carberry, and Huebner spoke on Stamps' investor calls. Defendants otherwise deny the allegations contained in paragraph 118.

119. In response to the allegations in paragraph 119, Defendants incorporate and repeat their responses to paragraphs 49-50 above as if fully set forth herein. On January 17, 2020, the Court entered an order holding that the vast majority of the statements Lead Plaintiff challenged in the Complaint were not false or misleading. The Court ruled that Lead Plaintiff had only stated a claim under the Securities Exchange Act of 1934 based only on statements that Stamps had a positive relationship with the USPS and that the USPS had positive views concerning the USPS reseller business model. Because the statements alleged to be misleading in paragraph 119 do not fall into those limited categories, Defendants state that no response is required to the allegations contained in paragraph 119.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

120.   In response to the allegations contained in paragraph 120, Defendants admit that Defendant Huebner received the title of President in or around August 2017.   Defendants further admit that Stamps announced Defendant Huebner's retirement on February 21, 2019.   Defendants admit that Defendant Huebner had been employed at Stamps for approximately 20 years in various roles, including CFO.  Defendants otherwise deny the allegations contained in paragraph 120.

121.   Defendants state that the allegations contained in paragraph 121 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 121.

122.   To the extent that the allegations in paragraph 122 rely upon statements by Defendant McBride on a February 21, 2019 conference call, Defendants respectfully refer the Court to this call transcript for its complete and accurate contents, and deny any characterization thereof.   Defendants otherwise deny the allegations contained in paragraph 122.

123.   To the extent paragraph 123 relies upon statements by Defendant McBride on a February 21, 2019 conference call, Defendants respectfully refer the Court to this call transcript for its complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 123.

124.   To the extent paragraph 124 relies upon Stamps' SEC filings and/or conference call on February 21, 2019, Defendants respectfully refer the Court to these documents for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 124.

125.   Defendants deny the allegations contained in paragraph 125.

126.   To the extent paragraph 126 relies upon allegations concerning Stamps' stock price and trading volume, Defendants state that Stamps' stock price

30

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

and trading volume are a matter of public record and that no response is required. Defendants otherwise deny the allegations contained in paragraph 126.

127.   To the extent paragraph 127 relies upon Stamps' SEC filings and/or conference call on May 8, 2019, Defendants respectfully refer the Court to these documents for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations contained in paragraph 127.

128.   To the extent paragraph 128 relies upon allegations concerning Stamps' stock price and trading volume, Defendants state that Stamps' stock price and trading volume are a matter of public record and that no response is required. Defendants otherwise deny the allegations contained in paragraph 128.

129.   To the extent paragraph 129 relies upon allegations concerning Stamps' stock price, Defendants state that Stamps' stock price is a matter of public record and that no response is required.  Defendants otherwise deny the allegations contained in paragraph 129.

130.   Defendants state that the allegations contained in paragraph 130 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 130.

131.   Defendants state that the allegations contained in paragraph 131 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 131 except admit as follows:

(a) In response to paragraph 131(a), Defendants admit that Stamps' stock met the requirements for listing and was actively traded on the NASDAQ.

(b) In response to paragraph 131(b), Defendants admit that Stamps filed periodic reports with the SEC and the NASDAQ.

(c) In response to paragraph 131(c), Defendants admit that Stamps communicated with public investors, including through press releases.

31

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

(d) In response to paragraph 131(d), Defendants admit that Stamps was followed by securities analysts employed by certain brokerage firms who wrote reports that were publicly available.

132. Defendants state that the allegations contained in paragraph 132 are legal conclusions to which no response is required.

133. To the extent that the allegations contained in paragraph 133 rely upon McBride's stock sales during the Class Period, Defendants respectfully refer the Court to the Stamps Forms 4 filed with the SEC on his behalf during the Class Period for their complete and accurate contents, and deny any characterization thereof. Defendants lack information and belief concerning Lead Plaintiff's stock purchases and, on that basis, deny the allegations contained in paragraph 133. Defendants otherwise deny the allegations contained in paragraph 133.

134. Defendants deny the allegations in paragraph 134.

135. Defendants state that the allegations contained in paragraph 135 are legal conclusions and/or statements of Lead Plaintiff's legal position, neither of which requires a response.

136. Defendants state that the allegations contained in paragraph 136 are legal conclusions and/or statements of Lead Plaintiff's legal position, neither of which requires a response.

137. Defendants state that the allegations contained in paragraph 137 are legal conclusions and/or statements of Lead Plaintiff's legal position, neither of which requires a response.

138. Defendants state that the allegations contained in paragraph 138 are legal conclusions and/or statements of Lead Plaintiff's legal position, neither of which requires a response.

139. Defendants state that the allegations contained in paragraph 139 are legal conclusions and/or statements of Lead Plaintiff's legal position, neither of which requires a response.

32

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

140. Defendants state that the allegations contained in paragraph 140 are legal conclusions and/or statements of Lead Plaintiff's legal position, neither of which requires a response.

141. In response to paragraph 141, Defendants incorporate and repeat their responses to paragraphs 1-140 above as if fully set forth herein.

142. Defendants state that the allegations contained in paragraph 142 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 142.

143. Defendants state that the allegations contained in paragraph 143 are legal conclusions to which no response is required.

144. Defendants state that the allegations contained in paragraph 144 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 144. Defendants also incorporate and repeat their responses to paragraphs 65-94 above as if fully set forth herein.

145. Defendants state that the allegations contained in paragraph 145 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 145.

146. Defendants state that the allegations contained in paragraph 146 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 146.

147. Defendants state that the allegations contained in paragraph 147 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 147.

148. Defendants state that the allegations contained in paragraph 148 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 148.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

149. Defendants state that the allegations contained in paragraph 149 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 149.

150. Defendants state that the allegations contained in paragraph 150 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 150.

151. Defendants state that the allegations contained in paragraph 151 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 151.

152. In response to paragraph 152, Defendants incorporate and repeat their responses to paragraphs 1-151 above as if fully set forth herein.

153. Defendants state that the allegations contained in paragraph 153 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 153.

154. Defendants state that the allegations contained in paragraph 154 are legal conclusions to which no response is required.

155. Defendants state that the allegations contained in paragraph 155 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 155.

156. Defendants state that the allegations contained in paragraph 156 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 156.

157. Defendants state that the allegations contained in paragraph 157 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 157.

158. Defendants state that the allegations contained in paragraph 158 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 158.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

34

159.   Defendants state that the allegations contained in paragraph 159 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 159.

160.   In response to paragraph 160, Defendants incorporate and repeat their responses to paragraphs 1-159 above as if fully set forth herein.

161.   Defendants state that the allegations contained in paragraph 161 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 161.

162.   Defendants state that the allegations contained in paragraph 162 are legal conclusions to which no response is required.

163.   Defendants state that the allegations contained in paragraph 163 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 163.

164.   Defendants state that the allegations contained in paragraph 164 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 164.

165.   Defendants state that the allegations contained in paragraph 165 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 165

166.   Defendants state that the allegations contained in paragraph 166 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 166.

167.   Defendants state that the allegations contained in paragraph 167 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 167.

168.   Defendants state that the allegations contained in paragraph 168 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 168.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

169. Defendants state that the allegations contained in paragraph 169 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 169.

Defendants state that the allegations contained in the Prayer for Relief paragraphs (A) through (D) are legal conclusions and/or statements of Lead Plaintiff's legal position, neither of which requires a response. To the extent that a response is required, Defendants deny that Lead Plaintiff and the Class are entitled to relief requested in the Prayer for Relief paragraphs (A) through (D).

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

## AFFIRMATIVE DEFENSES

Defendants' investigation of the facts alleged in the Complaint is ongoing, and, accordingly, Defendants reserve the right to assert additional affirmative defenses in the future.  Notwithstanding the foregoing, and without assuming any burden of proof, persuasion or production, Defendants state the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Lead Plaintiff's claims are barred, in whole or in part, because the causes of action alleged in the Complaint fail to state facts sufficient to constitute a valid cause of action against Defendants.  Among other things, the Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act ("Reform Act") and fails to raise a strong inference of scienter as required by the Reform Act.

### SECOND AFFIRMATIVE DEFENSE
### (Federal Rule of Civil Procedure 8)

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff has failed to plead its claims in a simple, concise, and direct manner as required under Rule 8 of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE
### (No False or Misleading Statement)

Lead Plaintiff's claims are barred, in whole or in part, because Defendants did not make a false or misleading statement of material fact or omission of material fact and are not responsible (in law or in fact) for any alleged false or misleading statements or omissions of material fact.

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**FOURTH AFFIRMATIVE DEFENSE**

**(No Scienter)**

Lead Plaintiff's claims are barred, in whole or in part, because Defendants did not have the requisite scienter.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

Lead Plaintiff's claims are barred, in whole or in part, because Defendants did not directly or proximately cause or contribute to any damage, loss, or injury sustained by Lead Plaintiff. Lead Plaintiff's claims are also barred, in whole or in part, because Lead Plaintiff's recoverable amounts or damages, if any, results from depreciation other than depreciation in value from any alleged false or misleading statements that remain in the case with respect to which liability is asserted.

**SIXTH AFFIRMATIVE DEFENSE**

**(Immateriality)**

Lead Plaintiff's claims are barred, in whole or in part, because any alleged misrepresentations or omissions for which Defendants are allegedly responsible were not material.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Impact on Market Price)**

Lead Plaintiff's claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Complaint did not affect the market price of Stamps securities and/or an insufficient number of traders in Stamps securities relied on the alleged false and misleading statements, acts, or omissions to affect the market price of those securities.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

Katten

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

**EIGHTH AFFIRMATIVE DEFENSE**

**(Other Factors Affecting Market Price)**

Lead Plaintiff's claims are barred, in whole or in part, because any depreciation in the market price of Stamps securities resulted from factors other than the conduct attributed to Defendants.

**NINTH AFFIRMATIVE DEFENSE**

**(Lack of Justifiable Reliance)**

Lead Plaintiff's claims are barred, in whole or in part, due to Lead Plaintiff's lack of justifiable reliance in that Lead Plaintiff did not purchase or sell any securities in reasonable or justifiable reliance on any representation, act, or omission by Defendants.

**TENTH AFFIRMATIVE DEFENSE**

**(Publicly Available Information)**

Lead Plaintiff's claims are barred, in whole or in part, on the grounds that the matters alleged to be the subject of misrepresentations and/or omissions were publicly disclosed and/or were in the public domain, and, as such, were available to Lead Plaintiff and/or the securities market.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Use Due Care)**

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff failed to use due care in determining whether to invest in Stamps.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff knew that the purchase of Stamps securities involved risk and voluntarily assumed such risk.

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reasonableness)

Lead Plaintiff's claims are barred, in whole or in part, because Defendants had reasonable grounds to believe at the time that Stamps' statements were true and there was no omission of a material fact required therein or necessary to make the statements therein not misleading.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

Lead Plaintiff's claims are barred, in whole or in part, because the alleged actions of Defendants, with respect to the matters alleged in the Complaint, were undertaken in good faith, with the absence of malicious intent to injure Lead Plaintiff, and constitute lawful, proper, and justified means to further the sole purpose of engaging in and continuing Stamps' business.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

Lead Plaintiff's claims are barred, in whole or in part, on the grounds that Defendants had no duty to disclose information allegedly omitted in Stamps' public statements, Defendants had no duty to update information that was truthful and accurate when made, and/or Defendants had no duty to correct information that they reasonable believed was truthful and accurate when made.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reliance on Others)

Lead Plaintiff's claims are barred, in whole or in part, because Defendants reasonably relied upon the information, opinions, reports, and statements presented by others whom Defendants believed to be reliable and competent in the matters presented.

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Lead Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff by acts, omissions, and/or conduct, is estopped, in whole or in part, from obtaining the relief sought in the Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Lead Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Waiver)**

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff, by acts, omissions, and/or conduct, has waived, in whole or in part, its right to obtain the relief sought in the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Ratification and Consent)**

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff consented to, ratified, or acquiesced in the alleged conduct by Defendants of which Lead Plaintiff now complains.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff lacks standing to bring the claims asserted in the Complaint.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

41

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Class Action)

Lead Plaintiff's claims are barred because this action cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Events)

Lead Plaintiff's claims are barred, in whole or in part, because intervening or superseding events, not caused by Defendants, caused some or all of the alleged damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Lead Plaintiff's claims are barred, in whole or in part, by Lead Plaintiff's comparative fault.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Offset of Damages)

Any recovery for damages allegedly incurred by Lead Plaintiff, if any, is subject to offset in the amount of any tax benefit actually received by Lead Plaintiff through its investments.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Lead Plaintiff has failed to fulfill its duty to mitigate, reduce, or otherwise avoid the alleged damages, and Lead Plaintiff is therefore barred from recovering such damages, if any.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Entitlement to Costs of Litigation)

Lead Plaintiff is not entitled to recover its costs and expenses incurred in this action, including, without limitation, attorneys' fees.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Prejudgment Interest)**

Lead Plaintiff is precluded from recovering prejudgment interest because such recovery is not liquidated or ascertainable and is not otherwise statutorily prescribed.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Proportional Allocation of Fault)**

Any damage, loss, or liability sustained by Lead Plaintiff must be reduced, diminished, and/or eliminated under the proportionate liability provisions of Section 21D(f)(2)(B) and 21(D)(f)(3) of the Securities Exchange Act of 1934 to reflect only Defendants' percentages of responsibility.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Nature and Extent of Damages)**

Defendants deny that Lead Plaintiff was injured in the nature, and to the extent, claimed and contest damages.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Damages Sought Exceed Those Permitted)**

The damages sought by Lead Plaintiff exceed those permitted under the Securities Exchange Act of 1934, the Reform Act, common law, or any other applicable statute, rule, or regulation.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

Lead Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because ascertainment and allocation of the alleged damages is impossible.

Katten

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Claims Non-Actionable Under Reform Act)

Lead Plaintiff's claims are barred, in whole or in part, to the extent that the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by Defendants fall within the safe harbor provisions of the Reform Act.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendants expressly reserve the right to amend or supplement their Answer, defenses and all other pleadings, as permitted by law. Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any cross-claims, counterclaims and/or third party claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants seek judgment:

A. dismissing with prejudice all claims against Defendants;

B. awarding the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and

C. granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Defendants demand a trial by jury.

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

44

Dated:  January 31, 2020          KATTEN MUCHIN ROSENMAN LLP


By:    */s/ Richard H. Zelichov*

Richard H. Zelichov
richard.zelichov@katten.com
Christina L. Costley
christina.costley@katten.com
Paul S. Yong
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:  (310) 788-4400
Facsimile:  (310) 788-4471
*Attorneys    for    Stamps.com    Inc.,    Kenneth McBride, Kyle Huebner, and Jeff Carberry*

45

**DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**