RICHARD H. ZELICHOV (SBN 193858)
richard.zelichov@kattenlaw.com
CHRISTINA L. COSTLEY (SBN 227134)
christina.costley@kattenlaw.com
PAUL S. YONG (SBN 303164)
paul.yong@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:  (310) 788-4400
Facsimile:  (310) 788-4471

*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*

SPENCER A. BURKHOLZ (147029)
spenceb@rgrdlaw.com
STEVEN W. PEPICH (116086)
stevep@rgrdlaw.com
ERIC I. NIEHAUS (239023)
eniehaus@rgrdlaw.com
KEVIN S. SCIARANI (301411)
ksciarani@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423

*Lead Counsel for Lead Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | Case No. 2:19-cv-01828-MWF (SK)<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto in this action (the "Action"), through their undersigned counsel, that this Stipulation and Protective Order (the "Stipulation and Order") shall govern the disclosure of confidential information herein with respect to any materials and information produced or provided in the Action ("Discovery Materials"), notwithstanding any public entity's obligations under public records statutes.

1.     A party, person, or entity that produces or discloses Discovery Materials in connection with this Action is referred to herein as the "Disclosing Party."

2.     A party, person, or entity that receives Discovery Materials in connection with this Action is referred to herein as the "Receiving Party."

3.     All Discovery Materials produced or disclosed in connection with this Action shall be used solely for the prosecution or the defense of this Action (including any appeal therefrom), and for no other purpose.

4.     Any Disclosing Party may, subject to this Stipulation and Order, designate as "Confidential" information that has not been made public and that the Disclosing Party believes in good faith: (a) constitutes a trade secret or competitively sensitive technical, financial, or other business information, (b) contains sensitive private or personal information, (c) contains information received in confidence from third parties; or (d) is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

5.     Any Disclosing Party may, subject to this Stipulation and Order, designate as "Highly Confidential" information that that the Disclosing Party believes in good faith constitutes extremely sensitive Confidential information whose disclosure to the Receiving Party or any non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

6.     Nothing in this Stipulation and Order shall be construed to provide less protection to confidential information designated by the parties than the Federal Rules

1

STIPULATED PROTECTIVE ORDER

of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

7.    The designation of Discovery Materials as Confidential or Highly Confidential for purposes of this Stipulation and Order shall be made in the following manner by the Disclosing Party:

(a)    in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission or other materials (apart from depositions): by, affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate, to any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Disclosing Party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.  Electronically stored information ("ESI") designated as "Confidential" or "Highly Confidential" Discovery Material must be so designated by affixing such notice to each Tagged Image File or "TIFF" for any electronic document produced by the Disclosing Party (or, in the event that any documents are produced in native format, by affixing this notice to the slip sheet for such document). Print-outs of any ESI designated as Confidential or Highly Confidential Discovery Material must be treated as Confidential or Highly Confidential, respectively, in accordance with the terms of this Stipulation and Order; and

(b)    in the case of depositions: (i) by a statement on the record, by counsel, during such deposition, that a specific portion(s) thereof shall be designated as Confidential or Highly Confidential, as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to counsel for all other parties within fifteen (15) days after the mailing or emailing by the court reporter to counsel of the transcript of the deposition.  The parties shall treat all deposition testimony as Highly Confidential until the expiration of fifteen (15) days after the mailing (via overnight mail) or emailing to counsel of the transcript of the deposition.  Unless designated as

2

STIPULATED PROTECTIVE ORDER

Confidential or Highly Confidential, any confidentiality is waived after the expiration of the 15-day period. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as Confidential or Highly Confidential is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Stipulation and Order.

8. Except upon the prior written consent of the Disclosing Party, Confidential Discovery Material shall not be disclosed, summarized, or otherwise made available to anyone except the persons described in the below subparagraphs:

(a) the Court and court personnel and any appellate court in this Action;

(b) the parties' in-house and outside counsel participating in the prosecution and defense of this Action and their legal, clerical, and support staff, including temporary or contract staff, or service vendors (including outside copying services, data-processing services, graphic-production services, investigators and litigation support services) assisting in the conduct of this Action;

(c) the named parties in this Action (including officers, directors, and employees of the named parties participating in the prosecution and defense of this Action), professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

(d) persons who are indicated in the Confidential Discovery Material to have been authors or recipients (including "bcc" recipients) or custodians of the Confidential Discovery Material, the receipt of which is not in violation of this Stipulation and Order or any other Order entered in this Action;

STIPULATED PROTECTIVE ORDER

(e) expert witnesses, consultants or investigators (including their professional staffs) assisting counsel for any named parties in this Action who are employed or retained by a party who in good faith requires their assistance in the prosecution or defense of this Action, and further provided that (a) any report created by such expert or consultant relying on or incorporating ConfidentialDiscovery Material in whole or in part shall be designated as "Confidential" by the party responsible for its creation and (b) the expert witnesses or consultants may not use the Confidential Discovery Material to their competitive advantage or for any purpose other than relating to this Action as provided in paragraph 3 above;

(f) deponents and witnesses (and counsel for such witnesses) reasonably believed by counsel to be necessary in connection with their testimony in this Action or the preparation thereof and provided that a person identified solely in this subparagraph 8(f) shall not be permitted to retain copies of such Confidential Discovery Material;

(g) any mediator or arbitrator engaged by the named parties to the Action;

(h) any insurers and reinsurers of the parties to these proceedings, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of this Action; and

(i) any other person only upon order of the Court or upon stipulation of the party that produced the Confidential Discovery Material.

9.     Except upon the prior written consent of the Disclosing Party, Highly Confidential Discovery Material shall not be disclosed, summarized, or otherwise made available to anyone except the persons described in the below subparagraphs:

(a) the Court and court personnel and any appellate court in this Action;

(b) the parties' outside counsel participating in the prosecution and defense of this Action and their legal, clerical, and support staff, including temporary

STIPULATED PROTECTIVE ORDER

or contract staff, or service vendors (including outside copying services, data-processing services, graphic-production services, investigators and litigation support services) assisting in the conduct of this Action;

(c) persons who are indicated in the Highly Confidential Discovery Material to have been authors or recipients (including "bcc" recipients) or custodians of the Highly Confidential Discovery Material, the receipt of which is not in violation of this Stipulation and Order or any other Order entered in this Action;

(d) expert witnesses, consultants or investigators (including their professional staffs) assisting counsel for any named parties in this Action who are employed or retained by a party who in good faith requires their assistance in the prosecution or defense of this Action, and further provided that (a) any report created by such expert or consultant relying on or incorporating Highly Confidential Discovery Material in whole or in part shall be designated as "Highly Confidential" by the party responsible for its creation and (b) the expert witnesses or consultants may not use the Highly Confidential Discovery Material to their competitive advantage or for any purpose other than relating to this Action as provided in paragraph 3 above;

(e) any mediator or arbitrator engaged by the named parties to the Action;

(f) any other person only upon order of the Court or upon stipulation of the party that produced the Highly Confidential Discovery Material.

10. Highly Confidential Discovery Material shall not be disclosed, summarized, or otherwise made available to persons pursuant to subparagraph 9(d) who work or intend to work for companies that provide mailing solutions, that provide shipping solutions, and/or ecommerce providers unless the Receiving Party makes a written request to the Disclosing Party that (1) sets forth the full name of such person, his or her employer, and his or her address, and (2) identifies the general categories of Highly Confidential Discovery Material that the Receiving Party seeks permission

STIPULATED PROTECTIVE ORDER

to disclose.  The Receiving Party that makes such written request may disclose the subject Discovery Material unless, within fourteen (14) calendar days of delivering the request, the Receiving Party receives a written objection from the Disclosing Party setting forth the grounds on which the objection is based.  Within seven (7) calendar days of the receipt of such objection, the Receiving Party and the Disclosing Party must meet and confer in an effort to resolve the matter.  If the parties cannot resolve their disagreement, the Receiving Party may move the Court for a ruling on the objection.  The subject Discovery Material shall not be disclosed, summarized, or otherwise made available until the Court has ruled on the objection or the matter has otherwise been resolved.  In any such proceeding before the Court, the Disclosing Party shall bear the burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the subject Discovery Material.

11.  All persons to whom Confidential or Highly Confidential Discovery Material is disclosed pursuant to subparagraphs 8(e), 8(f), and 9(d) as applicable above must be advised of the contents of this Stipulation and Order before any disclosure of Confidential or Highly Confidential Discovery Material.  All persons to whom Confidential or Highly Confidential Discovery Material is disclosed solely under subparagraph 8(e) or subparagraph 9(d), respectively, must execute a certification evidencing their agreement to the terms of the Stipulation and Order in the form attached as Exhibit A.  Such certification shall be retained by counsel to the party that has retained the expert, consultant or investigator.

12.  The designation of any Discovery Material as "Confidential" or "Highly Confidential" is not an admission by the Disclosing Party that the Discovery Material is relevant, admissible, or discoverable pursuant to the Federal Rules of Civil Procedure.  Further, this Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege,

STIPULATED PROTECTIVE ORDER

and the attorney work product doctrine, and is also without prejudice to any other party's right to contest any claim of privilege or protection.

13.    The inadvertent production of any Discovery Material in this Action will be without prejudice to any claim that the material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Material").  If a Disclosing Party believes in good faith that Privileged Material was inadvertently produced, the Disclosing Party may notify any party that received the Privileged Material of the claim of privilege and the basis for the material being privileged.  After receipt of this written notice from the Disclosing Party the Receiving Party must promptly return or take commercially reasonable efforts to sequester or, destroy the Privileged Material and any copies in its possession, custody or control, and take reasonable steps to retrieve the information if the party disclosed it before being notified.  Each Receiving Party shall make no further use of the Privileged Material other than to challenge the assertions of privilege under Fed. R. Civ. P. 26(b)(5)(B).

14.    The Receiving Party must notify the Disclosing Party in writing within fourteen (14) calendar days of receiving written notice whether it objects to the designation of the material referenced in paragraph 13 as privileged or protected, or the Privileged Material in question shall be deemed privileged or protected.  Within seven (7) calendar days of the receipt of an objection, the Receiving Party and the Disclosing Party must meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected.  If the parties cannot resolve their disagreement, the Receiving Party may promptly present the Privileged Materials to the Court under seal for a determination of the Disclosing Party's claim of privilege or protection.  While any application of this kind is pending, the Privileged Material subject to that application must be treated by the Receiving Party as privileged or protected until the Court rules.  If the Court determines that such material is privileged or protected, the Receiving Party must

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

7

**STIPULATED PROTECTIVE ORDER**

immediately return or take commercially reasonable efforts to destroy the inadvertently disclosed Privileged Material and all copies of it. The Disclosing Party has the burden of showing that the Discovery Material at issue is privileged or protected. Nothing in this Stipulation and Order prevents any party from objecting to the designation of any Discovery Material as privileged or protected, or from seeking further protection for any material it produces in discovery.

15. If a Disclosing Party inadvertently produces documents that it believes constitute Confidential or Highly Confidential Discovery Material without designating it as Confidential or Highly Confidential, the Disclosing Party must inform the Receiving Party of the inadvertent production in writing within fourteen (14) calendar days of its discovery. The Receiving Party must thereafter treat the information as Confidential or Highly Confidential Discovery Material as designated by the Disclosing Party. To the extent the information may have been disclosed by the Receiving Party to anyone not authorized to receive Confidential or Highly Confidential Discovery Material, the Receiving Party must make reasonable efforts to retrieve the information promptly and to avoid any further disclosure to anyone not authorized to receive such Discovery Material. To the extent that any such newly designated Confidential or Highly Confidential Discovery Material already has been filed with the Court, the Disclosing Party bears the burden of seeking relief from the Court to establish and/or maintain any asserted protection. The Receiving Party reserves all rights to challenge any claims of inadvertent failure to designate.

16. If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed or requested by any court, administrative or legislative body, or other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, must promptly give written notice to the Disclosing Party and include with the notice a copy of the subpoena or request. The person to whom the subpoena is directed also must make all reasonable, good-faith efforts to provide the Disclosing

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

Party a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena or request. In no event may Discovery Materials subject to this Stipulation and Order be produced by a person receiving a subpoena without providing the Disclosing Party a reasonable opportunity to quash, limit or object, absent a court order to do so or as otherwise provided by law.

17. Any party may designate as Confidential or Highly Confidential any Discovery Materials that contain Confidential or Highly Confidential Discovery Material produced by another party or non-party, provided that such Discovery Materials contain the designating party's own information, in either original or summarized form. Any such designation of a document shall be made within thirty (30) calendar days of the date of its production to the designating party, unless good cause is shown for a later designation. Such designations shall be accomplished by providing written notice to all parties identifying (by production number, transcript line and page number, or other individually identifiable information) the document, testimony, or other information so designated.

18. At any stage in the proceedings, any party may object to a designation of Discovery Materials as Confidential or Highly Confidential under this Stipulation and Order. The party objecting to the confidentiality designation must notify, in writing, counsel for the designating party of the objected-to-materials. If the dispute is not resolved consensually between the parties within fifteen (15) calendar days of receipt of such notice of objection, within thirty (30) days of receipt of notice of objection, the designating party may move the Court for a protective order confirming the confidentiality designation in dispute. Failure to file such motion within thirty (30) days of receipt of notice of objection shall be deemed a withdrawal of the disputed designation(s). The materials at issue must be treated as Confidential or Highly

**STIPULATED PROTECTIVE ORDER**

Confidential, as designated, until the Court has ruled on the objection or the matter has otherwise been resolved.

19.    If counsel for any party or non-party files any designated information, counsel must seek to file such designated information provisionally under seal in accordance with the relevant rules and procedures of the Court, but a non-designating party is under no obligation to defend a designating party's designations and may argue that such information should not remain under seal. Instead, pursuant to L.R. 79-5 and Judge Fitzgerald's Procedures, within four (4) days of such a filing, "the party seeking protection must identify and discuss the factual or legal justification for the Court to find 'good cause' or 'compelling reasons,' as appropriate, that such document or type of information should be protected." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Failure to submit to the Court such justification within four (4) days of a provisionally sealed filing shall be deemed a withdrawal of all designations within the filing.

20.    After the termination of the Action (including all appeals relating to the Action having been exhausted or the time to appeal having expired), this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential or Highly Confidential Discovery Material has been disclosed or communicated, and this Court will retain jurisdiction over the parties for enforcement of its provisions.

21.    Within sixty (60) calendar days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the parties must take commercially reasonable efforts to see that all Confidential and Highly Confidential Discovery Material and copies are either (a) destroyed or deleted, and the Receiving Party must provide the Disclosing Party with a certification stating that commercially reasonable efforts were taken to destroy or delete the Disclosing Party's Confidential and Highly Confidential Discovery Material; or (b) returned by the Receiving Party to the Disclosing Party.    As to those materials containing

STIPULATED PROTECTIVE ORDER

Confidential or Highly Confidential Discovery Material that constitute counsel's work product, which were served in the Action, filed with the Court, and/or marked as trial exhibits, counsel may retain these documents if such counsel otherwise comply with this Stipulation and Order with respect to the retained material.

22. Each party must promptly advise the Disclosing Party through counsel of any losses or compromises of the confidentiality of the Confidential or Highly Confidential Discovery Material governed by this Stipulation and Order. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must, as soon as practicable, but in any event, not longer than five (5) business days after discovery by the Receiving Party and/or counsel of record of the disclosure, (a) notify in writing the Disclosing Party of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Confidential or Highly Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order, and (d) request such person or persons to execute the "Undertaking Regarding Protective Order" (Exhibit A).

23. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials, or information that has been designated as Confidential or Highly Confidential under this Stipulation and Order.

24. In addition, nothing in this Stipulation and Order prevents or limits disclosure, use or dissemination of any documents, information or material that:

(a) was, is or becomes public knowledge, not in breach of this Stipulation and Order; or

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

11

STIPULATED PROTECTIVE ORDER

(b)   is acquired by a party from a non-party having the right to disclose the documents, information or material or is learned by a party as a result of that party's own independent efforts investigation, or inquiry.

25.   A copy of this protective order shall be served with any subpoena to any third party.  A non-party from whom discovery is sought by the parties to this Action may designate Discovery Materials produced by it as "Confidential" or "Highly Confidential" under this Stipulation and Order.   Under these circumstances, Discovery Material designated "Confidential" or "Highly Confidential" by a non-party is assigned the same protection as Discovery Material so designated by a Disclosing Party, and all rights and obligations applicable to a Disclosing Party under this Stipulation and Order shall apply to a non-party designating Discovery Material "Confidential" or "Highly Confidential."   All rights and obligations applicable to parties receiving Confidential or Highly Confidential Discovery Material from a party apply to any party receiving Confidential or Highly Confidential Discovery Material from a non-party.

26.   If additional persons become named parties to this Action, such additional named party may not have access to Confidential Discovery Material produced by or obtained from any Disclosing Party until the Disclosing Party provides its consent (which shall not be unreasonably withheld), and the additional named party endorses a copy of Exhibit A to this Stipulation and Order, files it with the Court, and delivers it to all parties.

27.   This Stipulation and Order does not affect or limit in any way the admissibility or use of any document, testimony, or other evidence at trial, in briefing or on a hearing of this Action, or prejudice or limit in any way the rights of any party to object to the authenticity, admissibility into evidence, or use of any document, testimony, or other evidence at trial or a hearing.

28.   Nothing in this Stipulation and Order prevents any party from:

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

12

STIPULATED PROTECTIVE ORDER

(a)   applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or for judicial relief with regard to any provision of this Stipulation and Order; or

(b)   agreeing with the other parties in writing to modify this Order, subject to approval of the Court.

29.   This Stipulation and Order may be executed in counterparts.

Dated:  March 23, 2020                    KATTEN MUCHIN ROSENMAN LLP


By:  /s/ Richard H. Zelichov
Richard H. Zelichov
richard.zelichov@katten.com
Christina L. Costley
christina.costley@katten.com
Paul S. Yong
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:  (310) 788-4400
Facsimile:  (310) 788-4471

*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*


ROBBINS GELLER RUDMAN & DOWD LLP


By:  /s/ Eric I. Niehaus
Spencer A. Burkholz
spenceb@rgrdlaw.com
Steven W. Pepich
stevep@rgrdlaw.com
Eric I. Niehaus
eniehaus@rgrdlaw.com
Kevin S. Sciarani
ksciarani@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423

*Lead Counsel for Lead Plaintiff*

STIPULATED PROTECTIVE ORDER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | Case No. 2:19-cv-01828-MWF (SK)<br><br>**ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER** |

For good cause shown, the Court enters the above Stipulated Protective Order.

**Dated:**  March 23, 2020

_____
HON. STEVE KIM
U.S. MAGISTRATE JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | Case No. 2:19-cv-01828-MWF (SK)<br><br>**UNDERTAKING REGARDING PROTECTIVE ORDER**<br><br>Judge:  Hon. Michael W. Fitzgerald<br>Courtroom:  5A |

I, _____, declare that:

1.     I have received a copy of the Stipulated Protective Order, entered on _____ (the "Stipulation and Order") in the action entitled *Matt Karinski, et al. v. Stamps.com, Inc., et al.*, No. 2:19-cv-01828-MWF (SK) (C.D. Cal.), and I have read and understand its provisions.

2.     I will comply with all of the provisions of the Stipulation and Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Order, and will not use for purposes other than for this Action any information designated "Confidential" or "Highly Confidential" that I receive in this Action, except as otherwise permitted under the terms of the Stipulation and Order.

Dated: _____

_____
Signature

UNDERTAKING REGARDING PROTECTIVE ORDER