RICHARD H. ZELICHOV (SBN 193858)
richard.zelichov@katten.com
CHRISTINA L. COSTLEY (SBN 227134)
christina.costley@katten.com
PAUL S. YONG (SBN 303164)
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,

Defendants.

INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,

Lead Plaintiff,

vs.

STAMPS.COM, INC., KENNETH McBRIDE, KYLE HUEBNER, and JEFF CARBERRY,

Defendants.

Case No. 2:19-cv-01828-MWF (SK)

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF ORDER RE: DEFENDANTS' MOTION TO DISMISS**

Judge: Hon. Michael W. Fitzgerald
Courtroom: 5A
Date: July 20, 2020
Time: 10:00 a.m.

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1
II. BACKGROUND ........ 3
A. The Court's Order ........ 3
B. The Actionable Statements ........ 5
C. Statements Requiring Clarification ........ 6
III. ARGUMENT ........ 6
A. Motion for Clarification Standard ........ 6
B. The Additional Statements Did Not Survive the Motion to Dismiss ........ 7
IV. CONCLUSION ........ 11

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bordallo v. Reyes*,
763 F.2d 1098 (9th Cir. 1985) .......... 6, 7

*Evanston Police Pension Fund v. McKesson Corp.*,
411 F. Supp. 3d 580 (N.D. Cal. 2019) .......... 7

*Haliburton Co. v. Erica P. John Fund, Inc.*,
573 U.S. 258 (2014) .......... 3

*In re BP P.L.C. Sec. Litig.*,
MDL No. 10-md-2185, Dkt. No. 327 (Feb. 27, 2012) .......... 7

*In re Twitter, Inc. Sec. Litig.*,
2020 WL 2519890 (N.D. Cal. May 18, 2020) .......... 7

*Monroe Cty. Emps.' Ret. Sys. v. S. Co.*,
2018 WL 1702675 (N.D. Ga. Apr. 6, 2018) .......... 7

*New Hampshire v. Maine*,
532 U.S. 742 (2001) .......... 11

*Wahl v. Am. Sec. Ins. Co.*,
2010 WL 2867130 (N.D. Cal. July 20, 2010) .......... 6

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

## NOTICE OF MOTION AND MOTION FOR CLARIFICATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on July 20, 2020, at 10:00 a.m., or as soon thereafter as this Motion may be heard, in Courtroom 5A of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, California, 90012, defendants Stamps.com Inc. ("Stamps"), Kenneth McBride, Kyle Huebner, and Jeff Carberry (collectively "Defendants") will and hereby do move for clarification of the Court's Order re: Defendants' Motion to Dismiss (Dkt. No. 89) ("Order"). Stamps' Motion is made following emails between counsel pursuant to L.R. 7-3, on June 12, 2020, and these emails were preceded by letters and conferences on related issues on May 7, 2020, May 13, 2020, May 20, 2020, June 3, 2020, June 5, 2020, and June 9, 2020. This Motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Richard Zelichov and exhibits thereto ("Zelichov Declaration" and "Exs."), all pleadings and papers on file in this action, and such other matters as may be presented to the Court at the time of the hearing.

Dated: June 22, 2020

KATTEN MUCHIN ROSENMAN LLP

By: *Richard H. Zelichov*

Richard H. Zelichov
richard.zelichov@katten.com
Christina L. Costley
christina.costley@katten.com
Paul S. Yong
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471
*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants respectfully request that the Court clarify its January 17, 2020 Order to identify specifically which statements alleged in the Consolidated Class Action Complaint ("Complaint") to be false or misleading remain in the case. To be sure, both parties can read the Court's Order and see that it held that:

> Plaintiff has sufficiently alleged that Defendants made a material misrepresentation by stating that Stamps had a strong partnership with USPS and that USPS fully approved Stamps' use of the reseller program. However, Plaintiff has failed to allege that Defendants made ***any other*** actionable misrepresentation or omission.

Ex. A[1] at 1 (emphasis added). It has, however, become apparent during the parties' discussions concerning the scope of discovery that the parties have very different positions concerning which statements say that Stamps had a strong partnership with the USPS and that the USPS approved of the reseller program—and thus survived the Motion to Dismiss—and which statements are in the category of "any other actionable representation or omission"—and were thus dismissed. Defendants correctly interpret the Court's Order to reflect that the Court narrowed the case significantly to a few statements made on May 3, 2017 and August 2, 2017, in which Defendants "touted" Stamps' relationship with the USPS and the USPS's views about the reseller program. Plaintiff, however, asserts that virtually every statement

[1] All of the documents referenced herein are attached to the concurrently filed Zelichov Declaration. Most of these documents were previously filed with the Court. The only exceptions are a table prepared by Defendants (*see* note 2, below) (Ex. B), the parties' meet and confer letters (Exs. F, G, N, O), the transcript of argument on the Motion to Dismiss (Ex. P), and Stamps' earnings call transcripts from November 2, 2017 and May 3, 2018 (Exs. I, J). The statements on those earnings calls were referenced in the Complaint and thus are properly subject to judicial notice under the Court's Order.

containing a passing reference to the Stamps-USPS relationship (which Stamps discussed in nearly every quarter of the putative class period) remains in the case.[2]

Defendants make this request now because the parties' differing positions, which recently came to light, have resulted in disputes, and will likely result in future disputes, between the parties that could be avoided with some further clarity from the Court. For example, the parties have met and conferred concerning Plaintiff's first set of requests for production of documents to Defendants over the last month, but have not been able to reach an agreement on the proper scope of discovery, in part, because of their different views about which statements survived the Motion to Dismiss.[3] Plaintiff will also be filing a motion for class certification shortly and the issue as to which statements remain in the case will not just potentially affect the outcome of that motion but will affect the evidence that will need to be developed in connection with that motion and how the motion will be briefed. The briefing, in fact, could become incredibly complicated and difficult to follow for all involved if the parties take different positions concerning which statements remain in the case. A key question on class certification concerns the price impact (or lack thereof) as applied to each allegedly misleading statement remaining in the case, meaning that it makes a tremendous difference whether there are statements at issue from two

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

[2] Attached hereto as Ex. B is a table prepared by Defendants, for the Court's convenience, setting forth the statements that the parties agree are actionable and the statements that are in dispute.

[3] The parties will soon be filing a joint stipulation concerning their discovery dispute(s) before Magistrate Judge Kim. Defendants, however, believe that it will be more efficient for this Court to clarify which statements survived Defendants' Motion to Dismiss in the first instance, rather than have Judge Kim do so in connection with the discovery motions, with the parties having the right to seek review of Judge Kim's ruling in this Court under Fed. R. Civ. P. 72 and C.D. Cal. L-R 72-2. It is also possible that Judge Kim does not address the issue as to which statements remain in the case in connection with the discovery dispute leaving the parties with no further clarity. Additionally, as noted, Defendants believe clarification will benefit the parties beyond just the scope of discovery.

days, as Defendants assert, or six days, as Plaintiff does. *See, e.g.*, *Haliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 270-80 (2014).

Similarly, it is likely that other disputes, issues, and questions can be avoided or reduced if the parties are in agreement, or at least have been ordered to be in agreement, concerning which statements Plaintiff alleged to be misleading survived Defendants' Motion to Dismiss, including:

- additional disputes concerning the scope of discovery, both between the parties and also potentially as to non-parties (as Plaintiff has already issued a subpoena to non-party USPS and identified 29 more non-parties as persons or entities likely to have discoverable information in Lead Plaintiff's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1));
- questions concerning what types of experts to retain and what issues the experts need to address; and
- uncertainty as to what issues to address in motions for summary judgment, *Daubert* motions, jury instructions, motions in limine, and otherwise.

In short, Defendants believe that the Court's clarification of the Order to specify the statements which remain in the case will simplify matters going forward by providing the parties with certainty on this fundamental threshold question. This certainty will benefit the parties and the Court, thereby eliminating a large potential waste of resources by all involved.

## II. BACKGROUND

### A. <u>The Court's Order</u>

Plaintiff's Complaint alleged that Defendants made 25 false and misleading statements on seven different days during a putative class period between May 3, 2017 and May 8, 2019. Ex. C (Exhibit A to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss, identifying each of the 25 statements Plaintiff claimed to be false or misleading). Plaintiff's primary theory

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

was that Defendants failed to disclose that Stamps was using reseller rates for lower volume and/or existing USPS customers. *See, e.g.*, Ex. D ¶¶ 2-4. Defendants moved to dismiss, and after briefing and argument, the Court issued the Order. The Court rejected Plaintiff's theory that Defendants failed to disclose that Stamps was using reseller rates for lower volume and/or existing USPS customers. Ex. A at 18-19. The Court specifically noted that "Plaintiff may not base its claims on Defendants' alleged omission of their reseller scheme" and that a statement by Stamps that "it has 'created sustainable win-win model for both [USPS and Stamps]'" was not misleading. *Id.* The Court also rejected Plaintiff's theory that "Stamps' discussion of, and positive statements about, its past and future financial results were misleading." *Id.* at 26. The Court explained that Defendants did not put the source of Stamps' revenue at issue such that it had to disclose that its financial results "purportedly resulted from wrongdoing." *Id.* at 25-26. The Court held that "general statements made by Stamps . . . about how Stamps achieved strong performance, how its shipping business continued to be strong, and how Stamps was well positioned for the next quarter" were not misleading. *Id.* at 26.[4]

The Court, however, did not dismiss Plaintiff's case in its entirety. The Court held that Plaintiff had alleged that Stamps' statements "tout[ing]" its relationship with the USPS and the USPS's views concerning the reseller business model were misleading. *Id.* at 23. The Court rejected Plaintiff's theory that these statements were misleading because Stamps was violating a contract, statute, or regulation. *Id.* at 22. The Court nonetheless held that Plaintiff sufficiently alleged that these positive statements "affirmatively created an impression of a state of affairs that differed in a material way from the one that actually existed." *Id.* at 21. The Court reached this conclusion because Plaintiff alleged that Stamps failed to disclose that some USPS sales representatives had issues with the reduced pricing Stamps was

[4] Both parties acknowledge that the Court dismissed the statements alleged in Paragraphs 66, 67, 72, 73, 76, 78, 79, 81, 82, 84, 85, 87, 88, 90, and 91.

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

offering low volume and/or existing USPS customers and that the USPS was considering implementing changes to the reseller program to reduce or eliminate the ability of Stamps (and others) to offer those reduced prices to low volume and/or existing customers. *Id.* at 22-25.

The Court also accepted Plaintiff's theory of loss causation (at least as a matter of pleading) that Defendants' statements on February 21, 2019, disclosing the termination of the Incentive Agreement between the USPS and Stamps that was signed in June 2017, and May 9, 2019, disclosing potential changes to the reseller program that could possibly eliminate the use of reseller rates for low volume and/or existing customers—*changes that were never actually implemented*, revealed the truth about Stamps' allegedly misleading statements that its partnership with the USPS was great and that the USPS was happy with the reseller model. *Id.* at 31-32.

### B. The Actionable Statements

While the Court did not explicitly itemize the statements that remained in the case as a result of the Order, Defendants believe the effect of the Court's Order was clear—it reduced the scope of the case to certain statements made on May 3, 2017 and August 2, 2017. It is only on these days that Stamps touted its relationship with the USPS and repeated the USPS's views concerning the reseller business model. Thus, on May 3, 2017, Stamps stated "[w]e continue to enjoy a great partnership with USPS," "the USPS is very happy with the very successful partnership Stamps.com has together with the Postal Service," "USPS is very happy with the approach they've taken and business model," "[t]hey're very happy with the relationship with Stamps.com," and "[w]e talk to them constantly, to the most senior folks there. So we're happy and they're happy." Ex. B; Ex. D ¶¶ 68, 70. And on August 2, 2017, Stamps repeated public statements made by the USPS Chief Marketing Officer, Jim Cochrane, in an interview from August 1, 2017 that "the USPS doesn't see any reason why the [reseller] program wouldn't continue to serve both customers and the needs of the Postal Service going forward" and that "the

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

USPS looked at resellers and PC postage providers like Stamps.com and Endicia as excellent partners on bringing the best solutions to customers." Ex. B; Ex. D ¶ 74. Stamps also similarly stated that "[w]e continue to enjoy a great partnership with the Postal Service" and that the "partnership with the Postal Service is continuing to be stronger and stronger." Ex. B; Ex. D ¶ 74. These are the only statements remaining in the case pursuant to the Order.

**C. <u>Statements Requiring Clarification</u>**

Defendants explained their position in their portion of the Joint Rule 26(f) Report that "[t]he effect of the Court's order reduced the scope of the case to certain statements made on May 3, 2017 and August 2, 2017," and Plaintiff did not disagree or assert a different position. Ex. E at 8. Rather, as part of the meet and confer process with respect to Plaintiff's requests for production of documents, Plaintiff indirectly asserted for the first time that Paragraphs 69 (May 3, 2017), 75 (August 2, 2017), 80 (November 2, 2017), 86 (May 3, 2018), 89 (August 1, 2018), and 92 (October 31, 2018), in addition to the statements quoted above in Paragraphs 68 (May 3, 2017), 70 (May 3, 2017), and 74 (August 2, 2017), survived the Motion to Dismiss by specifying that its document request "encompasses the statements found in" these Paragraphs. Ex. F at 5. Plaintiff then finally made this somewhat more explicit in a meet and confer letter on June 3, 2020, where it indicated that Paragraphs 80, 86, 89, and 92 "constitute false statements . . . upheld by the Court." Ex. G at 1 n.1.

## III. ARGUMENT

**A. <u>Motion for Clarification Standard</u>**

"A court may clarify its order for any reason." *Wahl v. Am. Sec. Ins. Co.*, 2010 WL 2867130, *3 (N.D. Cal. July 20, 2010). A request for clarification does not require a "substantive change of mind by the court," but rather "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties." *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) (citation omitted).

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

Accordingly, such a request is distinct from a motion for reconsideration. *See id.* Courts have granted requests for clarification in circumstances similar to those here. *See Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 607 (N.D. Cal. 2019) (granting defendant's motion for clarification to address whether certain allegedly corrective disclosures survived defendant's motion to dismiss); *In re Twitter, Inc. Sec. Litig.*, 2020 WL 2519890, at *1-2 (N.D. Cal. May 18, 2020) (granting defendants' motion for clarification to address certain challenged statements not expressly discussed in the court's summary judgment order); *Monroe Cty. Emps.' Ret. Sys. v. S. Co.*, 2018 WL 1702675, at *3 (N.D. Ga. Apr. 6, 2018) (granting motion for clarification and adding clarifying language regarding Section 20(a) claims to motion to dismiss order); *In re BP P.L.C. Sec. Litig.*, MDL No. 10-md-2185, Dkt. No. 327 (Feb. 27, 2012) (revising order on motion to dismiss to clarify which alleged misrepresentations remained actionable).

### B. <u>The Additional Statements Did Not Survive the Motion to Dismiss</u>

Plaintiff has never explained its rationale for why the statements in Paragraphs 69 (May 3, 2017), 75 (August 2, 2017), 80 (November 2, 2017), 86 (May 3, 2018), 89 (August 1, 2018), and 92 (October 31, 2018) were not dismissed. Defendants' best effort to interpret Plaintiff's position is that Plaintiff seems to think that any statement mentioning the existence of a "partnership" (or some similar word) with the USPS remains at issue. Such an interpretation is not a reasonable reading of the Court's Order, because merely acknowledging the existence of the Stamps-USPS relationship without any further description concerning the quality of the relationship does not amount to touting that relationship in positive terms. If that were the case, every reference in Stamps' SEC filings to business between Stamps and the USPS would be "touting." That cannot be. Such statements were, therefore, dismissed by the Court's Order.

For example, in Paragraph 69 (May 3, 2017), the general statement that Stamps "wouldn't be disclosing the specifics of the partnerships" with the USPS or

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

other partners does not tout the USPS partnership. Ex. B; Ex. D ¶ 69. Indeed, it actually says that Stamps would not be discussing the specifics of the partnership.[5] The sentence "we don't really expect any material changes to any kind of underlying economics or the revenue share agreements we have" is about Stamps' future economic prospects and thus is not a statement that the Court held was sufficiently alleged to be misleading.[6] *Id.* As for Paragraph 75 (August 2, 2017), Defendants did state that Stamps had a "win-win partnership" with the USPS, but the Court dismissed claims on the very similar statement about a "win-win model" in Paragraph 68. Ex. B; Ex. D ¶ 75; Ex. A at 18. Statements about a "win-win model" or "win-win partnership" just indicate that both parties benefit (and not that the relationship is "great" or that the USPS is "happy" with the reseller program). Plaintiff takes the statements in Paragraph 80 (November 2, 2017) completely out of context. The sentence "[s]o . . . I think we're pleased to see the continued trend on the USPS. As you know, we succeed when they succeed. So we were happy with the percentages we saw"—constituted a small portion of a response to a question about USPS competitors FedEx and UPS raising their prices (and not about the relationship between Stamps and the USPS or the reseller business model). Ex. I at 6. The full answer simply indicates that large price increases by USPS's competitors makes USPS's pricing more competitive and will therefore benefit Stamps ("we succeed") and the USPS ("when they succeed") given that the vast majority of Stamps' revenue results from customers using USPS for mailing and shipping. *See id.*

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

---

[5] Plaintiff cannot seriously contend that Stamps' statement that "[t]he USPS has always been one of our most important partners" (¶ 68) is false or misleading given that Plaintiff itself relied on that statement to argue that Defendants' other statements about the USPS were not puffery. Ex. M at 26, lines 4-22.

[6] Stamps also included detailed risk disclosures about its dependence on the USPS in its Form 10-Ks. Ex. H at 17-18.

As for Paragraph 86 (May 3, 2018), the sentence relating to a "long-term partnership" with the USPS does not characterize the partnership as great or strong, it simply accurately describes that Stamps had been working with the USPS for nearly 20 years at that point. Ex. B; Ex. D ¶ 86. As such, it constitutes a statement about Stamps' historical results that the Court dismissed. *See* Ex. A at 26. The statement "we continue to focus on how to create value for the USPS, how to help them be successful in the e-commerce package market" is also benign. Ex. B; Ex. D ¶ 86. As can be seen by actually reviewing the statement in the full context of the transcript, the same speaker had used the identical language of "creat[ing] value" to reflect growing package volume just a few sentences earlier. Ex. J at 10. Thus, the statement about "creat[ing] value for the USPS" just refers to growing package volume, which is no different from wanting its shipping business to be strong. Again, the statement does not characterize Stamps' relationship with the USPS or reflect the USPS's views concerning Stamps or the reseller program. Plaintiff's challenge to Stamps' statement in Paragraph 89 (August 1, 2018)—that the USPS task force report "will come out strongly in favor of the partnerships between the USPS and private industry like the partnerships we've had with the USPS" (Ex. B; Ex. D ¶ 89)—misses that (i) the statement concerned the future, (ii) the statement says nothing about the quality of the relationship between Stamps and the USPS other than to say that one existed (a historical statement that the Court dismissed), and (iii) that the statement relates to a task force report that was publicly released on December 4, 2018 (Ex. K) (thus revealing the truth), making the supposedly corrective disclosures on February 21, 2019 and May 9, 2019 entirely irrelevant to determining its truth or falsity.

Finally, in Paragraph 92 (October 31, 2018), Stamps did not say anything whatsoever about the quality of its partnership with the USPS or the USPS's views concerning the reseller program. Stamps did state accurately that it believed its partnership with the USPS had "contributed to a significant portion of overall USPS

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

e-commerce package growth over the past 5 years" as a basis for Stamps' belief that an "update[]" to its Incentive Agreement would be successful, but such statement did not survive Defendants' Motion to Dismiss. Ex. B; Ex. D ¶ 92. Part of the statement relates to Stamps' and the USPS's historical financial results, which the Court dismissed, and the other part of the statement relates to Stamps' future financial performance, which the Court also held did not state a claim. *See* Ex. A at 26. Moreover, Mr. McBride's statement closely mirrored the USPS Chief Financial Officer's August 9, 2018 statement that PC Postage partners, like Stamps, are "very, very important partners to for us in terms of increasing volumes and from year to year have been a major contributor to the double digit growth we saw in the last three years in packages and also continue to contribute to the growth we're seeing this year of about 6.5% in packages." Ex. L at 18. Furthermore, Stamps had issued a very particular warning about the Incentive Agreement in its August 8, 2018 10-Q. *See* n.6 above.

Plaintiff's position is also problematic because a number of the statements it might now be claiming survived the Motion to Dismiss are not statements that it ever alleged to be false or misleading. In an effort to respond to Defendants' argument in the Motion to Dismiss that Plaintiff's Complaint was a puzzle that was difficult to follow, Plaintiff submitted an Exhibit A with its Opposition, bolding and italicizing the statements it was challenging (where such statements were only part of a paragraph). Ex. C at 2 n.1; *see also* Ex. M at 23 n.7 (arguing that the Complaint did not constitute puzzle-pleading because Plaintiff bolded and italicized the particular statements alleged to be false and misleading). In particular, the statement that Stamps "wouldn't be disclosing the specifics of the partnerships" (¶ 69), and the reference to the Stamps-USPS "long-term partnership" (¶ 86), were not in bold and, therefore, were not alleged to be false. *See* Exs. B, C. The Court rejected Defendants' puzzle-pleading argument in the Order based on Plaintiff's submission of Exhibit A. Ex. A at 17. It is impermissible for Plaintiff to take one position as to

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

which statements were at issue in its Opposition to the Motion to Dismiss, prevail based on that position, and now change its position as to those statements. *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Accordingly, Plaintiff is judicially estopped from now claiming that the parts of paragraphs that it did not bold in Exhibit A constitute misleading statements. *See id.* Plaintiff cannot just ignore its previous submission and arguments to the Court in an attempt to pivot and inflate the class period.

## IV. CONCLUSION

For the reasons discussed above and in the interests of providing certainty to the parties and thereby reduce unnecessary disputes and waste of resources, Defendants request that the Court clarify that the only statements that the Court did not dismiss from the case are those specified above in Paragraphs 68, 70, and 74 of the Complaint.

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

Dated: June 22, 2020

KATTEN MUCHIN ROSENMAN LLP

By: *Richard H. Zelichov*

Richard H. Zelichov
richard.zelichov@katten.com
Christina L. Costley
christina.costley@katten.com
Paul S. Yong
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471
*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*