ROBBINS GELLER RUDMAN
  & DOWD LLP
STEVEN W. PEPICH (116086)
JASON A. FORGE (181542)
ERIC I. NIEHAUS (239023)
HILLARY B. STAKEM (286152)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
stevep@rgrdlaw.com
jforge@rgrdlaw.com
eniehaus@rgrdlaw.com
hstakem@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> STAMPS.COM, INC., et al., <br><br> Defendants. | Case No. 2:19-cv-01828-MWF-SK <br><br> CLASS ACTION <br><br> LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF PRETRIAL SCHEDULE <br><br> DATE:  July 13, 2020 <br> TIME:  10:00 a.m. <br> CTRM:  5A <br> JUDGE:  Hon. Michael K. Fitzgerald |

Cases\4823-0617-9521.v1-6/29/20

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ...................................................................................................... 2

     A.    The Parties and Court Were Well Aware of the Impact of Covid-19 When Developing the Class Certification Briefing Schedule and Other Deadlines ............................................................... 2

     B.    Lead Plaintiff's Document Production Is Complete and the Court Can Properly Evaluate the Evidentiary Record to Determine Class Certification ............................................................... 4

     C.    Covid-19 Should Not Serve as a Pretextual Excuse for Defendants' Calculated Delay in Collecting and Producing Merits Discovery ................................................................................... 6

     D.    The Requested Extension Will Prejudice Lead Plaintiff ..................... 8

III.  CONCLUSION ................................................................................................. 9

- i -

## I.   INTRODUCTION

Just two months after the Court rejected Defendants' arguments for a prolonged schedule for class certification and Defendants' document production, Defendants are back demanding even more time.[1]  The pandemic that existed back then still exists, so that does not justify Defendants' continuous delay in this matter by again asking for more time to fulfill their obligations as parties to this case.  Both sides, counsel and their respective clients, have had ample resources to navigate these uncertain times and have remained operational throughout this national crisis.  In fact, since the Covid-19 restrictions began, the parties have exchanged Federal Rule of Civil Procedure ("Rule") 26 disclosures, submitted a joint Rule 26(f) discovery plan, briefed discovery bifurcation issues, propounded discovery on each other, made several document productions and engaged in countless meet and confers usually accompanied by detailed correspondence.  Each party would also concede that they have been in regular contact with their respective (sophisticated) clients – both of which have the technical capabilities to access resources and review files remotely if necessary.

In reality, Defendants' request does ***not*** relate to Covid-19 or Lead Plaintiff Indiana Public Retirement System's ("Lead Plaintiff") purported delay in producing discovery (which has been substantially complete since June 19), but rather their own calculated and self-serving refusal to produce relevant merits discovery prior to making another run at dismissing or narrowing this case through a so-called motion for clarification – which effectively is a thinly-veiled motion for reconsideration – and/or opposing class certification.  Defendants' transparent gamesmanship has already proven successful in that it has impeded the prosecution of this case since the Court issued its motion to dismiss opinion on January 17, 2020 – almost six months

---

[1]   The "Defendants" are Stamps.com, Inc. ("Stamps" or the "Company"), Kenneth McBride, Kyle Huebner and Jeff Carberry.

- 1 -

ago.  Making matters worse, Defendants have just recently informed Lead Plaintiff that Stamps' document retention policy permits the Company to destroy employees' documents after their employment ends.  Accordingly, further delay in this case will only prejudice Lead Plaintiff as evidence that would typically be used to refresh percipient witnesses' fading memories has already been destroyed.  Defendants' Motion for Extension of Pretrial Schedule (ECF No. 112) ("Motion" or "Mtn.") should be denied.

## II.     ARGUMENT

### A.     The Parties and Court Were Well Aware of the Impact of Covid-19 When Developing the Class Certification Briefing Schedule and Other Deadlines

Over a month after the president declared a national emergency due to the Covid-19 pandemic, the parties completed the meet and confer process on a class certification briefing schedule and other case deadlines and filed a Joint Rule 26(f) Report with the Court on April 20, 2020.  ECF No. 100.  In their respective schedule, Defendants proposed that an opening class certification motion be filed no later than June 1, 2020, with Defendants' response due by July 31, 2020.  *Id.* at 28.[2]  Shortly thereafter, on April 29, 2020, the Court ordered that class certification briefing begin on June 29 and set other pretrial deadlines, while being well aware of the ongoing pandemic and jurisdictional mandates enforced throughout the country.  ECF No. 106 at 2-3.

Instead of preparing to adhere to the schedule as set by Court, Defendants set their own schedule, as if the Court had accepted, rather than rejected, their bifurcation arguments as set forth in the Joint Rule 26(f) Report.  Although the Court invited Defendants to file a protective order as to certain categories of information,

---

[2]  Defendants' proposed dates for class certification briefing clearly evidence their preparedness for the various aspects of procedure that typically accompany the parties' submissions at this stage of the litigation.

- 2 -

Defendants made a strategic decision not to do so and proceeded to march forward with untenable positions that ultimately led the parties to an impasse as to the scope and parameters of Defendants' document production. Worse, Defendants have taken the position that they will produce almost nothing until the parties reach an agreement about everything, which has resulted in Defendants intentionally withholding documents that even they concede are discoverable. This was precisely the result Defendants desired all along, and has allowed them to further delay the production of merits discovery.

Lead Plaintiff, however, has been transparent and timely in responding to Defendants' expansive document requests (*see infra*, §II.B.) and has planned to meet the Court's deadlines – including the filing of its motion for class certification on June 29, 2020. Lead Plaintiff has further represented to Defendants that both Lead Plaintiff's representative and Lead Plaintiff's expert[3] in support of class certification will be available for deposition (either in person or by video conference) before Defendants' response is due on August 10, 2020. Accordingly, there is no need to extend the current schedule – set by the Court just two months ago – when the limitations surrounding the Covid-19 pandemic have only decreased as certain states, including California, lift various restrictions and mandates. Lead Plaintiff should not be punished for diligently complying with the Court's schedule any more than Defendants should be rewarded for defying it.

---

[3] Lead Plaintiff's expert, Zach Nye, Ph.D., has included an exhibit with his report that identifies all documents and information that he deemed relevant to his opinion. Further, the documents, data, and other information that he has relied upon as bases for his opinions are cited throughout his report and the accompanying exhibits – as is standard for experts in securities matters. Thus, there is no need for more time to conduct expert discovery by serving a document subpoena, as Defendants insist. *See* Mtn. at 5.

- 3 -

### B. Lead Plaintiff's Document Production Is Complete and the Court Can Properly Evaluate the Evidentiary Record to Determine Class Certification

As will be demonstrated in Lead Plaintiff's motion for class certification, this is a prototypical securities fraud case, which, as courts universally recognize, are prototypical cases for class certification. And as Congress has recognized, a sophisticated institutional investor like Lead Plaintiff is a prototypical class representative. Every element of the claims at issue here will be proved with the same evidence and every defense will apply to all class members, with only a slight variation between class members who purchased and/or sold their shares after the February 21, 2019 partial corrective disclosure, but before the May 8, 2019 corrective disclosure. Even this minor variation will apply uniformly to class members who purchased and/or sold their shares in the same window of time. Notwithstanding Defendants' excessive sabre rattling, there is no good-faith basis to oppose class certification here. Just like their failed motion to dismiss, Defendants seek to avoid the merits of the case by exploiting a procedural opportunity in an effort to further delay and improperly tax Lead Plaintiff's prosecution of this matter.

Despite the straightforward nature of the Court's inquiry at class certification, Defendants propounded 59 expansive and detailed document requests on Lead Plaintiff. Defendants also subpoenaed Lead Plaintiff's two investment advisors with similar document requests. Contrary to Defendants' assertions and as evidenced by Defendants' own correspondence (*see* ECF No. 114-14 (June 9 Lippman letter), Lead Plaintiff has been completely transparent regarding the relevant documents in its possession and has made several rolling productions responsive to Defendants' requests. As memorialized by Defendants, on June 9, 2020, Lead Plaintiff agreed to complete its production of documents prior to the filing of class certification on June 29 – and Defendants expressed no objections at the time. When subsequently confronted with their request for an extension of the schedule, Lead Plaintiff agreed to

- 4 -

expedite its supplemental production to June 19, 2020, to address the timing concerns expressed by Defendants. *See* ECF No. 114-22 at 2 (June 19 Niehaus email). Instead of reviewing Lead Plaintiff's supplemental production for completeness, Defendants baselessly asserted that Lead Plaintiff's supposedly "delayed" document production is to blame for Defendants' foot-dragging. Lead Plaintiff has disabused Defendants of this false narrative and provided the full context of its supplemental production, including the names of all document custodians and a description of the internal searches performed. *See* Ex. 1[4] (June 23 Niehaus email).[5]

With respect to Defendants' subpoenas to Lead Plaintiff's independent investment advisors (Disciplined Growth Investors ("DGI")[6] and Rhumbline Advisors), relevance objections aside, Lead Plaintiff should not be disadvantaged by Defendants' less than diligent efforts to collect easily identifiable documents from these entities. Notwithstanding the expansive and overbroad nature of Defendants' document requests, Lead Plaintiff's investment advisors should have only a small universe of documents that relate to issues at class certification – and they will not cut against class certification. Even assuming these entities have unique documents that are related to the transactional data and supporting documentation that Lead Plaintiff has already provided, gathering and producing such information should not delay this case because there is no reason to believe it will have any bearing on class certification here, when Lead Plaintiff is invoking the fraud-on-the-market

---

[4]  "Ex." references are to the exhibits attached to the Declaration of Eric I. Niehaus in Support of Lead Plaintiff's Opposition to Defendants' Motion for Extension of Pretrial Schedule, filed concurrently herewith.

[5]  Defendants subsequently responded to Lead Plaintiff's correspondence with additional inquiries relating to Lead Plaintiff's document production that do not appear to present any problematic issues that cannot be resolved by the parties in a timely manner – and well before Defendants' opposition to class certification is due on August 10. *See* Ex. 1 (June 23 Lippman email).

[6]  On the date of this filing, June 29, 2020, Defendants informed Lead Plaintiff they received a production of nearly 900 pages of documents from DGI pursuant to Defendants' subpoena.

- 5 -

presumption to prove reliance. "The 'fundamental premise' underlying the presumption is 'that an investor presumptively relies on a misrepresentation so long as it was reflected in the market price at the time of his transaction.'" *Haliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 278 (2014) (citation omitted). Simply pointing to the fact that the presumption is rebuttable does not meaningfully explain why Defendants' expansive requests seek documents that are relevant or proportional to the needs of this securities case, including for purposes of rebutting the presumption at class certification.

Finally, Defendants' purported concerns over staffing and travel logistics are meritless and only serve to underscore their posturing in this case. *See* Mtn. at 5-6. Even as they continue to market themselves as a "full-service law firm with more than 700 attorneys," defense counsel contend that they are incapable of pulling together one 25-page brief while preparing for an oral argument in a related matter. *See Services*, Katten, https://katten.com/services (last visited June 26, 2020). Defendants' supposed hardship is contrived and the Court should not allow them to escape the deadlines the Court established only two months ago.

**C.   Covid-19 Should Not Serve as a Pretextual Excuse for Defendants' Calculated Delay in Collecting and Producing Merits Discovery**

Before Defendants' responses to Lead Plaintiff's document requests were due, they communicated an unwillingness to engage in merits discovery negotiations due to their impending request for the Court to enter an order bifurcating class and merits discovery as stated in their respective party section of the Joint Rule 26(f) Report, filed on April 20, 2020. ECF No. 100 at 6-16. Lead Plaintiff opposed Defendants' bifurcation request (*id.* at 16-25), and on April 30, 2020, the Court declined to bifurcate discovery.[7] ECF No. 107. The Court also set an August 28, 2020 deadline

_____

[7]   To date, Defendants have not met and conferred regarding any particular requests that they previously contended should be bifurcated, nor have they indicated they

- 6 -

for Defendants' document production to be complete and set a fact discovery deadline of January 19, 2021.  ECF No. 106.

After the Court declined to bifurcate discovery, Lead Plaintiff reinitiated the substantive meet-and-confer process on Defendants' objections to its discovery requests.  ECF No. 114-16 (May 7 Niehaus letter).  The parties conducted four meet-and-confer conference calls – on May 13, May 20, May 27, and June 10, 2020 – in an effort to efficiently negotiate the scope and parameters of Defendants' document production responsive to Lead Plaintiff's first set of document requests, primarily by narrowing the requests through ESI search terms and custodians.  Despite making some progress, Defendants refused to produce any documents from any custodians unless Lead Plaintiff acceded to Defendants' demands without the benefit of the documents or a Rule 30(b)(6) deposition necessary to an informed position.  Defendants' intransigence inevitably led the parties to an impasse and a forthcoming motion to compel merits discovery before Magistrate Judge Kim.  Again, this de facto effort at bifurcation of class certification and merits discovery was precisely the result Defendants desired all along after the Court entered the operative schedule – including the August 28, 2020 deadline for Defendants' document production to be complete.  Defendants' gamesmanship should not continue to serve as a continuous impediment to Lead Plaintiff's prosecution of this case.  Thus, the Court should reject Defendants' renewed request for a protracted class-certification and document-production schedule.[8]

_____

would be filing a motion for a protective order as is the only recourse the Court's April 30, 2020 order allows.  ECF No. 107.

[8]  That Defendants' requested extension is no more than a strategic ploy to prejudice Lead Plaintiff is further demonstrated by their proposed schedule, which extends certain dates for Defendants without proportional extensions for Lead Plaintiff. Defendants' proposal, for example, would change the date for the conclusion of Defendants' document production from approximately two weeks before Lead Plaintiff's reply motion in support of class certification was due, as established by the Court, to two months *after* – preventing Lead Plaintiff from utilizing the discovery in support of its motion.  Similarly, while the original schedule set the deadline to amend the Consolidated Class Action Complaint for Violations of the Federal Securities

- 7 -

### D.     The Requested Extension Will Prejudice Lead Plaintiff

Lead Plaintiff further opposes Defendants' Motion because Stamps' document retention policy effectively allowed the Company to destroy former employees' documents when they depart the Company.  Ex. 2 (June 17 Zelichov email).  As the Court has already recognized, evidence cited in the Complaint sourced from two former Stamps account managers and two former field sales representatives "further support Plaintiff's allegation that the USPS was not happy with Stamps' reseller business model."  ECF No. 89 at 24.  The Court found that these former employees' accounts are relevant to whether the "USPS as a whole was unhappy with Stamps' business practices and . . . working on stopping Stamps from continuing with its reseller program."  *Id.*; *see also* ECF No. 90 at 5:7-11 ("we'll figure out whether [these former employees] are believable or not").

Stamps' document-destruction policy compounds the urgency of advancing this litigation because it means Lead Plaintiff will have fewer documents to refresh fading memories or impeach dishonest witnesses.  Making matters even worse, Defendants have not identified or offered *a single* mid/lower level sales custodian, which means they are refusing to produce documents from anyone other than those with the greatest incentive to conceal Defendants' scheme.  This also means Lead Plaintiff will have to obtain discovery just to identify line-level employees who were used in, or were aware of, Defendants' scheme.  Then, because Defendants are refusing to allow Lead Plaintiff to identify any custodians of their own choosing, Lead Plaintiff will have to move to compel their documents.  And if such employees no longer work for Stamps, meaning Stamps has destroyed their documents, then Lead Plaintiff will have to restart this entire process by identifying the best substitute custodians.  And so it goes,

---

Laws (ECF No. 71) ("Complaint") or add additional parties approximately three-and-a-half months after Defendants' document production was completed, allowing Lead Plaintiff sufficient time to review and evaluate the record before determining whether to amend,  Defendants' new schedule would give Lead Plaintiff just three weeks – including the Christmas and New Year holidays – to complete the same task.

- 8 -

leaving no doubt as to the prejudice Defendants' procrastination inflicts on Lead Plaintiff. This is not speculation. Defendants have already represented that the Company has destroyed documents from William Clayton, General Manager of Stamps subsidiary ShipWorks – a critical player in Defendants' scheme. Ex. 2 (June 17 Zelichov email). Thus, Lead Plaintiff has to identify one or more additional substitute custodians to obtain relevant information from ShipWorks. Accordingly, further delay in this case will only prejudice Lead Plaintiff as evidence that would typically be used to refresh percipient witnesses' fading memories has already been destroyed.

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied it is entirety.

DATED:  June 29, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEVEN W. PEPICH
JASON A. FORGE
ERIC I. NIEHAUS
HILLARY B. STAKEM
KEVIN S. SCIARANI

s/ Eric I. Niehaus
ERIC I. NIEHAUS

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Lead Plaintiff

- 9 -

Cases\4823-0617-9521.v1-6/29/20

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 29, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Eric I. Niehaus
ERIC I. NIEHAUS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ericn@rgrdlaw.com

- 10 -

Cases\4823-0617-9521.v1-6/29/20

# Mailing Information for a Case 2:19-cv-01828-MWF-SK Matt Karinski v. Stamps.com, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christina Lucen Costley**
  christina.costley@kattenlaw.com,tamara.vazquez@katten.com,courtalertlax@katten.com

- **Jason A Forge**
  jforge@rgrdlaw.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com,lionel-glancy-2522@ecf.pacerpro.com

- **John T Jasnoch**
  jjasnoch@scott-scott.com,rswartz@scott-scott.com,edewan@scott-scott.com,tlaughlin@scott-scott.com,aweas@scott-scott.com,efile@scott-scott.com

- **Adam C McCall**
  amccall@zlk.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Eric Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com,kwoods@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw

- **Steven W Pepich**
  stevep@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com

- **Kevin S Sciarani**
  ksciarani@rgrdlaw.com,KSciarani@ecf.courtdrive.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Hillary B Stakem**
  hstakem@rgrdlaw.com

- **Paul Satoshi Yong**
  paul.yong@kattenlaw.com,paula.phillips@katten.com,courtalertlax@katten.com,victoria.lippman@katten.com

- **Richard H Zelichov**
  richard.zelichov@katten.com,tamara.vazquez@katten.com,courtalertlax@katten.com,jonathan.rotenberg@katten.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

- 11 -