# EXHIBIT 1

| | |
|---|---|
| **From:** | Lippman, Victoria Kate |
| **To:** | Eric Niehaus; Kevin Sciarani; Jason Forge; Steve Pepich; Hillary Stakem |
| **Cc:** | Zelichov, Richard H.; Rotenberg, Jonathan; Costley, Christina L.; Yong, Paul S.; Artaki, Thomas M.; Stickel, Carrie M |
| **Subject:** | RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.)- Missing Documents from Productions |
| **Date:** | Tuesday, June 23, 2020 7:01:36 PM |

Eric,

Thank you for your response.  Defendants were not able to send an email to Plaintiff in advance of our filing as Plaintiff produced these documents on June 19, 2020, giving us barely enough time to review the documents before yesterday's filing deadline. Plaintiff indicated that it would provide us the information that we requested without making us conduct google searches or serve interrogatories. Therefore, the fact that we can serve interrogatories if needed should not excuse Plaintiff's failure to provide this information. Plaintiff also agreed to provide us with a list of the persons with whom it communicated at DGI and Rhumbline and Defendants still do not have this information.

Moreover, as we review the documents further, we believe Plaintiff's production remains incomplete. The Investment Management Agreement with DGI terminated no later than May 2018 (5 year term ending in November 2017 with no more than month to month renewal for 6 months). It also includes a link to an old version of the Plaintiff's Investment Policy Guidelines. We would expect that Plaintiff would have sent updated guidelines to DGI, but Plaintiff has produced no documents indicating that it did so, leading us to question whether Plaintiff's production is a complete production of all relevant communications with DGI. Also, did Plaintiff sign another agreement with DGI as DGI seems to have purchased Stamps's stock on Plaintiff's behalf after May 2018. Currently, Plaintiff has not produced any agreement that would govern those purchases, which constitute the vast majority of Plaintiff's Stamps purchases during the class period and otherwise.

Similarly, Plaintiff has only produced an Investment Management Agreement with Rhumbline effective in January 2019, though Rhumbline seems to have purchased Stamps stock for Plaintiff before this point. Is there an earlier agreement and will it be produced? The contract also mentions a Request for Proposal No. 18-03 issued by Plaintiff that would be relevant to the investment objectives Plaintiff dictated to Rhumbline.  It also has not been produced.
We have also not received any documents indicating how much money Plaintiff allocated to each of these advisors to invest and how those sums changed if at all over the Class Period.

We continue to reserve rights concerning Plaintiff's production of documents given that we are still trying to review carefully what Plaintiff just produced.
Thanks,

**Victoria Kate Lippman**
Associate

# Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012

Exhibit 1
- 4 -

direct +1.310.788.4615
victoria.lippman@katten.com | katten.com

___

**From:** Eric Niehaus <EricN@rgrdlaw.com>
**Sent:** Tuesday, June 23, 2020 1:11 PM
**To:** Lippman, Victoria Kate <victoria.lippman@katten.com>; Kevin Sciarani <KSciarani@rgrdlaw.com>; Jason Forge <JForge@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>
**Cc:** Zelichov, Richard H. <richard.zelichov@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.)- Missing Documents from Productions

*EXTERNAL EMAIL – EXERCISE CAUTION*
Victoria/Richard,

First, this email (or even a simple phone call) should have been sent/made before making baseless assertions to the Court in your Motion for Extension and supporting declaration. Second, it should also be noted that plaintiff is responding to document requests, not interrogatories, and produced all of the documents in our possession that we agreed to produce, as discussed throughout the meet and confer process. Third, we have no further duty/obligation beyond that to explain the specific context of each document in our production. That said, I will respond in order to your inquires below:

1. Plaintiff searched the files of three custodians at INPRS that would mostly likely have responsive information to your requests (including any interaction with DGI and Rhumbline): Scott Davis (Chief Investment Officer), David Stelsel (Director of Public Equity) and Samuel Fehrman (Senior Investment Analyst – Public Markets). Plaintiff searched for any communication/document within these individuals' files that related to Stamps.com or Stamps.com stock. Plaintiff produced a Company bio and title description of Scott Davis (which is also publicly available on INPRS's website). Similar documents for Stelsel and Fehrman were not available. Plaintiff also produced publicly available Board minutes that contain the titles of both Scott Davis and Samuel Fehrman. A simple google search will also reveal these individuals' respective career history, background and current title(s) at INPRS.

2. See #1 above.

3. See #1 above. There were no responsive communications with Rhumbline.

4. No responsive testimony by INPRS or any other documents (which are not publicly available) exist. Stamps.com and AAC Holdings (INPRS appointed lead plaintiff 8/13/19) are the only cases that apply to this request. – where our firm has represented INPRS in a securities matter (excluding SAIC, where INPRS was appointed lead plaintiff in June 2012, well beyond the relevant time period).

Exhibit 1
- 5 -

5. See #1 above. We produced all documents from Capital Forum and USPS. No additional responsive information.

6. Other than publically available information we gathered throughout our investigation, we have produced all responsive information to this request.

Regards,
Eric

---

**From:** Lippman, Victoria Kate <victoria.lippman@katten.com>
**Sent:** Tuesday, June 23, 2020 12:02 PM
**To:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Eric Niehaus <EricN@rgrdlaw.com>; Jason Forge <JForge@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>
**Cc:** Zelichov, Richard H. <richard.zelichov@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>
**Subject:** Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.)- Missing Documents from Productions

We have reviewed Plaintiff's three productions of documents (and one correction) and still think that Plaintiff has not provided what it agreed to produce. First, you indicated that you would inform us which custodians at Plaintiff were searched, what search terms were used, and the titles and descriptions of the custodians searched. Without this information, Defendants still do not know which persons at Plaintiff were responsible for or supervised the investment advisors who bought Stamps's stock for Plaintiff. Second, Plaintiff has not produced any internal communications about Plaintiff's investment in Stamps's stock. Third, while Plaintiff has produced a minimal number of communications with and from DGI, there are no communications whatsoever with Rhumbline and Plaintiff has not explained who it communicated with at Rhumbline even though it agreed to do so. Even as to DGI, please confirm that the persons identified on the communications with DGI constitute everybody that Plaintiff communicated with at DGI concerning transactions in Stamps's stock. Fourth, Plaintiff agreed to produce documents related to any legal or administrative proceedings concerning alleged violations of the securities law or breaches of fiduciary duties in which Plaintiff served as Lead Plaintiff and Robbins Geller served as counsel. There do not seem to be any such documents in the production thus far. Fifth, Plaintiff indicated that it would get back to Defendants concerning Request No. 25 and Plaintiff has still not done so. Sixth, please confirm that Plaintiff has produced the documents upon which it relied in drafting its initial disclosures. Pease let us know as soon as possible when we can expect these documents.

Thanks,

**Victoria Kate Lippman**
Associate

Exhibit 1
- 6 -

## Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4615
victoria.lippman@katten.com | katten.com

```
==========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information
intended for the exclusive
use of the individual or entity to whom it is addressed and may contain
information that is
proprietary, privileged, confidential and/or exempt from disclosure under
applicable law.  If you
are not the intended recipient, you are hereby notified that any viewing,
copying, disclosure or
distribution of this information may be subject to legal restriction or
sanction.  Please notify
the sender, by electronic mail or telephone, of any unintended recipients
and delete the original
message without making any copies.
==========================================================
NOTIFICATION:  Katten Muchin Rosenman LLP is an Illinois limited liability
partnership that has
elected to be governed by the Illinois Uniform Partnership Act (1997).
==========================================================
```

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

Exhibit 1