# EXHIBIT 2

**From:** Zelichov, Richard H. <richard.zelichov@katten.com>
**Sent:** Wednesday, June 17, 2020 4:32 PM
**To:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Yong, Paul S. <paul.yong@katten.com>; Costley,
Christina L. <christina.costley@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>;
Lippman, Victoria Kate <victoria.lippman@katten.com>; Rotenberg, Jonathan
<jonathan.rotenberg@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>
**Cc:** Jason Forge <JForge@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem
<HStakem@rgrdlaw.com>; Eric Niehaus <EricN@rgrdlaw.com>
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.) --
Discovery Motion

As we have previously noted, the 10 custodians from whom we have agreed to collect, review,
and produce documents on a broad range of topics constitute almost everybody who had any
contact with senior officials at the USPS. In fact, the persons who had regular contacts with
senior persons at the USPS are/were only Nick Barranca, Amine Khechfe, and Ken McBride
and one or all of these three would be copied on any communication of significance with the
USPS (and one or more of them would certainly be made aware of any non-trivial dispute with
the USPS). Also, the 10 custodians from whom we have agreed to collect, review, and
produce documents on a broad range of topics constitute almost everybody who had
significant contacts with Stamps' partners including the resellers (even though we do not agree
that such communications remain relevant to the issues in the case). The 10 custodians from
whom we have agreed to collect, review, and produce documents also include the persons in
charge of accounting and finance function, investor relations, and multiple people responsible
both for generating new customers and increasing sales from existing customers.

With respect to the other custodians that Plaintiff has identified, proposed custodian Jason
Chow did not become an employee of Stamps until April 2020 and therefore has no
responsive documents based on either sides' time period. Proposed custodians William
Clayton, Raymond Fitzgerald, Paul Fredericks, Billie Juddson, Marcia Sapien, Tom
Scarbrough, and Jerome Tomlin had all left Stamps either before this lawsuit was filed or
shortly thereafter (and before there was any indication that Plaintiff might request their
documents before they left) and so their documents were not retained under Stamps's general
policy of not retaining documents from departed employees. Proposed custodians Matthew
Lipson and Seth Weisberg are attorneys who served or serve as Stamps's Chief Legal Officers
and so a lot of their documents will be privileged making it non-proportional to review their
documents. As for proposed custodians James Bortnak, Delbert Laird, Leslie Jadon, James
Nathan Jones, Mark Krojansky, Kathy Scholz, Rodney Small, Todd Strickland, Timothy
Thorn, and Eric Youngstrom, they did not have contacts with anybody in a position of
authority at the USPS such that their emails would be relevant to the relationship between
Stamps and the USPS. John Campo and J.P. Leon (to some minimal extent) had some contact
with persons in positions of authority at the USPS, but their contacts would not likely have
involved anything related to the PBIA or the reseller program (which was more within the

Exhibit 2
- 8 -

responsibility of agreed-upon custodian Nick Barranca) and they would have reported any non-trivial issues in any event to agreed-upon custodian Amine Khechfe.  Katie May did communicate with persons at the USPS in positions of authority but she would report non-trivial issues, if any, to one or more of the 10 custodians from whom we have agreed to collect, review, and produce documents.

We also want to reiterate that we have agreed to consider collection, review, and production from other custodians that Plaintiff might request after reviewing documents from the 10 identified custodians.  We would also consider a more limited request for specific additional custodians if it otherwise resolves this dispute so that the parties need not burden the Court.

Thank you.

**Richard H. Zelichov**
Partner

**Katten**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4680
richard.zelichov@katten.com | katten.com

---

**From:** Zelichov, Richard H. <richard.zelichov@katten.com>
**Sent:** Tuesday, June 16, 2020 4:25 PM
**To:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>; Lippman, Victoria Kate <victoria.lippman@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>
**Cc:** Jason Forge <JForge@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>; Eric Niehaus <EricN@rgrdlaw.com>
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.) -- Discovery Motion, Motion for Clarification, and Motion for Extension of Schedule

We are working to provide an accurate answer concerning which custodians' emails are no longer available.  We should have an answer to the June 11 email by tomorrow.

**Richard H. Zelichov**
Partner

**Katten**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4680
richard.zelichov@katten.com | katten.com

---

**From:** Kevin Sciarani <KSciarani@rgrdlaw.com>
**Sent:** Tuesday, June 16, 2020 3:24 PM
**To:** Zelichov, Richard H. <richard.zelichov@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Artaki, Thomas M.

Exhibit 2
- 9 -

<thomas.artaki@katten.com>; Lippman, Victoria Kate <victoria.lippman@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>
**Cc:** Jason Forge <JForge@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>; Eric Niehaus <EricN@rgrdlaw.com>
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.) -- Discovery Motion, Motion for Clarification, and Motion for Extension of Schedule

*EXTERNAL EMAIL – EXERCISE CAUTION*
Counsel,

Please advise us of the status of defendants' response to the custodian issues raised in my June 11, 2020 email below.


Best,
Kevin

---

**From:** Zelichov, Richard H. <richard.zelichov@katten.com>
**Sent:** Tuesday, June 16, 2020 8:27 AM
**To:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>; Lippman, Victoria Kate <victoria.lippman@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>
**Cc:** Jason Forge <JForge@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>; Eric Niehaus <EricN@rgrdlaw.com>
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.) -- Discovery Motion, Motion for Clarification, and Motion for Extension of Schedule


We do not entirely understand plaintiff's proposal about simultaneous filing or how the parties can use the procedure that plaintiff proposes in accordance with the local rules set forth in L.R. 37. We also do not understand why plaintiff seems to think that a party can make changes to its initial position statement after reviewing the other side's position statement. Our understanding is that the rules provide for a further 5-page submission from each side no later than 14 days before the scheduled hearing that serves as the appropriate place to respond to any arguments not addressed by the initial position statement. Rather than further debate these issues, we propose that the parties simply proceed by following the local rules.

As for plaintiff's request for defendants' retention policy, we believe that we have already produced at least one such policy, which is included in the Employee Handbook. See STMP-SCA1398-1535.

With respect to plaintiff's positions on the motion for clarification and its refusal to extend any deadlines, the parties simply disagree. Plaintiff's claim that defendants are filing a motion for clarification as a basis to withhold discovery completely ignores the large scope of discovery defendants offered to produce to resolve the parties' discovery dispute (see June 9, 2020 letter at 5 – certain targeted collections and also discovery from a lengthy 29 month period on nine very broad topics for the 10 most relevant custodians and without limiting plaintiff's ability to request documents from additional custodians in the future ). Plaintiff has rejected that offer and so the issue will be the subject for the discovery motion(s) discussed above.

Finally, we really are at a loss to understand plaintiff's refusal to extend any deadlines. There are numerous reasons for defendants' request, including, but not limited to, the fact that we have been asking for documents from plaintiff and its investment advisors that are relevant to class certification issues for months, have been told multiple times that it is taking longer than usual to get us those documents or even tell us what documents might exist because of

Exhibit 2
- 10 -

issues related to Covid, and so we have been patient as we understand the complications to all of our lives and the speed with which matters can be handled because of Covid-related issues.  These "delays" do not suddenly get erased just because Plaintiff says that it will produce documents relevant to class certification by the end of June.  In normal circumstances, defendants should have received these documents by sometime in May.  In addition, the 40-odd days currently in the schedule for defendants to oppose class certification would be tight in normal circumstances, but circumstances are still not normal (or at least they are not in Los Angeles where Stamps and most of defendants' counsel are located).

Thank you very much.

**Richard H. Zelichov**
Partner

## Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4680
richard.zelichov@katten.com | katten.com

---

**From:** Kevin Sciarani <KSciarani@rgrdlaw.com>
**Sent:** Friday, June 12, 2020 7:12 PM
**To:** Zelichov, Richard H. <richard.zelichov@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>; Lippman, Victoria Kate <victoria.lippman@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>
**Cc:** Jason Forge <JForge@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>; Eric Niehaus <EricN@rgrdlaw.com>
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.) -- Motion for Clarification and Motion for Extension of Schedule

*EXTERNAL EMAIL – EXERCISE CAUTION*
Richard,

The third paragraph of the Court's order denying defendants' motion to dismiss makes the scope of defendants' scheme very clear. There is no good-faith basis to withhold discovery, or bring a motion for clarification, based on any feigned confusion over an order the Court entered nearly five months ago.

Upon further consideration, we believe the parties can achieve a simultaneous filing of each party's position without burdening the Magistrate to modify the discovery motion procedures set forth in the Local Rules.  Going forward, we propose that the parties exchange their positions at a mutually agreed time, and agree that no other attorney edits will be made after the exchange.  The moving party's paralegal can combine the two position sections into the stipulation and return the combined stipulation so that the other party can confirm there have been no changes.  Once confirmed, the stipulation may be filed with the Court by the moving party.  Plaintiff intends to be in a position to exchange its portion of its motion to compel on Thursday, June 18 at 12 pm. Please let us know if you agree to this procedure and time for the parties to exchange their portions of the stipulation.  If you do not agree, we will send you our portion of the stipulation and proceed according to the Local Rules.

Exhibit 2
- 11 -

As we stated on the call, plaintiff opposes any delays to the case management schedule that the Court entered after reviewing the parties' respective positions.  Defendants have not identified a legitimate basis to delay class certification briefing, as we have confirmed that plaintiff's document production will be complete prior to the filing of the motion on June 29, 2020 and you already have the vast majority plaintiff's production.

Best,
Kevin

---

**From:** Zelichov, Richard H. <richard.zelichov@katten.com>
**Sent:** Friday, June 12, 2020 4:23 PM
**To:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>; Lippman, Victoria Kate <victoria.lippman@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>
**Cc:** Jason Forge <JForge@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>; Eric Niehaus <EricN@rgrdlaw.com>
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.) -- Motion for Clarification and Motion for Extension of Schedule

We will draft a proposed stipulation and try to send it to you by Monday.  We are also following up on the other issues that you raised and will get back to you shortly as our client contact has not been available since we spoke with you on Wednesday.

Please note that defendants also intend to file a motion a clarification of the Court's January 17, 2020 Order re Defendants' Motion to Dismiss to confirm that the only statements upheld by the Court are some of the statements in Paragraphs 68, 70, and 74 of the Consolidated Class Action Complaint.  Based on the meet and confer correspondence and calls between the parties, we understand that Plaintiff interprets the Order to hold that it is not just some of the statements in those paragraphs that remain at issue, but all of the statements in those paragraphs and also statements in Paragraphs 69, 75, 80, 86, 89, and 92 (or maybe it is just those in Paragraphs 80, 86, 89, and 92). *Compare* May 7, 2020 Letter from Niehaus to Zelichov at 5 (referencing Paragraphs 69, 75, 80, 86, 89, and 92) *with* June 3, 2020 Letter from Niehaus to Zelichov at 1 n.1 (referencing Paragraphs 80, 86, 89, and 92).  Defendants believe that the parties' different views concerning the statements remaining in the case have made it very difficult to reach agreement on the scope of discovery which is resulting in both parties wanting to file discovery motions shortly.  Defendants also believe that the parties' different views concerning the statements remaining in the case will make developing evidence and briefing class certification unnecessarily complicated.  We expect that Plaintiff will oppose our motion to clarify and take the position that additional statements were upheld by the Court.  We believe that the parties have discussed these issues sufficiently both in writing (with emails/letters exchanged on May 4, 2020, May 4, 2020, May 6, 2020, May 6, 2020, May 7, 2020, May 13, 2020, May 26, 2020, June 3, 2020, June 9, 2020) and telephonically (May 13, 2020, May 20, 2020, May 27, 2020, June 5, 2020, and June 10, 2020) as part of the meet and confer concerning plaintiffs' request for production of documents to defendants, but if plaintiff would like to meet and confer further please let us know.

Defendants also intend to file a motion to extend/change the various deadlines set forth in the Court's April 29, 2020 Order re Jury Trial.  I initially raised potential changes to the schedule in an email dated June 2, 2020.  The parties then discussed the issue during a phone call on June 5, 2020 with Plaintiff's counsel indicating that it would be open to certain changes.  Defendants then set forth a fulsome proposal for new deadlines in a letter dated June 9, 2020 and Plaintiff completely rejected that proposal on a call on June 10, 2020.  Our motion will likely not request deadlines as far in the future as what we proposed in our June 9, 2020 letter, but Defendants do not believe that they have sufficient time either to oppose class certification given the state of document productions by plaintiff and the

Exhibit 2
- 12 -

investment advisor who purchased the vast majority of the Stamps's stock held by Plaintiff or to produce whatever documents they are ordered to produce as a result of the parties intended discovery motions.  Again, we believe that these communications constitute a sufficient meet and confer on the issue, but if plaintiff is willing to reconsider its position that the schedule set forth in the April 29, 2020 Order re Jury Trial should not be changed then we are happy to discuss.

Thank you very much.

**Richard H. Zelichov**
Partner

## Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4680
richard.zelichov@katten.com | katten.com

---

**From:** Kevin Sciarani <KSciarani@rgrdlaw.com>
**Sent:** Thursday, June 11, 2020 4:09 PM
**To:** Zelichov, Richard H. <richard.zelichov@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>; Lippman, Victoria Kate <victoria.lippman@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>
**Cc:** Jason Forge <JForge@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>; Eric Niehaus <EricN@rgrdlaw.com>
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.)

*EXTERNAL EMAIL – EXERCISE CAUTION*
Richard,

We agree in principle to your proposal to have each party simultaneously file their position briefs with respect to discovery motions.  It is our understanding we need permission from the Court to deviate from the Local Rules.  Please send us your proposed stipulation, which accounts for the mechanics of when the parties will make their filings (including time of day deadlines) and any other applicable notice requirements relating to the filings.

On our call yesterday, we requested additional information regarding plaintiff's custodian proposal to avoid burdening the Court with briefing on custodians that may be wholly irrelevant or that Stamps does not have possession of their documents.  Because Stamps' retention of relevant materials is essential to assess the proposals, we request that the retention policy responsive to plaintiff's request for production no. 1 be produced.  You also said you would reconsider your position on custodians based on our explanation why certain individuals are likely to have unique relevant material even though they may have reported information up to the ten custodians defendants have proposed.   For example, these documents may memorialize or reflect oral communications with the individual defendants that were sent to lower level employees.   In addition, we have requested that for each remaining proposed custodian, you provide us some basis for your assertion that they are unlikely to possess relevant information (including that such information would have been destroyed) and/or are not proportional to the needs of this case.  You

Exhibit 2
- 13 -

confirmed you should be able to provide us this information in the near term.

Best,
Kevin

**Kevin Sciarani**

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

---

**From:** Zelichov, Richard H. <richard.zelichov@katten.com>
**Sent:** Tuesday, June 9, 2020 3:13 PM
**To:** Eric Niehaus <EricN@rgrdlaw.com>
**Cc:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>; Lippman, Victoria Kate <victoria.lippman@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>; Jason Forge <JForge@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.)

Please see attached letter in advance of our call tomorrow.  Thanks.

**Richard H. Zelichov**
Partner

# Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4680
richard.zelichov@katten.com | katten.com

---

**From:** Eric Niehaus <EricN@rgrdlaw.com>
**Sent:** Wednesday, June 3, 2020 4:36 PM
**To:** Zelichov, Richard H. <richard.zelichov@katten.com>
**Cc:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>; Lippman, Victoria Kate <victoria.lippman@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>; Jason Forge <JForge@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>
**Subject:** Re: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.)

Exhibit 2

- 14 -

*EXTERNAL EMAIL – EXERCISE CAUTION*
Richard,

Please see the attached letter and attachment.

Regards,
Eric

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

```
=======================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information
intended for the exclusive
use of the individual or entity to whom it is addressed and may contain
information that is
proprietary, privileged, confidential and/or exempt from disclosure under
applicable law.  If you
are not the intended recipient, you are hereby notified that any viewing,
copying, disclosure or
distribution of this information may be subject to legal restriction or
sanction.  Please notify
the sender, by electronic mail or telephone, of any unintended recipients and
delete the original
message without making any copies.
=======================================================
NOTIFICATION:  Katten Muchin Rosenman LLP is an Illinois limited liability
partnership that has
elected to be governed by the Illinois Uniform Partnership Act (1997).
=======================================================
```

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

Exhibit 2