# EXHIBIT 3

**From:** Zelichov, Richard H. <richard.zelichov@katten.com>
**Sent:** Sunday, June 21, 2020 3:40 PM
**To:** Eric Niehaus <EricN@rgrdlaw.com>
**Cc:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Yong, Paul S. <paul.yong@katten.com>; Costley, Christina
L. <christina.costley@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>; Lippman, Victoria
Kate <victoria.lippman@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel,
Carrie M <carrie.stickel@katten.com>; Jason Forge <JForge@rgrdlaw.com>; Steve Pepich
<SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.) -- Discovery
Motion

We appreciate your further proposal, but Defendants still cannot accept the offer at this point.
There are way too many uncertainties and unknowns concerning other aspects of the parties'
discovery and other disputes. As we previously indicated, Defendants remain willing to consider
Plaintiff's request for additional custodians after it is has reviewed some or all of the documents
Defendants will be producing. Thank you.

**Richard H. Zelichov**
Partner

**Katten**
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4680
richard.zelichov@katten.com | katten.com

---

**From:** Eric Niehaus
**Sent:** Friday, June 19, 2020 4:13 PM
**To:** Zelichov, Richard H.
**Cc:** Kevin Sciarani ; Yong, Paul S. ; Costley, Christina L. ; Artaki, Thomas M. ; Lippman,
Victoria Kate ; Rotenberg, Jonathan ; Stickel, Carrie M ; Jason Forge ; Steve Pepich ; Hillary
Stakem
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D.
Cal.) -- Discovery Motion

*EXTERNAL EMAIL – EXERCISE CAUTION*
Richard,

If it allows the parties to reach a resolution on the custodian issue, we can agree to a "veto right"
with respect to in-house counsel who were only part of the legal department throughout the
relevant period (i.e., they didn't hold other business titles outside of legal). Please let us know
today (or over the weekend) so we can determine whether this issue needs to be addressed in our
forthcoming submission/position statement. Thanks.

Exhibit 3
- 117 -

Eric

**From:** Zelichov, Richard H. <richard.zelichov@katten.com>
**Sent:** Friday, June 19, 2020 3:56 PM
**To:** Eric Niehaus <EricN@rgrdlaw.com>
**Cc:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Yong, Paul S. <paul.yong@katten.com>;
Costley, Christina L. <christina.costley@katten.com>; Artaki, Thomas M.
<thomas.artaki@katten.com>; Lippman, Victoria Kate <victoria.lippman@katten.com>;
Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel, Carrie M
<carrie.stickel@katten.com>; Jason Forge <JForge@rgrdlaw.com>; Steve Pepich
<SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>
**Subject:** RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D.
Cal.) -- Discovery Motion

We appreciate your proposal, however, Defendants cannot accept this offer at this point. There are way too many uncertainties and unknowns concerning other aspects of the parties' discovery and other disputes. As we previously indicated, Defendants remain willing to consider Plaintiff's request for additional custodians after it is has reviewed some or all of the documents Defendants will be producing. We might also further consider Plaintiff's proposal if Defendants are provided a veto right with respect to certain custodians, such as Stamps's in-house counsel where the volume of privileged documents will overwhelm any marginal relevance. Thank you.


**Richard H. Zelichov**
Partner

**Katten**
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4680
richard.zelichov@katten.com | katten.com

**From:** Eric Niehaus <EricN@rgrdlaw.com>
**Sent:** Wednesday, June 17, 2020 6:09 PM
**To:** Zelichov, Richard H. <richard.zelichov@katten.com>
**Cc:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Yong, Paul S. <paul.yong@katten.com>;
Costley, Christina L. <christina.costley@katten.com>; Artaki, Thomas M.
<thomas.artaki@katten.com>; Lippman, Victoria Kate <victoria.lippman@katten.com>;
Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel, Carrie M
<carrie.stickel@katten.com>; Jason Forge <JForge@rgrdlaw.com>; Steve Pepich
<SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>
**Subject:** Re: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.)
-- Discovery Motion

*EXTERNAL EMAIL – EXERCISE CAUTION*
Just the custodian issue would be "off the table" or resolved.

Exhibit 3
- 118 -

On Jun 17, 2020, at 5:46 PM, Zelichov, Richard H.
<richard.zelichov@katten.com> wrote:


I need to clarify plaintiff's proposal. If defendants agree to the request, what is
"off the table"? The parties have informally classified the discovery dispute over
documents as encompassing the relevant time period, the scope of production, and
document custodians. If defendants agree, are all three of those issues "off the
table" and we have an overall agreement? Or if defendants agree, is only the
document custodian issue "off the table"? Or something else.


Thank you.

**Richard H. Zelichov**
Partner

**Katten**
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4680
richard.zelichov@katten.com | katten.com

**From:** Eric Niehaus <EricN@rgrdlaw.com>
**Sent:** Wednesday, June 17, 2020 5:36 PM
**To:** Zelichov, Richard H. <richard.zelichov@katten.com>
**Cc:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Yong, Paul S.
<paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>;
Artaki, Thomas M. <thomas.artaki@katten.com>; Lippman, Victoria Kate
<victoria.lippman@katten.com>; Rotenberg, Jonathan
<jonathan.rotenberg@katten.com>; Stickel, Carrie M
<carrie.stickel@katten.com>; Jason Forge <JForge@rgrdlaw.com>; Steve Pepich
<SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>
**Subject:** Re: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-
MWF(SK) (C.D. Cal.) -- Discovery Motion

*EXTERNAL EMAIL – EXERCISE CAUTION*
Richard,

Thank you for your email. As we expressed in prior communications, Plaintiffs
are at a decided disadvantage identifying custodians because Defendants have
been withholding core documents even they acknowledge are discoverable.
Nonetheless, in an effort to reach a resolution on this issue, if you agree to let us
identify up to 8 additional custodians at least 30 days prior to the fact discovery
cutoff (without having to burden the Court with any briefing), we will take this
issue off the table. Please let us know by this Friday (6/19) if you will agree to
this proposal.

Exhibit 3
- 119 -

Regards,
Eric

On Jun 17, 2020, at 4:32 PM, Zelichov, Richard H.
<richard.zelichov@katten.com> wrote:

As we have previously noted, the 10 custodians from whom we
have agreed to collect, review, and produce documents on a broad
range of topics constitute almost everybody who had any contact
with senior officials at the USPS. In fact, the persons who had
regular contacts with senior persons at the USPS are/were only
Nick Barranca, Amine Khechfe, and Ken McBride and one or all
of these three would be copied on any communication of
significance with the USPS (and one or more of them would
certainly be made aware of any non-trivial dispute with the USPS).
Also, the 10 custodians from whom we have agreed to collect,
review, and produce documents on a broad range of topics
constitute almost everybody who had significant contacts with
Stamps' partners including the resellers (even though we do not
agree that such communications remain relevant to the issues in the
case). The 10 custodians from whom we have agreed to collect,
review, and produce documents also include the persons in charge
of accounting and finance function, investor relations, and multiple
people responsible both for generating new customers and
increasing sales from existing customers.

With respect to the other custodians that Plaintiff has identified,
proposed custodian Jason Chow did not become an employee of
Stamps until April 2020 and therefore has no responsive
documents based on either sides' time period. Proposed custodians
William Clayton, Raymond Fitzgerald, Paul Fredericks, Billie
Juddson, Marcia Sapien, Tom Scarbrough, and Jerome Tomlin had
all left Stamps either before this lawsuit was filed or shortly
thereafter (and before there was any indication that Plaintiff might
request their documents before they left) and so their documents
were not retained under Stamps's general policy of not retaining
documents from departed employees. Proposed custodians
Matthew Lipson and Seth Weisberg are attorneys who served or
serve as Stamps's Chief Legal Officers and so a lot of their
documents will be privileged making it non-proportional to review
their documents. As for proposed custodians James Bortnak,
Delbert Laird, Leslie Jadon, James Nathan Jones, Mark Krojansky,
Kathy Scholz, Rodney Small, Todd Strickland, Timothy Thorn,
and Eric Youngstrom, they did not have contacts with anybody in a
position of authority at the USPS such that their emails would be

Exhibit 3
- 120 -

relevant to the relationship between Stamps and the USPS. John Campo and J.P. Leon (to some minimal extent) had some contact with persons in positions of authority at the USPS, but their contacts would not likely have involved anything related to the PBIA or the reseller program (which was more within the responsibility of agreed-upon custodian Nick Barranca) and they would have reported any non-trivial issues in any event to agreed-upon custodian Amine Khechfe. Katie May did communicate with persons at the USPS in positions of authority but she would report non-trivial issues, if any, to one or more of the 10 custodians from whom we have agreed to collect, review, and produce documents.

We also want to reiterate that we have agreed to consider collection, review, and production from other custodians that Plaintiff might request after reviewing documents from the 10 identified custodians. We would also consider a more limited request for specific additional custodians if it otherwise resolves this dispute so that the parties need not burden the Court.

Thank you.

**Richard H. Zelichov**
Partner

**Katten**
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4680
richard.zelichov@katten.com | katten.com

Exhibit 3
- 121 -