# EXHIBIT 7

**Robbins Geller
Rudman & Dowd** LLP

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Eric I. Niehaus
ericn@rgrdlaw.com

May 7, 2020

<u>VIA E-MAIL</u>

Richard H. Zelichov
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067

> Re:   *Karinski v. Stamps.com, Inc.*
>      No. 2:19-cv-01828-MWF-SK (C.D. Cal.)

Dear Richard:

We write to follow up on our call, on April 10, 2020, and set forth our positions concerning defendants' responses and objections to plaintiff's first set of requests for production.

**Bifurcation**

As an initial matter, if the parties are to have a productive meet and confer process, it is essential that defendants enter into that process in good faith, and without staking out implausible positions concerning the scope of relevance at this stage of the litigation.  Defendants' proposed course of action, as conveyed in your May 4, 2020 email, is untenable under the operative scheduling order – especially if defendants intend to withhold (on bifurcation grounds) certain categories of merits-related documents until a complete agreement or impasse is reached by the parties.

Discovery officially commenced on February 27, 2020 and defendants have still not filed a bifurcation motion nor produced any internal Stamps documents.  To date, defendants have produced only insurance agreements and a number of third-party analyst and other investigative reports.  If defendants intend to withhold merits discovery prior to class certification, they should ***immediately*** seek relief as described in the Court's April 30, 2020 Order.  ECF No. 107.  This urgency is underscored by the Court's deadline to produce all documents by August 28, 2020, at least a month before the parties can reasonably expect the Court's order on class certification.

While plaintiff is hopeful the majority of issues can be resolved in a timely manner, it is counsel's experience that parties working in good faith can still confer for several weeks until reaching a complete and final agreement. on the parameters of electronic discovery.  On our next call, please be prepared to discuss a date certain by which defendants will move for a protective order to bifurcate certain categories of documents called for by plaintiff's requests.

4842-5427-9355.v2

655 West Broadway, Suite 1900     San Diego, CA 92101     Tel 619-231-1058     Fax 619-231-7423     rgrdlaw.com

Exhibit 7
- 188 -

**Robbins Geller
Rudman & Dowd** LLP

Richard H. Zelichov
May 7, 2020
Page 2


**Scope of Plaintiff's Claims**

Defendants insist that plaintiff narrow its requests to seek documents only relating "to the statements that remain at issue in this Action in accordance with the Court's January 17, 2020 Order." But upon further review of the Court's order, the materials requested by plaintiff are plainly relevant to the remaining claims and defenses at issue in this case. Specifically, the Court has upheld plaintiff's claim that defendants materially misrepresented that "Stamps had a strong partnership with USPS and that USPS fully approved Stamps' use of the reseller program." ECF No. 89 at 1. Consequently, plaintiff's factual allegations concerning Stamps' abuse/misuse of the reseller program and related agreements, and what was permitted or disapproved by the USPS, are relevant to assess and evaluate the USPS's relationship with Stamps.

Indeed, although the Court dismissed certain statements relating to the disclosure of Stamps' use of the reseller program, it upheld statements regarding the strength of Stamps' partnership with the USPS by specifically referencing allegations concerning the status (or alleged misuse) of the reseller program. *See* ECF No. 89 at 21 (assessing plaintiff's allegations that "USPS was investigating Stamps' resellers and were implementing changes to the resellers' NSAs to reduce or end Stamps' reseller business practices"). Similarly, while the Court dismissed certain statements relating to Stamps' historical results and growth estimates, these same historical results remain relevant to quantify the extent at which Stamps was benefiting at the USPS's detriment (which we allege ultimately became known to the USPS) – and thus is relevant to assess the USPS's alleged displeasure with Stamps. *See Maz Partners v. First Choice Healthcare*, 2020 WL 1072582, at *4 (M.D. Fla. Feb. 15, 2020) ("contrary to Defendants' characterizations, the conclusion that certain allegations 'cannot form the basis of a securities fraud claim' does not necessarily mean those allegations are 'no longer at issue.'"). Growth projections which take into account potential USPS changes to the reseller program (and/or any other agreements with Stamps) are also relevant to defendants' internal assessments of the partnership. These projections would quantify the impact any changes to the relationship would have on Stamps, and would be probative of defendants' knowledge thereof.

Finally, plaintiff does not have access to defendants' files and does not know the intricacies of Stamps' organization and operations; therefore, as is standard and appropriate, plaintiff framed its requests broadly to ensure that those requests encompass all relevant material. It is defendants' obligation, in responding to those requests, to explain in specific terms why they are supposedly overbroad (or irrelevant), and to propose a narrowing that would, in defendants' view, be sufficient to cover relevant materials. *See Nestle Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990) ("The party resisting discovery has the burden of clarifying, explaining and supporting its objections."). Defendants have instead given an outright refusal to produce plainly relevant materials, while at the same time insisting that plaintiff provide a "written statement of its position concerning defendants' responses and objections to lead plaintiff's first set of requests for production

4842-5427-9355.v2

Exhibit 7
- 189 -

**Robbins Geller Rudman & Dowd** LLP

Richard H. Zelichov
May 7, 2020
Page 3

of documents." Plaintiff will not negotiate against itself; if defendants believe certain requests are overbroad (or irrelevant), defendants should explain and provide support for their objections and describe how they propose to narrow those requests and the scope of the production they are prepared to make.

Notwithstanding plaintiff's concern that defendants have thus far failed to proceed with the meet and confer process in a constructive manner, we address below several of the specific items initially discussed during our call and/or contained in defendants' responses and objections, and invite defendants to reconsider their initial refusal to enter into a constructive dialogue regarding the scope of their document production. If defendants are unwilling to do so, plaintiff will seek appropriate relief.

**Documents Defendants Have Agreed to Produce**

*Request Nos. 1, 40, 42, 43*: Defendants have agreed to produce documents responsive to these requests. Based on your representation that "Defendants are not withholding documents on 'bifurcation-related grounds,'" please let us know when defendants will be producing these documents.

**The Relevant Period for Document Production and Documents Defendants Are Limiting to the Certified Class Period**

Defendants have indicated for certain requests (Requests Nos. 2, 4, 26, 34-35 and 37-38), production will be limited to the class period as certified by the Court, which will not be known until late September at the very earliest. This objection further confirms that defendants intend to withhold documents on bifurcations grounds. Notwithstanding this objection, the class period is rarely, if ever, the relevant period for defendant's document production in securities actions. As is the case here, defendants' conduct before and after the Class Period is relevant to assess whether defendants' statements (at the time they were made) were false and misleading, including whether these statements were made with the requisite scienter. *In re Seagate Tech. II Sec. Litig.*, 1993 WL 293008, at *2 (N.D. Cal. June 10, 1993) ("Although the class period here is short and definite, it does not determine the period of relevancy for discovery purposes") (citation omitted); *accord Microsoft Corp. v. Buy Cheap Software, Inc.*, 2016 WL 7444627, at *2 (C.D. Cal. May 26, 2016) ("Discovery outside the damages period is permissible if it bears on matters within the period") (citation omitted). Defendants speculate that the Class Period may subsequently be condensed by the Court, but any such narrowing will have a negligible effect (if any) on relevance because pre/post-Class Period documents may clarify or add context to the surviving statements made during the Class Period.

The relevant time period for defendants' document production should be January 1, 2013 through at least January 31, 2020. Plaintiff has alleged that Stamps increased its revenues at the

4842-5427-9355.v2

Exhibit 7
- 190 -

**Robbins Geller**
**Rudman & Dowd** LLP

Richard H. Zelichov
May 7, 2020
Page 4

expense of the USPS through its misuse of the reseller and related USPS programs beginning in 2013, and accelerating throughout 2014-2017 through acquisitions of Endicia and other multi-carrier platforms. Compl., ¶45. While the Class Period ends on May 8, 2019, defendants' statements made as late as August 2019 are relevant for the reasons stated herein. ECF No. 79 at 11 (citing the August 7, 2019 Stamps earnings call to challenge plaintiff's claims); *see also* ECF No. 84 at 12. Nonetheless, in the spirit of initiating a constructive dialogue, we are open to discussing your proposal to narrow these requests and will take into consideration your proposed relevant time period(s) during our next call.

**Certain Documents to Which Defendants Have Agreed to Meet and Confer over ESI Search Terms and Custodians**

Plaintiff agrees to discuss custodians and search terms for the following requests. While objections can generally be efficiently addressed by the use of custodians and search terms to identify responsive documents, we expect that defendants will disclose "whether any responsive materials are being withheld on the basis of that objection," as required by Federal Rule of Civil Procedure 34(b)(2)(C), during the course of these negotiations. Plaintiff further notes that if there are readily identifiable and/or segreable documents that are responsive to plaintiff's document requests, those documents be produced in due course, regardless of whether they hit upon the parties' agreed-to search terms and custodians. As to the specific discovery objections in your responses, our positons are outlined below:

*Request No. 3*: Based on your responses and objections, you appear to be withholding all calendar entries for meetings other than with the USPS and its officials. We object to this narrowing and request that defendants' Stamps-related meetings with their sales and marketing teams, customers, subsidiaries, resellers, and internal discussions regarding the USPS-Stamps partnership also be produced, as they are relevant for the reasons stated above.

*Requests Nos. 7-21, 29*: Based on your responses and objections, you appear to be withholding nearly all documents regarding the reseller program. As discussed above, and consistent with the Court's January 17, 2020 Order, discussions concerning the reseller program are relevant to determine whether Stamps was engaged in conduct that could potentially damage its relationship with the USPS – including but not limited to, any perceived misuse of the reseller program and defendants' knowledge of such conduct. *See* ECF No. 89 at 21. Even if the discussion does not explicitly identify Stamps, the content may still be relevant to the USPS-Stamps partnership. *See e.g.*, Compl., ¶40 (J.P. Klingenberg describing conduct which would lead to adverse USPS actions without naming an offender).

4842-5427-9355.v2

Exhibit 7
- 191 -

**Robbins Geller
Rudman & Dowd** LLP

Richard H. Zelichov
May 7, 2020
Page 5

Specific to Request No. 21, plaintiff disagrees that the production of documents responsive to this request may be solely limited to those which are identified through custodians and search terms. To the extent these documents include those specifically referenced by Defendant McBride as a basis for his allegedly false and misleading statements upheld by the Court, such (responsive) documents should be readily identifiable and/or segreable within Stamps' files/database.

**Request No. 24**:  Based on your responses and objections, you appear to be withholding documentation of any agreement other than Package Incentive Agreements between Stamps and the USPS.  We object to this narrowing and request that any disputes regarding *any* agreements between Stamps (or a Stamps.com brand) and the USPS also be produced, as they are relevant to the strength of the Company's partnership with the USPS.

**Request No. 25**:  Plaintiff is open to discussing your proposal to narrow this request and will take into consideration your proposed custodians, date ranges and search terms during our next call.

**Request No. 33**:  Plaintiff is open to discussing your proposal to narrow this request and will take into consideration your proposed custodians, date ranges and search terms during our next call, with the understanding the request encompasses the statements found in ¶¶68-70, 74-75, 80, 86, 89, 92 of the Consolidated Complaint.

**Documents Which Defendants Have Not Agreed to Produce**

For the requests below, defendants do not explicitly state whether responsive materials are being withheld on the stated objections or whether such materials will eventually be produced after narrowing the requests through custodians, date ranges and search terms.  On our next call, please be prepared to explain "whether any responsive materials are being [or will be] withheld on the basis of that objection," as required by Federal Rule of Civil Procedure 34(b)(2)(C), and your bases to support each objection.

**Request Nos. 5-6**:  The communications between defendants and the USPS or PRC are plainly relevant here as they provide context to the strength of the USPS-Stamps partnership and defendants' knowledge of any issues relating to this partnership.  In addition, these communications may contain discussion on whether the USPS was contemplating to modify its agreements with Stamps or to the reseller program upon which Stamps relied.

**Requests Nos. 22-23, and 28**:  These requests are relevant to the issue of whether Stamps' acquisition and use of Stamps.com brands (including the Company's relationship with resellers) impacted Stamp's relationship with the USPS (including defendants' knowledge of any impact).

4842-5427-9355.v2

Exhibit 7
- 192 -

**Robbins Geller
Rudman & Dowd** LLP

Richard H. Zelichov
May 7, 2020
Page 6

***Request No. 27***:   This request is specifically tailored to seek documents relating to any consultants Stamps used to manage its relationship/partnership with the USPS.  Any efforts the Company made to maintain its relationship with the USPS is relevant to assessing the strength of the USPS-Stamps relationship/partnership and defendants' knowledge of any perceived issues that could potentially impact this relationship/partnership.

***Request Nos. 30-31***:  These requests are relevant to class certification issues such as market efficiency – including any premature arguments concerning damages and loss causation.

***Request Nos. 32 and 36***:  These requests are relevant to Stamps' public disclosures during the Class Period and the internal assessment of those disclosures or contemplated disclosures. Plaintiff is open to discussing your proposal to narrow this request and will take into consideration your proposed custodians, date ranges and search terms during our next call.  In addition, Request No. 36 is also relevant to loss causation, materiality and scienter.

***Request No. 39***:   This request is relevant to plaintiff's surviving insider trading allegations/claims. ECF No. 89 at 28-29.  Specifically, plaintiff has alleged that defendants and Stamps' Board authorized a share repurchase to maintain inflation in Stamps' share price – thereby allowing Company insiders to sell large amounts of stock into the market without an accompanying precipitous decline in share price.  Plaintiff is open to discussing your proposal to narrow this request and will take into consideration your proposed custodians, date ranges and search terms during our next call.

***Request No. 41***:  Documents described in defendants' Federal Rule of Civil Procedure 26(a)(1) disclosures are admittedly relevant to the parties' claims and defenses and should be produced.

***Request Nos. 44-45***:  These requests are relevant to assessing the strength of the USPS-Stamps relationship/partnership and defendants' knowledge of any perceived issues that could potentially impact this relationship/partnership.  Specifically, plaintiff alleges the USPS did not authorize, approve or condone the practice of extending discounted reseller pricing to certain USPS and/or Stamps customers through the Stamps platform (including offerings by Stamps.com brands). Plaintiff alleges that this activity impacted the Company's relationship with the USPS and is thus relevant to plaintiff's claims.

4842-5427-9355.v2

Exhibit 7
- 193 -

**Robbins Geller
Rudman & Dowd** LLP

Richard H. Zelichov
May 7, 2020
Page 7

   We look forward to discussing these issues with you and attempting to reach a speedy resolution on the threshold issues of bifurcation, scope of discovery, and the relevant time period for your production.  Please let us know when your team is available next week to meet and confer.

        Very truly yours,

        ERIC I. NIEHAUS

EIN:tdv

cc:  All Counsel of Record (*via email*)

4842-5427-9355.v2

Exhibit 7
- 194 -