# Exhibit 26

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ (147029)
JASON A. FORGE (181542)
STEVEN W. PEPICH (116086)
ERIC I. NIEHAUS (239023)
HILLARY B. STAKEM (286152)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
jforge@rgrdlaw.com
stevep@rgrdlaw.com
eniehaus@rgrdlaw.com
hstakem@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> STAMPS.COM, INC., et al., <br><br> Defendants. | Case No. 2:19-cv-01828-MWF-SK <br><br> CLASS ACTION <br><br> LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS STAMPS.COM, INC., KENNETH McBRIDE, KYLE HUEBNER AND JEFF CARBERRY |

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26
- 142 -

Pursuant to Federal Rules of Civil Procedure 26 and 34, Lead Plaintiff Indiana Public Retirement System requests that, within thirty (30) days of service, defendants Stamps.com, Inc., Kenneth McBride, Kyle Huebner and Jeff Carberry (collectively, "Defendants") respond to and produce for inspection and copying the documents designated under the heading "Documents Requested" to the offices of Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, or at such other time and place as the parties mutually agree.

## I.   DEFINITIONS

Unless stated otherwise, the terms set forth below are defined as follows:

1.   "All," "any" and "each" shall each be construed as encompassing any and all.

2.   "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

3.   "Answer" means Defendants' Answer to the Consolidated Class Action Complaint for Violations of the Federal Securities Laws, ECF No. 94, filed on January 31, 2020 in *Karinski v. Stamps.com, Inc., et al.*, No. 2:19-cv-01828-MWF(SK) (C.D. Cal.).

4.   "Bailey" refers to Ken Bailey, Director of Business Alliances at the United States Postal Service as of January 2017.

5.   "Board" means the Board of Directors of Stamps.com, in present or former form, and any of its committees, subcommittees, agents, advisors, auditors, consultants, or other persons occupying similar positions or performing similar functions.

6.   "Booth" means Candi Booth, current Vice President of Sales at Stamps.com.

7.    "Carberry" means defendant Jeff Carberry and includes, without limitation, his agents, accountants, advisors, or other persons occupying similar positions or performing similar functions.

8.    "Class Period" refers to the period between May 3, 2017 and May 8, 2019, inclusive.

9.    "Cochrane" refers to Jim Cochrane, Chief Marketing and Sales Officer and Executive Vice President of the United States Postal Service as of January 2017.

10.    "Communication" or "communications" means email, text, letter or any other written transmittal of information.

11.    "Complaint" means the Consolidated Class Action Complaint for Violations of the Federal Securities Laws, ECF No. 71, filed on August 5, 2019 in *Karinski v. Stamps.com, Inc., et al.*, No. 2:19-cv-01828-MWF(SK) (C.D. Cal.).

12.    "Corbett" means Joseph Corbett, Chief Financial Officer and Executive Vice President at the United States Postal Service.

13.    "Denneny" refers to Brian Denneny, Executive Director of Sales at the United States Postal Service from May 2011 to January 2018.

14.    "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

15.    "Electronically stored information" or "ESI" refers to any original and non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind), mechanical, facsimile, electronic, magnetic, digital or other programs, programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "email," operating systems, source code of all types, programming

- 2 -

languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull-down tables, logs, file layouts or any miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, backup file, deleted file or file fragment. "ESI" also includes, without limitation, any items stored on computer memory or memories, hard drives, zip drives, CD-ROM discs, or in any other vehicle for electronic or digital data storage or transmittal, files, folder tabs or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

16. "Express 1" means Rapid Enterprises, LLC d/b/a Express 1, and any of its direct or indirect subsidiaries, divisions or affiliates, predecessors, successors, present and former officers, directors (including its Board of Directors acting collectively and its directors individually), employees, agents, directors, accountants and advisors, and all other persons acting or purporting to act on its behalf.

17. "Goldway" refers to Ruth Goldway, former Chairwoman of the Postal Regulatory Commission.

18. "Huebner" means defendant Kyle Huebner and includes, without limitation, his agents, accountants, advisors, or other persons occupying similar positions or performing similar functions.

19. "Identify," with respect to persons, means to give, to the extent known, the person's full name, present or last known address, present or last known email address and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

20. "Identify," with respect to documents, means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

- 3 -

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26

- 145 -

21.    "IntuiShip" means Shipping Partners LLC d/b/a IntuiShip, and any of its direct or indirect subsidiaries, divisions or affiliates, predecessors, successors, present and former officers, directors (including its Board of Directors acting collectively and its directors individually), employees, agents, directors, accountants and advisors, and all other persons acting or purporting to act on its behalf.

22.    "Khechfé" refers to Amine Khechfé, Chief Strategy Officer of Stamps.com and co-founder of Endicia.

23.    "Klingenberg" refers to J.P. Klingenberg, Deputy Director of the Postal Regulatory Commission's Office of Accountability and Compliance.

24.    "McBride" means defendant Kenneth McBride and includes, without limitation, his agents, accountants, advisors, or other persons occupying similar positions or performing similar functions.

25.    "Meeting" refers to the contemporaneous presence of any natural persons (including by telephone or by any other electronic means) for any purpose, whether such presence was by chance or prearranged, and whether the meeting was formal or informal, or occurred in connection with some other activity.

26.    "Move Method" refers to Move Method LLC, and any of its direct or indirect subsidiaries, divisions or affiliates, predecessors, successors, present and former officers, directors (including its Board of Directors acting collectively and its directors individually), employees, agents, directors, accountants and advisors, and all other persons acting or purporting to act on its behalf.

27.    "Multi-carrier platform" refers to any entity selling or providing shipping services from more than one shipping or postal provider.

28.    "Nicoski" refers to Dennis Nicoski, Acting Senior Vice President, Sales and Customer Relations at the United States Postal Service.

29.    "NSA" or "NSAs" means any Negotiated Service Agreement, including any subsequent amendments, additions, revisions, or terminations, between a PC Postage provider or postage reseller and the United States Postal Service.

- 4 -

30.     "Parcel Partners" refers to Parcel Partners, LLC, and any of its direct or indirect subsidiaries, divisions or affiliates, predecessors, successors, present and former officers, directors (including its Board of Directors acting collectively and its directors individually), employees, agents, directors, accountants and advisors, and all other persons acting or purporting to act on its behalf.

31.     "Policy" or "policies" means any rule, procedure, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, that was recognized or followed, explicitly or implicitly, including any practice memoranda or manuals.

32.     "PRC" refers to the Postal Regulatory Commission and any of its divisions or affiliates, present and former officers, employees, agents, and all other persons acting or purporting to act on its behalf.

33.     "Rathburn" refers to Doreen Rathburn, Business Alliances Manager at the United States Postal Service.

34.     "Ross" refers to Robert Ross, co-founder of IntuiShip.

35.     "Rucker" refers to Cliff Rucker, Vice President of Sales at the United States Postal Service from May 2011 to October 2016, and Senior Vice President of Sales and Customer Relations at the United States Postal Service from October 2016 to March 2018.

36.     "Stamps.com" refers to Stamps.com, Inc. and any of its direct or indirect subsidiaries, divisions or affiliates, predecessors, successors, present and former officers, directors (including its Board of Directors acting collectively and its directors individually), employees, agents, directors, accountants and advisors, and all other persons acting or purporting to act on its behalf.

37.     "Stamps.com Brands" refers to Stamps.com, Endicia, ShipStation, Auctane, ShipEngine, ShipWorks, ShippingEasy, and MetaPack and any of their subsidiaries, divisions or affiliates, predecessors or successors.

38. "USPS" refers to the United States Postal Service, and any of its divisions or affiliates, present and former officers, employees, agents, and all other persons acting or purporting to act on its behalf.

39. "You" or "your" means the person or entity responding to these requests.

## II. INSTRUCTIONS

1. In responding to these requests, you shall produce all responsive documents that are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, accountants or any other representative. A document shall be deemed to be within your control if you have the ability or right to secure the document or a copy of the document from another person having possession of custody of the document.

2. Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by Lead Plaintiff original documents as they are kept in the usual course of business and you shall organize and label them to correspond with the categories in these requests.

3. In responding to these requests, you shall produce all responsive documents available at the time of production and you shall supplement your responses as required by Federal Rule of Civil Procedure 26(e).

4. If any responsive document was, but no longer is, in your possession or subject to your control, state whether the document is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

5. If you claim any form of privilege or any other objection, whether based on statute, common law or otherwise, as a ground for not producing any requested

- 6 -

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26

- 148 -

document or portion of a document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information:

    (a)    the privilege being asserted;

    (b)    the person on whose behalf the privilege is asserted; and

    (c)    a precise statement of the facts upon which the claim of privilege is based.

Identify any document for which the privilege is claimed, including:

    (a)    the nature of the document, *e.g.*, letter, memorandum, tape, etc.;

    (d)    the date the document was prepared;

    (e)    the date the document bears;

    (f)    the date the document was sent;

    (g)    the date the document was received;

    (h)    the name of the person who prepared the document;

    (i)    the name(s) of the person(s) who received the document;

    (j)    the custodian or source of collection for the document;

    (k)    the name of each person to whom the document was sent or was intended to be sent, including all addressees and all recipients of copies; and

    (l)    a statement of whom each identified person represented or purported to represent at all relevant times.

6.      If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to Instruction 5, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

7.      You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instructions 5 and 6 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

- 7 -

Exhibit 26

- 149 -

## III.    PRODUCTION OF HARD COPY DOCUMENTS – FORMAT

Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat).  The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME" and "CUSTODIAN."  The documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.  If an original document contains color, and the color is necessary to understand the meaning or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image.  Multi-page OCR text for each document should also be provided.  The OCR software shall maximize text quality.  Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

## IV.    PRODUCTION OF ESI

1.    ***Format***: ESI should be produced in single-page black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet, presentation and word processing type files, audio and video files, which should be produced in native format.  If an original document contains color, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image.  Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business.  TIFFs/JPGs should show any and all text and images that would be visible to the reader using  the native software that created the document.  For example, TIFFs/JPGs of email messages should include the BCC line.  If the image does not accurately reflect the document as it was kept in the usual course of business, including all comments, edits, tracking, etc., the parties agree to meet and confer in good faith on production format options.

Cases\4850-5435-3846.v1-2/27/20

- 8 -

Exhibit 26

- 150 -

2.    ***Format – Native Files***: If a document is produced in native format, a single-page, Bates-stamped image slip sheet stating the document has been produced in native format should also be provided, with the exception of PowerPoint presentations and Word documents.  PowerPoint and Word documents should be produced in native format along with single-page, 300 DPI TIFF/JPG images which display both the slide and speaker's notes.  Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field.  To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties should meet and confer in good faith.

3.    ***De-Duplication***: Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level.  Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates.  An email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. Removal of near-duplicate documents and email thread suppression is not acceptable. De-duplication should be done across the entire collection (global de-duplication) and the CUSTODIAN field should list each custodian, separated by a semicolon, who was a source of that document and the FILEPATH field will list each file path, separated by a semicolon, that was a source of that document.  Should the CUSTODIAN or FILEPATH metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents should be produced prior to substantial completion of the document production.

4.    ***Technology Assisted Review***: Predictive coding/technology-assisted review shall not be used for the purpose of culling the documents to be reviewed or produced without notifying the requesting party prior to use and with ample time to

- 9 -

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26

- 151 -

meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

5.   *Metadata*: All ESI shall be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto.  The metadata produced should have the correct encoding to enable preservation of the documents' original language.

6.   *Embedded Objects*: The parties should meet and confer over the inclusion or exclusion of embedded files from the production.

7.   *Compressed File Types*: Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

8.   *Structured Data*: To the extent a response to discovery requires production of electronic information stored in a database, including the production of text messages or similar communications, the parties will meet and confer regarding methods of production.  Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

9.   *Encryption*: The producing party will take reasonable steps, prior to production, to unencrypt any discoverable ESI that exists in encrypted or password-protected format.

10.   *Extracted Text*: ESI shall be processed, to the extent practicable, in a manner that preserves hidden columns or rows, hidden text, notes, or worksheets, speaker notes, tracked changes, redlines and comments.  Upon request, a producing party will produce files with any such information in native format.

11.   *Exception Report*: The producing party shall compile an exception report enumerating any unprocessed or unprocessable documents, their file type and the file location.

12.   *Production Delivery*: To maximize the security of information in transit, any media on which documents are produced may be encrypted.  In such cases, the

- 10 -

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26

- 152 -

producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

13.   ***Redactions***: If documents that the parties have agreed to produce, including in native format, need to be redacted, the parties should meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.

## V.   RELEVANT TIME PERIOD

Unless otherwise specifically indicated, the requests herein refer to the period from January 1, 2013, to the date of production (the "Relevant Period"), and shall include documents and information that relate to such period, even if dated, prepared, generated, used, published or received outside of the Relevant Period.  If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a request, you must produce the earlier document as well.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the request.

## VI.   DOCUMENTS REQUESTED

REQUEST FOR PRODUCTION NO. 1:

Stamps.com's Document retention policies and Documents concerning the preservation, search for, collection, maintenance, destruction or alteration of Documents and ESI concerning Stamps.com.

REQUEST FOR PRODUCTION NO. 2:

Directories, organizational charts or other Documents sufficient to Identify Stamps.com's organizational structure, including all direct reports to McBride, Huebner, Carberry, Booth, Khechfé, and the management teams of each Stamps.com Brand entity.

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26
- 153 -

REQUEST FOR PRODUCTION NO. 3:

Calendars, date books, time sheets, and/or appointment books reflecting Stamps.com-related activities, maintained by or for McBride, Huebner or Carberry.

REQUEST FOR PRODUCTION NO. 4:

Documents sufficient to Identify all email addresses (including any email listserv groups), secretaries and/or personal assistants employed by defendants McBride, Huebner and Carberry.

REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications concerning any testimony, interview, statement, or letter given to the USPS, PRC or any other federal or regulatory agency, entity, committee or task force, including deposition transcripts or interview statements in response to any investigation, formal or informal inquiry, or request for information relating to the USPS's postage reseller program.

REQUEST FOR PRODUCTION NO. 6:

All Documents and Communications concerning any Document requests from the USPS or any other federal or regulatory agency or entity, including Documents identifying the underlying requests, any narrowing of those requests, proposed custodians, search terms used to look for documents, and servers to be searched.

REQUEST FOR PRODUCTION NO. 7:

All Documents reflecting Communications with or relating to Parcel Partners concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) the status of Stamps.com's relationship with the USPS; (v) any contractual arrangements or agreements between or among Stamps.com, any postage reseller or the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 8:

All Documents reflecting Communications with or relating to Express 1 concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) the status of Stamps.com's relationship with the USPS; (v) any contractual

- 12 -

arrangements or agreements between or among Stamps.com, any postage reseller or the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 9:

All Documents reflecting Communications with or relating to IntuiShip concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) the status of Stamps.com's relationship with the USPS; (v) any contractual arrangements or agreements between or among Stamps.com, any postage reseller or the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 10:

All Documents reflecting Communications with or relating to Move Method concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) the status of Stamps.com's relationship with the USPS; (v) any contractual arrangements or agreements between or among Stamps.com, any postage reseller or the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 11:

All Documents reflecting Communications with or relating to Cochrane concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) any contractual or consulting arrangements with Cochrane; (v) the status of Stamps.com's relationship with the USPS; (vi) any contractual arrangements or agreements between or among Stamps.com, any postage reseller or the USPS; or (vii) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 12:

All Documents reflecting Communications with or relating to Ross concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) the status of Stamps.com's relationship with the USPS; (v) any contractual arrangements or agreements between or among Stamps.com, any postage reseller or the USPS; or (vi) any other matter alleged in the Complaint.

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26

- 155 -

REQUEST FOR PRODUCTION NO. 13:

All Documents reflecting Communications with or relating to Rucker concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) any contractual arrangements or consulting arrangements; (v) the status of Stamps.com's relationships with the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 14:

All Documents reflecting Communications with or relating to Klingenberg concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) any contractual arrangements or consulting arrangements; (v) the status of Stamps.com's relationships with the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 15:

All Documents reflecting Communications with or relating to Rathburn concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) any contractual arrangements or consulting arrangements; (v) the status of Stamps.com's relationships with the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 16:

All Documents reflecting Communications with or relating to Corbett concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) any contractual arrangements or consulting arrangements; (v) the status of Stamps.com's relationships with the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 17:

All Documents reflecting Communications with or relating to Goldway concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) any contractual arrangements or consulting arrangements; (v) the status of

- 14 -

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26

- 156 -

Stamps.com's relationships with the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 18:

All Documents reflecting Communications with or relating to Bailey concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) any contractual arrangements or consulting arrangements; (v) the status of Stamps.com's relationships with the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 19:

All Documents reflecting Communications with or relating to Denneny concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) any contractual arrangements or consulting arrangements; (v) the status of Stamps.com's relationships with the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 20:

All Documents reflecting Communications with or relating to Nicoski concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) any contractual arrangements or consulting arrangements; (v) the status of Stamps.com's relationships with the USPS; or (vi) any other matter alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 21:

All Documents reflecting Communications with or relating to "the most senior executive" or "the most senior folks" at the USPS, as that term was used by McBride during the May 3, 2017 Stamps.com 1Q17 conference call, concerning: (i) the reseller program; (ii) USPS postage sales or resales; (iii) NSAs; (iv) any contractual arrangements or consulting arrangements; (v) the status of Stamps.com's relationships with the USPS; or (vi) any other matter alleged in the Complaint.

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26

- 157 -

REQUEST FOR PRODUCTION NO. 22:

All Documents concerning or reflecting the reasons for, and the decision-making regarding, Stamps.com's acquisition of any other Stamps.com Brand.

REQUEST FOR PRODUCTION NO. 23:

All Documents concerning the possibility or actuality of shifting USPS customers from Stamps.com or Endicia to the USPS reseller program, whether for retention purposes or otherwise.

REQUEST FOR PRODUCTION NO. 24:

All Documents concerning the negotiation, renegotiation or termination of any NSA, PC Postage agreement, commission arrangement, exclusivity arrangement or any other contract, agreement or arrangement that any Stamps.com Brand has or has had with the USPS.

REQUEST FOR PRODUCTION NO. 25:

All Documents relating to the status of Stamps.com's relationship with USPS, including those reflecting any disputes, disagreements or conflicts with the USPS or its business interests.

REQUEST FOR PRODUCTION NO. 26:

All Documents concerning any Board meeting (whether formal or informal and including committee meetings of the Board during calendar years 2013 through 2019), including board packages, financial closing packages, meeting minutes, exhibits, agendas, memoranda, resolutions, whether adopted or discussed, notes, reports, and presentations.

REQUEST FOR PRODUCTION NO. 27:

All Documents concerning any outside consultant or advisor any Stamps.com Brand retained or consulted concerning the USPS.

REQUEST FOR PRODUCTION NO. 28:

All contracts and agreements, including drafts and informal agreements, between Stamps.com or any Stamps.com Brand and any postage reseller.

- 16 -

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26

- 158 -

REQUEST FOR PRODUCTION NO. 29:

All Documents concerning any Communications, conference calls, presentations or Meetings with any Stamps.com shareholders, financial analysts, institutional investors, financial publications, news reporters, journalists, or investment bankers concerning any of the Stamps.com Brands, the reseller program, the USPS, or NSAs.

REQUEST FOR PRODUCTION NO. 30:

All Documents regarding Stamps.com's share price, market capitalization, number of shareholders, volume of shares traded and/or the value of Stamps.com's common stock, including Documents regarding price movements in Stamps.com common stock during the Relevant Period.

REQUEST FOR PRODUCTION NO. 31:

All Documents regarding the possible or actual factors or reasons that led to any change in the price of Stamps.com common stock at any time during the Relevant Period.

REQUEST FOR PRODUCTION NO. 32:

All Documents concerning drafts of Stamps.com's Forms 10-K, Forms 10-Q, Forms 8-K and quarterly earnings press releases issued and/or filed with the U.S. Securities and Exchange Commission during the Class Period, including any due diligence materials, Communications, presentations, meeting minutes, reports, memoranda, analyses or notes.

REQUEST FOR PRODUCTION NO. 33:

All Documents reflecting or supporting Defendants' public statements alleged to be false or misleading in the Complaint.

REQUEST FOR PRODUCTION NO. 34:

All Documents concerning Meetings of any disclosure group or committee, including agendas, minutes, notes, reports and presentations during the Class Period.

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26
- 159 -

REQUEST FOR PRODUCTION NO. 35:

All Documents concerning Stamps.com's policies, procedures or practices regarding insider trading, media, social media, code of business conduct and ethics, or corporate disclosure, and all Documents and Communications regarding compliance with or violations of any of those policies or procedures.

REQUEST FOR PRODUCTION NO. 36:

All Documents concerning any external public relations firm, consultant, or advisor relating to Stamps.com's stock price or investor relations during the Class Period.

REQUEST FOR PRODUCTION NO. 37:

All Documents concerning the respective compensation arrangements that McBride, Huebner and Carberry had with Stamps.com for or during calendar years 2014, 2015, 2016, 2017, 2018 and 2019, including all Documents related to:

(a)    any severance package or termination agreement;

(b)    all bonuses and/or other compensation policies, terms and agreements;

(c)    any performance reviews; and

(d)    the benchmarking of salaries against peer groups.

REQUEST FOR PRODUCTION NO. 38:

All Documents relating to possible or actual trading in Stamps.com stock or entry into, amendment, or cancellation of any Rule 10b5-1 plan, by any of the Stamps.com insiders referenced in ¶98 of the Complaint, including: Mohan Ananda, Michael J. Biswas, James Bortnak, Sebastian Buerba, Carberry, John R. Clem, Huebner, Bradford Jones, Amine Khechfé, Matthew Lipson, McBride, Lloyd I. Miller III, and Seth D. Weisberg.

REQUEST FOR PRODUCTION NO. 39:

All Documents and Communications related to Stamps.com's share repurchase program from January 1, 2013 through the end of the Class Period.

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26

- 160 -

REQUEST FOR PRODUCTION NO. 40:

All Documents and Communications regarding the termination, resignation or departure of Huebner from Stamps.com.

REQUEST FOR PRODUCTION NO. 41:

All Documents identified in your Federal Rule of Civil Procedure 26(a)(1) disclosures.

REQUEST FOR PRODUCTION NO. 42:

All Documents and Communications concerning and/or in support of any affirmative or other defenses asserted in the Answer and any subsequent amendments.

REQUEST FOR PRODUCTION NO. 43:

All Documents constituting any insurance policies, indemnification agreements, hold harmless agreements, director and officer policies, errors and omissions policies, general liability policies or by-laws under which Stamps.com, Carberry, Huebner, or McBride may claim coverage to satisfy part or all of any possible liabilities as a result of any of the claims asserted in this Action.

REQUEST FOR PRODUCTION NO. 44:

All current, former and potential customer lists and all Documents concerning any internal Stamps.com classification of customers, including Documents showing whether they: (i) were shifted to the reseller program; or (ii) met qualifying criteria for the reseller program.

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26

- 161 -

REQUEST FOR PRODUCTION NO. 45:

All Documents concerning direct-to-customer sales and marketing at Stamps.com or any Stamps.com Brand related to the USPS or reseller program during the Relevant Period, including, but not limited to, sales training materials, sales policies and procedures, sales strategies and directives, and promotional materials.

DATED: February 27, 2020        ROBBINS GELLER RUDMAN
          & DOWD LLP
        SPENCER A. BURKHOLZ
        JASON A. FORGE
        STEVEN W. PEPICH
        ERIC I. NIEHAUS
        HILLARY B. STAKEM
        KEVIN S. SCIARANI

        ERIC I. NIEHAUS

        655 West Broadway, Suite 1900
        San Diego, CA  92101-8498
        Telephone:  619/231-1058
        619/231-7423 (fax)

        Lead Counsel for Lead Plaintiff

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26
- 162 -

## DECLARATION OF SERVICE BY EMAIL

I, HILLARY B. STAKEM, not a party to the within action, hereby declare that on February 27, 2020, I served the attached LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS STAMPS.COM, INC., KENNETH McBRIDE, KYLE HUEBNER AND JEFF CARBERRY on the parties in the within action by email addressed as follows:

Counsel for Lead Plaintiff:

| Robbins Geller Rudman & Dowd LLP | |
| --- | --- |
| Spencer A. Burkholz | spenceb@rgrdlaw.com |
| Jason A. Forge | jforge@rgrdlaw.com |
| Steven W. Pepich | stevep@rgrdlaw.com |
| Eric I. Niehaus | eniehaus@rgrdlaw.com |
| Hillary B. Stakem | hstakem@rgrdlaw.com |
| Kevin S. Sciarani | ksciarani@rgrdlaw.com |

Counsel for Defendants:

| Katten Muchin Rosenman LLP | |
| --- | --- |
| Richard H. Zelichov | richard.zelichov@kattenlaw.com |
| Christina L. Costley | christina.costley@kattenlaw.com |
| Paul S. Yong | paul.yong@kattenlaw.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 27, 2020, at San Diego, California.

_____
HILLARY B. STAKEM

- 21 -

Cases\4850-5435-3846.v1-2/27/20

Exhibit 26
- 163 -

### TABLE 1: METADATA FIELDS[1]

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001  (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003  (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001  (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008  (Unique ID Parent-Child Relationships) | The Document associated with the last page of the last attachment. |
| VOLUME | VOL001 | The name of CD, DVD or Hard Drive. |
| RECORDTYPE | Options: eMail, Attachment, Scanned Doc, eFile | The record type of a document. |
| SENTDATE | MM/DD/YYYY | The date the e-mail or calendar entry was sent. |
| SENTTIME | HH:MM | The time the e-mail or calendar entry was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| MEETING START DATE | MM/DD/YYYY | Start date of calendar entry |
| MEETING START TIME | HH:MM | Start time of calendar entry |
| MEETING END DATE | MM/DD/YYYY | End date of calendar entry |
| MEETING END TIME | HH:MM | End time of calendar entry |
| FILEPATH | i.e. /JsmithPC/Users/Jsmith/Desktop | The file path from the location in which the document was stored in the usual course of business.  This field should be populated for both e-mail and e-files. |
| FILEPATH-DUP | i.e.  /JSmith.pst/Inbox /Network Share/Accounting/… /TJohnsonPC/Users/TJohnson/My Documents/... | The file paths from the locations in which the duplicate documents were stored in the usual course of business.  This field should be populated for both e-mail and e-files and separated by semicolons. |
| AUTHOR | jsmith | The author of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and e-mail address of the author of an e-mail/calendar item.  An e-mail address should always be provided. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail address of the recipient(s) of an e-mail/calendar item.  An e-mail address should always be provided for every e-mail if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the copyee(s) of an e-mail/calendar item.  An e-mail address should always be provided for every e-mail if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the blind copyee(s) of an e-mail or calendar item.  An e-mail address should always be provided for every e-mail if a blind copyee existed. |
| SUBJECT | | The subject line of the e-mail/calendar item. |
| MESSAGE TYPE | Appointment, Contact, Task, Distribution List, Message, etc. | An indication of the email system message type. |
| IMPORTANCE | Normal, Low, High | E-mail Importance Flag |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| SOURCE | Computer, Mobile Phone, Email, Network Share, Database Name, etc. | The source from which the document was collected. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| TRACK CHANGES | Yes or No | The yes/no indicator of whether tracked changes exist in the file. |
| IS EMBEDDED | Yes or No | The yes/no indicator of whether a file is embedded in another document. |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document.  The same hash method (MD5 or SHA-1) should be used throughout production. |
| CONVERSATION INDEX | | ID used to tie together e-mail threads. |
| REDACTED | Yes or Blank | If a document contains a redaction, this field will display 'Yes'. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in.  **NOTE:** This should be the time zone where the documents were located at time of collection. |
| NATIVELINK | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document.  There should be a folder on the deliverable, containing a separate text file per document.  These text files should be named with their corresponding bates numbers.  **Note:** E-mails should include header information: author, recipient, cc, bcc, date, subject, etc.  If the attachment or e-file does not extract any text, then OCR for the document should be provided. |

[1]For ESI other than email and e-docs that do not conform to the metadata listed here, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.

Exhibit 26
- 164 -