# Exhibit 28

RICHARD H. ZELICHOV (SBN 193858)
richard.zelichov@katten.com
CHRISTINA L. COSTLEY (SBN 227134)
christina.costley@katten.com
PAUL S. YONG (SBN 303164)
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | Case No. 2:19-cv-01828-MWF (SK)<br><br>DEFENDANTS' SUPPLEMENTAL STATEMENT REGARDING JOINT RULE 26(F) REPORT<br><br>Judge: Hon. Michael W. Fitzgerald |

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

In arguing against bifurcation, Plaintiff does not challenge that it intends to rely on the fraud on the market theory. It does not challenge that it is appropriate for defendants to rebut the presumption of reliance on class certification. It does not even challenge Defendants' explanation as to what limited statements remain in the case after the Court's Order on Defendants' motion to dismiss (Dkt. No. 89). Rather, Plaintiff tries to claim that class certification discovery and merits discovery overlap significantly so bifurcation will not be more efficient. Plaintiff's arguments, however, ignore that the Court dismissed most of the statements Plaintiff alleged to be misleading in the Complaint, misconstrue the Court's reasoning on the limited statements that survived, and completely misinterpret Defendants' arguments for bifurcation.

Plaintiff's claim of overlapping discovery fails because it is premised upon a gross misunderstanding of the limited scope of this case. Plaintiff claims that it requires discovery concerning Defendants' "entire scheme" and whether the Capitol Forum articles from August 21, 2017 and August 24, 2017 disclosed that scheme. Report at 18; *see also* Exs. A & B. The Court, however, dismissed the "scheme-type" claims (which comprised that vast majority of the allegedly misleading statements), because Defendants disclosed that they were using reseller rates for low volume and/or existing customers. Plaintiff's charge that Defendants' motion to dismiss was a delay tactic and "wrong," is, therefore, not credible, as the motion resulted in Plaintiff's primary theory of liability being rendered inoperative.[1] This

---

[1] Plaintiff also calls Defendants' motion to dismiss a delay tactic. Report at 23. Obviously, Defendants did not delay this action by filing a pleading-stage motion that is both their right by law and which is filed in virtually every action for securities fraud brought in this country. If Plaintiff has a gripe with the automatic stay of discovery, it can take it up with Congress, which determined that there should be a discovery stay during the pendency of a motion to dismiss in securities cases because stockholders had abused the system in getting "discovery on the merits" too early. In addition, Defendants provided initial disclosures within three weeks of the parties' very first Rule 26 conference meet and confer (even though the parties had not completed discussing everything required for such conference to be considered complete). Defendants did not object to both sides serving discovery a week after the initial Rule 26 conference. Defendants served responses and objections to the requests. Defendants have also produced certain documents. As for including the bifurcation argument in the Report, Defendants told Plaintiff that they were going to

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

Exhibit 28

DEFENDANTS' SUPPLEMENTAL STATEMENT REGARDING JOINT RULE 26(F) REPORT

has consequences for the scope of class certification (and merits) discovery, even if Plaintiff prefers to pretend that the Order does not say what it says.

Plaintiff also misconstrues the reasoning in the Court's Order concerning the limited statements that did survive the motion to dismiss. The only statements that survived are those about Stamps' partnership with the USPS and the USPS's views concerning the reseller program. Order at 23-24. The Order expressly states that the Court did not dismiss the Complaint concerning these statements based on Plaintiff's allegations concerning the Parcel Partners letter/email and information purportedly obtained from former Stamps employees serving as confidential witnesses. Order at 23-24. Plaintiff nevertheless asserts that discovery beyond these areas is necessary because these were not the sole basis for the Court's decision. It bases this claim on the Court's statement in the Order that "it does not determine whether the confidential witness' statements and the letter are sufficient on their own to establish a material misrepresentation." Order at 24. The clear import of the Court's statement in context, however, is that Plaintiff would not necessarily survive a motion for summary judgment if that were the only evidence plaintiff has to offer. It was not an indication that the Court thought Plaintiff had offered more than the Parcel Partners letter and allegations from confidential witnesses concerning pricing concerns at the USPS as support for the only theory that survived Defendants' motion to dismiss.

More importantly, whatever allegations of falsity served as the basis for the Court's Order, the Capitol Forum reports from August 21, 2017 and August 24, 2017 are clear that the USPS was considering making changes to the reseller program and had issues with some of the prices being charged by Stamps and others – which is the exact information that Plaintiff claimed and the Court held rendered Defendants' positive statements about the USPS misleading. Plaintiff tries to argue that the Capitol Forum articles were not necessarily about Stamps, but such an argument contradicts what Plaintiff alleged in the Complaint and argued in opposing the motion

make the bifurcation argument in the Rule 26 report during a meet and confer in early March and Plaintiff did not claim that doing so was improper.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

2

to dismiss. Complaint ¶ 58; Dkt. No. 83 at 19, 24-25, 31. Furthermore, both Capitol Forum articles reference Stamps.com in their titles and Capitol Forum had published over 30 negative articles about Stamps between July 2016 and August 2017. *See* Exs. A & B. It is disingenuous for Plaintiff to argue that the August 24, 2017 Capitol Forum article is not sufficiently similar to what Plaintiff alleged about potential changes to the reseller program as Plaintiff's Complaint and the Capitol Forum article contain the text of the exact same letter from Parcel Partners, including the exact same use of ellipsis.

Finally, Plaintiff tries to mischaracterize Defendants' argument concerning the length of the class period (and the fact that nobody who purchased stock after the August 21, 2017 and August 24, 2017 Capitol Forum articles could have relied on any statements by Stamps before then to conclude that the USPS was not taking steps to modify the reseller program) as a truth-on-the-market argument. Defendants are not making a truth-on-the-market argument which encompasses falsity and materiality.[2] Defendants' argument is about reliance and whether a stockholder can argue that it purchased at a fraud-tainted price after a disclosure curing what the plaintiff claims to have been misrepresented. Reliance is the primary battleground on class certification in securities class actions given that most stockholders do not actually review public statements by or about the companies in which they invest. And reliance is not about what the defendants allegedly knew. It is not about what the defendants think resulted in stock price movements. It is not about the basis for defendants' statements. It is about what the plaintiff actually reviewed and analyzed in making its investment decision (which would be direct reliance) or what had been publicly disclosed and how the market price reacted to those disclosures when a plaintiff uses the

---

[2] Plaintiff tries to claim that Defendants served requests for production related to the merits, but Plaintiff does not tell the Court that it refused to produce documents now in response to any of the requests that Plaintiff references in the Report. Also, Defendants did not raise any of those requests in a nine-page meet and confer letter sent to Plaintiff exactly because they are more properly raised later in the case.

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

presumption of reliance based on the fraud on the market theory. So it is about public information and not the merits of the case.

In short, Defendants request that the Court bifurcate discovery so that merits discovery does not commence until after class certification.

Dated: April 30, 2020

KATTEN MUCHIN ROSENMAN LLP

By /s/ *Richard H. Zelichov*
Richard H. Zelichov
richard.zelichov@katten.com
Christina L. Costley
christina.costley@katten.com
Paul S. Yong
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471
*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*