UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 19-1828-MWF (SKx)**          **Date:  July 14, 2020**
Title:        Matt Karinski v. Stamps.com, Inc., et al.

Present:   <u>The Honorable MICHAEL W. FITZGERALD, U.S. District Judge</u>

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**          ORDER RE: DEFENDANTS' MOTION FOR
                                        ORDER FOR EXTENSION OF PRETRIAL
                                        SCHEDULE [112]

Before the Court is Defendants' Motion for Order for Extension of Pretrial Schedule ("Extension Motion"), filed on June 22, 2020.  (Docket No. 112).  On June 29, 2020, Plaintiff filed an Opposition.  (Docket No. 117).  On July 3, 2020, Defendants filed a Reply.  (Docket No. 131).

The Court has read and considered the papers filed in connection with the motions and held a telephonic hearing on July 13, 2020, pursuant to the Court's Continuity of Operations Plan arising from the COVID-19 pandemic.

For the reasons discussed below, the Extension Motion is **GRANTED** *in part*. The deadlines for the parties' briefing in connection with the Motion for Class Certification is continued.  The Court also sets the hearing on the Motion for Class Certification for November 2, 2020.  The Court declines to continue the other dates even though it is sympathetic to the concerns raised at the hearing. Instead, the parties are **ORDERED** to meet and confer by **July 29, 2020,** and then submit a proposed stipulation with their proposed dates.

Through the Extension Motion, Defendants request that the Court extend the pretrial schedule, including their deadline to oppose Plaintiff's Motion for Class Certification and the discovery deadlines, as well as the trial date.  (*See* Extension Motion at 8-9).  Defendants generally argue that such an extension is necessary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.**  **CV 19-1828-MWF (SKx)**            **Date:  July 14, 2020**

Title:       Matt Karinski v. Stamps.com, Inc., et al.

because COVID-19 has caused unexpected delays both in Plaintiff's and Defendants' document productions and other pretrial discovery process.  (*See id.* at 2-3).

Moreover, Defendants argue that they require an extension to file their Opposition to the Motion for Class Certification because (1) they would only have 43 days to prepare even though it is common for defendants in this jurisdiction to have 60 days to oppose class certification; (2) they cannot conduct discovery related to class certification before Plaintiff files its class certification brief due to delays by Plaintiff and its investment advisors; and (3) one of Defendants' counsel is on maternity leave until mid-July and Defendants have a related derivative action pending in the Delaware Court of Chancery, where oral argument is scheduled on August 7, 2020.  (*Id.* at 3-6).

Defendants additionally argue that discovery deadlines should be continued. Specifically, they request that document production deadline be continued from August 28, 2020 to December 15, 2020; that non-expert discovery cut-off be continued from January 19, 2021 to April 15, 2021; and that all remaining pretrial schedule to be continued accordingly, resulting in the trial date being continued from November 9, 2021 to February 3, 2022.  (*Id.* at 6, 9).  Defendants argue that the document production deadline should either be eliminated or continued because there are outstanding discovery disputes between the parties, and there is a hearing set in front of Magistrate Judge Kim on July 22, 2020.  (*Id.* at 6-7).

In response, Plaintiff argues that Defendants' delay in this action is unjustified and that COVID-19 is merely a pretextual excuse.  (Extension Opposition at 1, 6-7). Specifically, Plaintiff suggests that this is Defendants' renewed request to protract the class certification and document production schedule after their proposed deadlines and their bifurcation plan in the Rule 26(f) report was rejected.  (*Id.* at 7).  Moreover, Plaintiff asserts that Defendants made a strategic decision to produce almost nothing until the parties reached an agreement on everything instead of filing a protective order as to certain categories of information, which has resulted in Defendants intentionally withholding documents that even they concede are discoverable.  (*Id.* at 3).

Plaintiff further asserts that it has been timely in responding to Defendants' document requests and that both its representative and its expert in support of class

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  **CV 19-1828-MWF (SKx)**          Date:  **July 14, 2020**
Title:      Matt Karinski v. Stamps.com, Inc., et al.

certification will be available for deposition before Defendants' opposition to the motion for class certification is due.  (*Id.* at 3).  As to Defendants' subpoenas to Plaintiff's investment advisors, Plaintiff argues that these entities should have only a small universe of documents that relate to issues at class certification and that there is no reason to believe that information from these entities would have any bearing on class certification.  (*Id.* at 5-6).

Plaintiff further argues that the requested extension will prejudice it.  (Extension Opposition at 8).  It asserts that Stamps' document retention policy effectively allowed the company to destroy former employees' documents when they departed the company even though the former employees' accounts are relevant to this litigation. (*Id.*).  Plaintiff argues that this policy means that Plaintiff will have fewer documents to refresh witnesses' memories and impeach dishonest witnesses.  (*Id.*).

The Court is not convinced that Plaintiff will be prejudiced by the delays.  As Defendants note, the "document destruction" policy only applied to the deletion that occurred ***before*** Plaintiff brought this action, and there should not be any new documents being destroyed in this lawsuit. (Extension Reply at 1).  Additionally, to the extent Plaintiff can sufficiently prove that Defendants have been engaging in gamesmanship resulting in the destruction of evidence, an accusation which should neither be made or taken lightly, Plaintiff is welcome to seek evidentiary or other sanctions, as appropriate.

The Court also agrees with Defendants that an extension to their Opposition to the Motion for Class Certification is warranted – especially in light of pending discovery that may affect Defendants' briefing.  However, the Court only grants the extension from August 10, 2020 to August 31, 2020 instead of September 4, 2020. The Court determines that an extension from August 10, 2020 to August 31, 2020 is not significant and no prejudice will arise from such an extension in the briefing schedule.  The Court is also willing to grant Plaintiff additional time to file its Reply.

At the hearing, Defendants asserted that they need additional time to complete document production.  In response, Plaintiff explained that the delay in Defendants' document production will affect other deadlines in this action.  In light of the concerns

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** **CV 19-1828-MWF (SKx)**                **Date:  July 14, 2020**
Title:       Matt Karinski v. Stamps.com, Inc., et al.

raised at the hearing, the parties represented that they are willing to meet and confer regarding these deadlines.  Therefore, the Court will not continue the remaining deadlines in this action, but directs the parties to meet and confer regarding appropriate extensions for the remaining dates in this action and submit a stipulation with their proposed dates.

Accordingly, the Extension Motion is **GRANTED** *in part*.  The deadlines for the parties' briefing in connection with the Motion for Class Certification is continued as follows.  The Court also sets the hearing on the Motion for Class Certification for **November 2, 2020**.

|  | **Current Deadline** | **New Deadline** |
|---|---|---|
| Lead Plaintiff to file Motion for Class Certification | June 29, 2020 | June 29, 2020 |
| Defendants' Opposition to Motion for Class Certification | August 10, 2020 | August 31, 2020 |
| Lead Plaintiff's Reply in Support of Motion for Class Certification | September 21, 2020 | October 15, 2020 |
| Hearing on the Motion for Class Certification |  | November 2, 2020 at 10:00 a.m. |

However, the Court will not continue any other dates in this action in light of the concerns raised at the hearing.  The parties are **ORDERED** to meet and confer by **July 29, 2020**, and then (let us hope) submit a stipulation with the agreed-upon dates.

IT IS SO ORDERED.