# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 19-1828-MWF (SKx)      **Date:** July 14, 2020
Title:      Matt Karinski v. Stamps.com, Inc., et al.

Present:    <u>The Honorable MICHAEL W. FITZGERALD, U.S. District Judge</u>

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**      ORDER GRANTING IN PART DEFENDANTS' MOTION TO CLARIFY ORDER ON MOTION TO DISMISS CASE [111]

Before the Court is Defendants Stamps.com, Inc. ("Stamps" or the "Company"), Kenneth McBride, Kyle Huebner, and Jeff Carberry's Motion to Clarify Order on Motion to Dismiss Case (the "Clarification Motion"), filed on June 22, 2020. (Docket No. 111). On June 29, 2020, Lead Plaintiff Indiana Public Retirement System ("Lead Plaintiff" or "Plaintiff") filed an Opposition. (Docket No. 116). On July 6, 2020, Defendants filed a Reply. (Docket No. 137).

The Court has read and considered the papers filed in connection with the Clarification Motion and held a telephonic hearing on July 13, 2020, pursuant to the Court's Continuity of Operations Plan arising from the COVID-19 pandemic.

The Clarification Motion is **GRANTED *in part***. The Court determines that the two of the disputed statements are no longer actionable. However, the Court determines that the remaining seven statements are still actionable. Construing all inferences in Plaintiff's favor, these statements could represent that that Stamps had a strong partnership with the USPS or that the USPS fully approved Stamps' use of the reseller program.

---

**CIVIL MINUTES—GENERAL**          1

Exhibit A
4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 19-1828-MWF (SKx)                **Date:** July 14, 2020
**Title:**      Matt Karinski v. Stamps.com, Inc., et al.

## I.      RELEVANT BACKGROUND

The facts and procedural history are well known to all parties.  Therefore, the Court will limit its recitation of facts to those necessary for context in ruling on these motions.

On March 13, 2019, Plaintiff Matt Karinski commenced this action.  (*See generally* Docket No. 1).  On June 5, 2019, the Court appointed Indiana Public Retirement System as Lead Plaintiff.  (Docket No. 62).  On August 5, 2019, Lead Plaintiff filed a Consolidated Complaint ("Complaint").  (Docket No. 71).  Through the Complaint, Plaintiff brings a securities fraud class action on behalf of all persons who purchased the common stock of Stamps.com between May 3, 2017 and May 8, 2019, inclusive (the "Class Period") and were harmed thereby (the "Class").  (Complaint - ¶¶ 1, 135).

Specifically, the Complaint alleges that Stamps exploited its contractual relationships with the USPS by providing customers unauthorized-discounted USPS shipping under what was known as the "reseller program."  (*Id.* ¶ 2).  Although Stamps publicly represented throughout the Class Period that its strong operating performance was the result of the Company's strong partnership with the USPS, the Complaint alleges that a majority of Stamps' reported revenue and earnings growth during the Class Period was the product of undisclosed, improper, and unsustainable business practices.  (*Id.* ¶¶ 4, 5).  The Complaint alleges that Defendants made a number of material misrepresentations and omissions, (*id.* ¶¶ 65-97) and asserts three claims for relief: (1) violations of § 10(b) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78j(b) and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5 (against all Defendants); (2) violations of § 20(a) of the 1934 Act (against Individual Defendants); and (3) violations of the § 20(a) of the 1934 Act (against Defendant McBride only).  (*Id.* ¶¶ 141-169).

On January 17, 2020, the Court issued an Order Denying Defendants' Motion to Dismiss ("MTD Order").  (Docket No. 89).  In the MTD Order, the Court noted that the alleged misrepresentation or omission in Plaintiff's Complaint center around three theories: "(1) Stamps' alleged abuse of the USPS reseller program; (2) Defendants'

CIVIL MINUTES—GENERAL                                                    2

Exhibit A
5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 19-1828-MWF (SKx) | **Date:** | **July 14, 2020** |
| **Title:** | Matt Karinski v. Stamps.com, Inc., et al. | | |

representations that its partnership with the USPS was 'strong'; and (3) Defendants' historical results and growth estimates. (*See id.* at 18).

The Court determined that Plaintiff has sufficiently alleged one of these theories. Specifically, Plaintiff has sufficiently alleged that "Defendants' representation that it had a strong relationship with USPS or that USPS was 'very happy' with Plaintiff's business practice was [allegedly] misleading." (*Id.* at 25). However, the Court determined that Plaintiff has failed to demonstrate the two other theories: that (1) Defendants omitted material information about Stamps' alleged abuse of the USPS reseller program; and that (2) "Stamps' discussion of, and positive statements about, its past and future financial results were misleading." (*Id.* at 19, 26).

## II.    **DISCUSSION**

Through the Clarification Motion, Defendants request that the Court clarify its MTD Order and specify which statements alleged in the Complaint survived the Motion to Dismiss. (Clarification Motion at 1). The parties acknowledge that the only statements that remain are those in the category of "stating that Stamps had a strong partnership with USPS and that USPS fully approved Stamps' use of the reseller program." (*Id.* at 1) (citing MTD Order at 1). However, the parties appear to disagree on which statements fall into this category.

In the Complaint, Plaintiff listed multiple paragraphs that contain allegedly false and misleading statements. (Complaint ¶¶ 66-70, 72-76, 78-82, 84-92). Plaintiff subsequently filed a chart ("Plaintiff's Chart" (Docket No. 83-1)), which listed "each false statement and why the statement was misleading by reference to paragraphs in the Complaint." (Docket No. 83). Specifically, Plaintiff identified 25 different statements and explained: "For certain statements, plaintiff has bolded the key portions of the statements that plaintiff alleges is false and misleading given the context of the full statement. If there is no bolding, the entire statement is alleged to be false and misleading." (*See* Plaintiff's Chart at 45, n.1).

With this Motion, Defendants filed a separate chart ("Defendants' Chart"), which took the statements from Plaintiff's Chart and divided them based on statements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 19-1828-MWF (SKx)          **Date:** July 14, 2020

Title:          Matt Karinski v. Stamps.com, Inc., et al.

that the parties agree are actionable, statements they agree are not actionable, and statements that are in dispute. (Docket No. 111-3). Based on Defendants' Chart, it appears that the parties agree on the actionability or non-actionability of a large number of statements. (*See id.*). However, the parties disagree whether nine (9) statements are still in dispute. (*See id.*).

As a preliminary matter, the Court agrees with Defendants that Plaintiff cannot belatedly assert that certain statements – which were not previously alleged to be false or misleading – are in dispute now. As Defendants note, Plaintiff previously explained that if Plaintiff bolded certain portions of the statements, then that portion is alleged to be false and misleading and the remaining paragraph was provided merely to give context. (*See* Plaintiff's Chart at 45, n.1). The Court, therefore, focused only on the statements that Plaintiff represented was allegedly false or misleading, in ruling on the MTD Order. Plaintiff is foreclosed from arguing that the sentences it previously argued was merely to give context are actionable as false or misleading – at least in the context of a motion to clarify the Court's MTD Order.

The Court also agrees with Defendants that the Court need not decide the scope of discovery that would be required for Plaintiff to prove scienter and materiality, which is properly in front of the Magistrate Judge. (Clarification Reply at 5, n.5). For the purpose of this Clarification Motion, the Court only decides which statements are still deemed potentially misleading or false statements in light of the Court's MTD Order.

At the hearing, the parties appeared to dispute what makes a statement misleading. Therefore, the Court first clarifies the applicable legal standard. "Rule 10b-5 and Section 14(e) in terms prohibit *only* misleading and untrue statements, not statements that are incomplete." cited to *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002) (emphasis in original). Therefore, "[o]ften, a statement will not mislead even if it is incomplete or does not include all relevant facts." *Id.*

However, even statements that generally would not be normally actionable, such as "general statements of optimism, when taken in context, may form a basis for a securities fraud claim when those statements address specific aspects of a company's

---

**CIVIL MINUTES—GENERAL**          4

Exhibit A

7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 19-1828-MWF (SKx)            **Date:** July 14, 2020

**Title:**      Matt Karinski v. Stamps.com, Inc., et al.

operation that the speaker knows to be performing poorly." *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1143 (9th Cir. 2017). "For example, reassuring investors that 'everything [was] going fine' with FDA approval when the company knew FDA approval would never come was materially misleading." *Id.* (citing *Warshaw v. Xoma Corp.*, 74 F.3d 955, 959 (9th Cir. 1996)). "Similarly, a statement that the company 'anticipates a continuation of its accelerated expansion schedule' when the expansion had already failed was materially misleading." *Id.* at 1143-44 (citing *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995)). This is so because such statements "affirmatively create[] an impression of a state of affairs that differ[s] in a material way from the one that actually exist[s]." *Id.* at 1144 (quoting *Brody*, 280 F.3d at 1006).

Keeping this law in mind, the Court examines the disputed statements:

Defendants argue that "merely acknowledging the existence of the Stamps-USPS relationship without any further description concerning the quality of the relationship does not amount to touting that relationship in positive terms." (Clarification Motion at 7). The Court agrees with this statement. However, the problem with the remainder of Defendants' argument is that many of the disputed statements do not merely acknowledge the existence of the relationship, but actually tout the relationship in positive terms – especially construing all inferences in favor of Plaintiff. Specifically, the Court determines that the following statements could communicate that Stamps had a strong relationship with the USPS and/or tout the relationship in positive terms:

- Paragraph 68, May 3, 2017: The USPS has always been one of our most important partners. We both have the common goal of growing USPS package volume and serving and retaining USPS customers. . . . and feel that ***we have created a sustainable win-win model for both of us, which will result in the continued growth of USPS packages, in ecommerce and more generally***.

- Paragraph 69, May 3, 2017: In response to a question regarding "the economics of the relationships you have, whether it's with the USPS or other partners, that would prompt some conservatism on guidance":

---

CIVIL MINUTES—GENERAL                                                5

Exhibit A
8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 19-1828-MWF (SKx)          **Date:** July 14, 2020
Title:          Matt Karinski v. Stamps.com, Inc., et al.

There's nothing to point to, specifically. And of course, we wouldn't be disclosing specifics of the partnerships, but it's just the same approach we've taken in years past and *we don't really expect any material changes to any kind of the underlying economics or the revenue share agreements that we have.*

- Paragraph 70, May 3, 2017: In response to a question concerning the Company's relationship with the USPS and whether the "USPS had sent a letter around to the participants in the reseller program with some potential changes":

  *There was no letter. The rumor is false.* . . . *So it's not true.*

- Paragraph 74, August 2, 2017: [We] *feel that we have created a sustainable win-win model for both of us, which will result in a continued growth of USPS packages and ecommerce and online postage more generally.*

- Paragraph 75, August 2, 2017: Yes, I would just say, I mean, we've been saying over the last year that it's a win-win partnership. And so the more successful we both are in helping the USPS compete, then I think that benefits both of us, and so I think it was really meant to highlight the win-win nature of the partnership and how both sides are succeeding.

- Paragraph 89, August 1, 2018: *But we do think that based on our conversations that the [Task Force] report will come out strongly in favor of the partnerships between the USPS and private industry like the partnerships we've had with the USPS.*

- Paragraph 92, October 31, 2018: *The USPS has many competing priorities, and the process just takes time. In general, we expect that updates to our agreements with the USPS will continue to reflect the critical role that we play in their e-commerce package business, including that we have the largest private sales force focused on driving*

Exhibit A
9

Case 2:19-cv-01828-MWF-SK Document 143 Filed 07/14/20 Page 7 of 9 Page ID #:3840

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 19-1828-MWF (SKx)  **Date:** July 14, 2020

Title:  Matt Karinski v. Stamps.com, Inc., et al.

> ***USPS growth. We process more than 1/3 of their Priority Mail volume in the U.S. And working hand-in-hand with the USPS through our partnership, we have contributed to a significant portion of overall USPS e-commerce package growth over the past 5 years.***
>
> ***I think when we look at the various reports that are out there, the conversations we've had with folks that are working on these reports, the general view is the idea of USPS increasingly embracing partnerships like ours makes a ton of sense for them.***

Defendants appear to argue that some of these statements should not remain in this action because they relate to Plaintiff's now-dismissed theories that (1) Defendants omitted material information about Stamps' alleged abuse of the USPS reseller program; and that (2) Stamps' discussion of, and positive statements about, its past and future financial results were misleading. Of course, Plaintiff is now foreclosed from seeking recovery based on either of these theories. However, Plaintiff is not foreclosed from using the same set of statements to prove its argument that Stamps misrepresented that it had a strong relationship with the USPS or that the USPS was "very happy" with Stamps' business practice.

As Defendants note, statements regarding a "win-win partnership" or a "win-win model" do not explicitly convey that Stamps had a strong relationship with the USPS or that the USPS approved of Stamps' business model. However, as Plaintiff notes, these statements strongly suggest that the USPS must have approved of the business model because it resulted in a "win" for the USPS. Of course, Defendants may ultimately prevail on their argument that the above statements did not falsely or misleadingly convey that Stamps had a strong relationship with the USPS or that USPS fully approved Stamps' use of the reseller program. Nonetheless, construing all inferences in Plaintiff's favor, the Court cannot conclude at this stage of the litigation that those statements did not convey such a message as a matter of law.

At the hearing, Defendants additionally argued that Paragraphs 89 and 92 were not misleading as a matter of law. As to Paragraph 89, Defendants argued that the statement was describing the findings of a Task Force report, rather than the

---

Exhibit A
10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 19-1828-MWF (SKx)                **Date:** July 14, 2020
**Title:**        Matt Karinski v. Stamps.com, Inc., et al.

relationship between Stamps and the USPS. They further argued that the adverb "strongly" was describing the report rather than the relationship with the USPS. As stated at the hearing, Defendants may so argue to the jury, or perhaps evidence on summary judgment will establish that no other interpretation was possible. At this stage, it is simply too much to argue that these statements cannot represent that Stamps and the USPS did not have a strong relationship *as a matter of law* – especially given that the statement represents that the Task Force report will report positively on the relationship between Stamps and the USPS.

As to Paragraph 92, Defendants argued that the statements were not misleading because they are accurate statements that relate to Stamps' past or future financial results. Moreover, Defendants argue that the statements closely mirrored the USPS Chief Financial Officer's statement on August 9, 2018, that PC Postage partners, like Stamps, are very important partners in terms of increasing volumes. (Clarification Motion at 10). These statements are a close call. If the Court were to parse statement by statement, there are certainly assertions – such as the assertion that the Stamps play a "critical role" in the USPS's e-commerce package business or that Stamps processes "more than 1/3 of [the USPS's] Priority Mail volume in the U.S." – that do not appear to be misleading or false. However, reading the passage as a whole, the Court cannot conclude that the statements do not convey that Stamps had a strong relationship with the USPS as a matter of law. This, in turn, could be misleading if the USPS were critical of certain aspects of Stamps' business model and were in the process of terminating certain aspects of the partnership at the time.

However, the Court determines that the following remaining disputed statements are not actionable as a matter of law. Specifically, the following statements relate to Stamps' discussion of, and positive statements about, its past and future financial results, without representing that Stamps has a strong relationship with the USPS or that the USPS fully approved Stamps' business practice:

- Paragraph 80, November 2, 2017: *So – and I think we're pleased to see the continued trend on the USPS. As you know, we succeed when they succeed. So we were happy with the percentages we saw*.

CIVIL MINUTES—GENERAL                                        8

Exhibit A
11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 19-1828-MWF (SKx)          **Date:** **July 14, 2020**
Title:          Matt Karinski v. Stamps.com, Inc., et al.

---

- Paragraph 86, May 3, 2018: *[W]e continue to focus on how to create value for the USPS, how to help them be successful in the e-commerce package market.* And so to the extent that we are successful in creating value and helping the USPS be successful in that part of the market, then those create the type of long-term partnership opportunities that we've seen over the past decade.

At the hearing, Plaintiff argued that the above two statements could also be misleading akin to statements like win-win partnership. The Court disagrees. Neither of these statements (at least the highlighted portions) communicate that the USPS approved of Stamps' reseller business practice or tout the strong relationship between Stamps and the USPS; rather they discuss Stamps' reaction to the financial results and its focus on how to create value going forward. The Court concludes that these statements do not affirmatively create an impression of a state of affairs that allegedly differed in a material way from the one that actually existed.

Accordingly, the Clarification Motion is **GRANTED** *in part*. The Court determines that the two of the disputed statements are no longer actionable. However, the Court determines that the remaining seven statements are still actionable to support Plaintiff's theory that Defendants misleadingly represented that Stamps had a strong partnership with the USPS and that the USPS fully approved Stamps' use of the reseller program.

IT IS SO ORDERED.

---

Exhibit A
12