# EXHIBIT C

| | |
|---|---|
| **From:** | Rotenberg, Jonathan <jonathan.rotenberg@katten.com> |
| **Sent:** | Friday, July 10, 2020 3:37 PM |
| **To:** | Kevin Sciarani; Zelichov, Richard H.; Costley, Christina L.; Stickel, Carrie M; Artaki, Thomas M.; Lippman, Victoria Kate; Yong, Paul S. |
| **Cc:** | Jason Forge; Eric Niehaus; Steve Pepich; Hillary Stakem |
| **Subject:** | RE: Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.) - Custodians |
| **Attachments:** | RE Karinski v. Stamps.com, Inc. et al., Case No. 219-cv-01828-MWF(SK) (C.D. Cal.) -- Discovery Motion |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Kevin,

Thank you for your email.

Before I respond, I need to address the misstatement in the first sentence of your email where you claim that the veto offer was "first raised in defendants' portion of the Joint Stipulation." As you well know, Defendants proposed this compromise in correspondence, dated June 19, 2020, sent prior to even receiving Plaintiff's portion of the joint stipulation. See attached. For whatever reason, Plaintiff's portion of the joint stipulation and now your email pretend that no such offer was made. The record on this point, however, is clear.

As for the balance of your email, as you request, Defendants will agree to work with Plaintiff in selecting replacement custodians if Defendants do exercise one or both of the vetoes. The vetoes will not be used on proposed custodians within the three categories identified in the joint stipulation.

We were very surprised, however, by the other terms of your proposal because they contradict and renege upon clear representations and commitments that you made to us during the meet and confer and, more importantly, to the Court in Plaintiff's portion of the joint stipulation. Defendants cannot permit Plaintiff to undo all of the progress the parties have made in narrowing the custodian issue over the nearly two month meet and confer process. If Plaintiff cannot stick to its prior assurances, we are unfortunately left with no choice but to stand on our request for a protective order.

Regards,

Jonathan

**Jonathan Rotenberg**
Partner

**Katten**
Katten Muchin Rosenman LLP
575 Madison Avenue | New York, NY 10022-2585
direct +1.212.940.6405 mobile +1.201.294.7846
jonathan.rotenberg@katten.com | katten.com

**From:** Kevin Sciarani <KSciarani@rgrdlaw.com>
**Sent:** Wednesday, July 8, 2020 8:15 PM

Exhibit C

42

**To:** Zelichov, Richard H. <richard.zelichov@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Rotenberg, Jonathan <jonathan.rotenberg@katten.com>; Stickel, Carrie M <carrie.stickel@katten.com>; Artaki, Thomas M. <thomas.artaki@katten.com>; Lippman, Victoria Kate <victoria.lippman@katten.com>; Yong, Paul S. <paul.yong@katten.com>
**Cc:** Jason Forge <JForge@rgrdlaw.com>; Eric Niehaus <EricN@rgrdlaw.com>; Steve Pepich <SteveP@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>
**Subject:** Karinski v. Stamps.com, Inc. et al., Case No. 2:19-cv-01828-MWF(SK) (C.D. Cal.) - Custodians

*EXTERNAL EMAIL – EXERCISE CAUTION*
Counsel,

On today's call we asked about the custodian offer first raised in defendants' portion of the Joint Stipulation, and defendants explained that the "veto" power referenced in their proposal would be absolute, such that it would eliminate as a custodian any two witnesses plaintiff identifies without negotiation, challenge, or opportunity to make a showing of good cause to the Court.  We stated that plaintiff could not agree to such sweeping authority because it would give defendants a unilateral right to eliminate the two most important custodians identified by plaintiff.

To address this issue, we propose that the veto power be limited to (1) custodians who do not fall within the 3 categories of custodians described in the Joint Stipulation; (2) require the parties to meet and confer to identify a suitable replacement custodian or to appropriately tailor the scope of production from the vetoed custodian; and (3) permit plaintiff to move to compel production of the vetoed custodian's documents (Of course, plaintiff would have to carry its burden and defendants would retain the right to oppose).  Beyond the veto issue, plaintiff also requests that defendants agree to add as custodians all witnesses defendants identify in any supplemental Rule 26 disclosures—these subsequently identified witnesses/custodians would not count against the number of custodians plaintiff is entitled to name.

We believe our counter-proposal addresses both sides' concerns.  Please let us know by Friday if you can agree to this proposal and we can put the issue to bed.

Best,
Kevin

**Kevin Sciarani**

Robbins Geller
Rudman & Dowd LLP

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

   

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**
===========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive

Exhibit C
43

use of the individual or entity to whom it is addressed and may contain information that is
proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you
are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or
distribution of this information may be subject to legal restriction or sanction.  Please notify
the sender, by electronic mail or telephone, of any unintended recipients and delete the original
message without making any copies.
============================================================
NOTIFICATION:  Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has
elected to be governed by the Illinois Uniform Partnership Act (1997).
============================================================

3

Exhibit C

44