# Exhibit 32

RICHARD H. ZELICHOV (SBN 193858)
richard.zelichov@katten.com
CHRISTINA L. COSTLEY (SBN 227134)
christina.costley@katten.com
PAUL S. YONG (SBN 303164)
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

*Attorneys for Stamps.com Inc., Kenneth McBride,
Kyle Huebner, and Jeff Carberry*

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel +1.310.788.4471 fax

**Katten**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | Case No. 2:19-cv-01828-MWF (SK)<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER RE: DEFENDANTS' MOTION TO DISMISS<br><br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 5A<br>Date: July 20, 2020<br>Time: 10:00 a.m. |
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Lead Plaintiff,<br><br>vs.<br><br>STAMPS.COM, INC., KENNETH McBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | |

## **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................. 1

II. ARGUMENT ....................................................................................................... 3

    A.  Plaintiff Cannot Completely Reinvent a New Theory of Liability Whenever Convenient. ................................................................. 3

    B.  Any Claims Not Based on Certain Statements in Paragraphs 68, 70, and 74 Were Dismissed. ................................................. 5

III. CONCLUSION ................................................................................................. 10

Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel   +1.310.788.4471 fax

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Lorenzo v. Sec. & Exch. Comm'n*,
 __ U.S. __, 139 S. Ct. 1094 (2019) ...................................................................... 6

**Statutes**

15 U.S.C. §§ 78u-4(b)(1) .................................................................................... 6

15 U.S.C. §§ 78u-4(b)(2) .................................................................................... 6

**Katten**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER RE: DEFENDANTS' MOTION TO DISMISS

## I.  INTRODUCTION

Plaintiff's Response to Defendants' Motion for Clarification (the "Response") demonstrates exactly why Defendants were forced to file their motion for clarification in the first place.  It also provides a microcosm of the difficulties that Plaintiff's moving-target litigation tactics have caused.  Plaintiff's Response attempts to rewrite (yet again) Plaintiff's Complaint and Opposition to the Motion to Dismiss as well as the Court's Order.[1]  This time (and for the first time), Plaintiff argues that the primary thrust of its claims against the Defendants reflect a "scheme" to defraud under Rule 10b-5(a) and (c) and not misrepresentations under Rule 10b-5(b).  Plaintiff seemingly makes this argument because it thinks that the use of the amorphous term "scheme" somehow increases the number of statements that survived the Motion to Dismiss.  Plaintiff, however, does not cite any case holding that there is a lesser standard to allege falsity, scienter, or any other element of a claim under Section 10(b) for statements allegedly made as part of a "scheme" under Rules 10b-5(a) and (c) than for statements challenged under Rule 10b-5(b).  Indeed, there is not a lesser standard.

The Court dismissed Plaintiff's claims based on the statements alleged in Paragraphs 69, 75, 80, 86, and 89 for failure to adequately allege falsity.  The Court held that the only statements remaining in the case are those in which Stamps "touted its strong relationship with USPS and USPS's approval of Stamps' business model" and that "Plaintiff has failed to allege that Defendants made any other actionable misrepresentation or omission." Ex. A at 1, 23.  The Court thus dismissed statements (1) describing the existence of the Stamps-USPS relationship, (2) indicating that both parties benefited from the relationship, (3) disclosing Stamps' historical results and projections for the future, and (4) about "how Stamps achieved strong

---

[1] Capitalized terms not defined herein shall have the meaning given to them in Defendants' Motion for Clarification (the "Motion").  All "Ex." cites herein are references to Exhibits attached to the Declaration of Richard H. Zelichov in Support of the Motion.

1

**Katten**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

performance and how its shipping business continued to be strong." Ex. A at 18-19, 25-26.

While Plaintiff claims that Defendants' Motion for Clarification "should never have been filed" and is a delay tactic (Resp. at 2, 8-9), the Response demonstrates that clarification from the Court is even more important now than it was on June 22. Plaintiff not only failed to raise this "scheme" theory in the Complaint and Opposition to the Motion to Dismiss, it also failed to mention it in the six weeks while the parties met and conferred about Defendants' responses to Plaintiff's requests for production of documents. *See* Ex. M; Ex. F at 2 (meet and confer letter from Plaintiff dated May 7, 2020 with no mention of scheme); Ex. G at 1-2 (meet and confer letter from Plaintiff dated June 3, 2020 with no mention of scheme). Nor did Plaintiff even mention it in its nearly 30-page portion of the July 1, 2020 Joint Stipulation concerning discovery (in which it invented a different new and incorrect theory concerning a "duty to correct"). *See* Dkt. No. 127-2 at 5:1-11, 23:14-22 (arguing for a duty to correct). The Court needs to clarify which statements remain in this case because Defendants are entitled to a fair opportunity to defend themselves. Neither the Court nor Defendants should have to keep playing Plaintiff's game of whack-a-mole.[2]

---

[2] In an apparent diversion tactic, Plaintiff spends a large portion of its Response (including nearly the entire introduction) discussing motions other than Defendants' Motion for Clarification. Plaintiff characterizes the Motion to Dismiss as a failure and accuses Defendants of "machinations" and "trick[s]" (Resp. at 1), but by Plaintiff's own admission, the Court dismissed no fewer than 15 statements that Plaintiff attempted to allege were false or misleading. *See* Mot. at 4 n.4. Plaintiff says that the Court denied Defendants' request to bifurcate discovery (Resp. at 1), but ignores that the Court issued an Order stating that it "typically denies requests for bifurcation," but stated that "Defendants make decent arguments." Dkt. No. 107. As for Defendants' Motion for Extension of Pretrial Schedule (*see* Resp. at 1), Defendants filed their reply on July 3, 2020, in accordance with the expedited schedule permitted by the Court at Defendants' request.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER RE: DEFENDANTS' MOTION TO DISMISS

**Katten**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel   +1.310.788.4471 fax

## II.     ARGUMENT

### A.     <u>Plaintiff Cannot Completely Reinvent a New Theory of Liability Whenever Convenient.</u>

Plaintiff's Response purports to change Plaintiff's entire theory of liability from the claim that Defendants made knowingly false and misleading statements into a theory that Defendants engaged in a scheme to defraud its stockholders. Plaintiff cites only one portion of one paragraph in its 165 paragraph Complaint as support for this new theory, Paragraph 145, thereby ignoring that the Complaint included over twenty pages detailing "Defendants' False and Misleading Class Period Statements."[3]  Resp. at 3:4; Ex. D ¶¶ 65-97.  Paragraphs 65-97 served as the backbone of Plaintiff's entire Argument section in its Opposition to the Motion to Dismiss titled "Plaintiff Has Pled with Specificity How and Why Defendants' Statements Were False or Misleading."  Ex. M at 22-34.  And while Plaintiff liberally used the word "scheme" in its Complaint and its Opposition to the Motion to Dismiss, it did not use the term to reflect a scheme to defraud Stamps' stockholders, but a "reseller scheme" that supposedly harmed the USPS.  *See, e.g.*, *id.* at 13, 22, 31, 38.  The fact that Plaintiff has woven this scheme theory out of whole cloth now

---

[3] When shareholders actually assert claims based on Rules 10b-5(a) and (c) (rather than trying to shift to such a theory in the middle of a case for purposes of a single motion), they typically include a separate count for scheme liability claims.  *See, e.g.*, Amended Consolidated Complaint for Violation of Securities Laws ¶¶ 536-544, Dkt. No. 119, *In re Aqua Metals, Inc. Sec. Litig.*, Case No. 17-cv-7142 (N.D. Cal.) (separate claim for relief for violation of Rules 10b-5(a) and (c)); Consolidated Class Action Complaint for Violation of Federal Securities Laws ¶¶ 188-198, Dkt. No. 54, *In re Nektar Therapeutics Sec. Litig.*, Case No. 18-cv-6607 (N.D. Cal.) (same); Consolidated Second Amended Complaint ¶¶ 541-547, Dkt. No. 53, *Kaye v. Immunocellular Therapeutics, Ltd.*, Case No. 17-cv-3250 (C.D. Cal.) (same); Amended Consolidated Complaint for Violations of the Federal Securities Laws ¶¶ 276-282, Dkt. No. 56, *In re Maxwell Tech. Inc. Sec. Litig.*, Case No. 13-cv-580 (S.D. Cal.) (same).

Plaintiff's counsel, in fact, did just that in a case in the United States District Court for the Southern District of New York.  *See* Amended Class Action Complaint for Violation of the Securities Laws ¶¶ 240-248, Dkt. No. 50, *Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*, Case No. 19-cv-7536 (S.D.N.Y.) (same).

---

<u>**D**EFENDANTS' **R**EPLY IN **S**UPPORT OF **M**OTION FOR **C**LARIFICATION OF **O**RDER RE: **D**EFENDANTS' **M**OTION TO **D**ISMISS</u>

as some misguided effort to try expand the statements still at issue can be seen clearly in the fact that not one of the cases that it cites in the Response was cited in its Opposition to the Motion to Dismiss, despite the fact that Defendants moved to dismiss the entire Complaint. *Compare* Resp. *with* Ex. M at 4-9.

Regardless of what Plaintiff says now, the Court itself also seemingly understood Plaintiff to be alleging claims based on false or misleading statements—and not some newly posited scheme to violate the securities laws—as the introduction to the Order stated:

> Plaintiff has sufficiently alleged that Defendants made a material misrepresentation by stating that Stamps had a strong partnership with USPS and that USPS fully approved Stamps' use of the reseller program. However, Plaintiff has failed to allege that Defendants made any other actionable misrepresentation or omission.

Ex. A at 1. The Court also both titled its analysis of falsity as "Material Misrepresentation or Omission" and noted that the "[t]he parties appear to agree that the alleged misrepresentation or omission center around the following" and then listed three categories of statements. *Id.* at 16, 18. To the extent that Plaintiff was somehow arguing that a "reseller scheme" that supposedly violated USPS contracts or governance and purportedly harmed the USPS somehow also constituted a "scheme" to defraud stockholders, this Court rejected that theory. *Id.* at 19. The Court thus expressly held "Plaintiff may not base its claims on Defendants' alleged omission of their reseller scheme" and "[b]ecause Plaintiff has failed to plausibly allege that Stamps' business model violated any contract, statute, or regulation, the Court determines that Plaintiff's allegations regarding Stamps' strong partnership with the USPS fail to the extent that they are based on an alleged contract breach or statutory violation." *Id.* at 19, 22. This case is and has always been a standard case of securities fraud alleging that Defendants made false and misleading statements

**Katten**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

4

that are actionable under Rule 10b-5(b). Plaintiff cannot keep changing its theory of liability whenever convenient.[4]

### B. Any Claims Not Based on Certain Statements in Paragraphs 68, 70, and 74 Were Dismissed.

Plaintiff's Response finally provides its explanation for why it believes the statements in Paragraphs 69, 75, 80, 86, 89, and 92 were not dismissed. It does not address what Defendants believed to be possibly disputed statements in Paragraphs 68 (May 3, 2017), 70 (May 3, 2017), and 74 (August 2, 2017) and so Plaintiff has, therefore, conceded that those statements are no longer part of the case. *Compare* Mot. at 8 n.5 and Ex. B (column entitled "Disputed Statements") *with* Resp. at 5-9. Plaintiff's explanation, however, depends in large part on its recasting of the lawsuit as asserting a "scheme" claim.[5] Plaintiff, however, just assumes, without explanation or legal basis, that this transformation somehow broadens its case such that statements that are not false or misleading should somehow be considered part of this newly made up scheme. Thus, for every statement that Plaintiff purports to defend as still in the case, it simply repeats in some form the justification that the statement "relates to Defendants' scheme." *See, e.g.*, Resp. at 5 ("paragraph 69 relates to Defendants' scheme"); *id.* at 6 ("it is hard to imagine a statement that more clearly and succinctly perpetuated Defendants' scheme than the one alleged in

---

[4] Plaintiff claims, based solely on the length of Defendants' exhibits, that the Motion does not seek to clarify or simplify anything, but is rather a motion for reconsideration. Resp. at 1-2, 9. That is incorrect. It is clear on the face of the Motion (and this brief) that Defendants are not seeking a substantive change of mind, but rather the Court's intervention to stop Plaintiff from repeatedly mischaracterizing the plain language of the Court's Order. Mot. at 6-7. Plaintiff ignores the fact that the large majority of the exhibit pages are documents that were previously filed with the Court and were attached for the Court's convenience. *Id.* at 1 n.1.

[5] Plaintiff's arguments about the scope of discovery on issues of scienter and materiality (Resp. at 4) are not relevant to this Motion and, moreover, are already before Judge Kim. Dkt. Nos. 125, 127 (Joint Stipulation, including a thirty page section from Plaintiff, along with over 300 pages of exhibits from Plaintiff).

**Katten**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER RE: DEFENDANTS' MOTION TO DISMISS**

paragraph 75"); *id.* (paragraph 80 "perpetuated the scheme"); *id.* ("[s]ticking with this same theme of their scheme, paragraph 86 . . .").

Plaintiff's scheme mantra also cannot change the Court's Order. Plaintiff never attempts to argue that the Complaint adequately alleges scheme liability (indeed, it does not), and never even cites the standard to allege a scheme to defraud (further evidence that this theory is novel). This new theory also violates the PSLRA's explicit text that Plaintiff has to support claims of falsity and scienter with particularity for "each statement" and "each act or omission." 15 U.S.C. §§ 78u-4(b)(1), 78u-4(b)(2). Plaintiff's Response merely cites *Lorenzo v. Sec. & Exch. Comm'n*, __ U.S. __, 139 S. Ct. 1094, 1101 (2019), for the general proposition that Rules 10b-5(a) and (c) "capture a wide range of conduct." Resp. at 3. *Lorenzo*, however, is distinguishable and actually highlights why Plaintiff's new scheme theory fails. There, the Supreme Court narrowly held that scheme liability covered an individual who, while not the maker of the statement, "disseminat[ed] false or misleading information to prospective investors with the intent to defraud." 139 S. Ct. at 1101. *Lorenzo* did not lower the pleading standard under the PSLRA or change the elements to plead securities fraud. In fact, the Supreme Court assumed that a materially false or misleading statement, and the defendant's scienter with respect to that statement, were prerequisites for scheme liability. *Id.* at 1099-1100. Plaintiff's attempt here to use scheme liability to bring back statements that the Court already held were not false or misleading thus turns *Lorenzo* on its head.

Defendants explained in the Motion that the statement in Paragraph 69 (May 3, 2017) that it "wouldn't be disclosing the specifics of its partnerships" does not tout its USPS partnership and so was dismissed. Mot. at 7-8. Plaintiff did not respond and so presumably agrees that this statement was dismissed. Defendants further explained that the statement in Paragraph 69 that "we don't really expect any material changes to any kind of underlying economics or revenue share agreements we have" is about Stamps' future economic prospects and was thus dismissed in

**Katten**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

6

accordance with the Court's Order. *Id.* at 8. Plaintiff does not deny that it is a statement about the future and that the Court dismissed statements about Stamps' future economic prospects.[6] Resp. at 5. Plaintiff also does not acknowledge the risk disclosures that Stamps included about its relationships with both the USPS and other partners that serve to protect forward-looking statements like this one. Plaintiff instead says that the statement would have been understood differently if Stamps also included negative information that the USPS was considering changes to the reseller program (*id.*), but the Court only applied that reasoning to statements touting the present state of the relationship and not what Stamps thought it could accomplish going forward (Ex. A at 21-23).[7]

---

[6] After these statements on May 3, 2017, Stamps and the USPS executed a new Package Business Incentive Agreement ("Incentive Agreement") on June 13, 2017 with improved economics for Stamps. These May 3, 2017 statements were thus entirely accurate (and actually conservative). *See* Ex. E at 8.

[7] Plaintiff's continued focus on the idea that Stamps should have disclosed that the USPS was considering changes to the reseller program was incorrect as a matter of pleading and makes absolutely no sense now. As explained in Defendants' portion of the Joint Rule 26(f) Report, the USPS did not make changes to its reseller program in 2017 or 2018, thereby further reflecting its support for the program and how it was being used by the extended ecosystem, including, but not limited to Stamps and its subsidiaries, to help grow USPS volume. Stamps announced on May 8, 2019 that the USPS might make changes to the reseller program in 2019 after it had received specific and credible information from its reseller partners in the spring of 2019. Stamps' stock price fell in response to that disclosure. Just three months later on August 7, 2019, however, Stamps told the market in a conference call that the USPS had determined not to make such changes in 2019 and its stock price went back up. The USPS did make certain changes to the reseller program in very late 2019 and early 2020 (nearly three years after Plaintiff claims that Defendants should have disclosed that changes to the reseller program were coming imminently based on speculation in an email from Parcel Partners that was not sent to Stamps but to Stamps' customers with whom Parcel Partners was trying to develop a "direct relationship" (Ex. D ¶ 58). These changes did **not** impose the limits on Stamps' use of reseller rates upon which Plaintiff has based this lawsuit. Thus, when on February 19, 2020, Stamps disclosed the results it projected to achieve based on the actual changes, Stamps' stock price increased significantly from $95.46 to $157.99. *See* Ex. E at 14 n.7. As of the close of the stock market today, Stamps' stock price was $199.39—above $198.08, where it closed on February 21, 2019, before the supposedly "corrective"

Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel +1.310.788.4471 fax

7

Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel   +1.310.788.4471 fax

As for Paragraph 75 (August 2, 2017), Defendants explained that the Court dismissed a statement relating to a "win-win model" and "win-win partnership" is substantially similar. Mot. at 8 (citing Ex. A at 18). Plaintiff just ignores this entirely and claims that the "USPS viewed it as a 'win-lose' partnership." Resp. at 6. Plaintiff, however, never alleged that it was a "win-lose" partnership. Plaintiff only alleged that some at the USPS were not happy that the USPS was not "winning" as much from the partnership as they believed Stamps was "winning." Such a view does not render the statement that it was a "win-win" partnership misleading or otherwise false. Defendants put forth the full context of the statements in Paragraph 80 (November 2, 2017) before the Court describing how Stamps succeeds when the USPS succeeds in comparison to UPS and FedEx given that the vast majority of Stamps' revenue results from customers using USPS for mailing and shipping. Mot. at 8. Plaintiff's response ignores all context and argues that the USPS believed that "we succeed when they fail." Resp. at 6. While this is pithy, it is not how the Court interpreted Plaintiff's allegations. The Court simply held that Plaintiff had alleged that the USPS was considering changes to the reseller program because it was not happy with the prices Stamps was charging certain customers. Ex. A at 23-24. This does not equate to "we succeed when they fail" especially in connection with competition for customers with UPS and FedEx.

Plaintiff commits a similar error in its arguments concerning Paragraph 86 (May 3, 2018) by completely ignoring the context of the statement. Plaintiff does not address Defendants' explanation that the statement about "creating value" relates to growing USPS package volume which is substantially similar to statements that the Court dismissed concerning Stamps' shipping business being strong. Mot. at 9; Ex. A at 26. Plaintiff does try to claim that the statement about "long-term partnership opportunities that we've seen over the last decade" misleadingly fails to

disclosures. It is also well above the price at the beginning of the alleged class period, $110.10.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER RE: DEFENDANTS' MOTION TO DISMISS**

Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

disclose that there might have been some issues with the partnership at that time, but Plaintiff ignores that it is a historical statement about the relationship that the Court dismissed. Resp. at 7; Ex. A at 25-26. Plaintiff also ignores that the statement is directly framed as conditional with the introductory clause of "to the extent that we are successful in creating value and helping the USPS be successful" (Ex. J at 10) in shipping and so did not say that the relationship was "so strong, due to the value that Stamps created for USPS" (Resp. at 7). Of course, it would also have been accurate to say that Stamps had helped the USPS grow volume, as the USPS Chief Financial Officer said exactly that just a few months later. Mot. at 10:7-12 (citing Ex. L at 18).

Defendants provided three reasons why Paragraph 89 (August 1, 2018) had been dismissed. It concerned the future, said nothing about the relationship between Stamps and the USPS other than that one existed, and concerned a task force report that was released on December 4, 2018, which any stockholder could read for itself then and determine the truth or falsity of Stamps' statements (without any connection to the supposedly corrective disclosures in February and May 2019). Mot. at 9; Ex. K. Plaintiff does not respond to any of these arguments. Rather, it rewrites the statement as indicating that Stamps said that it had a strong partnership with the USPS (Resp. at 7) when the actual statement said nothing of the sort. The word "strongly" described what Stamps thought would be in the contents of the report and not its partnership with the USPS. As for Paragraph 92 (October 31, 2018), Stamps made five arguments as to why the Court had dismissed it including that it said nothing about the quality of the Stamps-USPS partnership, accurately paraphrased the statement from the USPS CFO about package growth, discussed Stamps' past financial results, and included a projection about the future. Mot. at 9-10. Plaintiff responds to none of these arguments. Instead, it purports to include portions of the statements from October 31, 2018 (Resp. at 8) that it had conceded were not false or misleading when it did not bold and italicize them in Exhibit A to its Opposition to

9

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER RE: DEFENDANTS' MOTION TO DISMISS**

the Motion to Dismiss (thereby confirming that Plaintiff wants the Court and Defendants to play whack-a-mole). *See* Mot. at 10-11; Ex. C at 11-12. It pretends that Stamps did not issue a very detailed risk disclosure in its August 8, 2018 10-Q about the continued negotiations on the Incentive Agreement. And while Plaintiff says that these statements "unmistakably convey[] the notion of a strong partnership between Stamps and the USPS," none of those words are actually in the text that Plaintiff quotes. Resp. at 8. Also, similar to the August 1, 2018 statement, the task force report about which these statements relate could be read by any stockholder on December 4, 2018 who could then determine the truth or falsity of Stamps' statements (without any connection to the supposedly corrective disclosures in February and May 2019).

## III. CONCLUSION

For all reasons set forth herein and in Defendants' Motion, the Court should clarify that the only statements it did not dismiss are those identified in the first column of Exhibit B to Defendants' Motion.

Dated: July 6, 2020

KATTEN MUCHIN ROSENMAN LLP

By: *Richard H. Zelichov*

Richard H. Zelichov
richard.zelichov@katten.com
Christina L. Costley
christina.costley@katten.com
Paul S. Yong
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471
*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*

Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
+1.310.788.4400 tel  +1.310.788.4471 fax

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER RE: DEFENDANTS' MOTION TO DISMISS