# Exhibit 36

RICHARD H. ZELICHOV (SBN 193858)
richard.zelichov@katten.com
CHRISTINA L. COSTLEY (SBN 227134)
christina.costley@katten.com
PAUL S. YONG (SBN 303164)
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY,<br><br>Defendants. | Case No. 2:19-cv-01828-MWF (SK)<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF PRETRIAL SCHEDULE<br><br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 5A<br>Date: July 13, 2020<br>Time: 10:00 a.m. |

# **TABLE OF CONTENTS**

**I.** INTRODUCTION ...................................................................................................1

**II.** ARGUMENT.........................................................................................................2

    **A.** Covid-19 Has Caused Unexpected Delays in the Pretrial Discovery Process Necessitating an Extension of the Class Certification Briefing Schedule and Other Deadlines .....................2

    **B.** Defendants Have a Distinct Disadvantage Under the Current Class Certification Briefing Schedule That Has Been Compounded by Delays by Plaintiff and Its Investment Advisors .................................................................................................3

    **C.** Despite Defendants' Good Faith Efforts, An Extension of the Non-Expert Discovery Deadline Is Required in this Case .............6

    **D.** The Requested Extension Will Not Prejudice Plaintiff ...................7

**III.** CONCLUSION ...................................................................................................8

i

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Frahm v. Isaacs,*
  2015 WL 12780755 (D. Mont. Apr. 28, 2015) ....................................................... 8

*Halliburton Co. v. Erica P. John Fund,*
  Inc., 573 U.S. 258 (2014) ......................................................................................5

*Loritz v. Exide Tech.,*
  2015 WL 6790247 (C.D. Cal. July 21, 2015) .......................................................5

*Villella v. Chemical & Mining Co. of Chile Inc.,*
  2018 WL 2958361 (S.D.N.Y. June 13, 2018) ........................................................5

**Statutes**

15 U.S.C. § 78u-4(b)(3)(C) of the Private Securities Litigation Reform
  Act..........................................................................................................................7

## **MEMORANDUM OF POINTS & AUTHORITIES**

### I. INTRODUCTION

Plaintiff has filed an Opposition brief rife with misrepresentations and conjecture, none of which are relevant to Defendants' modest request for an additional 25 days to oppose class certification and an additional 86 days for non-expert discovery. Plaintiff does not and cannot dispute that the schedule Defendants seek is in line with the schedule implemented by this Court in other, similar securities class actions that did not transpire against the background of a global pandemic.

Instead, Plaintiff resorts to mischaracterizing the record, arguing that this Court has previously "rejected Defendants' arguments for a prolonged schedule" in this case. Opp. at 1. But that is not so. Although this Court did adopt Plaintiff's proposed pre-trial schedule in the April 20, 2020 Joint Rule 26(f) Report (Dkt. No. 100), it expressly stated on the front page of its order that "[t]he Court recognizes that this schedule is subject to changed circumstances." Order re Jury Trial (Dkt. No. 106) at 1. Those changed circumstances include continuation of the COVID-19 pandemic; delays caused by the parties' inability to reach an agreement on custodians, date ranges, or topics; and delays by both Plaintiff and Plaintiff's investment advisors in producing responsive documents.

Plaintiff also fails to establish prejudice from a delay. Stamps is not, as Plaintiff insinuates, engaged in an ongoing practice of document destruction. The "document destruction" to which Plaintiff refers in the Opposition is merely the routine deletion of documents belonging to former employees when they left Stamps that occurred *before* Plaintiff brought this lawsuit. Plaintiff has not even shown that relevant documents were deleted at that time, let alone, explained how the alleged deletion makes a 25 day extension of the class certification briefing schedule, and an 86 day extension to the close of fact discovery, prejudicial. For all these reasons, Defendants' Motion for Extension of Pretrial Schedule (Dkt. No. 112) ("Motion" or "Mot.") should be granted.

1

## II.  ARGUMENT

### A.  Covid-19 Has Caused Unexpected Delays in the Pretrial Discovery Process Necessitating an Extension of the Class Certification Briefing Schedule and Other Deadlines

Plaintiff does not, and cannot, dispute that COVID-19 has imposed significant limitations on the pre-trial process, resulting in the delay of Plaintiff's own document production by a number of months.  Opp. at 2-3; Zelichov Decl. at ¶10.  Instead, Plaintiff takes the position that Defendants should be allowed just 43 days to oppose class certification, in spite of COVID-19, because (Plaintiff claims) the "limitations" imposed by the pandemic were known when this Court entered the scheduling order and "have only decreased as . . . California [has lifted] various restrictions and mandates."  Opp. at 3.

Contrary to Plaintiff's epidemiological musings, public health experts have opined that this is a fluid situation that is getting worse, not better.  In the short time since Plaintiff filed its Opposition, California has walked back its planned reopening and several other states placed California on a "travel advisory" list for states with "increased prevalence of COVID-19," requiring California residents (including defense counsel) to quarantine for 14 days before entering states with lower infection rates.  Supp. Decl. Ex. 1, at 2-3.  As a result, defense counsel are continuing to work from home using overtaxed internet networks to review documents and conduct research and video conferences for team meetings – all while continuing to balance childcare needs.  The contract attorneys retained to review documents have likewise had to be trained via video conference (as opposed to the more efficient live trainings customary in these cases) and are working from their homes with an additional security layer built into the review platform that unfortunately (but necessarily) increases latency issues.  And travel restrictions have made in person visits to interview witnesses, consult with experts, and take depositions all but impossible.

**Katten**

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

2

Case 2:19-cv-01828-MWF-SK   Document 149-6   Filed 07/15/20   Page 7 of 13   Page
ID #:3965
Case 2:19-cv-01828-MWF-SK   Document 131   Filed 07/03/20   Page 6 of 12   Page ID #:3948

**B.      Defendants Have a Distinct Disadvantage Under the Current Class Certification Briefing Schedule That Has Been Compounded by Delays by Plaintiff and Its Investment Advisors**

Despite Plaintiff's assertion that this request is somehow an attempt to "punish" them by postponing the case indefinitely, Defendants seek only 25 additional days to respond to Plaintiff's class certification brief, giving them a total of 68 days to respond, as compared to the ***five months*** Plaintiff had to prepare its opening brief. This would bring the schedule in this case in line with the schedule in other securities class actions in front of this Court that have *not* been conducted against the backdrop of a global pandemic, avoid conflicting hearing dates in the derivative case, allow the partner with primary responsibility for drafting the class certification opposition brief to finish maternity leave, and give defendants time to review the document production Plaintiff made on June 19, 2020, prepare for depositions, and otherwise oppose class certification. *See* Mot. at 3-6.[1]

Plaintiff's primary basis for opposing Defendants' requested 25 day extension appears to be its own *ipse dixit* that *any* time spent briefing class certification is unjustified because class certification is a foregone conclusion. *See* Opp. at 4-5. This Court, however, has already observed that Defendants have a cognizable basis for opposing class certification. *See* Order Granting Defendants' Request to File Supplemental Statement Re Joint Rule 26(f) Report (Dkt. No. 107) at 1 (noting that "Defendants make decent arguments" regarding bifurcation which comprised of arguments about which statements remain at issue and the likelihood (or lack thereof) of class certification). Plaintiff also argues (as it has in nearly every brief it has filed this year) that Defendants should not be allowed any additional time for discovery because they purportedly brought a "failed" motion to dismiss. This assertion is not only irrelevant, it is completely false; as Plaintiff is well aware, the Court dismissed

---

[1] The Court then granted further extensions in those cases for the Defendants to file their oppositions to plaintiff's motions for class certification. *See* Zelichov Decl. at ¶ 16-17.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF PRETRIAL SCHEDULE**

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

the majority of the allegations in the Complaint (including Plaintiff's core theory that Defendants had concealed a course of inherently unlawful conduct), noting that while "I started out having a lot of sympathy for the plaintiffs . . . they haven't necessarily alleged as much as they think they have." Supp. Decl. Ex. 2, at 3-4.

Plaintiff also attempts to disavow the impact of its own delay in producing documents. *See* Opp. at 4. First, Plaintiff argues that any such delay is excused because Defendants did not object to Plaintiff's proposed production schedule. *See Id.* But Defendants' non-opposition was based on Plaintiff's assurances that it was open to an extension of the class certification schedule; Defendants never agreed that it could be ready to file an opposition to class certification just 52 days after receiving Plaintiff's production. *See* Zelichov Decl. ¶ 13. Moreover, even now, Plaintiff still has not produced the investment agreement with Disciplined Growth Investors ("DGI") that was in effect when DGI purchased Stamps stock on Plaintiff's behalf or the investment agreement with Rhumbline Advisers ("Rhumbline") in effect during the vast majority of the putative class period. *See* Supp. Decl. Ex. 3. Plaintiff is also refusing to produce documents indicating how much money it entrusted each investment advisor to invest on Plaintiff's behalf. *See Id.* This information is directly relevant to bias because the investment advisors were paid a percentage of the total amount invested by Plaintiff for their advice. In addition, it is common sense that a decision to invest $4 million of a $40 million account would likely be analyzed very differently from a decision to invest $4 million of a $4 billion account. Plaintiff has even gone so far as to state that it is not "currently aware of any documents that would allow [it] to ascertain this information" – a statement that defies credulity because it would mean that a pension fund with $36.1 billion under management does not know how much of that money it has allocated to different advisors. Supp. Decl. Ex. 3, at 1.

Plaintiff likewise does not dispute that its investment advisors have failed to produce responsive documents. Instead, Plaintiff insists that these documents "will

Katten

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

4

not cut against class certification" because Plaintiff relies on the fraud on the market presumption. Opp. at 5-6.[2] The fraud on the market presumption, however, is just that – a presumption, which Defendants are entitled to rebut by taking the same discovery that Plaintiff here insists is unnecessary. *See Id.* (acknowledging that the presumption is rebuttable). It is for Defendants, not Plaintiff, to decide which documents it needs to defend this case. *See Halliburton Co. v. Erica P. John Fund*, Inc., 573 U.S. 258, 276 (2014) (Basic "afford[s] defendants an opportunity to rebut the presumption of reliance with respect to an individual plaintiff by showing that he did not rely on the integrity of the market price in trading stock.") In addition, the reasons that Plaintiff's investment advisors made investments on Plaintiff's behalf inevitably affect the typicality and adequacy of Plaintiff as class representative. *See, e.g.*, *Villella v. Chemical & Mining Co. of Chile Inc.*, 2018 WL 2958361 at *6-7 (S.D.N.Y. June 13, 2018). Just by way of example and as noted in the Motion, DGI purchased more Stamps stock for Plaintiff after the alleged corrective disclosures than it did before, strongly suggesting that it did not believe that Defendants had committed fraud. *See, e.g.*, Mot. at 5 n.3; *see also Loritz v. Exide Tech.*, 2015 WL 6790247, at *6 (C.D. Cal. July 21, 2015) (finding lead plaintiff inadequate and atypical due to substantial post-corrective disclosure purchases).

Plaintiff's final argument – that defense counsel's unavailability due to maternity leave and hearings in the derivative case is irrelevant because Katten has hundreds of other lawyers –fails to recognize that Defendants should have a right to

---

[2] Plaintiff also argues that Defendants have not acted diligently to obtain this discovery. Defendants have attempted to collect these documents since *March*. *See* Zelichov Decl. at ¶ 4. Plaintiff initially refused to accept service and would not provide the name of any official at the entities who could accept service. *See* Zelichov Decl. at ¶ 6. After conducting research to identify these individuals, Defendants served subpoenas on April 17, 2020. *See Id.* As of the filing of this brief, Rhumbline (a passive investment advisor) has produced one document. *See* Zelichov Decl. at ¶ 7. DGI, an active investment advisor who purchased 40,604 of the 41,074 shares (99%) purchased by Plaintiff during the putative class period, produced certain documents on June 25, 2020, but Defendants do not believe that the production is complete as it does not seem to contain documents related to the November 2018 purchases by DGI on Plaintiff's behalf. *See* Supp. Decl. ¶ 7. Defendants have met and conferred with DGI's counsel and are awaiting a response. *See Id.*

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

counsel with the greatest knowledge of the case to defend themselves when being wrongly accused of fraud. It also ignores the difficulties of bringing new lawyers up to speed on a case when in-person meetings are really not possible because of COVID.

**C. Despite Defendants' Good Faith Efforts, An Extension of the Non-Expert Discovery Deadline Is Required in this Case**

Plaintiff does not dispute that the extension of the Non-expert Discovery Cut-Off and related deadlines sought by Defendants is in accord with the discovery deadlines set by this Court in the two most recent securities class actions over which it presided prior to this one. *See* Mot. at 6. Despite this, Plaintiff accuses Defendants of trying to "game" the schedule to obtain a de facto bifurcation of merits and class certification discovery. This allegation is patently false: Defendants have already produced certain Board minutes and presentations, organizational charts, contracts with the USPS, indemnification agreements, individual Defendant's stock trading plans, and other documents. Defendants' counsel have also engaged contract attorneys who are in the process of actively reviewing hundreds of thousands more pages of documents, all related to merits discovery. They have done so at significant inconvenience and increased expense to their client because the reviewing attorneys have begun reviewing documents in advance of the July 22, 2020 hearing in front of Judge Kim, while the scope of discovery is still in dispute. Even though Defendants believe that any class certified in this case would last at most from May 3, 2017 to August 24, 2017, the contract attorneys are reviewing documents for time periods well beyond that. *See* Dkt. No. 100 at 11-14 (outlining Defendants' explanation for why the Class Period in this case should be no longer than May 3, 2017 to August 24, 2017). This is the exact opposite of bifurcated discovery.

Despite these efforts, Defendants are unable to meet the current August 28, 2020 deadline for document discovery. The hearing on the parties' outstanding discovery disputes is not set until July 22, 2020; until the hearing is resolved, Defendants do not even know the full scope of the documents Plaintiff seeks. *See*

Katten

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

6

Case 2:19-cv-01828-MWF-SK Document 149-6 Filed 07/15/20 Page 11 of 13 Page
Case 2:19-cv-01828-MWF-SK Document 131-1 Filed 07/03/20 Page 10 of 12 Page ID #:3569
ID #:3952

Zelichov Decl. at ¶ 12, Ex. 19. At that point, even assuming the Magistrate Judge adopts Defendants' position in its entirety, counsel will still have to complete review of the documents that is currently underway. If the Magistrate Judge grants even part of Plaintiff's requests, Defendants may be forced to collect and review documents from additional custodians and possibly modify their review protocols, a process that will necessarily take more than one month, particularly when counsel will also be engaged in class certification briefing and discovery at the same time.

## D. The Requested Extension Will Not Prejudice Plaintiff

In the absence of real prejudice from the brief delay Defendants seek, Plaintiff has resorted to fabricating false claims of document destruction. Plaintiff implies that Defendants have engaged in an ongoing practice of destroying relevant documents, citing the destruction of documents belonging to William Clayton, a former employee at ShipWorks. *See* Opp. at 8-9. But Mr. Clayton left ShipWorks in March 2018, a full year before Plaintiff filed this lawsuit. *See* Supp. Decl. Ex. 4.[3] As soon as the first lawsuit related to these issues was filed, in accordance with 15 U.S.C. § 78u-4(b)(3)(C) of the Private Securities Litigation Reform Act ("Reform Act"), Stamps implemented a document hold that remains in place and that continues to protect responsive documents. In addition, Stamps has turned on the "litigation hold" feature of Office365, retaining documents for all people believed to be relevant to the litigation (as well as persons that Plaintiff has identified as relevant). Plaintiff does not, and cannot, attack the sufficiency of these actions. Thus, the security of the documents weighs in favor of an extension, not against one.

Plaintiff also does not, and cannot, explain how delaying until December depositions that, under the current schedule, would likely occur in October will prejudice it. *See* Opp. at 8. Either way, the events at issue occurred years earlier – a

---

[3] In addition, Defendants still do not understand (and Plaintiff has never explained) how documents from persons who never interacted with any senior level personnel at the USPS might have documents relevant to the USPS' views concerning the USPS relationship with Stamps and the USPS' views concerning the reseller program.

7

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

delay of two months will make no material difference to witness recollections. *See, e.g., Frahm v. Isaacs*, 2015 WL 12780755, at \*3 (D. Mont. Apr. 28, 2015) (finding Defendant was not prejudiced by a ten and a half month delay). Indeed, it is difficult to square the urgency Plaintiff now professes with its own delay in bringing suit of more than eighteen months after publication of the August 2017 Parcel Partners letter in a Capitol Forum Report on August 24, 2017 which serves as a key basis for the Court's partial denial of Defendants' motion to dismiss. *See* CAC ¶ 58; *see also* Dkt. No. 100, Ex. A. In any event, whatever marginal prejudice may exist from a two month delay taking depositions is irrelevant to the class certification schedule and therefore not grounds to deny that request. Indeed, Plaintiff cites no prejudice whatsoever with respect to Defendants' request to extend the class certification schedule.

Plaintiff's final argument, that Defendants' requested extension is a "strategic ploy to prejudice Lead Plaintiff" by denying Plaintiff proportional extensions (Opp. at 7, n. 8) is easily resolved by giving Plaintiff the proportional extensions it seeks.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant this Motion for Extension of Pretrial Schedule and adopt the revised pretrial schedule set forth in the Scheduling Motion.

Dated:     July 3, 2020                    KATTEN MUCHIN ROSENMAN LLP

By     /s/ Richard H. Zelichov
Richard H. Zelichov
richard.zelichov@katten.com
Christina L. Costley
christina.costley@katten.com
Paul S. Yong
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

8

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

Telephone:  (310) 788-4400
Facsimile:  (310) 788-4471
*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

9