UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01828-MWF (SK) | Date | July 21, 2020 |
|---|---|---|---|
| Title | Matt Karinski v. Stamps.com, Inc. et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**       (IN CHAMBERS) **ORDER PARTIALLY GRANTING LEAD PLAINTIFF'S MOTION TO COMPEL (ECF 124)**

In this putative securities class action, the Lead Plaintiff Indiana Public Retirement System moves to compel further production of documents from Defendants Stamps.com, Inc. ("Stamps"), Kenneth McBride, Kyle Huebner, and Jeff Carberry in response to its first set of requests for production. The parties disagree about the relevant and proportional scope of that document production in terms of subject matter, timeframe, and custodians. Lead Plaintiff's motion is granted in part and denied in part as follows:

### 1. Subject Matter

At the outset, the parties have agreed (or will soon agree) on the culling search terms that will define the universe of documents that Defendants will review for responsiveness. (*See* ECF 133 at 19 & n.9, 57; ECF 144 at 28). Those search terms are thus not in dispute. The parties have also agreed that Defendants will be tagging documents (returned from the stipulated terms-search) as responsive to the Lead Plaintiff's requests if they relate to nine topics, including (1) the USPS' views concerning its relationship with Stamps; (2) the USPS' views concerning the reseller program and potential changes being made to it; (3) the USPS' views concerning Stamps' use of reseller rates for low-volume and existing USPS customers and potential changes or limits to such uses; and (4) the USPS' views concerning Express1's, Intuiship's, and Parcel Partners's use of reseller rates for low-volume and/or existing USPS customers. (ECF 133 at 49-50).[1]

---

[1] The remaining five topics, which are not in dispute, are: (5) changes and potential changes to any agreements being negotiated between Stamps and the USPS in these time periods; (6) Stamps' contributions to and the results of the task force on the United States Postal System that ultimately issued a report entitled United States Postal Service: A Sustainable Path Forward in December 2018; (7) Stamps' contributions to and the results of any investigation by the USPS Office of the Inspector General about the PC Postage Industry or USPS reseller program; (8) Stamps' stock prices on May 4, 2017, August 3, 2017, February 22, 2019 and May 9, 2019; and (9) the text of Stamps' disclosures on May 3, 2017, August 2, 2017, February 21, 2019 and May 8, 2019. (ECF 133 at 49-50).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01828-MWF (SK) | Date | July 21, 2020 |
|---|---|---|---|
| Title | Matt Karinski v. Stamps.com, Inc. et al. | | |

The Lead Plaintiff, however, wants to expand these four topics to include, not just the USPS' views on those matters, but also Stamps' views. (ECF 133 at 19-20, 23-25; ECF 146 at 4-7). Defendants oppose that expansion, arguing that it would disproportionately sweep in communications with about 60,000 customers using reseller rates when the only remaining issue in the case is whether Defendants' statements that Stamps and the USPS had a strong relationship were knowingly false when made. (ECF 133 at 34-35, 51-54). But Defendants appear to misjudge the reach of the Lead Plaintiff's requests. (ECF 133 at 23-25; ECF 146 at 4-7). The Lead Plaintiff is not indiscriminately requesting all communications with Stamps' customers that used reseller rates—and if they were, the Court would agree with Defendants that such a request might be disproportionate. Instead, the Lead Plaintiff's requests center on Stamps' knowledge of the nature and condition of its relationship with the USPS—which necessarily depended on or was affected by Stamps' reseller business model. So construed, the Lead Plaintiffs' requests are not disproportionate since Stamps' views—as well as the USPS' reciprocal views—on the first four stipulated topics naturally pertain even to the Lead Plaintiff's remaining claims. *See* Fed. R. Civ. P. 26(b)(1).

Likewise, for similar reasons, the Lead Plaintiff's requests for the production of three categories of agreements and licenses between Stamps and the USPS are also relevant and proportional to the needs of the case. (ECF 133 at 20, 25, 55; ECF 146 at 7). Those categories bear directly on the business relationship between Stamps and the USPS. Just because the Consolidated Complaint mentions only two agreements explicitly does not mean other agreements are irrelevant or disproportional. *See, e.g., Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, 2018 WL 6444892, at *1 (C.D. Cal. Aug. 21, 2018) (scope of permissible discovery "is not based solely on whether a transaction is expressly mentioned in the complaint").

## 2. Timeframe

The parties also disagree about the relevant period for responsive documents. (ECF 133 at 20-21, 26-29, 35-36, 56-59; ECF 146 at 8-11; ECF 147 at 3-4). The Lead Plaintiff maintains that the relevant period should be from February 2016 through December 2019, which encompasses some time both before and after the class period. (ECF 133 at 26-29; ECF 146 at 8-11). But Defendants want the relevant period restricted to within the class period and, even then, split to cover only March to August 2017 and June 2018 to May 2019. (ECF 133 at 56-59; ECF 147 at 3-4). Defendants also claim that they will search the post-class period between June and December 2019 only for documents relating to their defenses and if the parties can agree on new search terms. (ECF 133 at 35, 56).

Defendants' arguments for their timeframe limitations—including a carve out for the middle of the class period—are unpersuasive. Some discovery shortly before and after the class period began is both relevant to Defendants' knowledge when they made the alleged misstatements and proportional to the needs of the case. *See In re Dockers Roundtrip Airfare Promotion Sales Practices Litig.*, 2010 WL 11515318, at *5 (C.D. Cal. Aug. 1, 2010) ("In general, courts allow discovery to extend to events before and after the period of actual liability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01828-MWF (SK) | Date | July 21, 2020 |
|---|---|---|---|
| Title | Matt Karinski v. Stamps.com, Inc. et al. | | |

so as to provide context."); *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015) ("[S]ome discovery before and after the putative Class Period is relevant to give context to the misrepresentations alleged."). And Defendants' proposal to search post-class period documents only if they relate to their defenses and if the parties stipulate to new search terms is overwrought and unjustified. Thus, the relevant timeframe Defendants should use to identify responsive documents is from February 1, 2016 through December 31, 2019.

### 3. Custodians

Finally, the parties disagree about the process to select additional custodians whose data Defendants will search beyond the ten stipulated document custodians. (ECF 133 at 21-22, 47, 60; ECF 147 at 4). The Lead Plaintiff wants an incontestable right to pick eight more document custodians (so long as the selection is at least 30 days before the fact discovery cutoff) no matter what Defendants think. (ECF 146 at 11-12). Defendants, on the other hand, want an absolute right to veto two of the Lead Plaintiff's eight choices. (ECF 147 at 4-7). The Court is frankly at a loss to understand what this fight is about or why judicial intervention is needed. One would think that the relevant and proportional number of document custodians would depend entirely on the relevance and proportionality of the data they possess. Whether that right number is six, eight, ten, or more (or maybe even less) is nothing that the Court can decide *ex ante*. Similarly, if a document custodian that the Lead Plaintiff selects has no relevant and proportional data to produce, why would Defendants' only recourse be an absolute "veto" right conferred by court order? There is, after all, a tried and true method for Defendants to object to any document request. *See* Fed. R. Civ. P. 34(b)(2)(C). Just as there is an equally staid method for the Lead Plaintiff to seek relief if the parties cannot arrive at a reasonable compromise. *See* Fed. R. Civ. P. 37(a). In any event, there is no sound basis for the Court to either bless or disapprove in advance how the parties decide to agree upon other document custodians whose data should be searched. And there is certainly no good reason to do so based on proposals as arbitrary as what the parties suggest here.

\* \* \* \* \* \*

For all these reasons, the Lead Plaintiff's motion to compel (ECF 124) is GRANTED in part and DENIED in part, as described above. Both sides must bear their own respective expenses, including attorney's fees, to litigate this matter. *See* Fed. R. Civ. P. 37(a)(5). Nothing in this order affects the discovery deadlines in the District Judge's scheduling order, particularly the August deadline for completion of Defendants' document productions. (*See* ECF 106 at 2; ECF 142 at 4).

**IT IS SO ORDERED.**