# EXHIBIT 3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


MATT KARINSKI, Individually    )

and on Behalf of All Others    )

Similarly Situated;            )

            Plaintiff,        )

   vs.                         )  Case No.

STAMPS.COM, INC., KENNETH      )  2:19-cv-01828-MWF

MCBRIDE, KYLE HUEBNER, and     )  (SK)

JEFF CARBERRY;                 )

           Defendants.      )

_____)


VIDEOTAPED DEPOSITION VIA VIDEOCONFERENCE OF

ZACHARY NYE, Ph.D.

Redwood City, California

Friday, August 14, 2020


Reported by:

Lynda L. Fenn, CSR, RPR

CSR No. 12566

JOB No. 4215740


PAGES 1 - 227

Veritext Legal Solutions
866 299-5127

Exhibit 3

- 75 -

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATT KARINSKI, Individually    )
and on Behalf of All Others    )
Similarly Situated;            )
                    Plaintiff, )
       vs.                     )  Case No.
STAMPS.COM, INC., KENNETH      )  2:19-cv-01828-MWF
MCBRIDE, KYLE HUEBNER, and     )  (SK)
JEFF CARBERRY;                 )
                    Defendants.)
_____)

VIDEOTAPED DEPOSITION VIA VIDEOCONFERENCE
of ZACHARY NYE, Ph.D., taken on behalf of
Defendants, Redwood City, California, at 9:32
a.m. and ending at 4:23 p.m., Friday, August
14, 2020, reported by Lynda L. Fenn,
CSR No. 12566, Certified Shorthand Reporter
within and for the State of California,
pursuant to notice.

Page 2

Exhibit 3
- 76 -

Q   And is it your understanding, then, that this incorporates all of the allegations above in the complaint, including what is in paragraph 65 to 97 in the section about false and misleading statements?

A   I mean these -- the complaint speaks for itself and that's my understanding, that it encapsulates the allegations of plaintiff here and that it's been modified by the court.

Q   Okay.  And then in paragraph -- let's see, if we look at 144, it says, "During the class period, each of the defendants named in this count disseminated or approved the statements as specified above in paragraph 65 to 94, which they knew or recklessly disregarded contained material misrepresentations and/or failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading."

        Do you see that?

A   Yes.

Q   And do you understand that to reflect that the complaint is alleging that all of the statements identified in paragraph 65 to 94 of the complaint were knowingly or recklessly false or misleading; correct?

Page 94

A    I think that's what the complaint says.    11:43:52

Q    Okay.  And if you could look at paragraph 148 of the complaint, please.  This says, "As a result of the dissemination of the materially false or misleading information and/or failure to disclose material facts, as set forth above, the market price of Stamps common stock was artificially inflated during the class period."    11:43:53    11:43:56    11:44:05    11:44:08    11:44:11    11:44:15    11:44:20

Do you see that?    11:44:25

A    Yes.    11:44:25

Q    And is that a portion of the complaint that you read prior to today?    11:44:25    11:44:27

A    Yes.    11:44:28

Q    Do you understand paragraph 148 to state that the market price of Stamps common stock was artificially inflated during the class period by all of the alleged misrepresentations in paragraph 65 to 94?    11:44:28    11:44:32    11:44:35    11:44:39    11:44:44

A    I think that's what the complaint alleges and though I think -- I have considered the court's order with respect to the motion to dismiss order as well.    11:44:45    11:44:49    11:44:52    11:44:56

Q    I understand.  We'll get to that.  The complaint says -- at paragraph 148 says that the stock price of Stamps common stock was inflated by    11:44:56    11:44:58    11:45:01

Page 95

all of the alleged misrepresentations in paragraph 65    11:45:05
to 94; correct?    11:45:09

A    It does.    11:45:11

Q    All right.  Am I correct that -- strike    11:45:11
that.    11:45:16

Let's look at paragraph 138 of the    11:45:22
complaint -- 130, sorry, of the complaint?    11:45:25

A    Okay.    11:45:37

Q    And paragraph 130 says that, "The declines    11:45:37
in the price of Stamps stock after the corrective    11:45:40
disclosures came to light were a direct result of the    11:45:44
nature and extent of the defendants' fraudulent    11:45:46
misrepresentations and the impact thereof being    11:45:49
revealed to investors and the market and were a    11:45:54
substantial cause of the decline."    11:45:58

Do you see that?

A    I do.    11:46:01

Q    And do you understand that the stock    11:46:01
declines or the corrective disclosures alleged in    11:46:03
this case are on February 22nd, 2019, and May ninth,    11:46:07
2019?    11:46:11

A    Those are the impact dates of the    11:46:11
disclosures which were the -- I think the evening    11:46:16
prior.    11:46:19

Q    Correct.  Okay.  And do you understand    11:46:19

Page 96

paragraph 130 to say that the stock price declines on those two dates were the result of the truth being revealed by all of the misrepresentations alleged in the complaint; correct?

A   Yes, and also the actual misrepresentations as far as I can -- based on my understanding of the court's order.

Q   Okay.  But for purposes of the complaint, paragraph 130 is speaking to all of the misrepresentations alleged in the complaint; correct?

MR. NIEHUAS:  Objection to form.

THE WITNESS:  I think it is, yeah.

MR. ZELICHOV:  Okay.

BY MR. ZELICHOV:

Q   Let's go to your -- back to your report and let's go to paragraph 60, which is on page 29?

A   I'm there.

Q   All right.  And paragraph 60 -- actually, let me go back to paragraph 59, actually?

A   Okay.

Q   And why don't I just -- why don't you read the first sentence of paragraph 59 to yourself or you can read it out loud.  I'm going to let you read it to yourself.

A   Okay, I read it.

Page 97

looking at stock price drops upon corrective disclosures than measuring price inflation by looking at the actual dates of the misrepresentations?

MR. NIEHUAS:  Objection to form.

THE WITNESS:  I mean in a case like this, which is, you know, effectively omissions, as far as I'm concerned, economically speaking, there may be a legal nuance to it, but they are basically not allegedly telling the truth about their relationship with the, you know, USPS.  You know, it's well-known in economics and also within the case law that you shouldn't expect to see a price change upon an omission because there's nothing to react to.

There's maintaining the status quo and so there's, you know, that is certainly not a direct way or even a way of measuring damages in any case.

BY MR. ZELICHOV:

Q   You mentioned the term "maintaining" a couple of times in connection with your testimony today.

I'm looking at the complaint in this case. Did you ever see anything indicating -- I mean, that this was a price maintenance case as you are seemingly describing it?

MR. NIEHUAS:  Objection to form.

Page 102

situations?

MR. NIEHUAS:  Objection.

THE WITNESS:  Yeah, given the -- the rules upheld by the court which is a complete lack of understanding by the market by failure to disclose the full relationship and material relationship between USPS and Stamps.

No, I don't think that those affirmative misstatements, the number of them matters.  It was more of what was concealed is the relevant part of plaintiff's theory of liability and I think that that's what an event study methodology was trying to, you know, reflect in its estimate of damages.

BY MR. ZELICHOV:

Q  And so it didn't make any difference as to how you calculated damages in this case?

MR. NIEHUAS:  Objection to form.

THE WITNESS:  No, it wouldn't --

MR. ZELICHOV:  Okay.

THE WITNESS:  -- for the reasons state.

MR. ZELICHOV:  All right.

BY MR. ZELICHOV:

Q  And have you -- have you reviewed -- are you aware that defendants filed a motion for clarification concerning the court order on the

Page 115

motion to dismiss?

A    No, that doesn't -- I don't recall that.

Q    Okay.  And so I assume then you haven't seen the court order on the -- you haven't seen the court order in connection with the motion for clarification; correct?

A    I don't recall seeing it.

Q    Okay.  And I would like you to assume that the court order on the motion for clarification reduced the number of false and misleading statements down to seven false and misleading statements on four days during the class period?

A    I do recall that so I have -- I must have seen it then at some point.

Q    Okay.  And what would you do differently in order to calculate damages consistent with plaintiff's theory of liability as a result of the court's order on the motion for clarification?

A    I wouldn't.  Like I said, I don't think that it's relevant to the analysis.

I think what's important is what was allegedly failed to be disclosed by the defendants and I think that that -- that information creates a foreseeable consequence that wasn't appreciated by the market.

Page 116