# EXHIBIT 4

1

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM, derivatively on behalf of Nominal Defendant, STAMPS.COM INC., | : : : |
| Plaintiff, | : : : |
| v | : C. A. No. : 2019-0658-AGB |
| KENNETH T. MCBRIDE, MOHAN P. ANANDA, DAVID C. HABIGER, G. BRADFORD JONES, THEODORE R. SAMUELS II, KATIE ANN MAY, JEFFREY CARBERRY, SEBASTIAN BUERBA, JOHN ROLAND CLEM, KYLE HUEBNER, MATTHEW LIPSON, and AMINE KHECHFE, | : : : : : : : |
| Defendants, | : : |
| and | : : |
| STAMPS.COM INC., | : : |
| Nominal Defendant. | : |

- - -
Chancery Court Chambers
Leonard L. Williams Justice Center
500 North King Street
Wilmington, Delaware
Friday, August 7, 2020
11:11 a.m.
- - -

BEFORE: HON. ANDRE G. BOUCHARD, Chancellor

- - -

TELEPHONIC ORAL ARGUMENT ON DEFENDANTS'
MOTION TO DISMISS

----------------------------------------------------------------
CHANCERY COURT REPORTERS
Leonard L. Williams Justice Center
500 North King Street - Suite 11400
Wilmington, Delaware 19801
(302) 255-0523

Exhibit 4
182

STMP-SCA00007287

48

Your Honor, the facts in this case are remarkable. This case involves the approval, execution, and expansion of a business plan intended to deceive and abuse the United States Postal Service, leading to the bilking of hundreds of millions of dollars per year. The company's exclusive partnership with the United States Postal Service was almost its entire identity, accounting for nearly 90 percent of the company's total revenues at its peak.

At all times, defendants knew the business plan internally known as "Project Solar" was intended to defeat and abuse USPS, and did, in fact, do that. They also admitted that it was unsustainable. That is, because the USPS would eventually uncover the corrupt business practices, in their own words, the jig would eventually be up.

So they planned to extort the USPS in order to protect the lucrative unjust revenues generated by the scheme. At all times, defendants not only intended to conceal, but did in fact conceal material facts in public filings and statements made on earnings calls. That included the plan itself, its risks, and, most importantly, the material revenues it generated, which the director defendants knew exceeded

CHANCERY COURT REPORTERS

Exhibit 4

183

STMP-SCA00007334

55

THE COURT:  So what you're saying is the percentage of net profits attributable to resellers may be higher than 25 percent?

MR. MacISAAC:  Yes.

THE COURT:  Okay.  All right.

So here's my question.  It's not a legal question.  Okay, I get your point.  You say they don't disclose this.  Maybe the other side will tell me differently, but I certainly didn't find such a disclosure on my own quick tour through some of these documents.

What's the legal authority that it was a legal violation not to disclose that?

MR. MacISAAC:  Correct.  So, Your Honor, if we could start just kind of understanding that the October 2016 board meeting included 2014 slides, okay?  So I just want to say that that's the Project Solar slides.  And we talk about how that included the mindset of deception, okay?  So that's what's on the minds of individuals when they're speaking.

The July 25, 2016, earnings call statement is Mr. McBride -- let's look at Exhibit 14.  Okay, Your Honor?

CHANCERY COURT REPORTERS

Exhibit 4

184

STMP-SCA00007341

63

MR. MacISAAC: Okay. Your Honor, so if we -- I think it would be helpful to walk through the slides.

THE COURT: Sure.

MR. MacISAAC: And start at Exhibit 31 of -- Defendant's Exhibit 31.

THE COURT: All right. Let me get there. It will take me one second. All right. I'm there.

MR. MacISAAC: So this is an October 25, 2016, board meeting. This is cited at paragraph 123 of our complaint. And four directors, of the six demand board, were at this meeting -- McBride, Ananda, Habiger, and Jones.

So, Your Honor, if you could turn to Bates stamp 2039.

THE COURT: All right. 2039.

MR. MacISAAC: I apologize. 2070.

THE COURT: Okay.

MR. MacISAAC: I apologize.

THE COURT: That's all right.

MR. MacISAAC: This is Appendix G. It's appended to this -- to the slides during this meeting. And this is the outline of the Project Solar

Exhibit 4

185

STMP-SCA00007349

64

business plan.  And if you understand -- and this is happening -- if you go to 2071 -- this is the first slide of the presentation -- you'll see at the top it's the "2014 Strategy."

So we're in 2014, and at the time -- this is at paragraph 72, footnote 9, of our complaint. At the time, directors McBride, Ananda, Jones, and all of the officer defendants, except for Amine Khechfe, are serving on the board or serving as executive, okay?  And if we understand in 2014 where the company was, I think it's helpful to kind of talk about the chart that defendants had provided.

So in 2014, the company is a party to the agreement with the USPS, Your Honor, the commission agreement.  And the commission agreement provided Stamps with the ability to receive a percent -- receive commissions from the USPS based on the total volume and growth for postage purchased on its website, okay?

Stamps has a license to sell postage. Resellers do not sell postage.  They provide discounts, okay?  But Stamps provides postage to customers.  And what the USPS agreed here to was to pay them as volume, but in return, Stamps agreed to be

Exhibit 4
186

STMP-SCA00007350