# EXHIBIT 16

Case 2:19-cv-01828-MWF-SK   Document 125-11   Filed 01/06/20   Page 12 of 15   Page ID #:4984

# EXHIBIT 11

Exhibit 16
18

**Robbins Geller
Rudman & Dowd** LLP

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Eric I. Niehaus
ericn@rgrdlaw.com

June 3, 2020

Richard H. Zelichov                                                                  VIA EMAIL
Katten Muchin Rosenman LLP                                         *richard.zelichov@katten.com*
2029 Century Park East, Suite 2600
Los Angeles, CA  90067

Re:     *Karinski v. Stamps.com, Inc.*
         No. 2:19-cv-01828-MWF-SK (C.D. Cal.)

Dear Richard:

In advance of our call scheduled for June 5, 2020, at 1:00 p.m., we write to set forth our final positions concerning defendants' responses and objections to plaintiff's first set of requests for production.  Please find attached a redline reflecting plaintiff's revised custodian proposal and proposed edits to defendants' search term counter-proposal.

**Relevant Time Period**

Defendants' proposal for the relevant time period for the vast majority of search terms excludes documents dated within the Class Period and excludes information from relevant dates before and after the Class Period.  Plaintiff cannot agree to this narrow time period.  As the Court held, "Stamps had a duty to disclose adverse information that cut against [disclosed] positive information, including USPS's opposition to Stamps' reseller business practices and its efforts to prevent such practice from continuing." *See* ECF No. 89 at 22-23.  The Complaint alleges, *inter alia*, specific USPS efforts beginning in February 2016 designed to curb abuse of the reseller program, which continued into 2017 and beyond. *See* ECF No. 71, ¶¶52-58.  Accordingly, while plaintiff's allegations include relevant facts predating 2016, in the spirit of compromise, plaintiff will agree to limit the relevant time period to February 1, 2016 through December 31, 2019.

The 15-month gap (September 1, 2017 through November 30, 2018) in defendants' proposed relevant time period is inconsistent with plaintiff's surviving allegations upheld by the Court.  Moreover, plaintiff is not aware of any case law which permits the wholesale exclusion of evidence dated within the Class Period.[1]  As you acknowledged in your May 24, 2020 letter, this

---

[1]     While plaintiff asserts defendants' statements in ¶¶80, 86, 89, 92 of the Complaint unambiguously discuss the USPS-Stamps relationship in positive terms and thereby constitute false statements concerning the "Strong Partnership with the USPS" upheld by the Court, resolution of this issue is not necessary to determine the relevant time period for document production.  Even under defendants' interpretation of the Court's Order, materials from the Class Period are relevant in assessing falsity of the statements that remain at issue and whether they were made with the requisite scienter.  Indeed, the Court's Order specifically discussed Stamps' conduct before and during the Class Period, (ECF

Robbins Geller
Rudman & Dowd LLP

Richard H. Zelichov
June 3, 2020
Page 2

case involves a duty to disclose.  Because that duty persists throughout the Class Period, evidence of defendants' conduct during this timeframe is accordingly relevant.  *See* ECF No. 89 at 3 ("During the Class Period, Stamps exploited its contractual relationships with the USPS by providing customers authorized-discounted USPS shipping under what was known as the 'reseller program.'").

Finally, as noted in our May 7, 2020 correspondence, defendants also relied on facts postdating the Class Period at the Motion to Dismiss stage.  Because defendants continue to rely on these post-Class Period events in their Answer and presumably at Class Certification, the relevant period should extend through 2019.

**Scope of Document Production**

Defendants' proposal to limit the production of materials returned by search terms to nine narrow categories would result in the exclusion of several categories of relevant evidence and does not address our key concerns we raised in our May 7, 2020 correspondence regarding defendants' objections to plaintiff's document requests.  Specifically, Stamps intends to withhold documents that reflect Stamps' conduct, practices and communications, unless those documents explicitly reflect or reference the views of the USPS.  But the evidence excluded by these conditions prevents plaintiff from evaluating the nature of the relationship between Stamps and the USPS by independently assessing Stamps' internal conduct with respect to its USPS relationship, the reseller program and the Package Business Incentive Agreement.  These issues represent an integral component of Stamps' relationship with the USPS and became the subject matter of subsequent conflicts as alleged in the Complaint.  Relatedly, documents and communications concerning agreements Stamps had with the USPS which were jeopardized by Stamps' conduct alleged in the Complaint are also relevant.  For example, any threats by the USPS to pull the Company's PC Postage license would be relevant to assess the strength of the business relationship/partnership with the USPS.  Likewise, certain documents and communications concerning agreements with resellers, such as Parcel Partners, referenced in the Complaint are also relevant to assess whether Stamps misused the reseller program in a way that was inconsistent with USPS guidance.  These categories of documents are directly relevant to plaintiff's claims.

**Document Custodians**

In an effort to reach a resolution, plaintiff has revised its proposal to the custodians listed in the attached file.

---

No. 89 at 4-9) and considered these allegations when assessing whether defendants' statements were false and/or misleading (*id.* at 9-11).

Cases\4850-2729-3887.v1-6/3/20

Exhibit 16
20

Exhibit 11
- 218 -

**Robbins Geller**
**Rudman & Dowd** LLP

Richard H. Zelichov
June 3, 2020
Page 3

**Search Terms**

Other than plaintiff's objections to the proposed relevant time period stated above, it appears the parties are close to an agreement on search terms.  Plaintiff has proposed a few additions in the attached redline in response to defendants' counter-proposal.

**Categories of Documents Which Should Be Produced Without the Use of Search Terms**

Upon review of defendants' recent production, dated June 1, 2020, plaintiff has identified additional relevant categories of documents responsive to plaintiff's document requests.  Please confirm you will produce:

1.      notes, slides and handouts from Stamps' annual sales meetings;

2.      the ShippingEasy NSA referred to in STMP-SCA00001536 at 50, any other Stamps subsidiary's NSA, and any subsequent modifications or amendments thereto;

3.      Stamps' agreement with Parcel Partners referred to in STMP-SCA00001536 at 605, any other agreements with postage resellers, and any subsequent modifications or amendments thereto;

4.      Stamps' PC Postage Agreement and any other agreements with the USPS which were at dispute, and any subsequent modifications or amendments thereto; and

5.      Board minutes covering the full relevant time period for document production as agreed to by the parties or ordered by the Court.

While we are hopeful the parties can reach an agreement on the issues above, we also recognize that there appear to be certain gaps between the parties' respective positions which may necessitate Court intervention.  Given the impending deadlines in the case management schedule, the parties should now endeavor to identify core disagreements for the Court's review.

Very truly yours,

ERIC I. NIEHAUS

EIN:tdv
Attachment
cc:  All Counsel of Record (*via email*)

Cases\4850-2729-3887.v1-6/3/20

Exhibit 16                          Exhibit 11
21                                  - 219 -