ROBBINS GELLER RUDMAN
  & DOWD LLP
STEVEN W. PEPICH (116086)
JASON A. FORGE (181542)
ERIC I. NIEHAUS (239023)
HILLARY B. STAKEM (286152)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
stevep@rgrdlaw.com
jforge@rgrdlaw.com
ericn@rgrdlaw.com
hstakem@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> STAMPS.COM, INC., et al., <br><br> Defendants. | Case No. 2:19-cv-01828-MWF-SK <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DOCUMENTS RESPONSIVE TO PLAINTIFF'S REQUEST FOR PRODUCTION NO. 49 <br><br> Non-expert Discovery Cutoff: May 7, 2021 <br><br> Final Pre-trial Conference: February 7, 2022 <br><br> Jury Trial:  March 1, 2022 <br><br> [Discovery Document:  Referred to Magistrate Judge Steve Kim] <br><br> DATE:      December 2, 2020 <br> TIME:      TBD <br> CTRM:     540 <br> JUDGE:    The Honorable Steve Kim |

Cases\4852-0694-0370.v1-11/18/20

# TABLE OF CONTENTS

**Page**

I.      Plaintiff Has Not Waived the Right to Bring This Motion ............................. 1

II.     The Requested Project Solar Discovery Is Clearly Relevant.......................... 3

III.    Plaintiff's Requested Discovery Is Proportional............................................. 5

- i -

Lead Plaintiff Indiana Public Retirement System ("Plaintiff") submits this supplemental memoranda in support of its motion to compel and in response to Defendants' opposition to the motion. ECF Nos. 167, 174-1.[1] Plaintiff respectfully requests the Court order Defendants to produce board materials that reference Stamps' Project Solar strategy and to further produce the documents returned by the Project Solar-related search terms run on the individual defendants' electronically-stored information for the time period January 1, 2014 through January 31, 2016.

## I.   Plaintiff Has Not Waived the Right to Bring This Motion

Defendants' assertion that this motion should be denied because it purportedly contravenes Plaintiff's prior discovery motion, which resulted in a ruling regarding the relevant time period for a different set of documents, is without merit. JS at 18-21. First, the instant motion does not seek reconsideration of the Court's prior ruling, which will be undisturbed by granting the relief now being requested. Rather, this motion seeks limited document discovery surrounding a recently-produced 2014 Project Solar slide deck, where Defendants did not produce that document until August 25, 2020, after Plaintiff had obtained an order on its prior motion to compel. *See* ECF No. 152.[2]

Second, the earlier motion sought a February 1, 2016 discovery commencement date (for 50 document requests that are not at issue on this motion) because allegations in the Complaint cited a key document from that time period. Ex. 17 at 22. If Defendants had produced the 2014 Project Solar Slides earlier, there would have been

---

[1]   Capitalized terms not defined herein have the meanings ascribed to them in the Joint Stipulation Regarding Plaintiff's Motion to Compel Documents Responsive to Plaintiff's Request for Production No. 49 (ECF No. 174-1) ("Joint Stipulation" or "JS"). References to Exs. 1-13 are to the Niehaus Declaration (ECF No. 168) and references to Exs. 14-30 are to the Rotenberg Declaration (ECF No. 169).

[2]   The Court's prior order required Defendants to produce discovery that ultimately applied to 19 custodians, 50 document requests and 120 search terms covering the February 1, 2016 through 2019 time period. In contrast, this motion seeks discovery from three custodians for one new document request and ten search terms for the 2014 through January 30, 2016 time period.

- 1 -

Cases\4852-0694-0370.v1-11/18/20

a reasonable basis for bringing the instant discovery dispute to the Court as part of the earlier motion.[3]

Third, Plaintiff served the subject follow-up document request after the July 21, 2020 ruling on the prior motion. ECF No. 152. Hence, this motion could not also have been brought as part of the earlier discovery dispute because this targeted document request did not exist at that time. In essence, Defendants are arguing that Plaintiff is not entitled to pursue follow-up discovery, but that is not the law.[4]

Finally, Defendants argue that Plaintiff should have somehow already known about Project Solar, since the Complaint has allegations that Stamps began acquiring multi-carriers in 2014 in order to gain access to USPS shippers. JS at 20-21. But a general allegation about Stamps' conduct from 2014 did not provide a basis for seeking rifle-shot discovery that targets a narrow set of documents which are now known to exist relating specifically to Project Solar. Until Plaintiff obtained the Project Solar Slides from 2014, it could not have drafted and served the document request that is at issue here. Moreover, if Plaintiff had previously sought broad discovery from this earlier time period, Defendants would have argued it was

---

[3] Defendants inaccurately claim they were somehow lulled into agreeing to the February 1, 2016 date based on some non-existent agreement with Plaintiff. JS at 18-21. In fact, Defendants never agreed to any such date; rather, the February 1, 2016 date for 50 different document requests was established over their objection, as a result of the Court's ruling on the prior motion. Furthermore, when the parties were meeting and conferring on the prior motion, Stamps' counsel had produced the Project Solar Slides in the derivative action (*see* Ex. 11 at 29-32), but had not yet produced them in this case until after the Court's order compelling production of such documents. Thus, it is Defendants' baseless position that would result in a Catch-22 for litigants, who would have to pursue motion practice before having a compelling basis or risk being precluded from seeking targeted follow-up discovery.

[4] Follow-up discovery is a common feature of civil litigation. *See, e.g., Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.*, 2018 WL 6071081, at \*6 (C.D. Cal. Sept. 13, 2018) ("permit[ing] Plaintiff to propound limited, narrowly tailored follow-up discovery"); *Brislane v. Brown*, 2017 WL 4712076, at \*2 (C.D. Cal. Oct. 13, 2017) (confirming a litigant's right to "basic discovery and ***follow-up discovery*** for purposes of planning a summary judgment motion or preparing for trial"). Defendants' citation to *Fugate v. Polaris Indus., Inc.*, 2009 WL 10710824, at \*4 (C.D. Ill. Oct. 20, 2009) is inapposite as the court rejected the plaintiff's attempts to expand the scope of discovery near "the close of discovery." Here, Plaintiff ***moved promptly and the fact discovery cutoff is many months away***. All citations and footnotes are omitted and emphasis is added unless otherwise noted.

- 2 -

unreasonably burdensome to search for documents from the 2014 to 2016 time period for 50 document requests and for all 19 custodians. Accordingly, Plaintiff's approach of waiting until it had documents supporting this narrow discovery request is entirely reasonable. Tellingly, in opposing this motion, Defendants do not argue this targeted discovery is unduly burdensome. Instead, they proffer a baseless assertion that Plaintiff somehow waived its right to this discovery.

## II.     The Requested Project Solar Discovery Is Clearly Relevant

The Court has previously recognized that Stamps' business practices and Defendants' view on business models such as Project Solar are relevant and the proper subject of discovery. ECF No. 152 at 2 ("Lead Plaintiff's requests center on Stamps' knowledge of the nature and condition of its relationship with the USPS – which necessarily depended on or was affected by Stamps' reseller business model.").[5]

Defendants' contention that the only relevant information Plaintiff learned from the recently produced Project Solar Slides is the name of Stamps' acquisition plan (*see* JS at 20) is patently inaccurate. Indeed, Defendants spend pages attempting to spin (and refute without an evidentiary basis) new damaging information contained in the Project Solar Slides. Defendants are disputing Plaintiff's interpretation of the Project Solar Slides by arguing that the document is innocuous or that it somehow exonerates Defendants. JS at 27-29. But in doing so they are simply making Plaintiff's case for why the requested discovery is necessary in order for the trier of fact to be able to resolve these contested factual issues. In short, Defendants' arguments confirm the requested discovery is "relevant to any party's claim ***or defense***." Fed. R. Civ. P. 26(b)(1); *see also In re Toyota Motor Corp. Sec. Litig.*, 2012 WL 3791716, at *5, *12 (C.D. Cal. Mar. 12, 2012) ("[p]laintiff is entitled to test" defendant's factual defenses).

---

[5]   Defendants' pre-Class Period knowledge of the Project Solar-related facts is also clearly relevant. *In re Wireless Facilities, Inc. Sec. Litig.*, 2007 WL 9667131, at *8-*9 (S.D. Cal. May 7, 2007) (crediting plaintiff's argument that "if the defendants knew of the [fraud one to three years prior to the class period], the knowledge was not lost when the class period began").

- 3 -

For instance, Defendants dispute whether the Project Solar Slides "assess the USPS's reaction to any supposed movement of existing USPS customers to reseller rates." JS at 5. However, the Project Solar Slides appear to indicate Defendants' advanced knowledge of precisely this type of adverse USPS reaction because they identified as a concern that implementing the Project Solar scheme could cause a "USPS reaction" that might threaten its PBIA and the lucrative reseller program. Ex. 1 at 826, 829. While Defendants dispute this reading of the document, the requested discovery will provide context and supporting records reflecting the correct interpretation of the risk factors identified as part of Project Solar.

Similarly, Plaintiff is entitled to this discovery to challenge Defendants' interpretation of "'flip[ping] the switch,'" as that phrase is used in the Project Solar Slides and which they contend refers solely to switching customers from Endicia to Stamps. JS at 27-28. In Plaintiff's view, however, "flipping the switch" (once the jig is up) means monetizing existing customers by converting them to the reseller program. Ex. 1 at 826. The requested discovery is relevant to resolving this contested issue.[6]

Defendants also contest whether part of the Project Solar scheme involved hiding information from the USPS regarding Stamps' wholesale conversion of existing USPS customers into the reseller program. JS at 24-26, 28-29. Defendants contend that their desire for secrecy as reflected in the Project Solar Slides concerned other matters and that this quest for secrecy was quickly abandoned, but again, the requested discovery will provide context to resolve this disputed factual issue.

Finally, Defendants raise a red-herring when arguing the purported merits of their public disclosures about corporate acquisitions and use of the reseller program (JS at 24-27), none of which has any bearing on whether Plaintiff is entitled to the

---

[6] Plaintiff also contends that Stamps had just begun flipping the switch around the start of the Class Period, which began the process of USPS investigations and its growing push back on Stamps' reseller practices as the USPS gained more information about them.

- 4 -

requested discovery. Nonetheless, Defendants are wrong because they never publicly disclosed the true nature of the strained USPS relationship which was being damaged by Stamps' switching of existing USPS customers to reseller rates in a way that caused Stamps to earn more money while the USPS earned less, without providing any corresponding benefit to the USPS. Defendants simply continue to ignore the bases for their liability in this case.[7]

### III. Plaintiff's Requested Discovery Is Proportional

Defendants are also wrong when contending this discovery is not proportional. JS at 29-31. Not only is it highly relevant, as discussed above, but Defendants do not even seriously contend that providing this limited discovery would in any way be unduly burdensome. The only remote hint of any possible burden is Defendants' assertion that not all of the previously agreed-to "outer space-themed" code name search terms are relevant acquisitions. JS at 30. But they do not identify which of the code names are irrelevant and why. *See* Ex. 2. Given that Project Solar used outer space-themed code names to refer to companies that "drive[] significant USPS qualified postage volume" (Ex. 1 at 827), these search terms, which are limited by acquisition related terminology, should only return relevant acquisition related documents or few, if any, documents at all. JS at 7 n.6.

For the reasons stated in its portion of the Joint Stipulation and stated herein, Plaintiff respectfully requests the Court grant its motion to compel.

---

[7] As the Court has consistently held, "Plaintiff has sufficiently alleged that Defendants made a material misrepresentation by stating that Stamps had a strong partnership with USPS and that USPS fully approved Stamps' use of the reseller program," because, *inter alia*, Stamps employed a reseller business scheme that was in direct conflict with the USPS's interests. ECF No. 89 at 1, 22-24; *see also* ECF Nos. 143 at 7-9; 152 at 2. The Court has also held that Defendants' statements about Stamps' reseller practices are relevant to whether they were lying about a "win-win relationship" and that the USPS was "'happy'" with Stamps' reseller practices. ECF Nos. 89 at 22-23; 143 at 2; *see also id.* at 7 ("Plaintiff is not foreclosed from using the same set of [dismissed] statements to prove its argument that Stamps misrepresented that it had a strong relationship with the USPS").

- 5 -

Cases\4852-0694-0370.v1-11/18/20

DATED: November 18, 2020          ROBBINS GELLER RUDMAN & DOWD LLP
                                   STEVEN W. PEPICH
                                   JASON A. FORGE
                                   ERIC I. NIEHAUS
                                   HILLARY B. STAKEM
                                   KEVIN S. SCIARANI


                                            s/ ERIC I. NIEHAUS
                                          ERIC I. NIEHAUS

                                   655 West Broadway, Suite 1900
                                   San Diego, CA  92101-8498
                                   Telephone:  619/231-1058
                                   619/231-7423 (fax)

                                   Lead Counsel for Lead Plaintiff

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on November 18, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ ERIC I. NIEHAUS
ERIC I. NIEHAUS

ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ericn@rgrdlaw.com

- 7 -

Cases\4852-0694-0370.v1-11/18/20

**Mailing Information for a Case 2:19-cv-01828-MWF-SK Matt Karinski v. Stamps.com, Inc. et al**

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christina Lucen Costley**
  christina.costley@kattenlaw.com,tamara.vazquez@katten.com,courtalertlax@katten.com

- **Jason A Forge**
  jforge@rgrdlaw.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com,lionel-glancy-2522@ecf.pacerpro.com

- **John T Jasnoch**
  jjasnoch@scott-scott.com,rswartz@scott-scott.com,edewan@scott-scott.com,dcolonna@scott-scott.com,tlaughlin@scott-scott.com,aweas@scott-scott.com,efile@scott-scott.com

- **Adam C McCall**
  amccall@zlk.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Eric Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com,kwoods@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw

- **Steven W Pepich**
  stevep@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Vincent Prongay**
  info@glancylaw.com,CLinehan@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com,rprongay@glancylaw.com

- **Jonathan Rotenberg**
  jonathan.rotenberg@katten.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com

- **Kevin S Sciarani**
  ksciarani@rgrdlaw.com,KSciarani@ecf.courtdrive.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Hillary B Stakem**
  hstakem@rgrdlaw.com

- **Paul Satoshi Yong**
  paul.yong@kattenlaw.com,paula.phillips@katten.com,courtalertlax@katten.com,victoria.lippman@katten.com

- **Richard H Zelichov**
  richard.zelichov@katten.com,tamara.vazquez@katten.com,courtalertlax@katten.com,jonathan.rotenberg@katten.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

- 8 -