RICHARD H. ZELICHOV (SBN 193858)
richard.zelichov@kattenlaw.com
CHRISTINA L. COSTLEY (SBN227134)
christina.costley@kattenlaw.com
PAUL S. YONG (SBN 303164)
paul.yong@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:  (310) 788-4400
Facsimile:  (310) 788-4471

*Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:19-cv-01828-MWF (SK) |
| | DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO PLAINTIFF'S REQUEST FOR PRODUCTION NO. 49 |
| Plaintiff, | |
| v. | [Discovery Document: Referred to Magistrate Judge Steve Kim] |
| STAMPS.COM, INC., KENNETH MCBRIDE, KYLE HUEBNER, and JEFF CARBERRY, | DATE: December 2, 2020 TIME: TBD CTRM: 540 JUDGE: The Honorable Steve Kim |
| Defendants. | |

Pursuant to Local Rule 37-2.3, Defendants respectfully submit this Supplemental Memorandum in Opposition to Lead Plaintiff's Motion to Compel Documents Responsive to Plaintiff's Request for Production No. 49 (Dkt. No. 167).[1]

## I. Plaintiff Should Not Be Permitted to Backtrack and Circumvent the Court's Prior Order on the Relevant Time Period for Discovery.

Defendants' portion of the Joint Stipulation filed on November 6, 2020 (Dkt. Nos. 170-2, 174-1) established that: (1) Plaintiff knew of the purported relevance of Stamps's acquisitions of the multi-carrier shipping solutions in 2014 and 2015 since the time it filed its Complaint (JS at 19-20); (2) with that knowledge, Plaintiff agreed during the parties' meet and confer in connection with Plaintiff's prior motion to compel to forgo any documents from the pre-February 2016 time period (*id.*); (3) consistent with the position Plaintiff took in the meet and confer, Plaintiff's prior motion to compel only sought documents from the pre-February 2016 time period (*id.* at 20); and (4) the Court has already ruled that "the relevant timeframe Defendants should use to identify responsive documents is from February 1, 2016 through December 31, 2019" (*id.* at 18; Ex. 14 at 9).  Plaintiff's current Motion to compel documents from January 1, 2014 through February 1, 2016 covers the very same acquisitions and should be rejected as an improper attempt to renege on the parties' prior agreements and to reargue the Court's prior order.

Plaintiff's Supplemental Memorandum will likely seek to justify Plaintiff's attempt to backtrack by arguing that its latest request for documents concerning the acquisitions—dubbed "Project Solar" internally at Stamps—was not a part of the prior motion to compel briefing.  Such a claim, however, is not credible for the reasons

---

[1] Exhibits 1 through 13 are attached to the previously-filed Declaration of Eric I. Niehaus (Dkt. No. 168).  Exhibits 14 through 30 are attached to the previously-filed Declaration of Jonathan A. Rotenberg (Dkt. No. 169).  Exhibits 31 through 33 are attached to the Supplemental Declaration of Jonathan A. Rotenberg filed with this Supplemental Memorandum.  All Exhibit page cites herein are to the page numbers in the bottom left-hand corner of each Exhibit.

Additionally, capitalized terms not defined herein shall have the meaning set forth in the Joint Stipulation Regarding Plaintiff's Motion to Compel Documents Responsive to Plaintiff's Request for Production No. 49.

1

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

set forth above and discussed in Defendants' portion of the Joint Stipulation.  It is further belied for three additional reasons.

First, Request No. 22 in Plaintiff's First Set of Requests for Production of Documents to Defendants dated February 27, 2020 ("First RFPs") sought "All Documents concerning or reflecting the reasons for, and the decision-making regarding, ***Stamps.com's acquisition of any other Stamps.com Brand***."  Ex. 31 at 6; Ex. 17 at 110 (emphasis added).  "Stamps.com Brand" is a defined term in the First RFPs that includes multi-carrier shipping solutions such as ShipStation, ShipWorks, ShippingEasy, and others.  Ex. 31 at 4.  Plaintiff's First RFPs thus expressly sought the very same documents concerning Stamps's acquisitions of the multi-carrier shipping solutions that are the subject of the current Motion.

Second, during the parties' meet and confer discussions regarding the First RFPs, Plaintiff proposed at least two broad search term strings specifically designed to identify documents related to Stamps's multi-carrier acquisitions, *i.e.*, Project Solar.[2]  Ex. 32 at 2.  This contradicts any claim by Plaintiff that it was not aware of the purported relevance of these acquisitions until recently.[3]

Third, Request No. 22 was unquestionably part of Plaintiff's previous motion to compel in which Plaintiff stated that "Requests for Production Nos. 7-25, 27-29, 44-45 . . . are the document requests affected by the disputes outlined below."  Ex. 17 at 30.  Plaintiff also listed Request No. 22 in its Appendix setting forth "Lead Plaintiff's Document Requests and Defendants' Responses and Objections at Issue."  *Id.* at 110.  Accordingly, there is no doubt that Plaintiff was aware of the purported relevance when it filed the previous motion to compel, and that the Court already

---

[2] Those two search strings are: 61. "(move* or moving or switch* or transfer* or shift* or divert* or diversion) w/15 (shipworks or 'ship works' or shipstation or 'ship station' or 'shipping easy' or shippingeasy)" and 67. "((multicarrier or 'Multi-carrier' or shipworks or 'ship works' or shipstation or 'ship station' or 'shipping easy' or shippingeasy) w/15 ('channel partner*' or 'integration partner*' or volume or bulk)) and (rate* or discount* or rebate* or NSA or 'negotiated service' or reseller)."  Ex. 32 at 2.

[3] Defendants have already agreed to run these terms, in addition to the Project Solar-related terms, for documents within the relevant period identified by the Court.  *See* Ex. 14 at 7 (noting that search terms were "not in dispute").

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

ruled on the proper time period for production of documents—February 1, 2016 through December 31, 2019—and, even more specifically, production of documents relating to Stamps's acquisitions. *See* Ex. 14 at 9. The law of the case doctrine precludes reconsideration of an issue, such as this one, "'that has already been decided by the same court, or a higher court in the identical case.'" *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 951 (9th Cir. 2019) (citation omitted). The Court can, and should, deny Plaintiff's motion to compel for this reason alone.

## II.   The 2014 and 2015 Project Solar Documents Are Not Relevant.

Plaintiff's portion of the Joint Stipulation established that Stamps's acquisitions of the multi-carrier shipping solutions cannot be relevant. Plaintiff claims that the acquisitions are relevant because Stamps made them so that it could take the multi-carriers' existing USPS customers and provide them with reseller rates contrary to the USPS's wishes. JS at 1-2, 9-10, 12-14. This is an implausible claim because, among other reasons, reseller rates were virtually ubiquitous on the multi-carrier solutions prior to the acquisitions. *Id.* at 24; Ex. 19 at 149. The USPS's customers were already using these discounted rates through multi-carrier solutions.

Plaintiff also argues that the acquisitions are relevant because they show that Stamps hid its efforts to provide reseller rates to existing USPS customers from the USPS and that the "revelation" of this plan during the class period damaged the Stamps-USPS relationship. JS at 2-3, 8, 12-13. Such a claim, however, is patently false. The Project Solar acquisitions and Stamps's provision of reseller rates to thousands of existing USPS customers were repeatedly disclosed prior to the start of the class period. *Id.* at 23-27. Indeed, Judge Fitzgerald already held, in ruling on Defendants' motion to dismiss, that "Defendants adequately disclosed that Stamps offered discounted postal rates to low-volume shippers through its partnership with resellers" and "Defendants also disclosed that Stamps offered 'reseller rates' to existing customers." *Id.* at 25; Ex. 27 at 358. Accordingly, Plaintiff's non-disclosure theory fails to support its argument that Stamps's 2014 acquisition strategy is relevant

3

to the falsity or scienter of statements made by Defendants during the class period, years later (JS at 12-14).[4]

Despite the fact that Stamps's multi-carrier acquisitions are not relevant to this lawsuit, Stamps already agreed, in the interest of compromise, to run ten additional Project Solar-related search strings for the period from February 1, 2016 to December 31, 2019, on the ten initial agreed-upon custodians. JS at 4 n.4, 29; Ex. 2 at 106. And on October 23, 2020, Stamps agreed to search the documents of three custodians affiliated with its multi-carrier solutions (as well as six other custodians) using 120 different search strings for the period from February 1, 2016 to December 31, 2019.

In short, Plaintiff should not be entitled to more discovery that is not only irrelevant to its theories of wrongdoing and damages, but actually inconsistent with those theories. The Court should deny Plaintiff's latest request, especially given Defendants' prior concessions to provide Plaintiff with more than enough information on the multi-carrier acquisitions.

## III.   The 2014 and 2015 Project Solar Documents Are Not Proportional.

As discussed in the Joint Stipulation and above, Defendants already agreed to run the Project Solar-related search terms over the February 1, 2016 through December 31, 2019 date range, despite Defendants' belief that these search terms are not relevant. JS at 4 n.4, 29; Ex. 2 at 106. Indeed, Defendants continue to diligently

---

[4] Moreover, Plaintiff's fishing expedition into Stamps's multi-carrier acquisition strategy is not relevant to the "Core of Plaintiff's Claims," as Plaintiff argues (JS at 12). Plaintiff's Complaint principally relies on the theory that Stamps's primary brands (Stamps.com and Endicia) got some sort of benefit from exclusivity with the USPS, and that the loss of that exclusivity resulted in damage to Plaintiff and the class. *See, e.g.*, Compl. ¶ 25 ("The key pillar of this partnership was a revenue sharing agreement pursuant to which Stamps served as the official online provider of USPS postage and shipping solutions. This lucrative agreement provided the Company with exclusive access to the USPS's $20 billion postage and delivery market."); *see also id.* ¶¶ 3, 10-11, 33, 115. However, by definition, the multi-carrier companies Stamps acquired did not have an exclusive relationship with the USPS—they did, and still do, offer customers the option of shipping with carriers such as UPS and FedEx, in addition to the USPS. Ex. 18 at 132:18-24. In addition, these multi-carriers were not parties to the "revenue sharing agreement[s]" with the USPS and, therefore, were not a cause of Stamps's stock drop in February 2019, when Stamps disclosed that those agreements were not being renewed. Compl. ¶¶ 10, 124; *see also* Ex. 33 at 2 ("[o]n February 21, 2019, Stamps admitted its supposedly strong exclusive partnership with the USPS was over").

4

review thousands of documents, recently made an additional document production on November 17, 2020, and will continue to produce additional documents on a rolling basis. The concept of proportionality dictates that "reasonable limits" must be placed on discovery, particularly here, where the documents at issue are not relevant, documents related to Stamps's acquisitions were already the subject of Plaintiff's prior motion to compel, and Defendants already agreed to run the search terms over the relevant time period, as determined by the Court. *See Bonilla v. City of Los Angeles*, 2016 WL 11507319, at *12 (C.D. Cal. Sept. 23, 2016) ("the right to discovery, even plainly relevant discovery, is not limitless").

## IV. Conclusion

For the reasons set forth in Defendants' portion of the Joint Stipulation and further discussed herein, Plaintiff's Motion to Compel production of Project Solar-related documents from January 1, 2014 through January 31, 2016 should be denied.

Dated: November 18, 2020        KATTEN MUCHIN ROSENMAN LLP

By: */s/ Richard H. Zelichov*
Richard H. Zelichov
richard.zelichov@katten.com
Christina L. Costley
christina.costley@katten.com
Paul S. Yong
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471
Attorneys for Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry

5