# EXHIBIT 33

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEVEN W. PEPICH (116086)
JASON A. FORGE (181542)
ERIC I. NIEHAUS (239023)
HILLARY B. STAKEM (286152)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
stevep@rgrdlaw.com
jforge@rgrdlaw.com
ericn@rgrdlaw.com
hstakem@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> STAMPS.COM, INC., et al., <br><br> Defendants. | Case No. 2:19-cv-01828-MWF-SK <br><br> <u>CLASS ACTION</u> <br><br> LEAD PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION <br><br> DATE:    TBD <br> TIME:    TBD <br> CTRM:   5A <br> JUDGE:  Hon. Michael W. Fitzgerald |

4837-2668-6144.v1

## I.    INTRODUCTION

This case alleges a scheme to defraud tens of thousands of investors in Stamps.com, Inc. ("Stamps" or the "Company"), whose shares traded on one of the world's most sophisticated and efficient stock markets (the NASDAQ Stock Market ("NASDAQ")) throughout the proposed class period.  As alleged, Defendants[1] misled the market – and all its participants – through a series of statements that misleadingly portrayed Stamps as enjoying (1)  a strong (exclusive) partnership with the United States Postal Service ("USPS"); and (2)  the USPS's full approval of Stamps' use of its reseller program.  Defendants' scheme began on May 3, 2017 and started unraveling in early 2019.  On February 21, 2019, Stamps admitted its supposedly strong exclusive partnership with the USPS was over and its President, defendant Huebner, was abruptly quitting.  The next day, its stock price dropped almost 60%.  Less than three months later, on May 8, 2019, Stamps admitted impending renegotiations and terminations of its supposedly fully approved use of the USPS's reseller program.  The next day, its stock price dropped another 56%.

This is a prototypical securities fraud case, which, as courts universally recognize, are prototypical cases for class certification.  And, as Congress has recognized, a sophisticated institutional investor like Lead Plaintiff Indiana Public Retirement System ("Lead Plaintiff" or "INPRS") is a prototypical class representative.  Every element of the claims at issue here will be proved with the same evidence and every defense will apply to all class members, with only a slight variation between class members who purchased and/or sold their shares after the February 21, 2019 partial corrective disclosure but before the May 8, 2019 corrective disclosure.  Even this minor variation will apply uniformly to class members who purchased and/or sold their shares in the same window of time.

---

[1]   The "Defendants" are Stamps, Kenneth McBride ("McBride"), Kyle Huebner ("Huebner") and Jeff Carberry ("Carberry").

- 1 -

4837-2668-6144.v1

investigation of the claims, defeating Defendants' motion to dismiss, engaging in party and third-party discovery, and pursuing class certification. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) (in appointing class counsel, courts are to consider counsel's work "in identifying or investigating potential claims in the action," "counsel's experience in handling class actions," "counsel's knowledge of the applicable law" and "the resources that counsel will commit to representing the class"). Indeed, acknowledging the firm's experience and ability, courts in this District have frequently appointed Robbins Geller as class counsel in actions alleging violations of the federal securities laws. *See, e.g.*, *Banc of California*, 326 F.R.D. at 652 (noting Court was satisfied with its experience with Robbins Geller, "as the firm resume suggests it would be"); *Puma*, 2017 WL 6210803, at \*3; *El Pollo Loco*, 2018 WL 3343493, at \*7. Robbins Geller overwhelmingly satisfies Rule 23(g)(1)'s requirements, and Lead Plaintiff's request should be granted.

## V.    CONCLUSION

As detailed above, each of Rule 23's requirements for class certification is satisfied in this action. Accordingly, Lead Plaintiff respectfully requests that the Court: (1) certify this action as a class action pursuant to Rule 23(b)(3); (2) appoint Indiana Public Retirement System as Class Representative; and (3) appoint Robbins Geller Rudman & Dowd LLP as Class Counsel.

DATED:  June 29, 2020           Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
STEVEN W. PEPICH
JASON A. FORGE
ERIC I. NIEHAUS
HILLARY B. STAKEM
KEVIN S. SCIARANI


                                s/ ERIC I. NIEHAUS
                                ERIC I. NIEHAUS

- 25 -

Ex. 33 at 3      4837-2668-6144.v1

Case 2:19-cv-01828-MWF-SK Document 181-4 Filed 11/18/20 Page 5 of 5 Page ID
Case 2:19-cv-01828-MWF-SK Document 120 Filed 06/29/20 Page 32 of 34 Page ID #:2593
#:6132

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Lead Plaintiff

- 26 -

Ex. 33 at 4    4837-2668-6144.v1