UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01828-MWF (SKx) | Date | December 15, 2020 |
|---|---|---|---|
| Title | Matt Karinski v. Stamps.com, Inc. et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Erica Valencia | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**       (IN CHAMBERS) **ORDER PARTIALLY GRANTING LEAD PLAINTIFF'S MOTION TO COMPEL (ECF 167)**

Lead Plaintiff Indiana Public Retirement System moves to compel further production of documents from Defendants Stamps.com, Inc. ("Stamps"), Kenneth McBride, Kyle Huebner, and Jeff Carberry in response to its request for production number 49. First, the Lead Plaintiff seeks to compel the production of any Stamps Board materials referencing its "Project Solar" strategy for the period January 1, 2014 through January 31, 2016. Second, the Lead Plaintiff seeks to compel the production of all documents returned by a stipulated set of 10 "Project Solar-related" search terms[1] run on the three individual defendants' electronically stored information ("ESI") for the period January 1, 2014 through January 31, 2016.

Defendants oppose the Lead Plaintiff's motion for two reasons. First, they contend that it contravenes the date range agreed to by the Lead Plaintiff and then accepted by the Court for purposes of its July 2020 order partially granting a different motion to compel filed by the Lead Plaintiff. (ECF 152). Second, regardless of the date range, Defendants argue that the documents sought by the Lead Plaintiff are neither relevant nor proportional under Rule 26(b)(1). Neither of Defendants' arguments is convincing, except to the extent that they have correctly observed the possibility of false positive ESI hits from the running of the 10 stipulated search terms.

Defendants' first argument is unpersuasive because the Lead Plaintiff learned of the corporate codename "Project Solar"—and of the connection between that codename and

---

[1] The search terms are: 1. (Project or merg* or acquir* or acquisition* or monetiz* or target* or addition*) /5 Solar; 2. (Project or merg* or acquir* or acquisition* or monetiz* or target* or addition*) /5 Jupiter; 3. (Project or merg* or acquir* or acquisition* or monetiz* or target* or addition*) /5 Neptune; 4. (Project or merg* or acquir* or acquisition* or monetiz* or target* or addition*) /5 Uranus; 5. (Project or merg* or acquir* or acquisition* or monetiz* or target* or addition*) /5 Saturn; 6. (Project or merg* or acquir* or acquisition* or monetiz* or target* or addition*) /5 Mars; 7. (Project or merg* or acquir* or acquisition* or monetiz* or target* or addition*) /5 Lunar; 8. (Project or merg* or acquir* or acquisition* or monetiz* or target* or addition*) /5 Pluto; 9. (Project or merg* or acquir* or acquisition* or monetiz* or target* or addition*) /5 Mercury; and 10. (Project or merg* or acquir* or acquisition* or monetiz* or target* or addition*) /5 Venus.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01828-MWF (SKx) | Date | December 15, 2020 |
|---|---|---|---|
| Title | Matt Karinski v. Stamps.com, Inc. et al. | | |

Stamps' acquisition strategies at issue in this lawsuit—only *after* the Court's July discovery order in August 2020. And Defendants produced the board slide deck revealing that corporate codename only *after* they were compelled to do so—as a direct result of the Court's July 2020 discovery order. Moreover, the purpose of the date range referenced in the Court's discovery order was to impose a reasonable temporal search limitation balancing the Lead Plaintiff's need for relevant discovery against the potential burdens on Defendants of a search request with no time bounds. But there is nothing eternally sacrosanct about that (or any other) time frame limit, especially in the face of a newly discovered—and very specific—fact that justifies a reasonable expansion of date range through follow-on discovery, so long as it is relevant to the parties' claims or defenses and proportional to the needs of the case given the assortment of considerations laid out in Rule 26(b)(1).

Which brings us to Defendants' second argument: they assert that the Project Solar documents that the Lead Plaintiff seeks are irrelevant and disproportional to the case no matter the date range of those documents. But Defendants' position confuses relevance and proportionality with weight and admissibility. While they may shroud their arguments under the guise of the former category, they are in truth only arguments against the admission or probative value of the Project Solar documents. And, indeed, maybe Defendants' view of those documents will ultimately prevail in whole or in part—either at the final pretrial conference or at the trial itself. But it is too soon—and legally inappropriate—to decide that now in the discovery stage. That said, Defendants do have a valid point about potential false positive ESI hits from the running of the stipulated search terms. But that objection, too, is a different issue about *how* Defendants should handle and review keyword responsive documents before production, not a valid basis to avoid running the search altogether.

For all these reasons, the Lead Plaintiff's motion to compel is granted in substantial part. First, Defendants must produce Stamps Board materials referencing its specific "Project Solar" acquisition strategy for the period January 1, 2014 through January 31, 2016. Second, after running a search on the processed ESI of the three individual defendants with the 10 stipulated "Project Solar-related" terms for the period January 1, 2014 through January 31, 2016, Defendants must produce keyword responsive, non-privileged documents so long as they are substantively about Stamps' corporate acquisitions of any multicarrier, e-commerce, or PC Postage platforms/providers. Unless the parties agree to a later date certain for production, Defendants must produce the documents as ordered here within 30 calendar days of this order. Any privilege log must be produced at the same time as the production. Rolling productions are permitted, so long as they are completed within 30 days or within the parties' stipulated deadlines. *See* Fed. R. Civ. P. 34, 2015 Adv. Comm. Note ("When it is necessary to make the production in stages the response should specify the beginning and end dates of the production."). The Court expects reasonable cooperation—facilitated by *telephone* calls, not just "paddy cake" emails—between the parties' counsel about modified production deadlines.