1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   STEVEN W. PEPICH (116086)
    JASON A. FORGE (181542)
3   ERIC I. NIEHAUS (239023)
    HILLARY B. STAKEM (286152)
4   KEVIN S. SCIARANI (301411)
    655 West Broadway, Suite 1900
5   San Diego, CA 92101-8498
    Telephone: 619/231-1058
6   619/231-7423 (fax)
    stevep@rgrdlaw.com
7   jforge@rgrdlaw.com
    ericn@rgrdlaw.com
8   hstakem@rgrdlaw.com
    ksciarani@rgrdlaw.com
9
    Lead Counsel for Lead Plaintiff
10
                        UNITED STATES DISTRICT COURT
11
                      CENTRAL DISTRICT OF CALIFORNIA
12
    MATT KARINSKI, Individually and on )   Case No. 2:19-cv-01828-MWF-SK
13  Behalf of All Others Similarly Situated, )
                                             )   CLASS ACTION
14                        Plaintiff,         )
                                             )   STIPULATION OF SETTLEMENT
15        vs.                                )
                                             )
16  STAMPS.COM, INC., et al.,                )
                                             )
17                        Defendants.        )
                                             )
18
19
20
21
22
23
24
25
26
27
28

4841-9732-9645.v9

This Stipulation of Settlement, dated August 16, 2021 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff and Class Representative Indiana Public Retirement System ("Indiana" or "Lead Plaintiff") (on behalf of itself and each of the Class Members), by and through its counsel of record in the Litigation (as defined herein); and (ii) defendants Stamps.com Inc. ("Stamps.com" or the "Company"), Kenneth McBride ("McBride"), Kyle Huebner ("Huebner") and Jeff Carberry ("Carberry") (collectively, "Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Plaintiff's Claims and Released Defendants' Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.   THE LITIGATION

The initial complaint in this Litigation was filed on February 28, 2019, in the United States District Court for the Central District of California (the "Court"). On June 5, 2019, the Court issued an order appointing Indiana as Lead Plaintiff, and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On August 5, 2019, Lead Plaintiff filed its Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"). On October 4, 2019, Defendants moved to dismiss the Complaint, which motion was opposed by Lead Plaintiff. On January 17, 2020, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint, holding that Lead Plaintiff had adequately alleged that Defendants made false or misleading representations that Stamps.com had a strong relationship with the United States Postal Service ("USPS") and that the USPS fully approved of the Company's use of the reseller program.

Defendants then moved for bifurcation of merits and class certification discovery. That motion was denied. On June 22, 2020, Defendants moved for clarification of the Court's January 17, 2020 order asking the Court to "identify

1   specifically which statements alleged in the [Complaint]" remain in the case.  The
2   Court granted in part and denied in part Defendants' motion for clarification holding
3   Lead Plaintiff had adequately alleged that certain statements alleged in seven
4   paragraphs of the Complaint were false or misleading.

5          On January 31, 2020, Defendants filed their Answer to the Complaint, and on
6   April 20, 2020, the Settling Parties filed a joint report and Rule 26(f) discovery plan.
7   Shortly thereafter, the Settling Parties (as defined herein) began formal discovery.
8   Lead Plaintiff served written discovery on Defendants and issued eight subpoenas
9   to third parties.  At the time the settlement was reached, Lead Plaintiff had collected
10  hundreds of thousands of pages of documents from Defendants and various third
11  parties.  Lead Plaintiff has taken three fact and expert depositions to date.  Similarly,
12  Defendants collected thousands of pages of documents from Lead Plaintiff, its
13  investment managers and other third parties, and have taken one fact and one expert
14  deposition.

15         In the course of the Litigation, the Settling Parties engaged the services of
16  Daniel Weinstein, a nationally recognized mediator.   The Settling Parties
17  participated in an in-person mediation session with Judge Weinstein on December
18  1, 2020.  The Settling Parties did not reach an agreement to settle the Litigation at
19  the mediation and continued litigating the case.  The Settling Parties participated in
20  a second in-person mediation session with Judge Weinstein on March 23, 2020.
21  While the Settling Parties did not reach an agreement to settle the Litigation at this
22  second mediation, they continued settlement negotiations with the assistance of
23  Judge Weinstein.  Judge Weinstein subsequently provided the Settling Parties with
24  a Mediator's Proposal to settle the Litigation for $100,000,000, which the Settling
25  Parties accepted on May 28, 2021.

26
27
28

- 2 -

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each Defendant has expressly denied and continues to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Complaint, including without limitation, that the allegations that Defendants or any of them made or caused to be made any alleged misrepresentation or omission, or engaged in any alleged scheme or course of conduct to defraud, that the price of Stamps.com common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, that any Defendant acted with scienter in making or causing any alleged misrepresentation or omission, and that Lead Plaintiff or the Class Members (as hereinafter defined) have suffered damages.  Defendants believe that the Litigation is without merit and the evidence developed to date supports their position that they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws.  Defendants also believe that their public statements during the Class Period contained no material misstatements or omissions.   In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants have concluded that further conduct of the Litigation could be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to limit further expense, inconvenience and distraction, to dispose of the burden of protracted litigation, and to permit the operation of the Company's business without further distraction and diversion of the Company's executive personnel with respect to the matters at issue in the Litigation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation.  Defendants have, therefore,

- 3 -

determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

The Defendants enter into this Stipulation and the Settlement without in any way admitting to or acknowledging any fault, liability, or wrongdoing of any kind. There has been no adverse determination by any court against any of the Defendants on the merits of the claims asserted by Lead Plaintiff.  Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of Defendants of the merit or truth of any of the allegations or wrongdoing of any kind on the part of any of the Defendants.  Defendants enter into this Stipulation and Settlement (as defined herein) based upon, among other things, Lead Plaintiff's agreement herein that, to the fullest extent permitted by law, neither this Stipulation nor any of the terms or provisions, nor any of the negotiations or proceedings connected therewith, shall be offered as evidence in the Litigation or in any pending or future civil, criminal, or administrative action or other proceeding to establish any liability or admission by any Defendant or Released Defendant Party (as defined herein), or any other matter adverse to any of the Defendants, Released Defendant Parties, or any of their respective related entities, except as expressly set forth herein.

## III.   LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, Lead Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.  Lead Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this, as well as recent changes in the law and the difficulties and delays inherent in such litigation.  Lead Plaintiff and its counsel also are mindful of the inherent

4841-9732-9645.v9

problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Lead Plaintiff and its counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Lead Plaintiff and its counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the Class) and Defendants, by and through their attorneys of record, that, subject to the approval of the Court, the Litigation, the Released Plaintiff's Claims, and Released Defendants' Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member who submits a Claim for payment that is approved for payment from the Net Settlement Fund pursuant to the terms of this Stipulation and the Court-approved Plan of Allocation.

1.2    "Claim" means a paper claim submitted on a Proof of Claim and Release or an electronic claim that is submitted to the Claims Administrator.

1.3    "Claimant" means a person or entity who or which submits a Claim seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.4    "Claim Form" or "Proof of Claim and Release" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in the distribution of the Net Settlement Fund.

- 5 -

1    1.5    "Claims Administrator" means the firm retained by Lead Plaintiff and
2    Lead Counsel, subject to approval of the Court, to administer the Settlement,
3    including providing all notices approved by the Court to Class Members, and
4    processing Claims.

5    1.6    "Class" means all persons who purchased or otherwise acquired
6    Stamps.com common stock between May 3, 2017, and May 8, 2019, inclusive, and
7    were damaged thereby.   Excluded from the Class are Defendants and their
8    immediate families, the officers and directors of the Company, at all relevant times,
9    members of their immediate families, and their legal representatives, heirs,
10   successors or assigns, and any entity in which Defendants have or had a controlling
11   interest.  Also excluded from the Class are those Persons who exclude themselves
12   by submitting a request for exclusion that is accepted by the Court.

13   1.7    "Class Member(s)" or "Member(s) of the Class" mean a Person who
14   falls within the definition of the Class as set forth in ¶1.6 above.

15   1.8    "Class Period" means the period from May 3, 2017 through May 8,
16   2019, inclusive.

17   1.9    "Defendants" means Stamps.com, Kenneth McBride, Kyle Huebner,
18   and Jeff Carberry.

19   1.10   "Defendants' Counsel" means Katten Muchin Rosenman LLP.

20   1.11   "Effective Date," or the date upon which this Settlement becomes
21   "effective," means the date by which all of the events and conditions specified in
22   ¶7.1 of this Stipulation have been met and have occurred.

23   1.12   "Escrow Account" means a segregated account maintained at Citibank,
24   wherein the Settlement Amount shall be deposited and shall be maintained and held
25   in escrow under the control of Lead Counsel, the Escrow Agent, and shall be deemed
26   to be in the custody of the Court and shall remain subject to the jurisdiction of the
27   Court until such time as the Settlement Fund is distributed or returned pursuant to
28   the terms of this Stipulation and further order of the Court.

- 6 -

1.13 "Escrow Agent" means Lead Counsel Robbins Geller Rudman & Dowd LLP.

1.14 "Fee and Expense Application" means the application or applications for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

1.15 "Fee and Expense Award" means the payment of attorneys' fees and expenses of Plaintiff's Counsel from the Settlement Fund.

1.16 "Final" means, with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto or any other order of the Court, when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment or order under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment or order has passed without any appeal having been taken; or (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, however, any appeal which concerns only the issue of Lead Counsel's attorneys' fees and expenses, payment to Lead Plaintiff for its time and expenses, the Plan of Allocation, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or preclude the Judgment from becoming Final.

1.17   "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.18   "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.19   "Lead Plaintiff" means Indiana Public Retirement System.

1.20   "Litigation" means the action captioned *Karinski v. Stamps.com, Inc., et al.*, Case No. 2:19-cv-01828-MWF-SK.

1.21   "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, expenses, and interest and any award to Lead Plaintiff provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other fees and expenses authorized by the Court.

1.22   "Notice" means the Notice of Pendency and Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members.

1.23   "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including, but not limited to: (i) providing notice by mail, publication, and other means to Class Members; (ii) receiving and reviewing Claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

1.24   "Person" means an individual, corporation (including all divisions and subsidiaries), general partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political

- 8 -

subdivision or agency thereof, and any business or legal entity and their heirs, predecessors, successors, representatives, or assignees.

1.25  "Plaintiff's Counsel" means Lead Counsel.

1.26  "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

1.27  "Preliminary Approval Order" means the proposed order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.

1.28  "Released Defendant Party" or "Released Defendant Parties" means each and all of the Defendants, and each of their respective past, present, or future subsidiaries, parents, associates, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, representatives, general or limited partners or partnerships, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, in their capacity as such, and any entity in which Defendants have a controlling interest, any member of an individual Defendant's immediate family, or any trust of which any individual Defendant is a settlor or which is for the benefit of any individual Defendant and/or member(s) of his or her family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing.

1.29  "Released Defendants' Claims" means any and all actions, suits, claims, demands, rights, liabilities, obligations, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters and issues whatsoever, whether known or unknown, asserted or unasserted, whether

- 9 -

arising under federal, state, local, statutory, common, foreign or administrative law, or any other law, rule or regulation, whether fixed or contingent, at law or in equity, whether class or individual in nature, that any Released Defendant Party could have asserted against any of the Releasing Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation. "Released Defendants' Claims" includes "Unknown Claims" as defined in ¶1.40 hereof.  "Released Defendants' Claims" do not include any claims relating to the enforcement of the Settlement.

1.30   "Released Plaintiff's Claims" means any and all claims, debts, duties, losses, actions, suits, demands, controversies, rights, liabilities, obligations, judgments, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters, arguments, causes of action, and issues whatsoever, whether known or unknown, asserted or unasserted, accrued or unaccrued, liquidated or unliquidated, whether arising under federal, state, local, statutory, common, foreign or administrative law, or any other law, rule or regulation, whether fixed or contingent, at law or in equity, whether in the nature of class, individual, representative, or in other capacity, that any Releasing Plaintiff Party asserted in the Litigation or could have asserted, directly or indirectly, in any forum that arise out of or are based upon or relate in any way to both: (1) the purchase, acquisition or holding of Stamps.com common stock during the Class Period and (ii) the facts, claims, matters, allegations, transactions, events, occurrences, disclosures, representations, statements, acts, or omissions or failures to act that were alleged, asserted, contended, set forth, related to, or referred to in the Litigation.  "Released Plaintiff's Claims" includes "Unknown Claims" as defined in ¶1.40 hereof. "Released Plaintiff's Claims" do not include any claims relating to the enforcement of the Settlement.

1.31   "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiff, Lead Counsel, each and every Class Member, and each of their respective

4841-9732-9645.v9

past, present, or future subsidiaries, parents, associates, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, representatives, general or limited partners or partnerships, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, in their capacity as such, and any entity in which Lead Plaintiff has a controlling interest, any member of an individual Class Member's immediate family, or any trust of which any individual Class Member is a settlor or which is for the benefit of any individual Class Member and/or member(s) of his or her family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing. Releasing Plaintiff Parties do not include any Person who timely and validly seeks exclusion from the Class.

1.32 "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

1.33 "Settlement Amount" means One Hundred Million Dollars ($100,000,000.00) in cash to be paid by wire transfer or check to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.34 "Settlement Fund" means the Settlement Amount plus all interest and income earned thereon.

1.35 "Settlement Hearing" means the hearing to be held by the Court to determine whether the Settlement is fair, reasonable and adequate and should be approved.

1.36 "Settling Parties" means, collectively, Defendants and Lead Plaintiff, on behalf of itself and the Class.

4841-9732-9645.v9

1.37   "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.38   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, whether federal, state or local.

1.39   "Tax Expenses" means, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.10.

1.40   "Unknown Claims" means any and all Released Plaintiff's Claims which the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims which the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, or it, might have affected his, her or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

- 12 -

Lead Plaintiff and Defendants shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542.   Lead Plaintiff, any Releasing Plaintiff Party, Defendants, or any Released Defendant Party may hereafter discover, facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   Lead Plaintiff and Defendants acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

**2.     The Settlement**

2.1     The obligations incurred pursuant to this Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation with respect to the Releasing

- 13 -

Plaintiff Parties and Released Defendant Parties and any and all Released Plaintiff's Claims and Released Defendants' Claims.

### a.   The Settlement Amount

2.2    In full settlement of the claims asserted in the Litigation against Defendants and in consideration of the releases specified in ¶¶4.1 and 4.3 below, all of which the Settling Parties agree are good and valuable consideration, Defendants shall pay or cause to be paid the Settlement Amount by wire transfer or check in accordance with instructions to be provided by the Escrow Agent.  The Settlement Amount shall be paid within eighteen (18) calendar days [after both: (i) entry of preliminary approval by the Court of this Settlement, and (ii) Lead Counsel provides Defendants' Counsel with the information necessary to effectuate a transfer of funds to the Escrow Account.  If the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Counsel may terminate the Settlement but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within two (2) calendar days after Lead Counsel has provided such written notice by email.  The Escrow Agent shall deposit the Settlement Amount in the Escrow Account.

2.3    With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses,

- 14 -

and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4    Other than the obligation to cause the payment of the Settlement Amount pursuant to ¶2.2, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Class Member pursuant to this Stipulation.

**b.    The Escrow Agent**

2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.   All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.  The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel.

2.6    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.7    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the

- 15 -

1  Court, until such time as such funds shall be distributed or returned pursuant to the
2  Stipulation and/or further order(s) of the Court.

3         2.8     Notwithstanding the fact that the Effective Date of the Settlement has
4  not yet occurred, Lead Counsel may pay from the Settlement Fund, without further
5  approval from Defendants and/or order of the Court, all reasonable costs and
6  expenses actually incurred in connection with providing notice of the Settlement to
7  the Class by mail, publication, and other means, locating Class Members, assisting
8  with the submission of Claims, processing Proof of Claim and Release forms,
9  administering the Settlement, and paying escrow taxes, fees and costs, if any
10 ("Notice and Administration Expenses").  In the event that the Settlement does not
11 become Final, any money paid or incurred for the above purposes, including any
12 related fees, shall not be returned or repaid to Defendants or their insurers.

13        2.9     It shall be Lead Counsel's responsibility to disseminate the Notice and
14 Summary Notice to the Class in accordance with this Stipulation and as ordered by
15 the Court.  Class Members shall have no recourse as to the Released Defendant
16 Parties with respect to any claims they may have that arise from any failure of the
17 notice process.

18           **c.**    **Taxes**

19        2.10   (a)     The Settling Parties agree to treat the Settlement Fund as being
20 at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-
21 1.  In addition, the Escrow Agent shall timely make, or cause to be made, such
22 elections as necessary or advisable to carry out the provisions of this ¶2.10, including
23 the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the
24 earliest permitted date.  Such elections shall be made in compliance with the
25 procedures and requirements contained in such regulations.  It shall be the
26 responsibility of the Escrow Agent to timely and properly prepare and deliver the
27 necessary documentation for signature by all necessary parties, and thereafter to
28 cause the appropriate filing(s) to occur.

4841-9732-9645.v9

(b)     The Settling Parties agree that Lead Counsel shall be "administrators" of the qualified settlement fund for the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.  Lead Counsel shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.10(a) hereof) shall be consistent with this ¶2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of the Settlement Fund as provided in ¶2.10(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) Tax Expenses, shall be paid out of the Settlement Fund; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court or Defendants and Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Releasing Plaintiff Parties, the Released Defendant Parties nor their counsel are responsible nor shall they have any liability

- 17 -

4841-9732-9645.v9

for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, their counsel, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.10.

**d.**     **Termination of Settlement**

2.11 In the event that the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

**3.**     **Preliminary Approval Order and Settlement Hearing**

3.1 Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and Lead Plaintiff shall move for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto, which motion shall be unopposed by Defendants. The Notice shall include the general terms of the Settlement, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

3.2 Lead Counsel shall request that after notice is given, the Court hold the Settlement Hearing. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and Lead Plaintiff's request for payment of its time and expenses, if any.

4841-9732-9645.v9

**4.     Releases**

4.1     By operation of the Judgment, as of the Effective Date, as defined in ¶1.11 hereof, Lead Plaintiff and each and every Releasing Plaintiff Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

4.2     The Proof of Claim and Release to be executed by the Class Members shall release all Released Plaintiff's Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     By operation of the Judgment, as of the Effective Date, as defined in ¶1.11 hereof, Defendants and each and every Released Defendant Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Releasing Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Releasing Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

4.4     The Judgment shall contain a bar order that, upon the Effective Date, to the fullest extent permitted by law, (i) all persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated

- 19 -

to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Defendant Parties shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; ***provided that*** clauses (i) and (ii) of this Paragraph shall not be construed to modify, amend, or supersede any agreements between or among Released Defendant Parties with respect to claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights, nor limit the Defendants' ability to pursue insurance recoveries against their insurers for claims relating to this Litigation, including the Settlement Amount and legal fees and costs incurred in connection with the Litigation.

4841-9732-9645.v9

**5.    Provision of Notice, Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.   Other than Stamps.com's obligation to provide its securities holders records as provided in ¶5.2 below, the Released Defendant Parties and Defendants' Counsel shall have no responsibility for or interest in whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiff, any other Class Members, or Lead Counsel, in connection with such administration, including, but not limited to, with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

5.2    In accordance with the terms of the Preliminary Approval Order, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice

- 21 -

published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Class, within seven (7) calendar days of the date of entry of the Preliminary Approval Order, Stamps.com shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list (consisting of names and addresses) of the holders of the Stamps.com common stock during the Class Period.

5.3     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses as described in ¶2.8 hereof;

(b)     to pay the Taxes and Tax Expenses as described in ¶2.10 hereof;

(c)     to pay the Fee and Expense Award to Lead Counsel and to reimburse Lead Plaintiff for its time and expenses pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.6     Within ninety (90) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized

- 22 -

Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.7    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

5.8    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

5.9    Proofs of Claim and Release that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim and Release, the Claims Administrator shall communicate with Claimants in order to remedy the curable deficiencies in the Proofs of Claim and Release submitted.  The Claims Administrator, under supervision of Lead Counsel, if necessary, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim and Release it proposes to reject in whole or in part, setting forth the reasons therefore, and shall

- 23 -

indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶5.10 below.

5.10   If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the mailing of the notice required in ¶5.9 above, or a less period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot otherwise be resolved, Lead Counsel shall thereafter present the request for review to the Court.

5.11   Each Claimant who submits a Proof of Claim and Release shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, all releases provided herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member, the validity and amount of the Claimant's Claim and any previous objections to class action settlements by the Claimant or his, her or its counsel.  No discovery shall be allowed on the merits of the Litigation or settlement in connection with the processing of the Claims.  All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.  All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.12   Payment pursuant to this Stipulation and Plan of Allocation shall be deemed final and conclusive against all Claimants.   All Class Members whose Claims are not approved shall be barred from participating in a distribution from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Litigation and the releases provided for herein, and shall be banned from bringing any action against the Released Defendant Parties concerning the Released Plaintiff's Claims.

5.13   Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the plan of allocation approved by the Court.   No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.   If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.   These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.   Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization designated by Lead Counsel.

5.14   The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.   No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.14 hereof.

4841-9732-9645.v9

5.15   No Person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.16   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth herein.

**6.     Lead Counsel's Attorneys' Fees and Expenses**

6.1   Lead Counsel will submit a Fee and Expense Application on behalf of all Plaintiff's Counsel for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.  In addition, Lead Plaintiff may also submit a request for reimbursement of its time and expenses representing the Class pursuant to 15 U.S.C. §78u-4(a)(4).

6.2   Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately upon entry of the Judgment and an Order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof.  Lead Counsel shall allocate any Court-awarded

- 26 -

attorneys' fees and expenses among other Plaintiff's Counsel, if any, in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel and such of Plaintiff's Counsel who have received any portion of the Fee and Expense Award shall within thirty (30) days from receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by final non-appealable court order, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus the interest earned thereon in an amount consistent with such reversal or modification. Each such Plaintiff's Counsel's law firm receiving attorneys' fees and litigation costs and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that it and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this Stipulation.

6.4    The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiff's Counsel for attorneys' fees and expenses, or the expenses of Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.

4841-9732-9645.v9

The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Plaintiff or Plaintiff's Counsel, nor any appeals to such awards.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶¶7.1-7.9 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Litigation.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.   The Released Defendant Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel, Plaintiff's Counsel, or any other plaintiff and counsel.

6.6    The Released Defendant Parties shall have no responsibility for the allocation among Plaintiff's Counsel, any other counsel who have represented one or more plaintiff in the Litigation, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Stipulation shall be the first business day on which all of the following shall have occurred or been waived:

(a)    the Settlement Amount has been deposited into the Escrow Account;

(b)    the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, following notice to the Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

- 28 -

(d)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof; and

(e)     the Judgment has become Final, as defined in ¶1.16 hereof.

7.2     This is not a claims made settlement.  Upon the Effective Date, the Released Defendant Parties, including Defendants, Defendants' insurers, and/or any other Person funding the Settlement on their behalf, shall have no interest in the Settlement Fund or in the Net Settlement Fund, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should claims made exceed the amount available in the Settlement Fund for payment of such claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

7.3     If prior to the Settlement Hearing, the aggregate number of shares of Stamps.com common stock purchased or acquired during the Class Period by Persons who would otherwise be Class Members, but who request exclusion from the Class, exceeds the sum specified in a separate supplemental agreement between Lead Plaintiff and Defendants (the "Supplemental Agreement"), Defendants shall have the discretion to withdraw from or terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed *in camera* to the Court for purposes of approval of

- 29 -

the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of shares.

7.4    Defendants and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other counsel of the Settling Parties within thirty (30) days of:

(a)    the Court's final non-appealable refusal to enter the Preliminary Approval Order or any material part of it;

(b)    the Settlement Amount not being timely funded when Lead Counsel has complied with ¶2.2 hereof;

(c)    the Court's final non-appealable refusal to approve this Stipulation or any material part of it;

(d)    the Court's final non-appealable refusal to enter the Judgment or any material part of it; or

(e)    the Judgment being modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.  For the avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Lead Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.5    Unless otherwise ordered by the Court, in the event the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, within five (5) business days after joint written notification of such event is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.8 and 2.10 hereof, or are chargeable to the Settlement Fund

- 30 -

pursuant to ¶¶2.8 and 2.10 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' Counsel. In the event that the funds received by Lead Counsel consistent with ¶6.2 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel immediately upon their deposit into the Escrow Account consistent with ¶6.3 above.

7.6     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of the date that this Stipulation is executed by the Settling Parties.  In such event, the terms and provisions of the Stipulation and any aspect of the discussions or negotiations leading to this Stipulation, with the exception of ¶¶2.8, 2.10, 2.11, 6.3, 7.5-7.7, 8.1, 9.1, and 9.5 hereof, shall not be admissible in this Litigation and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiff, in any court filing, deposition, at trial, or otherwise, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.7     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.8 or 2.10.  In addition, any expenses already incurred pursuant to ¶¶2.8 or 2.10 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow

1   Agent in accordance with the terms of the Stipulation prior to the balance being
2   refunded in accordance with ¶¶2.11 and 7.5 hereof.

3        7.8    Each Defendant contributing to the Settlement Amount warrants as to
4   himself or itself that, as to the payments made by or on behalf of him or it, at the
5   time of such payment that the Defendant made or caused to be made pursuant to ¶2.2
6   hereof, he or it was not insolvent, nor will the payment required to be made by or on
7   behalf of him or it render such Defendant insolvent, within the meaning of and/or
8   for the purposes of the United States Bankruptcy Code, including §§ 101 and 547
9   thereof.  This warranty is made by each such Defendant and not by such Defendant's
10   Counsel.

11        7.9    If, before the Settlement becomes Final, any Defendant files for
12   protection under the Bankruptcy Code or any similar law or a trustee, receiver,
13   conservator, or other fiduciary is appointed under Bankruptcy, and in the event of a
14   final order of a court of competent jurisdiction, not subject to any further
15   proceedings, determining the transfer of the Settlement Fund, or any portion thereof,
16   by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent
17   transfer or similar transaction under Title 11 of the United States Code (Bankruptcy)
18   or applicable state law and any portion thereof is required to be refunded and such
19   amount is not promptly deposited in the Settlement Fund by or on behalf of any other
20   Defendant, then, at the election of Lead Plaintiff, as to the Defendant as to whom
21   such order applies, the Settlement may be terminated and the releases given and the
22   Judgment entered in favor of such Defendant pursuant to the Settlement shall be null
23   and void.  In such instance, the releases given and the Judgments entered in favor of
24   other Defendants shall remain in full force and effect.  Alternatively, Lead Plaintiff
25   may elect to terminate the entire Settlement as to all Defendants and all of the
26   releases given and the Judgments entered in favor of the Defendants pursuant to the
27   Settlement shall be null and void and the Settling Parties shall be restored to their
28   respective positions in the Litigation as of August 16, 2021.

- 32 -

**8.    No Admission of Wrongdoing**

8.1    Except as set forth in ¶8.2 below, this Stipulation (including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court)), whether or not consummated, and whether or not approved by the Court, and any discussions, negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Defendant Parties with respect to the truth of any fact or allegation by Lead Plaintiff and the Class or the validity of any claim that has been or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, including, but not limited to, the Released Plaintiff's Claims, or of any liability, damages, negligence, fault or other wrongdoing of any kind of any of the Released Defendant Parties or any person or entity whatsoever;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties, or against or to the prejudice of Lead Plaintiff or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Class Members;

- 33 -

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, any other Class Members, or their respective counsel, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Settling Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)     do not constitute, and shall not be construed as, or offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, or any other Class Members, as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e)     do not constitute, and shall not be construed as, or offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, or any other Class Members, as evidence of a presumption, concession, or admission that any of their claims or defenses are without merit or infirm or that damages recoverable under the Complaint would not have exceeded and/or been lower than the Settlement Amount.

8.2     Each of the Released Defendant Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation

- 34 -

and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

### 9.    Miscellaneous Provisions

9.1    Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Litigation as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of Lead Plaintiff as class representative for the Class; and (c) appointment of Plaintiff's Counsel as class counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Defendants' conditional stipulation to a Class is for settlement purposes only and contingent upon consummation of the Settlement and the Judgment becoming Final.  If the Settlement does not become effective, Defendants reserve their rights to assert objections and defenses to certification of any class, and Lead Plaintiff and Plaintiff's Counsel agree that they will not offer Defendants' conditional stipulation to a Class as support for a motion to certify a class, or argue that Defendants are equitably or judicially estopped from contesting certification of a class in the Litigation.  Without in any way limiting the generality of the foregoing, if the Settlement does not become effective, Lead Plaintiff and Plaintiff's Counsel agree that nothing contained in this Stipulation shall limit the arguments Defendants can present to the United States Court of Appeals for the Ninth Circuit in the case styled as *Karinski v. Stamps.com Inc.*, Case No. 21-55223 or to this Court should the United States Court of Appeals reverse, remand, or otherwise order this Court to conduct further proceedings with respect to Lead Plaintiff's Notice of Motion and Motion for Class Certification.

9.2    The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation

- 35 -

1   and to exercise their best efforts to accomplish the foregoing terms and conditions

2   of the Stipulation.

3        9.3    The Settling Parties intend the Settlement to be the full, final, and

4   complete resolution of all claims asserted or that could have been asserted by the

5   Settling Parties with respect to the Litigation, Released Plaintiff's Claims and

6   Released Defendants' Claims.    The Settlement compromises claims which are

7   contested and shall not be deemed an admission by any Settling Party as to the merits

8   of any claim or defense.    Pursuant to 15 U.S.C. §78u-4(c)(1), the Final Judgment

9   will contain a finding that, during the course of the Litigation, the Settling Parties

10   and their respective counsel at all times complied with the requirements of Federal

11   Rule of Civil Procedure 11 in connection with the maintenance, prosecution,

12   defense, and settlement of the Litigation and shall not make any application for

13   sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim

14   or defense in this Litigation.    The Settling Parties agree that the Settlement Amount

15   and the other terms of the Settlement were negotiated at arm's length and in good

16   faith by the Settling Parties, and reflect a settlement that was reached voluntarily

17   based upon adequate information and after consultation with competent legal

18   counsel.    The Settling Parties reserve their right to rebut, in a manner that such party

19   determines to be appropriate, any contention made in any public forum regarding

20   the Litigation, including that the Litigation was brought or defended in bad faith or

21   without a reasonable basis.

22        9.4    The Settling Parties shall, in good faith, endeavor to communicate the

23   terms of the Settlement, if at all, in a manner that is respectful of the fact that no final

24   adjudication of fault was determined by a court or a jury.

25        9.5    All agreements made and orders entered during the course of the

26   Litigation relating to the confidentiality of information shall survive this Stipulation.

27

28

4841-9732-9645.v9

9.6    All of the Exhibits to the Stipulation, and the Supplemental Agreement, are material and integral parts hereof and are fully incorporated herein by this reference.

9.7    The Stipulation, along with its Exhibits and the Supplemental Agreement, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8    The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.9    The Stipulation, its Exhibits, and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

9.10    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

9.11    All counsel and any other person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.12    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same

- 37 -

4841-9732-9645.v9

instrument.  A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.13   This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

9.14   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

9.15   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.16   The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

9.17   Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Plaintiff's Claims against any of the Released Defendant Parties.

9.18   This Stipulation, its Exhibits, and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California.  The construction, interpretation, operation, effect, and validity of this Stipulation, its Exhibits, the Supplemental Agreement, and all documents necessary to effectuate them, shall be governed by the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.19   This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it

- 38 -

1  is the result of arm's-length negotiations among the Settling Parties, and all Settling
2  Parties have contributed substantially and materially to the preparation of this
3  Stipulation.

4      9.20   Nothing in the Stipulation, or the negotiations relating thereto, is
5  intended to or shall be deemed to constitute a waiver of any applicable privilege or
6  immunity, including, without limitation, attorney-client privilege, joint defense
7  privilege, or work product protection.

8      9.21   Unless otherwise provided, the Settling Parties may agree to reasonable
9  extensions of time to carry out any of the provisions of this Stipulation without
10 further order of the Court.

11     9.22   Except as otherwise provided herein, each party shall bear its own costs.

12     IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to
13 be executed, by their duly authorized attorneys, dated August 16, 2021.

14
15                                ROBBINS GELLER RUDMAN
                                    & DOWD LLP
16                                STEVEN W. PEPICH
                                  JASON A. FORGE
17                                ERIC I. NIEHAUS
                                  HILLARY B. STAKEM
18                                KEVIN S. SCIARANI



                                  _____
                                       ERIC I. NIEHAUS

                                  655 West Broadway, Suite 1900
                                  San Diego, CA  92101-8498
                                  Telephone:  619/231-1058
                                  619/231-7423 (fax)

                                  Lead Counsel for Lead Plaintiff

- 39 -

4841-9732-9645.v9

KATTEN MUCHIN ROSENMAN LLP
RICHARD H. ZELICHOV
CHRISTINA L. COSTLEY
PAUL S. YONG

_____
RICHARD H. ZELICHOV

2029 Century Park East, Suite 2600
Los Angeles, CA  90067
Telephone:  310/788-4400
310/788-4471 (fax)

KATTEN MUCHIN ROSENMAN LLP
JONATHAN A. ROTENBERG
575 Madison Avenue
New York, NY  10022
Telephone:  212/940-8800
212/940-8776 (fax)

Attorneys for Defendants Stamps.com Inc., Kenneth McBride, Kyle Huebner, and Jeff Carberry

- 40 -

4841-9732-9645.v9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| DOCUMENT | EXHIBIT |
| --- | --- |
| [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Pendency and Settlement of Class Action | A-1 |
| Claim Form | A-2 |
| Summary Notice | A-3 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | B |

# EXHIBIT A

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEVEN W. PEPICH (116086)
JASON A. FORGE (181542)
ERIC I. NIEHAUS (239023)
HILLARY B. STAKEM (286152)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
stevep@rgrdlaw.com
jforge@rgrdlaw.com
ericn@rgrdlaw.com
hstakem@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:19-cv-01828-MWF-SK |
|---|---|
| Plaintiff, | CLASS ACTION |
| vs. | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| STAMPS.COM, INC. et al. | |
| Defendants. | EXHIBIT A |

WHEREAS, an action is pending before this Court entitled *Karinski v. Stamps.com, Inc., et al.*, Case No. 2:19-cv-01828-MWF-SK (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated August 16, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      After a preliminary review, the Settlement appears to be fair, reasonable, and adequate.  The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement.  Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2021, at _:__ _.m. [a date that is at least 100 days from the date of this Order], at the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012, for the following purposes:

a. to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

b. to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits

- 1 -

4831-3613-5406.v3

and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Plaintiff's Claims or Released Defendants' Claims extinguished by the Settlement;

c. to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

d. to consider the application of Lead Counsel for an award of attorneys' fees and expenses, and any application for an award to Lead Plaintiff;

e. to consider Class Members' objections to the Settlement, Plan of Allocation or application for fees and expenses, if any; and

f. to rule upon such other matters as the Court may deem appropriate.

3. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made an award to Lead Plaintiff.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court entered an order certifying the Class defined as: all persons who purchased or otherwise acquired Stamps.com Inc. ("Stamps.com" or the "Company") common stock between May 3, 2017, and May 8, 2019, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are Defendants and their immediate families, the officers and directors of the Company, at all relevant times, members of

4831-3613-5406.v3

1   their immediate families, and their legal representatives, heirs, successors or assigns,

2   and any entity in which Defendants have or had a controlling interest.

3        5.     The Court approves, as to form and content, the Notice of Pendency and

4   Settlement of Class Action (the "Notice"), the Claim Form (the "Claim Form" or

5   "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2,

6   and A-3, respectively, and finds that the mailing and distribution of the Notice and

7   publishing of the Summary Notice, substantially in the manner and form set forth in

8   ¶¶7-8 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and

9   due process, and is the best notice practicable under the circumstances and shall

10  constitute due and sufficient notice to all Persons entitled thereto.

11       6.     The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby

12  appointed to supervise and administer the notice procedure as well as the processing

13  of claims as more fully set forth below.

14       7.     Stamps.com shall provide, or cause to be provided, to Lead Counsel or

15  the Claims Administrator, at no cost to Lead Plaintiff, the Settlement Fund, Lead

16  Counsel or the Claims Administrator, within seven (7) calendar days after the Court

17  enters this Order, documentation or data in the possession of Stamps.com or its

18  present or former stock transfer agent(s) sufficient to identify to the extent available

19  the record holders of Stamps.com common stock during the period from May 3, 2017

20  through May 8, 2019, inclusive, and their last known addresses or other similar

21  information. Stamps.com shall provide this documentation in an electronic searchable

22  form, such as Excel.

23       8.     Lead Counsel, through the Claims Administrator, shall commence

24  mailing the Notice and Claim Form, substantially in the forms annexed hereto, within

25  twenty-one (21) calendar days after the Court signs this Order (the "Notice Date"), or

26  by _____, 2021, by first-class mail to all Class Members who can be identified

27

28

- 3 -

Exhibit A

-45-

with reasonable effort, and to be posted on the Settlement website at www.StampsSecuritiesSettlement.com.

9.     Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

10.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11.     Nominees who purchased or acquired Stamps.com common stock for the beneficial ownership of Class Members during the Class Period shall (a) within seven (7) calendar days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

12.     In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

- 4 -

4831-3613-5406.v3

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material

- 5 -

1   deletions or modifications of any of the printed matter contained

2   therein and must be signed under penalty of perjury.

3   (c)   Once the Claims Administrator has considered a timely submitted

4   Proof of Claim, it shall determine whether such claim is valid,

5   deficient or rejected.  For each claim determined to be either

6   deficient or rejected, the Claims Administrator shall send a

7   deficiency letter or rejection letter as appropriate, describing the

8   basis on which the claim was so determined.  Persons who timely

9   submit a Proof of Claim that is deficient or otherwise rejected

10   shall be afforded a reasonable time (at least seven (7) calendar

11   days) to cure such deficiency if it shall appear that such deficiency

12   may be cured.

13   (d)   For the filing of and all determinations concerning their Proof of

14   Claim, each Class Member shall submit to the jurisdiction of the

15   Court.

16   (e)   Any Class Member that opts out of the Class or otherwise settled

17   claims with one or more Defendants for claims arising out of the

18   conduct alleged in the Litigation is hereby enjoined from

19   submitting a Claim Form or having another person or entity

20   submit a Claim Form on its behalf.

21   13.   Any Class Member who does not timely submit a valid and timely Proof

22   of Claim within the time provided for, shall be barred from sharing in the distribution

23   of the proceeds of the Settlement Fund, but will in all other respects be subject to and

24   bound by the provisions of the Stipulation and the Judgment, if entered.

25   Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an

26   obligation) to accept late-submitted claims for processing by the Claims Administrator

27   so long as distribution of the Net Settlement Fund to Authorized Claimants is not

28

- 6 -

1   materially delayed thereby, but will bear no liability for failing to accept such late

2   claims.

3        14.    Any Member of the Class may enter an appearance in the Litigation, at

4   their own expense, individually or through counsel of their own choice. If they do not

5   enter an appearance, they will be represented by Lead Counsel.

6        15.    All Class Members shall be bound by all determinations and judgments

7   in this Litigation, whether favorable or unfavorable, unless such persons request to be

8   excluded, or "opt out," from the Class. A Class Member wishing to be excluded from

9   the Class must submit to the Claims Administrator a request for exclusion ("Request

10  for Exclusion"), by first-class mail, or otherwise hand-deliver it, such that it is

11  received no later than twenty-one (21) calendar days prior to the Settlement Hearing,

12  or _____, 20__, to the address listed in the Notice. A Request for Exclusion

13  must be signed and must legibly state: (a) the name, address, and telephone number of

14  the Person requesting exclusion; (b) the number of shares of Stamps.com common

15  stock that the Person requesting exclusion held at the close of trading on May 2, 2017,

16  the number of shares of Stamps.com common stock that the Person requesting

17  exclusion purchased, acquired, sold, and/or disposed of during the Class Period, as

18  well as the number of shares, dates and prices for each such purchase, acquisition,

19  sale, and disposition; and (c) that the Person wishes to be excluded from the Class in

20  *Karinski v. Stamps.com, Inc., et al.*, Case No. 2:19-cv-01828-MWF-SK. All Persons

21  who submit valid and timely Requests for Exclusion in the manner set forth in this

22  paragraph shall have no rights under the Stipulation, shall not share in the distribution

23  of the Net Settlement Fund, and shall not be bound by the Stipulation or any Final

24  Judgment. Unless otherwise ordered by the Court, any Class Member who does not

25  submit a valid and timely written Request for Exclusion as provided by this paragraph

26  shall be bound by the Stipulation.

27

28

4831-3613-5406.v3

16.     If prior to the Settlement Hearing Persons who otherwise would be Class Members have submitted valid and timely Requests for Exclusion in accordance with the provisions of this Order and the Notice given pursuant thereto, and have not thereafter withdrawn such Requests for Exclusion, and such Persons have in the aggregate purchased or acquired the number of shares specified in the separate Supplemental Agreement between the Settling Parties which has not been filed with this Court, Defendants shall have the option to withdraw from or terminate the Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  Pursuant to the Private Securities Litigation Reform Act of 1995, § 27(a)(2)(B)(5), this Court finds that good cause has been shown for not filing the Supplemental Agreement, which shall be filed under seal only if a dispute among the Settling Parties arises concerning its interpretation or application.

17.     The Claims Administrator or Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion within two (2) calendar days of receipt.

18.     The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, including Lead Plaintiff's expenses as provided for by 15 U.S.C. §78u-4(a)(4), only if such comments or objections and any supporting papers are served by hand or sent by first-class mail, and are received at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 20__:

***Counsel for Lead Plaintiff***
Robbins Geller Rudman & Dowd LLP
Eric I. Niehaus
655 West Broadway, Suite 1900
San Diego, CA 92101

4831-3613-5406.v3

*Counsel for Defendants*

Katten Muchin Rosenman LLP
Richard H. Zelichov
2029 Century Park East, Suite 2600
Los Angeles, CA  90067

Those comments or objections and any supporting papers must also be filed with the Clerk of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Suite 4311, Los Angeles, California 90012, at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 20__.  Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or award to Lead Plaintiff are required to indicate in their written objection whether they intend to appear at the Settlement Hearing.  The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of Stamps.com common stock that the objecting Person purchased, acquired, sold, and/or disposed of during the Class Period, as well as the number of shares, dates and prices for each such purchase, acquisition, sale, and disposition.  The objection must contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel.  In addition, the objection must state whether it applies only to the objector, to a specific subset of the Class or to the entire Class.  The member of the Class making the objection must identify any other class actions to which the Class Member and/or his, her or its counsel has previously objected.  Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the

- 9 -

Exhibit A
-51-

Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or award to the Lead Plaintiff unless otherwise ordered by the Court. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

19.   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.   All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees and expenses or by Lead Plaintiff for its expenses shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 20__.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 20__.

21.   The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation.

22.   At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

4831-3613-5406.v3

23.   All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

24.   Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiff's Claims by the Released Defendant Parties, or of any wrongdoing or liability of the Released Defendant Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal or of any liability or wrongdoing of any kind; (iii) is or may be deemed to be evidence of or an admission or concession that Lead Plaintiff or any Class Members have suffered any damages, harm, or loss; (iv) is or may be deemed to be or may be used as an admission that the claims alleged in the Litigation lacked merit or that Lead Plaintiff and the Class would not have been able to recover a greater amount of damages had the claims been prosecuted through trial and appeals, if any.

25.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated.   In such event, all orders entered and Releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.   Without in any way limiting the generality of the foregoing, if the Settlement does not become effective, nothing contained in the Stipulation or any of the documents attached to the Stipulation shall limit the arguments Defendants can present to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") in their appeal of this Court's Order Granting

- 11 -

1 Motion for Class Certification or to this Court should the Ninth Circuit reverse,
2 remand, or otherwise order this Court to conduct further proceedings with respect to
3 class certification.

4    26.    All proceedings in the Litigation are stayed until further order of this
5 Court, except as may be necessary to implement the Settlement or comply with the
6 terms of the Stipulation.  Pending final determination of whether the proposed
7 Settlement should be approved, neither the Lead Plaintiff, nor any Class Member,
8 directly or indirectly, representatively, or in any other capacity, shall commence or
9 prosecute against any of the Released Defendant Parties, any action or proceeding in
10 any court or tribunal asserting any of the Released Plaintiff's Claims.

11    27.    The Court's orders entered during this Litigation relating to the
12 confidentiality of information shall survive this Settlement.

13    IT IS SO ORDERED.

14 DATED: _____    _____
15                          THE HONORABLE MICHAEL W. FITZGERALD
16                          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4831-3613-5406.v3

- 12 -

# EXHIBIT A-1

1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   STEVEN W. PEPICH (116086)
    JASON A. FORGE (181542)
3   ERIC I. NIEHAUS (239023)
    HILLARY B. STAKEM (286152)
4   KEVIN S. SCIARANI (301411)
    655 West Broadway, Suite 1900
5   San Diego, CA  92101-8498
    Telephone:  619/231-1058
6   619/231-7423 (fax)
    stevep@rgrdlaw.com
7   jforge@rgrdlaw.com
    ericn@rgrdlaw.com
8   hstakem@rgrdlaw.com
    ksciarani@rgrdlaw.com
9
    Lead Counsel for Lead Plaintiff
10
                    UNITED STATES DISTRICT COURT
11
                  CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  MATT KARINSKI, Individually and on ) <br> Behalf of All Others Similarly Situated, ) | Case No. 2:19-cv-01828-MWF-SK |
| 14                                        Plaintiff, ) | CLASS ACTION |
| 15        vs.                             ) | NOTICE OF PENDENCY AND <br> SETTLEMENT OF CLASS ACTION |
| 16  STAMPS.COM, INC., et al.,             ) | EXHIBIT A-1 |
| 17                                        Defendants. ) | |

18

19

20

21

22

23

24

25

26

27

28

***A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Litigation") if you purchased or otherwise acquired the common stock of Stamps.com Inc. ("Stamps.com" or the "Company") from May 3, 2017 through May 8, 2019, inclusive (the "Class Period"), and were damaged thereby.**

**NOTICE OF SETTLEMENT:  Please also be advised that the Indiana Public Retirement System ("Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Litigation for a total of $100 million in cash that will resolve all claims in the Litigation (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

1. **Description of the Litigation and the Class**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants: Stamps.com, Kenneth McBride, Kyle Huebner, and Jeff Carberry ("Defendants") (collectively, with Lead Plaintiff, the "Settling Parties").   The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"): all persons and entities who purchased or otherwise acquired Stamps.com common stock during the Class Period and were damaged thereby.  Excluded from the Class are Defendants and their immediate families, the officers and directors of the Company, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those Persons who exclude themselves by submitting a request for exclusion, as set forth in ¶56 below, that is accepted by the Court.  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (866) 331-7166.

2. **Statement of Class's Recovery**:  Subject to Court approval, and as described more fully in ¶¶45-50 below, Lead Plaintiff, on behalf of the Class, has agreed to settle all Released Plaintiff's Claims (as defined in ¶46 below) against Defendants and other Released Defendant Parties (as defined in ¶47 below) in exchange for a settlement payment of $100 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Expenses, and attorneys' fees and litigation expenses and Lead Plaintiff award) will be

- 1 -

distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to Members of the Class.   The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.   The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.     **Statement of Average Distribution Per Share**:  The Settlement Fund consists of the $100 million Settlement Amount plus interest earned.   Assuming all potential Class Members elect to participate, the estimated average recovery is $9.56 per damaged share before fees and expenses.   Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation; when their shares were purchased or acquired and the price at the time of purchase or acquisition; whether the shares were sold, and if so, when they were sold and for how much.   In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.     **Statement of the Parties' Position on Damages**:  Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiff and/or the Class and that Lead Plaintiff or other Members of the Class suffered any injury.   Moreover, the parties do not agree on the amount of recoverable damages if Lead Plaintiff was to prevail on each of the claims.   The issues on which the parties disagree include, but are not limited to, whether: (1) the statements made or facts allegedly omitted were material, false or misleading; (2) Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) all or part of the damages allegedly suffered by Members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.     **Statement of Attorneys' Fees and Expenses Sought**:  Lead Counsel will apply to the Court, on behalf of all Plaintiff's Counsel, for an award of attorneys' fees from the Settlement Fund of no more than 16.75% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.   In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiff's Counsel's litigation expenses (reasonable expenses or charges of Plaintiff's Counsel in connection with commencing and prosecuting the Litigation), in a total amount not to exceed $600,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.   If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $1.66.   In addition, Lead Counsel may apply for

- 2 -

an award in an amount of no more than $10,000 for Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

6. **Identification of Attorneys' Representatives**: Lead Plaintiff and the Class are being represented by Robbins Geller Rudman & Dowd LLP ("Lead Counsel"). Any questions regarding the Settlement should be directed to Eric I. Niehaus, Esq. at Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, (800) 449-4900, eniehaus@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment. Remain a Class Member. Give up your rights. |
| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN [_____], 2021 | This is the only way to be potentially eligible to receive a payment. If you wish to obtain a payment as a Member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), which is included with this Notice, postmarked no later than _____ __, 2021. |
| EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2021 | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released Plaintiff's Claims. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |

- 3 -

| OBJECT TO THE SETTLEMENT SO THAT IT IS **_RECEIVED_** NO LATER THAN [_____], 2021 | Write to the Court about your view on the Settlement, or why you don't think the Settlement is fair to the Class. If you do not exclude yourself from the Class, you may object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses. You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |
|---|---|
| GO TO THE HEARING ON [_____], 2021, AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS **_RECEIVED_** NO LATER THAN [_____], 2021 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About?  What Has Happened So Far? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | Page __ |
| What Are Lead Plaintiff's Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page __ |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page __ |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page __ |
| What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page __ |

- 4 -

## WHY DID I GET THIS NOTICE

7.     The purpose of this Notice is to inform you about (a) this Litigation, (b) the certification of the Class, (c) the terms of the proposed Settlement, and (d) your rights in connection with a hearing to be held before the United States District Court, Central District of California (the "Court"), on _____, 2021, at____ _.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters.  This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.   (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)  In the Litigation, the Court has appointed Lead Plaintiff as the Class Representative and Lead Counsel as Class Counsel, for purposes of the Settlement.

9.     The Court in charge of this case is the United States District Court for the Central District of California, and the case is known as *Karinski v. Stamps.com, Inc., et al.*, Case No. 2:19-cv-01828-MWF-SK.  The judge presiding over this case is the Honorable Michael W. Fitzgerald, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the Defendants are Stamps.com, Kenneth McBride, Kyle Huebner and Jeff Carberry.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

- 5 -

Exhibit A-1
-60-

11.     The Settlement Hearing will be held on _____, 2021, at _____
_.m., before the Honorable Michael W. Fitzgerald, at the United States District
Court, Central District of California, First Street Courthouse, 350 West First
Street, Courtroom 5A, Los Angeles, California 90012, for the following purposes:

(a)     to determine whether the proposed Settlement on the terms and
conditions provided for in the Stipulation is fair, reasonable, and
adequate and should be approved by the Court;

(b)     to determine whether the Judgment as provided for under the
Stipulation of Settlement dated August 16, 2021 (the "Stipulation")
should be entered;

(c)     to determine whether the proposed Plan of Allocation for the net
proceeds of the Settlement is fair and reasonable and should be
approved by the Court;

(d)     to determine whether the application by Lead Counsel for an award
of attorneys' fees and litigation expenses should be approved; and

(e)     to rule upon such other matters as the Court may deem appropriate.

12.     This Notice does not express any opinion by the Court concerning
the merits of any claim in the Litigation, and the Court still has to decide whether
to approve the Settlement.  If the Court approves the Settlement, payments to
Authorized Claimants will be made after any appeals are resolved, and after the
completion of all claims processing.  This process takes time.  Please be patient.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13.     This Litigation arises under Sections 10(b) and 20(a) of the Securities
Exchange Act of 1934, and alleges that during the period between May 3, 2017
and May 8, 2019, inclusive (the "Class Period"), Defendants Stamps.com,
Kenneth McBride, Kyle Huebner and Jeff Carberry made materially false and
misleading statements about Stamps.com's business performance and conditions.
More specifically, Lead Plaintiff alleges that during the Class Period, Defendants
misled investors regarding Stamps.com's "strong" relationship with the United
States Postal Service ("USPS") and that the USPS was "'very happy'" with
Stamps' business practices.

14.     Lead Plaintiff alleges that during the Class Period, Defendants knew
or recklessly disregarded that Stamps.com's relationship with the USPS was
strained due to the Company's abuse of the USPS Reseller Program.  Lead

- 6 -

Plaintiff alleges that Defendants concealed these facts from investors and that this scheme artificially inflated Stamps.com's stock price during the Class Period.  On February 21, 2019, Stamps.com announced the end of an agreement with the USPS whereby the USPS compensated Stamps.com for certain types of postage in exchange for exclusivity.  The Company's stock price plummeted $114 per share on record trading volume of 13.7 million shares, a decline of over 57%.  Then, on May 8, 2019, Stamps.com announced it was lowering its earnings guidance because of potential unfavorable negotiations and terminations of certain contracts between the USPS and the Company's reseller partners.  As a result of the news, the Company's stock price dropped another $46 per share on record trading volume of 16.8 million shares, a decline of over 56%.

15.    On August 5, 2019, Lead Plaintiff filed its Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint").  On October 4, 2019, Defendants moved to dismiss this Complaint, which was opposed by Lead Plaintiff.  On January 17, 2020, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint, holding that Lead Plaintiff had adequately alleged that Defendants made false or misleading representations that Stamps.com had a strong relationship with the USPS and that the USPS fully approved Stamps.com's use of the reseller program.  Defendants filed their answer to the Complaint on January 31, 2020.

16.    Lead Plaintiff and Defendants began formal discovery in April 2020.  The Settling Parties served written discovery on each other, and issued subpoenas to third parties.  At the time settlement was reached, Lead Plaintiff had collected hundreds of thousands of pages of documents from Defendants and various third parties.  Similarly, Defendants collected thousands of pages of documents from Lead Plaintiff, its investment managers and other third parties.

17.    In the course of the Litigation, the Settling Parties engaged the services of Daniel Weinstein, a nationally recognized mediator.  The Settling Parties participated in an in-person mediation session with Judge Weinstein on December 1, 2020.  The Settling Parties did not reach an agreement to settle the Litigation at the mediation and continued litigating the case.  The Settling Parties participated in a second in-person mediation session with Judge Weinstein on March 23, 2020.  While the Settling Parties did not reach an agreement to settle the Litigation at this second mediation, they continued settlement negotiations with the assistance of Judge Weinstein.  Judge Weinstein subsequently provided the Settling Parties with a Mediator's Proposal to settle the Litigation for $100,000,000, which the Settling Parties accepted on May 28, 2021.

4831-6602-4942.v9

Exhibit A-1
-62-

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

18.    If you are a Member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all persons or entities who purchased or otherwise acquired Stamps.com common stock during the Class Period and were damaged thereby.  Excluded from the Class are Defendants and their immediate families, the officers and directors of the Company, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  (See "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?," below.)  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (866) 331-7166.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 2021.

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

19.    Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability, obtaining class certification and establishing damages. Lead Plaintiff and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one.  Such risks include that Lead Plaintiff would be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.

20.    In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.

- 8 -

Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $100 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after summary judgment, trial and appeals, possibly years in the future.

21.    Each Defendant has expressly denied and continues to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Complaint, including, without limitation, that the allegations that Defendants or any of them made or caused to be made any alleged misrepresentation or omission, or engaged in any alleged scheme or course of conduct to defraud, that the price of Stamps.com common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, that any Defendant acted with scienter in making or causing any alleged misrepresentation or omission, and that Lead Plaintiff or the Class Members (as hereinafter defined) have suffered damages.  Defendants believe that the Litigation is without merit and the evidence developed to date supports their position that they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws.  Defendants also believe that their public statements during the Class Period contained no material misstatements or omissions.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of the alleged claims, neither Lead Plaintiff nor the Class would recover anything from Defendants.  If the Court's order certifying a Class is reversed by the United States Court of Appeal for the Ninth Circuit and Lead Plaintiff was not to succeed in obtaining class certification, Defendants may have asserted the defense that the claims of Class Members were untimely under applicable statutes of limitations and statutes of repose.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

23.    Defendants have agreed to cause to be paid One Hundred Million Dollars ($100,000,000.00) in cash into escrow for the benefit of the Class.  At this

4831-6602-4942.v9

Exhibit A-1

-64-

time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.  Lead Plaintiff has proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proof of Claim Forms.  The Plan of Allocation proposed by Lead Plaintiff is set forth below, and additional information is available on the website created for purposes of this Settlement, www.StampsSecuritiesSettlement.com.

24.    Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Class Members, the Claims Administrator, Defendants and the other Released Defendant Parties (defined below), or any person or entity designated by Lead Counsel.  All Members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Class Member's Released Plaintiff's Claims.

25.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Class.

26.    The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

27.    Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Central District of California with respect to his, her or its Claim Form.

28.    Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

## PLAN OF ALLOCATION

29.    The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  In developing the Plan of Allocation,

- 10 -

Exhibit A-1
-65-

Lead Plaintiff's damages expert calculated the potential amount of estimated alleged artificial inflation in Stamps.com's common stock during the Class Period, and this estimated alleged artificial inflation is reflected in Table 1 below. The computation of the estimated alleged artificial inflation is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff. Lead Plaintiff alleges that corrective disclosures removed artificial inflation from the price of Stamps.com common stock on February 22, 2019 and May 9, 2019 (the "Corrective Disclosure Dates").

30. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

31. In order to have recoverable damages, a disclosure of the alleged truth omitted or concealed by the misrepresentations must be the cause of the decline in the price of Stamps.com's common stock. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the prices of Stamps.com's common stock.

32. Based on the formula set forth below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Stamps.com common stock during the Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.[1]

---

[1] Pursuant to PSLRA, Section 21D(e)(1), "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the

33.     For each share of Stamps.com common stock purchased or otherwise acquired during the Class Period, *i.e.*, May 3, 2017 through May 8, 2019, both dates inclusive, the Recognized Loss per share shall be calculated as follows:

(a)     For each share of Stamps.com common stock that was sold prior to February 22, 2019, the Recognized Loss per share is $0.00.

(b)     For each share of Stamps.com common stock that was sold during the period February 22, 2019 through May 8, 2019, both dates inclusive, the Recognized Loss per share is ***the lesser of***:

(i)     the amount of per-share price inflation on the date of purchase as appears in Table 1 below ***minus*** the amount of per-share price inflation on the date of sale as appears in Table 1; or

(ii)     the purchase price ***minus*** the sale price.

(c)     For each share of Stamps.com common stock that was sold between May 9, 2019 and August 6, 2019, both dates inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is ***the least of***:

(i)     the amount of per-share price inflation on the date of purchase as appears in Table 1; or

(ii)     the purchase price ***minus*** the "90-Day Lookback Value" on the date of sale as provided in Table 2 below; or

(iii)     the purchase price ***minus*** the sale price.

(d)     For each share of Stamps.com common stock that was still held as of the close of trading on August 6, 2019, the Recognized Loss per share is ***the lesser of***:

(i)     the amount of per-share price inflation on the date of purchase as appears in Table 1; or

---

misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Stamps.com's common stock during the 90-day look-back period.  The mean (average) closing price for Stamp.com's common stock during this 90-day look-back period was $42.18 per share.

- 12 -

1

(ii)    the purchase price *minus* the average closing price for
Stamps.com common stock during the 90-Day Lookback Period, which is $42.18.

| Table 1 Artificial Inflation in Stamps.com Common Stock* | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| May 3, 2017 | February 21, 2019 | $163.21 |
| February 22, 2019 | May 8, 2019 | $46.14 |
| May 9, 2019 | Thereafter | $0.00 |

\* For each day during the Class Period, the artificial inflation in the price of Stamps.com common stock shall be limited to that day's closing price of Stamps.com common stock.

| Table 2 90-Day Lookback Value by Sale/Disposition Date | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 5/9/2019 | $36.90 | 6/10/2019 | $37.63 | 7/10/2019 | $40.15 |
| 5/10/2019 | $38.75 | 6/11/2019 | $37.64 | 7/11/2019 | $40.30 |
| 5/13/2019 | $39.83 | 6/12/2019 | $37.69 | 7/12/2019 | $40.47 |
| 5/14/2019 | $40.51 | 6/13/2019 | $37.80 | 7/15/2019 | $40.63 |
| 5/15/2019 | $41.10 | 6/14/2019 | $37.90 | 7/16/2019 | $40.80 |
| 5/16/2019 | $41.22 | 6/17/2019 | $37.99 | 7/17/2019 | $40.94 |
| 5/17/2019 | $41.02 | 6/18/2019 | $38.09 | 7/18/2019 | $41.02 |
| 5/20/2019 | $40.75 | 6/19/2019 | $38.18 | 7/19/2019 | $41.11 |
| 5/21/2019 | $40.55 | 6/20/2019 | $38.28 | 7/22/2019 | $41.19 |
| 5/22/2019 | $40.10 | 6/21/2019 | $38.38 | 7/23/2019 | $41.28 |
| 5/23/2019 | $39.62 | 6/24/2019 | $38.47 | 7/24/2019 | $41.39 |
| 5/24/2019 | $39.20 | 6/25/2019 | $38.53 | 7/25/2019 | $41.51 |
| 5/28/2019 | $38.81 | 6/26/2019 | $38.63 | 7/26/2019 | $41.63 |
| 5/29/2019 | $38.43 | 6/27/2019 | $38.76 | 7/29/2019 | $41.73 |
| 5/30/2019 | $38.10 | 6/28/2019 | $38.94 | 7/30/2019 | $41.85 |
| 5/31/2019 | $37.82 | 7/1/2019 | $39.11 | 7/31/2019 | $41.95 |
| 6/3/2019 | $37.65 | 7/2/2019 | $39.29 | 8/1/2019 | $42.01 |
| 6/4/2019 | $37.63 | 7/3/2019 | $39.45 | 8/2/2019 | $42.08 |
| 6/5/2019 | $37.63 | 7/5/2019 | $39.62 | 8/5/2019 | $42.12 |
| 6/6/2019 | $37.63 | 7/8/2019 | $39.77 | 8/6/2019 | $42.18 |
| 6/7/2019 | $37.63 | 7/9/2019 | $39.97 | | |

- 13 -

Exhibit A-1

## ADDITIONAL PROVISIONS

34.     The Net Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim (defined below).

35.     If a Class Member has more than one purchase/acquisition or sale of Stamps.com's common stock, purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

36.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

37.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

38.     Purchases or acquisitions and sales of Stamps.com's common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Stamps.com's common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Stamps.com's common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Stamps.com's common stock unless (i) the donor or decedent purchased or otherwise acquired such Stamps.com's common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

39.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Stamps.com common stock.  The date of a "short sale" is deemed to be the date of sale of the Stamps.com common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is

- 14 -

zero.  In the event that a Claimant has an opening short position in Stamps.com's common stock, the earliest Class Period purchases or acquisitions of Stamps.com's common stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

40.    With respect to Stamps.com's common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the exercise price of the option.

41.    To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Stamps.com's common stock during the Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Stamps.com's common stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

42.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct one or more re-distributions of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.

43.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, or the Claims Administrator or other agent designated by Lead Counsel, or the Released Defendant Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff and Defendants, their respective counsel, Lead Plaintiff's damages expert, and all other releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or

- 15 -

nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

44.   The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

45.   If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiff and all other Releasing Plaintiff Parties (as defined in ¶48 below) shall have waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims (as defined in ¶46 below), including Unknown Claims (as defined in ¶49 below), against each and every one of the Released Defendant Parties (as defined in ¶47 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.  Claims to enforce the terms of the Settlement are not released.

46.   "Released Plaintiff's Claims" means any and all claims, debts, duties, losses, actions, suits, demands, controversies, rights, liabilities, obligations, judgments, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters, arguments, causes of action, and issues whatsoever, whether known or unknown, asserted or unasserted, accrued or unaccrued, liquidated or unliquidated, whether arising under federal, state, local, statutory, common, foreign or administrative law, or any other law, rule or regulation, whether fixed or contingent, at law or in equity, whether in the nature of class, individual, representative, or in other capacity, that any Releasing Plaintiff Party asserted in the Litigation or could have asserted, directly or indirectly, in any forum that arise out of or are based upon or relate in any way to both: (1) the purchase, acquisition or holding of Stamps.com common stock during the Class Period and (ii) the facts, claims, matters, allegations, transactions, events, occurrences, disclosures, representations, statements, acts, or omissions or

4831-6602-4942.v9

Exhibit A-1
-71-

failures to act that were alleged, asserted, contended, set forth, related to, or referred to in the Litigation. "Released Plaintiff's Claims" includes "Unknown Claims" as defined in ¶49 hereof. "Released Plaintiff's Claims" do not include any claims relating to the enforcement of the Settlement.

47. "Released Defendant Party" or "Released Defendant Parties" means each and all of the Defendants, and each of their respective past, present, or future subsidiaries, parents, associates, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, representatives, general or limited partners or partnerships, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, in their capacity as such, and any entity in which Defendants have a controlling interest, any member of an individual Defendant's immediate family, or any trust of which any individual Defendant is a settlor or which is for the benefit of any individual Defendant and/or member(s) of his or her family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing.

48. "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiff, Lead Counsel, each and every Class Member, and each of their respective past, present, or future subsidiaries, parents, associates, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, representatives, general or limited partners or partnerships, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, in their capacity as such, and any entity in which Lead Plaintiff has a controlling interest, any member of an individual Class Member's immediate family, or any trust of which any individual Class Member is a settlor or which is for the benefit of any individual Class Member and/or member(s) of his or her family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing. Releasing Plaintiff Parties do not include any Person who timely and validly seeks exclusion from the Class.

49. "Unknown Claims" means any and all Released Plaintiff's Claims which the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims which the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiff

- 17 -

Parties, which, if known by him, her, or it, might have affected his, her or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Lead Plaintiff and Defendants shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542.  Lead Plaintiff, any Releasing Plaintiff Party, Defendants, or any Released Defendant Party may hereafter discover, facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   Lead Plaintiff and Defendants acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

- 18 -

50.     The Judgment also will provide that Defendants and each of the other Released Defendant Parties shall be deemed to have waived, released, discharged, and dismissed as against the Releasing Plaintiff Parties all claims and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, common, or foreign law, that any Released Defendant Party could have asserted against any of the Releasing Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation, except for claims relating to the enforcement of the Settlement (the "Released Defendants' Claims").

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

51.     Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been paid for its expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Plaintiff's Counsel from the Settlement Fund of no more than 16.75% of the Settlement Amount, plus interest.  At the same time, Lead Counsel also intends to apply for the payment from the Settlement Fund for Plaintiff's Counsel's litigation expenses, in an amount not to exceed $600,000, plus interest, and may apply for an award for Lead Plaintiff, pursuant to 15 U.S.C. §78u-4(a)(4) based on its time representation of the Class, of no more than $10,000.  The Court will determine the amount of the award of fees, expenses and Lead Plaintiff award.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

52.     If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you. The website is www.StampsSecuritiesSettlement.com.  You may also request a

- 19 -

Exhibit A-1
-74-

Claim Form by calling toll-free (866) 331-7166.  Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

53.     As a Class Member, for purposes of the Settlement, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

54.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" below.  If you exclude yourself from the Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Defendant Parties (as defined in ¶47 above) with respect to any of the Released Plaintiff's Claims (as defined in ¶46 above).

55.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.  If you exclude yourself from the Class, you are not entitled to submit an objection.

---

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?  HOW DO I EXCLUDE MYSELF?

---

56.     Each Class Member will be bound by all determinations and judgments in this lawsuit concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to *Stamps.com Securities Settlement*, EXCLUSIONS,

- 20 -

c/o Gilardi & Co. LLC, 150 Royall Street, Suite 101, Canton, MA 02021. The exclusion request must be *received* no later than _____, 2021. Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Class in *Karinski v. Stamps.com, Inc., et al.*, Case No. 2:19-cv-01828-MWF-SK, and must be signed by such person. Such persons or entities requesting exclusion are also directed to provide the following information: the number of shares of Stamps.com common stock that the Person requesting exclusion held at the close of trading on May 2, 2017, the number of shares of Stamps.com common stock that the Person requesting exclusion purchased, acquired, sold, or disposed of during the Class Period, as well as the number of shares, dates and prices for each such purchase, acquisition, sale, and/or disposition. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

57.    If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Released Defendant Parties. Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Parties concerning the Released Plaintiff's Claims. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Litigation by a statute of limitations and/or a statute of repose.

58.    If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Stipulation. Any Class Member that opts out of the Class or otherwise settled claims with one or more Defendants for claims arising out of the conduct alleged in the Litigation is hereby enjoined from submitting a Claim Form or having another person or entity submit a Claim Form on its behalf.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**

---

- 21 -

| | MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? |
|---|---|

59.     If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement without attending the Settlement Hearing.

60.     The Settlement Hearing will be held on _____, 2021, at _____ _.m., before the Honorable Michael W. Fitzgerald, at the United States District Court, Central District of California, First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012.  The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the Members of the Class.

61.     Any Class Member who does not request exclusion such that it is received no later than _____, 2021, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[2]  Objections or oppositions must be in writing.  You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Central District of California at the address set forth below on or before _____, 2021.  You must also serve the papers on Lead Counsel for the Class and counsel for the Defendants at the addresses set forth below so that the papers are ***received*** on or before _____, **2021**.

| <u>Clerk's Office</u> | <u>Lead Counsel<br>for the Class</u> | <u>Counsel for<br>Defendants</u> |
|---|---|---|
| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA First Street Courthouse 350 West First Street Suite 4311 | ROBBINS GELLER RUDMAN & DOWD LLP Eric I. Niehaus 655 West Broadway Suite 1900 San Diego, CA 92101 | KATTEN MUCHIN ROSENMAN LLP Richard H. Zelichov 2029 Century Park East Suite 2600 Los Angeles, CA 90067 |

---

[2]     Lead Plaintiff's initial motion papers in support of these matters will be filed with the Court on or before _____, 2021.

- 22 -

4831-6602-4942.v9

1    Los Angeles, CA 90012

2

3        62.    The notice of objection must include documentation establishing the

4   objecting Person's membership in the Class, including the number of shares of

5   Stamps.com common stock that the objecting Person purchased, acquired, sold,
and/or disposed of during the Class Period, as well as the number of shares, dates

6   and prices for each such purchase, acquisition, sale, and disposition. The objection

7   must contain a statement of reasons for the objection, copies of any papers, briefs,
or other documents upon which the objection is based, a statement of whether the

8   objector intends to appear at the Settlement Hearing, and the objector's signature,

9   even if represented by counsel. The objection must state whether it applies only

10  to the objector, to a subset of the Class or to the entire Class. The notice of
objection must also identify any other class actions to which the objector and/or

11  his, her or its counsel has previously objected. Documentation establishing

12  membership in the Class must consist of copies of brokerage confirmation slips or
monthly brokerage account statements, or an authorized statement from the

13  objector's broker containing the transactional and holding information found in a

14  broker confirmation slip or account statement. Objectors who desire to present
evidence at the Settlement Hearing in support of their objection must include in

15  their written objection or notice of appearance the identity of any witnesses they
may call to testify and any exhibits they intend to introduce into evidence at the

16  hearing.

17      63.    You may not object to the Settlement or any aspect of it, if you
exclude yourself from the Class.

18

19      64.    You may file a written objection without having to appear at the

20  Settlement Hearing. You may not appear at the Settlement Hearing to present
your objection, however, unless you have first filed and served a written objection

21  in accordance with the procedures described above, unless the Court orders
otherwise.

22

23      65.    You are not required to hire an attorney to represent you in making

24  written objections or in appearing at the Settlement Hearing. If you decide to hire
an attorney, which will be at your own expense, however, he or she must file a

25  notice of appearance with the Court and serve it on Lead Counsel so that the notice
is received on or before _____, 2021.

26      66.    The Settlement Hearing may be adjourned by the Court without

27  further written notice to the Class, other than a posting of the adjournment on the

28

- 23 -

Settlement website, www.StampsSecuritiesSettlement.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

67.    Nominees who purchased or acquired Stamps.com common stock for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free (866) 331-7166, and may be downloaded from the Settlement website, www.StampsSecuritiesSettlement.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

- 24 -

68.     This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Litigation is available at www.StampsSecutiesSettlement.com, including, among other documents, copies of the Stipulation and Proof of Claim Form.   All inquiries concerning this Notice or the Claim Form should be directed to:

*Stamps.com Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 43315
Providence, RI  02940-3315
Toll-free number: (866) 331-7166

**OR**

Eric I. Niehaus, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(800) 449-4900
eniehaus@rgrdlaw.com
Lead Counsel

**DO NOT CALL OR WRITE THE COURT OR**
**THE OFFICE OF THE CLERK OF COURT**
**REGARDING THIS NOTICE.**

Dated: _____, 2021            By Order of the Court
                                       United States District Court
                                       Central District of California

- 25 -

4831-6602-4942.v9

Exhibit A-1
-80-

# EXHIBIT A-2

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEVEN W. PEPICH (116086)
JASON A. FORGE (181542)
ERIC I. NIEHAUS (239023)
HILLARY B. STAKEM (286152)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
stevep@rgrdlaw.com
jforge@rgrdlaw.com
ericn@rgrdlaw.com
hstakem@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:19-cv-01828-MWF-SK |
| Plaintiff, | CLASS ACTION |
| vs. | CLAIM FORM |
| STAMPS.COM, INC., et al., | EXHIBIT A-2 |
| Defendants. | |

1
2
3
4
5
6

***Stamps.com Securities Settlement***
**c/o Gilardi & Co. LLC**
**P.O. Box 43315**
**Providence, RI  02940-3315**
**Toll-Free Number: (866) 331-7166**
**Email:  info@StampsSecuritiesSettlement.com**
**Website:  www.StampsSecuritiesSettlement.com**

## PROOF OF CLAIM AND RELEASE

7
8
9
10

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Litigation, you must complete and sign this Proof of Claim and Release ("Claim Form") and mail it by first-class mail to the above address, ***postmarked*** **no later than _____, 2021 or submit it online at the above website on or before _____, 2021**.

11
12

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

13
14
15

**Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

16

**TABLE OF CONTENTS**                    **PAGE #**

17     **PART I –INSTRUCTIONS**

18     **PART II – CLAIMANT IDENTIFICATION**

19     **PART III – SCHEDULE OF TRANSACTIONS IN**
20     **STAMPS.COM COMMON STOCK**

21     **PART IV – SUBMISSION TO JURISDICTION OF COURT**
22     **AND ACKNOWLEDGMENTS**

23     **PART V – RELEASE AND SIGNATURE**

24
25
26
27
28

- i -

Exhibit A-2
-82-

# PART I - INSTRUCTIONS

**A.** **GENERAL INSTRUCTIONS**

1. To recover as a Member of the Class based on your claims in the action entitled *Karinski v. Stamps.com, Inc., et al.*, Case No. 2:19-cv-01828-MWF-SK (the "Litigation"), you must complete and, on page [__] hereof, sign this Proof of Claim and Release ("Claim Form"). If you fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3. YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM ON OR BEFORE _____, 2021, ADDRESSED AS FOLLOWS:

> *Stamps.com Securities Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 43315
> Providence, RI  02940-3315
> Online Submissions: www.StampsSecuritiesSettlement.com

If you are NOT a Member of the Class, as defined below and in the Notice of Pendency and Settlement of Class Action (the "Notice"), DO NOT submit a Claim Form.

4. If you are a Member of the Class and you do not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5. It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement

- 1 -

Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

**B.    CLAIMANT IDENTIFICATION**

1.    If you purchased or acquired Stamps.com common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.    Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of the Stamps.com common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible Stamps.com common stock in your own name, you are the beneficial owner as well as the record owner.  If, however, your shares of eligible Stamps.com common stock were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE STAMPS.COM COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.    All joint purchasers must sign this Claim Form and be identified in Part II.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the

- 2 -

foregoing information could delay verification of your claim or result in rejection of the claim.

4.   **One Claim should be submitted for each separate legal entity.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.   Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

   (a)   expressly state the capacity in which they are acting;

   (b)   identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Stamps.com common stock; and

   (c)   furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.   By submitting a signed Claim Form, you will be swearing that you:

   (a)   own or owned the Stamps.com common stock you have listed in the Claim Form; or

   (b)   are expressly authorized to act on behalf of the owner thereof.

- 3 -

4847-3712-1006.v2

Exhibit A-2

-85-

## C.     <u>CLAIM FORM</u>

1.    Use Part III of this form entitled "Schedule of Transactions in Stamps.com Common Stock" to supply all required details of your transaction(s) in and holdings of Stamps.com common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to all of your purchases and acquisitions and all of your sales of Stamps.com common stock that took place at any time on or between and including May 3, 2017 and August 6, 2019, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim. Also, list the number of shares held at the close of trading on May 3, 2017, May 8, 2019, and August 6, 2019.

3.    List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Stamps.com common stock set forth in the Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The parties and the Claims Administrator do not independently have information about your investments in Stamps.com common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to**

- 4 -

1 the Claims Administrator.  Also, do not highlight any portion of the Claim Form
2 or any supporting documents.

3      5.      The above requests are designed to provide the minimum amount of
4 information necessary to process the simplest claims.  The Claims Administrator may
5 request additional information as required to efficiently and reliably calculate your
6 losses.   In the event the Claims Administrator cannot perform the calculation
7 accurately or at a reasonable cost to the Class with the information provided, the
8 Claims Administrator may condition acceptance of the claim upon the production of
9 additional information and/or the claimant's responsibility for any increased costs due
10 to the nature and/or scope of the claim.

11      6.      If the Court approves the Settlement, payments to eligible Authorized
12 Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the
13 Court approves) will be made after any appeals are resolved, and after the completion
14 of all claims processing.  The claims process will take substantial time to complete
15 fully and fairly.  Please be patient.

16      7.      **PLEASE NOTE:**   As set forth in the Plan of Allocation, each
17 Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement
18 Fund.  If the prorated payment to any Authorized Claimant calculates to less than
19 $10.00, it will not be included in the calculation and no distribution will be made to
20 that Authorized Claimant.

21      8.      If you have questions concerning the Claim Form, or need additional
22 copies of the Claim Form or the Notice, you may contact the Claims Administrator,
23 Gilardi & Co. LLC, at the address on the first page of the Claim Form, by email at
24 info@StampsSecuritiesSettlement.com, or by toll-free phone at (866) 331-7166, or
25 you can visit the website, www.StampsSecuritiesSettlement.com, where copies of the
26 Claim Form and Notice are available for downloading.

27      9.      NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with
28 large numbers of transactions may request, or may be requested, to submit information

4847-3712-1006.v2

Exhibit A-2

-87-

regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the settlement website at www.StampsSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at info@StampsSecuritiesSettlement.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the ***complete*** name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.2 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@StampsSecuritiesSettlement.com to inquire about your file and confirm it was received.**

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 331-7166.**

**PART II:   CLAIMANT IDENTIFICATION**

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

_____

- 6 -

4847-3712-1006.v2

1

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

2

3

Street Address

4

5

City                                             State or Province

6

7

Zip Code or Postal Code                          Country

8

Individual

9

Social Security Number or                        Corporation/Other
Taxpayer Identification Number

10

11

Area Code        Telephone Number (work)

12

13

Area Code        Telephone Number (home)

14

15

Record Owner's Name (if different from beneficial owner listed above)

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

Exhibit A-2

-89-

## PART III:  SCHEDULE OF TRANSACTIONS IN STAMPS.COM COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than Stamps.com common stock.

    A.    Number of shares of Stamps.com common stock held at the close of trading on May 2, 2017.  (Must be documented.) If none, write "zero": _____

    B.    Purchases or acquisitions of Stamps.com common stock (May 3, 2017-August 6, 2019, inclusive) (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| /    / |  | $ | $ |
| /    / |  | $ | $ |
| /    / |  | $ | $ |
| /    / |  | $ | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes: ☐ Yes

    C.    Sales of Stamps.com common stock (May 3, 2017- August 6, 2019, inclusive) (Must be documented.):

| Trade Date Mo. Day Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| /    / |  | $ | $ |
| /    / |  | $ | $ |
| /    / |  | $ | $ |
| /    / |  | $ | $ |

    D.    Number of shares of Stamps.com common stock held at the close of trading on May 8, 2019.  (Must be documented.) If none, write "zero": _____

    E.    Number of shares of Stamps.com common stock held at the close of trading on August 6, 2019.  (Must be documented.)  If none, write "zero": _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

- 8 -

Exhibit A-2

-90-

**YOU MUST READ AND SIGN THE RELEASE ON PAGE \_\_. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation of Settlement dated August 16, 2021 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Stamps.com common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## PART V – RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Plaintiff's Claims (including Unknown Claims) against each and all of the Released Defendant Parties, all as defined herein and in the Notice and Stipulation.

2. This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not

4847-3712-1006.v2

Exhibit A-2
-91-

1  submitted any other claim covering the same purchases of Stamps.com common stock

2  and know of no other person having done so on my (our) behalf.

3      4.    I (We) hereby warrant and represent that I (we) have included all

4  requested information about all of my (our) purchases or acquisitions of Stamps.com

5  common stock during the Class Period, as well as sales of Stamps.com common stock

6  between May 3, 2017 through August 6, 2019, as well as the number of shares held at

7  the close of trading on May 2, 2017, May 8, 2019, and August 6, 2019.

8      5.    The number(s) shown on this form is (are) the correct SSN/TIN(s).

9      6.    I (We) waive the right to trial by jury, to the extent it exists, and agree to

10  the determination by the Court of the validity or amount of this claim, and waive any

11  right of appeal or review with respect to such determination.

12      7.    I (We) certify that I am (we are) NOT subject to backup withholding

13  under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

14      (NOTE: If you have been notified by the Internal Revenue Service that you are

15  subject to backup withholding, you must cross out Item 7 above.)

16      I (We) declare under penalty of perjury under the laws of the United States of

17  America that the foregoing information supplied by the undersigned is true and

18  correct.

19      Executed this _____ day of _____, 20__,

20                          (Month/Year)

21

22  in _____, _____.

23          (City)                    (State/Country)

24

25                    _____
                          (Sign your name here)

26

27                    _____
                          (Type or print your name here)

28

- 10 -

4847-3712-1006.v2

1

2 _____
(Capacity of person(s) signing, *e.g.*,
3 Beneficial Purchaser or Acquirer,
Executor or Administrator)

4 For Joint Beneficial Purchaser, if any:

5

6 _____
(Sign your name here)

7

8 _____
(Type or print your name here)

9

10 ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
11 THANK YOU FOR YOUR PATIENCE.

12 Reminder Checklist:

13 1. Please sign the above release and declaration.

14 2. Remember to attach copies of supporting documentation, if available.

15 3. Do not send original stock certificates. Attach only *copies* of acceptable

16 supporting documentation as these documents will not be returned to you.

17 4. Keep a copy of your Claim Form for your records.

18 5. The Claims Administrator will acknowledge receipt of your Claim Form

19 by mail, within 60 days. Your claim is not deemed filed until you receive an

20 acknowledgement postcard. **If you do not receive an acknowledgement postcard**

21 **within 60 days, please call the Claims Administrator toll free at (866) 331-7166.**

22 6. If you move, please send us your new address.

23 7. If you have any questions or concerns regarding your claim, contact the

24 Claims Administrator at Stamps.com Securities Settlement, c/o Gilardi & Co. LLC,

25 P.O. Box 43315, Providence, RI 02940-3315, by email at

26 info@StampsSecuritiesSettlement.com, or by toll-free phone at (866) 331-7166, or

27 you may visit www.StampsSecuritiesSettlement.com. DO NOT call Stamps.com, the

28 other Defendants, or their counsel with questions regarding your claim.

- 11 -

# EXHIBIT A-3

1 | ROBBINS GELLER RUDMAN
   & DOWD LLP
2 | STEVEN W. PEPICH (116086)
JASON A. FORGE (181542)
3 | ERIC I. NIEHAUS (239023)
HILLARY B. STAKEM (286152)
4 | KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
5 | San Diego, CA  92101-8498
Telephone:  619/231-1058
6 | 619/231-7423 (fax)
stevep@rgrdlaw.com
7 | jforge@rgrdlaw.com
ericn@rgrdlaw.com
8 | hstakem@rgrdlaw.com
ksciarani@rgrdlaw.com
9 |
Lead Counsel for Lead Plaintiff
10 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 2:19-cv-01828-MWF-SK |
|---|---|---|
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | SUMMARY NOTICE |
| STAMPS.COM, INC., et al., | ) ) ) | EXHIBIT A-3 |
| Defendants. | ) ) ) | |

***IF YOU PURCHASED OR ACQUIRED STAMPS.COM INC. ("STAMPS.COM") COMMON STOCK FROM MAY 3, 2017, THROUGH AND INCLUDING MAY 8, 2019, AND WERE DAMAGED THEREBY (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.***

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Central District of California that the above-captioned litigation (the "Litigation") has been certified as a class action and that a Settlement has been proposed for $100,000,000 in cash.  A hearing will be held on _____, 2021, at __:__ _.m., before the Honorable Michael W. Fitzgerald at the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012, for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (3) the application of Lead Plaintiff's counsel for the payment of attorneys' fees and expenses should be approved.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND**.  If you have not received a detailed Notice of Pendency and Settlement of Class Action (the "Notice") and a copy of the Claim Form, you may obtain a copy of these documents by contacting the Claims Administrator: *Stamps.com Securities Settlement*, c/o Gilardi & Co. LLC, P.O. Box 43315, Providence, RI 02940-3315.  You may also obtain copies of the Stipulation of Settlement, Notice and Claim Form at www.StampsSecuritiesSettlement.com.

- 1 -

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form by mail **postmarked no later than _____, 2021**, or submit it online by that date.  If you are a Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Litigation (including the releases provided for therein).

To exclude yourself from the Class, you must submit a written request for exclusion so that it is *received* **by _____, 2021**, in accordance with the instructions set forth in the Notice.  If you are a Class Member and do not exclude yourself from the Class, you will be bound by any judgment entered by the Court in this Litigation (including the releases provided for therein) whether or not you submit a Claim Form.  If you submit a written request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, or the fee and expenses application must be filed with the Court and delivered such that it is *received* **by each of the following no later than _____, 2021**:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
First Street Courthouse
350 West First Street
Suite 4311
Los Angeles, CA 90012

*Lead Counsel*:

ROBBINS GELLER RUDMAN
  & DOWD LLP
ERIC I. NIEHAUS
655 West Broadway, Suite 1900
San Diego, CA  92101

- 2 -

Exhibit A-3
-96-

1

*Defendants' Counsel*:

2

KATTEN MUCHIN ROSENMAN LLP

3

RICHARD H. ZELICHOV
2029 Century Park East, Suite 2600

4

Los Angeles, CA  90067

5

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE,**

6

**DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS**

7

**NOTICE.**  If you have any questions about the Settlement, or your eligibility to

8

participate in the Settlement, you may contact Lead Counsel at the address listed

9

above or by calling 1-800-449-4900.

10

11

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT

12

CENTRAL DISTRICT OF CALIFORNIA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

4811-2825-0350.v5

Exhibit A-3

-97-

# EXHIBIT B

1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  STEVEN W. PEPICH (116086)
   JASON A. FORGE (181542)
3  ERIC I. NIEHAUS (239023)
   HILLARY B. STAKEM (286152)
4  KEVIN S. SCIARANI (301411)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101-8498
   Telephone:  619/231-1058
6  619/231-7423 (fax)
   stevep@rgrdlaw.com
7  jforge@rgrdlaw.com
   ericn@rgrdlaw.com
8  hstakem@rgrdlaw.com
   ksciarani@rgrdlaw.com
9
   Lead Counsel for Lead Plaintiff
10
                    UNITED STATES DISTRICT COURT
11
                   CENTRAL DISTRICT OF CALIFORNIA
12
13  MATT KARINSKI, Individually and on )  Case No. 2:19-cv-01828-MWF-SK
    Behalf of All Others Similarly Situated, )
14                                          )  CLASS ACTION
                        Plaintiff,          )
15                                          )  [PROPOSED] FINAL JUDGMENT
          vs.                               )  AND ORDER OF DISMISSAL WITH
16                                          )  PREJUDICE
    STAMPS.COM, INC., et al.,               )
17                                          )  EXHIBIT B
                        Defendants.         )
18  _____)

19

20

21

22

23

24

25

26

27

28

1    This matter came before the Court for hearing pursuant to the Order of this

2  Court, dated _____, on the application of the Settling Parties for approval of

3  the Settlement set forth in the Stipulation of Settlement dated August 16, 2021 (the

4  "Stipulation").  Due and adequate notice having been given to the Class as required in

5  the Order, the Court having considered all papers filed and proceedings held herein

6  and otherwise being fully informed in the premises and good cause appearing

7  therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

8    1.    This Judgment incorporates by reference the definitions in the

9  Stipulation, and all terms used herein shall have the same meanings as set forth in the

10  Stipulation, unless otherwise stated herein.

11    2.    This Court has jurisdiction over the subject matter of the Litigation and

12  over all parties to the Litigation, including all Members of the Class.

13    3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court

14  hereby approves the Settlement set forth in the Stipulation and finds that:

15        (a)    the Stipulation and the Settlement contained therein are, in all

16  respects, fair, reasonable and adequate;

17        (b)    there was no collusion in connection with the Stipulation;

18        (c)    the Stipulation was the product of informed, arm's-length

19  negotiations among competent, able counsel; and

20        (d)    the record is sufficiently developed and complete to have enabled

21  Lead Plaintiff and Defendants to have adequately evaluated and considered their

22  positions.

23    4.    Accordingly, the Court authorizes and directs implementation and

24  performance of all the terms and provisions of the Stipulation, as well as the terms and

25  provisions hereof.  Except as to any individual claim of those Persons who have

26  validly and timely requested exclusion from the Class (identified in Exhibit 1 hereto),

27  the Litigation and all claims contained therein are dismissed with prejudice as to Lead

28  Plaintiff and the other Class Members and as against each and all of the Released

- 1 -

Defendant Parties. The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

5. No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

6. Upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not Lead Plaintiff or such Class Member executes and delivers the Proof of Claim and Release and whether or not Lead Plaintiff or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

7. Upon the Effective Date, the Defendants and each and every Released Defendant Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Releasing Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of the Stipulation are not released.

8. Upon the Effective Date, Lead Plaintiff, all Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Plaintiff's Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

- 2 -

9.      The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort.   The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995.   No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.   A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.   The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that the statutory waiting period has elapsed.   Thus, it is hereby determined that all Members of the Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

10.      Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.   Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of this Judgment.

11.      Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiff's Claims by the Released Defendant Parties, or of any wrongdoing or liability of the

- 3 -

Exhibit B
-101-

Released Defendant Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal or of any liability or wrongdoing of any kind; (c) is or may be deemed to be evidence of or an admission or concession that Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.  The Released Defendant Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

13.   The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

4823-9401-2654.v4

1    15.    The Settling Parties shall bear their own costs and expenses except as

2 otherwise provided in the Stipulation or in this Judgment.

3    16.    Without further order of the Court, the Settling Parties may agree to

4 reasonable extensions of time to carry out any of the provisions of the Stipulation.

5    17.    The Court directs immediate entry of this Judgment by the Clerk of the

6 Court.

7    18.    The Court's orders entered during this Litigation relating to the

8 confidentiality of information shall survive this Settlement.

9    IT IS SO ORDERED.

10   DATED: _____   _____

11                           THE HONORABLE MICHAEL W. FITZGERALD
                             UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

Exhibit B
-103-

1

## CERTIFICATE OF SERVICE

2       I hereby certify under penalty of perjury that on August 16, 2021, I authorized

3 the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF

4 system which will send notification of such filing to the e-mail addresses on the

5 attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of

6 the foregoing via the United States Postal Service to the non-CM/ECF participants

7 indicated on the attached Manual Notice List.

8                                         s/Eric I. Niehaus
                                          ERIC I. NIEHAUS
9
                                          ROBBINS GELLER RUDMAN
10                                            & DOWD LLP
                                          655 West Broadway, Suite 1900
11                                        San Diego, CA  92101-8498
                                          Telephone:  619/231-1058
12                                        619/231-7423 (fax)

13                                        E-mail:  ericn@rgrdlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Mailing Information for a Case 2:19-cv-01828-MWF-SK Matt Karinski v. Stamps.com, Inc. et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christina Lucen Costley**
  christina.costley@katten.com,tamara.vazquez@katten.com,courtalertlax@katten.com

- **Jason A Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com,lionel-glancy-2522@ecf.pacerpro.com

- **John T Jasnoch**
  jjasnoch@scott-scott.com,rswartz@scott-scott.com,edewan@scott-scott.com,dcolonna@scott-scott.com,tlaughlin@scott-scott.com,efile@scott-scott.com

- **Adam C McCall**
  amccall@zlk.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Eric Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com,kwoods@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.c

- **Steven W Pepich**
  stevep@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Vincent Prongay**
  info@glancylaw.com,CLinehan@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com,rprongay@glancylaw.com

- **Jonathan Rotenberg**
  jonathan.rotenberg@katten.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kevin S Sciarani**
  ksciarani@rgrdlaw.com,KSciarani@ecf.courtdrive.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Hillary B. Stakem**
  hstakem@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Paul Satoshi Yong**
  paul.yong@kattenlaw.com,paula.phillips@katten.com,courtalertlax@katten.com

- **Richard H Zelichov**
  richard.zelichov@katten.com,tamara.vazquez@katten.com,courtalertlax@katten.com,carrie.stickel@katten.com,jonathan.rotenberg@katten.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)