ROBBINS GELLER RUDMAN
  & DOWD LLP
STEVEN W. PEPICH (116086)
JASON A. FORGE (181542)
ERIC I. NIEHAUS (239023)
HILLARY B. STAKEM (286152)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
stevep@rgrdlaw.com
jforge@rgrdlaw.com
ericn@rgrdlaw.com
hstakem@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>STAMPS.COM, INC., et al.,<br><br>                              Defendants. | Case No. 2:19-cv-01828-MWF-SK<br><br>CLASS ACTION<br><br>DECLARATION OF ROSS D. MURRAY REGARDING NOTICE DISSEMINATION, PUBLICATION, AND REQUESTS FOR EXCLUSION RECEIVED TO DATE<br><br>DATE:     January 24, 2022<br>TIME:     10:00 a.m.<br>CTRM:    5A<br>JUDGE:  Hon. Michael W. Fitzgerald |

I, ROSS D. MURRAY, declare and state as follows:

1.      I am employed as a Vice President of Securities by Gilardi & Co. LLC ("Gilardi"), located at 1 McInnis Parkway, Suite 250, San Rafael, California.  The following statements are based on my personal knowledge and information provided to me by other Gilardi employees and if called to testify I could and would do so competently.

2.      Pursuant to this Court's October 14, 2021 Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order"), Gilardi was appointed to supervise and administer the notice procedure as well as the processing of claims in connection with the proposed Settlement of the above-captioned litigation (the "Litigation").   I oversaw the notice services that Gilardi provided in accordance with the Notice Order.

3.      I submit this declaration in order to provide the Court and the parties to the Litigation with information regarding: (i) mailing of the Court-approved Notice of Pendency and Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Claim Package," attached hereto as Exhibit A); (ii) publication of the Summary Notice; (iii) establishment of the website and toll-free telephone number dedicated to this Settlement; and (iv) the number of requests for exclusion from the Class received to date by Gilardi.

## DISSEMINATION OF THE CLAIM PACKAGE

4.      Pursuant to the Notice Order, Gilardi is responsible for disseminating the Claim Package to potential Class Members.  The Class consists of all persons who purchased or otherwise acquired Stamps.com Inc. ("Stamps.com" or the "Company") common stock between May 3, 2017, and May 8, 2019, inclusive, and were damaged thereby.   Excluded from the Class are Defendants and their immediate families, the officers and directors of the Company, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling

- 1 -

interest.  Also excluded from the Class are those Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

5.    Gilardi received a file via email from Stamps.com's transfer agent, which contained the names and addresses of potential Class Members.  The list was reviewed to identify and eliminate duplicate entries and incomplete data, resulting in a usable mailing list of 334 unique names and addresses.  Gilardi had the unique name and address data printed on to Claim Packages, posted the Claim Packages for First-Class Mail, postage prepaid, and delivered 334 Claim Packages on November 4, 2021, to the United States Post Office for mailing.

6.    In addition, on November 4, 2021, as part of its normal mailing procedures, Gilardi mailed, by First-Class Mail, Claim Packages and cover letters to 281 brokerages, custodial banks, and other institutions ("Nominee Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities.  The Nominee Holders also include a group of filers/institutions who have requested notification of every securities case. These Nominee Holders are included in a proprietary database created and maintained by Gilardi.  In Gilardi's experience, the Nominee Holders included in this proprietary database represent a significant majority of the beneficial holders of securities.  The cover letter accompanying the Claim Packages advised the Nominee Holders of the proposed Settlement and requested their cooperation in forwarding the Claim Packages to potential Class Members.  In the more than three decades that Gilardi has been providing notice and claims administration services in securities class actions, Gilardi has found the majority of potential class members hold their securities in street name and are notified through the Nominee Holders.  Gilardi also mailed Claim Packages and cover letters to the 4,448 institutions included on the U.S. Securities and Exchange Commission's ("SEC") list of active brokers and dealers at the time of mailing.  A sample of the cover letter mailed to Nominee

Holders and the institutions included on the SEC's list of active brokers and dealers is attached hereto as Exhibit B.

7.     On November 4, 2021, Gilardi also delivered electronic copies of the Claim Package to 377 registered electronic filers who are qualified to submit electronic claims.  These filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustees or fiduciaries.

8.     As part of the notice program for this Litigation, on November 4, 2021, Gilardi also delivered electronic copies of the Claim Package via email to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS").  LENS enables the participating bank and broker nominees to review the Claim Package and contact Gilardi for copies of the Claim Package for their beneficial holders.

9.     Gilardi has acted as a repository for shareholder and nominee inquiries and communications received in this Litigation.  In this regard, Gilardi has forwarded the Claim Package on request to nominees who held, purchased or acquired Stamps.com common stock for the beneficial interest of other persons. Gilardi has also forwarded the Claim Package directly to beneficial owners upon receipt of the names and addresses from such beneficial owners or nominees.

10.     Following the initial mailing, Gilardi received 15 responses to the outreach efforts described above which included computer files containing a total of 26,249 names and addresses of potential Class Members.  In addition, 24 institutions requested that Gilardi send them a total of 52,905 Claim Packages for forwarding directly to their clients.  Gilardi has also mailed six Claim Packages as a result of returned mail for which new addresses were identified for re-mailing to those potential Class Members.  Each of these requests has been completed in a timely manner.

11.     As of December 17, 2021, Gilardi has mailed a total of 84,600 Claim Packages to potential Class Members and nominees.

## PUBLICATION OF THE SUMMARY NOTICE

12.     In accordance with the Notice Order, on November 5, 2021, Gilardi caused the Summary Notice to be published in *The Wall Street Journal*, and on November 12, 2021, Gilardi caused the Summary Notice to be transmitted over *Business Wire*, as shown in the confirmations of publication attached hereto as Exhibit C.

## TELEPHONE HELPLINE AND WEBSITE

13.     On November 4, 2021, in conjunction with the mailing of the Notice, Gilardi established and continues to maintain a case-specific, toll-free telephone helpline, 1-866-331-7166, to accommodate potential Class Member inquiries.  The toll-free number was set forth in the Notice and on the case website.  Gilardi has been and will continue to promptly respond to all inquiries to the toll-free telephone helpline.

14.     On November 4, 2021, Gilardi established and continues to maintain a website dedicated to this Litigation (www.StampsSecuritiesSettlement.com) to provide additional information to Class Members and to provide answers to frequently asked questions.  The web address was set forth in the Claim Package and the Summary Notice.  The website includes information regarding the Litigation and the Settlement, including the objection and claim filing deadlines, and the date, time, and location of the Court's Settlement Hearing.  Copies of the Notice, Proof of Claim, Stipulation, and Notice Order are posted on the website and are available for downloading.  Class Members can also complete and submit a Proof of Claim through the website.

## REQUESTS FOR EXCLUSION RECEIVED TO DATE

15.     The Notice informs potential Class Members that written requests for exclusion from the Class must be mailed to *Stamps.com Securities Settlement*, c/o

- 4 -

Gilardi & Co. LLC, EXCLUSIONS, 150 Royall Street, Suite 101, Canton, MA 02021, such that they are received no later than January 2, 2022.

16.    The Notice also sets forth the information that must be included in each request for exclusion.  Gilardi has monitored and will continue to monitor all mail delivered to this address.  As of the date of this declaration, Gilardi has not received any requests for exclusion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 17th day of December, 2021, at San Rafael, California.

_____
ROSS D. MURRAY

**INDEX OF EXHIBITS TO DECLARATION OF ROSS D. MURRAY REGARDING NOTICE DISSEMINATION, PUBLICATION, AND REQUESTS FOR EXCLUSION RECEIVED TO DATE**

| Document | Exhibit |
|---|---|
| Claim Package | A |
| Nominee Holder Letter | B |
| Confirmations of Publication | C |

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, ) ) | Case No. 2:19-cv-01828-MWF-SK |
| Plaintiff, ) ) | CLASS ACTION |
| vs. ) ) | |
| STAMPS.COM, INC., et al., ) ) | |
| Defendants. ) ) ) | |

**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Litigation") if you purchased or otherwise acquired the common stock of Stamps.com Inc. ("Stamps.com" or the "Company") from May 3, 2017 through May 8, 2019, inclusive (the "Class Period"), and were damaged thereby.**

**NOTICE OF SETTLEMENT:  Please also be advised that the Indiana Public Retirement System ("Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Litigation for a total of $100 million in cash that will resolve all claims in the Litigation (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

1.      **Description of the Litigation and the Class:**  This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants: Stamps.com, Kenneth McBride, Kyle Huebner, and Jeff Carberry ("Defendants") (collectively, with Lead Plaintiff, the "Settling Parties").  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"): all persons and entities who purchased or otherwise acquired Stamps.com common stock during the Class Period and were damaged thereby.  Excluded from the Class are Defendants and their immediate families, the officers and directors of the Company, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion, as set forth in ¶56 below, that is accepted by the Court.  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-866-331-7166.

2.      **Statement of Class's Recovery:**  Subject to Court approval, and as described more fully in ¶¶45-50 below, Lead Plaintiff, on behalf of the Class, has agreed to settle all Released Plaintiff's Claims (as defined in ¶46 below) against Defendants and other Released Defendant Parties (as defined in ¶47 below) in exchange for a settlement payment of $100 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Expenses, and attorneys' fees and litigation expenses and Lead Plaintiff award) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to Members of the Class.  The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.      **Statement of Average Distribution Per Share:**  The Settlement Fund consists of the $100 million Settlement Amount plus interest earned.  Assuming all potential Class Members elect to participate, the estimated average recovery is $9.56 per damaged share before fees and expenses.  Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation; when their shares were purchased or acquired and the price at the time of purchase or acquisition; and whether the shares were sold, and if so, when they were sold and for how much. In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

1

Exhibit A

-7-

4.    **Statement of the Parties' Position on Damages:**  Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiff and/or the Class and that Lead Plaintiff or other Members of the Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages if Lead Plaintiff was to prevail on each of the claims.  The issues on which the parties disagree include, but are not limited to, whether: (1) the statements made or facts allegedly omitted were material, false or misleading; (2) Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) all or part of the damages allegedly suffered by Members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.    **Statement of Attorneys' Fees and Expenses Sought:**  Lead Counsel will apply to the Court, on behalf of all Plaintiff's Counsel, for an award of attorneys' fees from the Settlement Fund of no more than 16.75% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiff's Counsel's litigation expenses (reasonable expenses or charges of Plaintiff's Counsel in connection with commencing and prosecuting the Litigation), in a total amount not to exceed $600,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $1.66.  In addition, Lead Counsel may apply for an award in an amount of no more than $10,000 for Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

6.    **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Class are being represented by Robbins Geller Rudman & Dowd LLP ("Lead Counsel").  Any questions regarding the Settlement should be directed to Eric I. Niehaus, Esq. at Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, eniehaus@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **DO NOTHING** | Get no payment.  Remain a Class Member. Give up your rights. |
| **REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN FEBRUARY 2, 2022** | This is the only way to be potentially eligible to receive a payment. If you wish to obtain a payment as a Member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), which is included with this Notice, postmarked no later than February 2, 2022. |
| **EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 3, 2022** | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released Plaintiff's Claims.  Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| **OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 3, 2022** | Write to the Court about your view on the Settlement, or why you don't think the Settlement is fair to the Class. <br><br> If you do not exclude yourself from the Class, you may object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses. You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |
| **GO TO THE HEARING ON JANUARY 24, 2022, AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 3, 2022** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

2

Exhibit A

-8-

3

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| **Why Did I Get This Notice?** | Page 4 |
| **What Is This Case About? What Has Happened So Far?** | Page 5 |
| **How Do I Know If I Am Affected By The Settlement?** | Page 5 |
| **What Are Lead Plaintiff's Reasons For The Settlement?** | Page 6 |
| **What Might Happen If There Were No Settlement?** | Page 6 |
| **How Much Will My Payment Be?** | Page 6 |
| **What Rights Am I Giving Up By Agreeing To The Settlement?** | Page 11 |
| **What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid?** | Page 12 |
| **How Do I Participate In The Settlement? What Do I Need To Do?** | Page 12 |
| **What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?** | Page 13 |
| **When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?** | Page 14 |
| **What If I Bought Shares On Someone Else's Behalf?** | Page 15 |
| **Can I See The Court File? Whom Should I Contact If I Have Questions?** | Page 16 |

**WHY DID I GET THIS NOTICE?**

7.      The purpose of this Notice is to inform you about (a) this Litigation, (b) the certification of the Class, (c) the terms of the proposed Settlement, and (d) your rights in connection with a hearing to be held before the United States District Court, Central District of California (the "Court"), on January 24, 2022, at 10:00 a.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)  In the Litigation, the Court has appointed Lead Plaintiff as the Class Representative and Lead Counsel as Class Counsel, for purposes of the Settlement.

9.      The Court in charge of this case is the United States District Court for the Central District of California, and the case is known as *Karinski v. Stamps.com, Inc., et al*., Case No. 2:19-cv-01828-MWF-SK.  The judge presiding over this case is the Honorable Michael W. Fitzgerald, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the Defendants are Stamps.com, Kenneth McBride, Kyle Huebner, and Jeff Carberry.

10.      This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11.      The Settlement Hearing will be held on January 24, 2022, at 10:00 a.m., before the Honorable Michael W. Fitzgerald, at the United States District Court, Central District of California, First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012, for the following purposes:

(a)      to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)      to determine whether the Judgment as provided for under the Stipulation of Settlement dated August 16, 2021 (the "Stipulation") should be entered;

(c)      to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)      to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses should be approved; and

(e)      to rule upon such other matters as the Court may deem appropriate.

12.      This Notice does not express any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. This process takes time.  Please be patient.

4

Exhibit A

-10-

**WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?**

13.     This Litigation arises under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and alleges that during the period from May 3, 2017 through May 8, 2019, inclusive (the "Class Period"), Defendants Stamps.com, Kenneth McBride, Kyle Huebner, and Jeff Carberry made materially false and misleading statements about Stamps.com's business performance and conditions.  More specifically, Lead Plaintiff alleges that during the Class Period, Defendants misled investors regarding Stamps.com's "strong" relationship with the United States Postal Service ("USPS") and that the USPS was "'very happy'" with Stamp.com's business practices.

14.     Lead Plaintiff alleges that during the Class Period, Defendants knew or recklessly disregarded that Stamps.com's relationship with the USPS was strained due to the Company's abuse of the USPS Reseller Program.  Lead Plaintiff alleges that Defendants concealed these facts from investors and that this scheme artificially inflated Stamps.com's stock price during the Class Period. On February 21, 2019, Stamps.com announced the end of an agreement with the USPS whereby the USPS compensated Stamps.com for certain types of postage in exchange for exclusivity. The Company's stock price plummeted $114 per share on record trading volume of 13.7 million shares, a decline of over 57%. Then, on May 8, 2019, Stamps.com announced it was lowering its earnings guidance because of potential unfavorable negotiations and terminations of certain contracts between the USPS and the Company's reseller partners.  As a result of the news, the Company's stock price dropped another $46 per share on record trading volume of 16.8 million shares, a decline of over 56%.

15.     On August 5, 2019, Lead Plaintiff filed its Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint").  On October 4, 2019, Defendants moved to dismiss this Complaint, which was opposed by Lead Plaintiff.  On January 17, 2020, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint, holding that Lead Plaintiff had adequately alleged that Defendants made false or misleading representations that Stamps.com had a strong relationship with the USPS and that the USPS fully approved Stamps.com's use of the Reseller Program.   Defendants filed their answer to the Complaint on January 31, 2020.

16.     Lead Plaintiff and Defendants began formal discovery in April 2020.    The Settling Parties served written discovery on each other, and issued subpoenas to third parties.  At the time settlement was reached, Lead Plaintiff had collected hundreds of thousands of pages of documents from Defendants and various third parties. Similarly, Defendants collected thousands of pages of documents from Lead Plaintiff, its investment managers and other third parties.

17.     In the course of the Litigation, the Settling Parties engaged the services of Daniel Weinstein, a nationally recognized mediator. The Settling Parties participated in an in-person mediation session with Judge Weinstein on December 1, 2020. The Settling Parties did not reach an agreement to settle the Litigation at the mediation and continued litigating the case. The Settling Parties participated in a second in-person mediation session with Judge Weinstein on March 23, 2020. While the Settling Parties did not reach an agreement to settle the Litigation at this second mediation, they continued settlement negotiations with the assistance of Judge Weinstein. Judge Weinstein subsequently provided the Settling Parties with a Mediator's Proposal to settle the Litigation for $100,000,000, which the Settling Parties accepted on May 28, 2021.

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**

18.     If you are a Member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all persons or entities who purchased or otherwise acquired Stamps.com common stock during the Class Period and were damaged thereby. Excluded from the Class are Defendants and their immediate families, the officers and directors of the Company, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  (*See* "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?," below). Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-866-331-7166.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN FEBRUARY 2, 2022.

Exhibit A

-11-

**WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?**

19. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability, obtaining class certification and establishing damages. Lead Plaintiff and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one. Such risks include that Lead Plaintiff would be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.

20. In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $100 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after summary judgment, trial and appeals, possibly years in the future.

21. Each Defendant has expressly denied and continues to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Complaint, including, without limitation, that the allegations that Defendants or any of them made or caused to be made any alleged misrepresentation or omission, or engaged in any alleged scheme or course of conduct to defraud, that the price of Stamps.com common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, that any Defendant acted with scienter in making or causing any alleged misrepresentation or omission, and that Lead Plaintiff or the Class Members (as hereinafter defined) have suffered damages. Defendants believe that the Litigation is without merit and the evidence developed to date supports their position that they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws. Defendants also believe that their public statements during the Class Period contained no material misstatements or omissions. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

22. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of the alleged claims, neither Lead Plaintiff nor the Class would recover anything from Defendants. If the Court's order certifying a Class is reversed by the United States Court of Appeal for the Ninth Circuit and Lead Plaintiff was not to succeed in obtaining class certification, Defendants may have asserted the defense that the claims of Class Members were untimely under applicable statutes of limitations and statutes of repose. Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

**HOW MUCH WILL MY PAYMENT BE?**

23. Defendants have agreed to cause to be paid One Hundred Million Dollars ($100,000,000.00) in cash into escrow for the benefit of the Class. At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement. Lead Plaintiff has proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proof of Claim Forms. The Plan of Allocation proposed by Lead Plaintiff is set forth below, and additional information is available on the website created for purposes of this Settlement, www.StampsSecuritiesSettlement.com.

24. Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Class Members, the Claims Administrator, Defendants and the other Released Defendant Parties (defined below), or any person or entity designated by Lead Counsel. All Members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Class Member's Released Plaintiff's Claims.

25. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Class.

6

Exhibit A

-12-

26. The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Class.

27. Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Central District of California with respect to his, her or its Claim Form.

28. Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

**PLAN OF ALLOCATION**

29. The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the potential amount of estimated alleged artificial inflation in Stamps.com's common stock during the Class Period, and this estimated alleged artificial inflation is reflected in Table 1 below. The computation of the estimated alleged artificial inflation is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff. Lead Plaintiff alleges that corrective disclosures removed artificial inflation from the price of Stamps.com common stock on February 22, 2019 and May 9, 2019 (the "Corrective Disclosure Dates").

30. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

31. In order to have recoverable damages, a disclosure of the alleged truth omitted or concealed by the misrepresentations must be the cause of the decline in the price of Stamps.com's common stock. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the prices of Stamps.com's common stock.

32. Based on the formula set forth below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Stamps.com common stock during the Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.[1]

---

[1] Pursuant to PSLRA, Section 21D(e)(1), "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Stamps.com's common stock during the 90-Day Lookback Period. The mean (average) closing price for Stamp.com's common stock during this 90-Day Lookback Period was $42.18 per share.

7

Exhibit A
-13-

33.     For each share of Stamps.com common stock purchased or otherwise acquired during the Class Period, *i.e.,* from May 3, 2017 through May 8, 2019, both dates inclusive, the Recognized Loss per share shall be calculated as follows:

(a)     For each share of Stamps.com common stock that was sold prior to February 22, 2019, the Recognized Loss per share is $0.00.

(b)     For each share of Stamps.com common stock that was sold during the period February 22, 2019 through May 8, 2019, both dates inclusive, the Recognized Loss per share is *the lesser of*:

(i)     the amount of per-share price inflation on the date of purchase as appears in Table 1 below *minus* the amount of per-share price inflation on the date of sale as appears in Table 1; or

(ii)     the purchase price *minus* the sale price.

(c)     For each share of Stamps.com common stock that was sold between May 9, 2019 and August 6, 2019, both dates inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the least of*:

(i)     the amount of per-share price inflation on the date of purchase as appears in Table 1; or

(ii)     the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below; or

(iii)     the purchase price *minus* the sale price.

(d)     For each share of Stamps.com common stock that was still held as of the close of trading on August 6, 2019, the Recognized Loss per share is *the lesser of*:

(i)     the amount of per-share price inflation on the date of purchase as appears in Table 1; or

(ii)     the purchase price *minus* the average closing price for Stamps.com common stock during the 90-Day Lookback Period, which is $42.18.

| Table 1 Artificial Inflation in Stamps.com Common Stock* | | |
|---|---|---|
| **From** | **To** | **Per Share Price Inflation** |
| May 3, 2017 | February 21, 2019 | $163.21 |
| February 22, 2019 | May 8, 2019 | $46.14 |
| May 9, 2019 | Thereafter | $0.00 |

* For each day during the Class Period, the artificial inflation in the price of Stamps.com common stock shall be limited to that day's closing price of Stamps.com common stock.

8

Exhibit A

-14-

| Table 2 90-Day Lookback Value by Sale/Disposition Date | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 5/9/2019 | $36.90 | 6/10/2019 | $37.63 | 7/10/2019 | $40.15 |
| 5/10/2019 | $38.75 | 6/11/2019 | $37.64 | 7/11/2019 | $40.30 |
| 5/13/2019 | $39.83 | 6/12/2019 | $37.69 | 7/12/2019 | $40.47 |
| 5/14/2019 | $40.51 | 6/13/2019 | $37.80 | 7/15/2019 | $40.63 |
| 5/15/2019 | $41.10 | 6/14/2019 | $37.90 | 7/16/2019 | $40.80 |
| 5/16/2019 | $41.22 | 6/17/2019 | $37.99 | 7/17/2019 | $40.94 |
| 5/17/2019 | $41.02 | 6/18/2019 | $38.09 | 7/18/2019 | $41.02 |
| 5/20/2019 | $40.75 | 6/19/2019 | $38.18 | 7/19/2019 | $41.11 |
| 5/21/2019 | $40.55 | 6/20/2019 | $38.28 | 7/22/2019 | $41.19 |
| 5/22/2019 | $40.10 | 6/21/2019 | $38.38 | 7/23/2019 | $41.28 |
| 5/23/2019 | $39.62 | 6/24/2019 | $38.47 | 7/24/2019 | $41.39 |
| 5/24/2019 | $39.20 | 6/25/2019 | $38.53 | 7/25/2019 | $41.51 |
| 5/28/2019 | $38.81 | 6/26/2019 | $38.63 | 7/26/2019 | $41.63 |
| 5/29/2019 | $38.43 | 6/27/2019 | $38.76 | 7/29/2019 | $41.73 |
| 5/30/2019 | $38.10 | 6/28/2019 | $38.94 | 7/30/2019 | $41.85 |
| 5/31/2019 | $37.82 | 7/1/2019 | $39.11 | 7/31/2019 | $41.95 |
| 6/3/2019 | $37.65 | 7/2/2019 | $39.29 | 8/1/2019 | $42.01 |
| 6/4/2019 | $37.63 | 7/3/2019 | $39.45 | 8/2/2019 | $42.08 |
| 6/5/2019 | $37.63 | 7/5/2019 | $39.62 | 8/5/2019 | $42.12 |
| 6/6/2019 | $37.63 | 7/8/2019 | $39.77 | 8/6/2019 | $42.18 |
| 6/7/2019 | $37.63 | 7/9/2019 | $39.97 | | |

9

Exhibit A

-15-

## ADDITIONAL PROVISIONS

34.     The Net Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim (defined below).

35.     If a Class Member has more than one purchase/acquisition or sale of Stamps.com's common stock, purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

36.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

37.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

38.     Purchases or acquisitions and sales of Stamps.com's common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Stamps.com's common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Stamps.com's common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Stamps.com's common stock unless (i) the donor or decedent purchased or otherwise acquired such Stamps.com's common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

39.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Stamps.com common stock.  The date of a "short sale" is deemed to be the date of sale of the Stamps.com common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Stamps.com's common stock, the earliest Class Period purchases or acquisitions of Stamps.com's common stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

40.     With respect to Stamps.com's common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the exercise price of the option.

41.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Stamps.com's common stock during the Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Stamps.com's common stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

42.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct one or more re-distributions of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.

43.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, or the Claims Administrator or other agent designated by Lead Counsel, or the Released Defendant Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff and Defendants, their respective counsel, Lead Plaintiff's damages expert, and all other releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment

10

Exhibit A

-16-

of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

44.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website.

**WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?**

45.     If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiff and all other Releasing Plaintiff Parties (as defined in ¶48 below) shall have waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims (as defined in ¶46 below), including Unknown Claims (as defined in ¶49 below), against each and every one of the Released Defendant Parties (as defined in ¶47 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.  Claims to enforce the terms of the Settlement are not released.

46.     "Released Plaintiff's Claims" means any and all claims, debts, duties, losses, actions, suits, demands, controversies, rights, liabilities, obligations, judgments, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters, arguments, causes of action, and issues whatsoever, whether known or unknown, asserted or unasserted, accrued or unaccrued, liquidated or unliquidated, whether arising under federal, state, local, statutory, common, foreign or administrative law, or any other law, rule or regulation, whether fixed or contingent, at law or in equity, whether in the nature of class, individual, representative, or in other capacity, that any Releasing Plaintiff Party asserted in the Litigation or could have asserted, directly or indirectly, in any forum that arise out of or are based upon or relate in any way to both: (i) the purchase, acquisition or holding of Stamps.com common stock during the Class Period and (ii) the facts, claims, matters, allegations, transactions, events, occurrences, disclosures, representations, statements, acts, or omissions or failures to act that were alleged, asserted, contended, set forth, related to, or referred to in the Litigation.  "Released Plaintiff's Claims" includes "Unknown Claims" as defined in ¶49 hereof. "Released Plaintiff's Claims" do not include any claims relating to the enforcement of the Settlement.

47.     "Released Defendant Party" or "Released Defendant Parties" means each and all of the Defendants, and each of their respective past, present, or future subsidiaries, parents, associates, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, representatives, general or limited partners or partnerships, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, in their capacity as such, and any entity in which Defendants have a controlling interest, any member of an individual Defendant's immediate family, or any trust of which any individual Defendant is a settlor or which is for the benefit of any individual Defendant and/or member(s) of his or her family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing.

48.     "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiff, Lead Counsel, each and every Class Member, and each of their respective past, present, or future subsidiaries, parents, associates, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, representatives, general or limited partners or partnerships, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, in their capacity as such, and any entity in which Lead Plaintiff has a controlling interest, any member of an individual Class Member's immediate family, or any trust of which any individual Class Member is a settlor or which is for the benefit of any individual Class Member and/or member(s) of his or her family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing. Releasing Plaintiff Parties do not include any Person who timely and validly seeks exclusion from the Class.

49.     "Unknown Claims" means any and all Released Plaintiff's Claims which the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims which the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, or it, might have affected his, her or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement

11

Exhibit A
-17-

or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Defendants shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542.  Lead Plaintiff, any Releasing Plaintiff Party, Defendants, or any Released Defendant Party may hereafter discover, facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

50.    The Judgment also will provide that Defendants and each of the other Released Defendant Parties shall be deemed to have waived, released, discharged, and dismissed as against the Releasing Plaintiff Parties all claims and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, common, or foreign law, that any Released Defendant Party could have asserted against any of the Releasing Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation, except for claims relating to the enforcement of the Settlement (the "Released Defendants' Claims").

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
### HOW WILL THE LAWYERS BE PAID?

51.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been paid for its expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Plaintiff's Counsel from the Settlement Fund of no more than 16.75% of the Settlement Amount, plus interest.  At the same time, Lead Counsel also intends to apply for the payment from the Settlement Fund for Plaintiff's Counsel's litigation expenses, in an amount not to exceed $600,000, plus interest, and may apply for an award for Lead Plaintiff, pursuant to 15 U.S.C. §78u-4(a)(4) based on its time representation of the Class, of no more than $10,000.  The Court will determine the amount of the award of fees, expenses and Lead Plaintiff award.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

### HOW DO I PARTICIPATE IN THE SETTLEMENT?
### WHAT DO I NEED TO DO?

52.    If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class. If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you. The website is www.StampsSecuritiesSettlement.com. You may also request a

Exhibit A

-18-

Claim Form by calling toll-free 1-866-331-7166. Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

53.     As a Class Member, for purposes of the Settlement, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

54.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" below. If you exclude yourself from the Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Defendant Parties (as defined in ¶47 above) with respect to any of the Released Plaintiff's Claims (as defined in ¶46 above).

55.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below. If you exclude yourself from the Class, you are not entitled to submit an objection.

**WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?**
**HOW DO I EXCLUDE MYSELF?**

56.     Each Class Member will be bound by all determinations and judgments in this lawsuit concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to *Stamps.com Securities Settlement*, Claims Administrator, EXCLUSIONS, c/o Gilardi & Co. LLC, 150 Royall Street, Suite 101, Canton, MA 02021. The exclusion request must be *received* no later than **January 3, 2022**. Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Class in *Karinski v. Stamps.com, Inc., et al.*, Case No. 2:19-cv-01828-MWF-SK, and must be signed by such person. Such persons or entities requesting exclusion are also directed to provide the following information: the number of shares of Stamps.com common stock that the Person requesting exclusion held at the close of trading on May 2, 2017, the number of shares of Stamps.com common stock that the Person requesting exclusion purchased, acquired, sold, or disposed of during the Class Period, as well as the number of shares, dates and prices for each such purchase, acquisition, sale, and/or disposition. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

57.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Released Defendant Parties. Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Parties concerning the Released Plaintiff's Claims. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Litigation by a statute of limitations and/or a statute of repose.

58.     If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Stipulation. Any Class Member that opts out of the Class or otherwise settled claims with one or more Defendants for claims arising out of the conduct alleged in the Litigation is hereby enjoined from submitting a Claim Form or having another person or entity submit a Claim Form on its behalf.

13

Exhibit A
-19-

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

59.    If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing. You can object to or participate in the Settlement without attending the Settlement Hearing.

60.    The Settlement Hearing will be held on January 24, 2022, at 10:00 a.m., before the Honorable Michael W. Fitzgerald, at the United States District Court, Central District of California, First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012.  The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the Members of the Class.

61.    Any Class Member who does not request exclusion such that it is received no later than January 3, 2022, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[3]  Objections or oppositions must be in writing.  You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Central District of California at the address set forth below on or before January 3, 2022. You must also serve the papers on Lead Counsel for the Class and counsel for the Defendants at the addresses set forth below so that the papers are *received* on or before **January 3, 2022**.

| Clerk's Office | Lead Counsel for the Class | Counsel for Defendants |
|---|---|---|
| UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA First Street Courthouse 350 West First Street Suite 4311 Los Angeles, CA 90012 | ROBBINS GELLER RUDMAN & DOWD LLP Eric I. Niehaus 655 West Broadway Suite 1900 San Diego, CA 92101 | KATTEN MUCHIN ROSENMAN LLP Richard H. Zelichov 2029 Century Park East Suite 2600 Los Angeles, CA 90067 |

62.    The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of Stamps.com common stock that the objecting Person purchased, acquired, sold, and/or disposed of during the Class Period, as well as the number of shares, dates and prices for each such purchase, acquisition, sale, and disposition.  The objection must contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel.  The objection must state whether it applies only to the objector, to a subset of the Class or to the entire Class.  The notice of objection must also identify any other class actions to which the objector and/or his, her or its counsel has previously objected.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

---

[3]    Lead Plaintiff's initial motion papers in support of these matters will be filed with the Court on or before December 20, 2021.

Exhibit A
-20-

63.     You may not object to the Settlement or any aspect of it, if you exclude yourself from the Class.

64.     You may file a written objection without having to appear at the Settlement Hearing. You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

65.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before January 3, 2022.

66.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement website, www.StampsSecuritiesSettlement.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

67.     Nominees who purchased or acquired Stamps.com common stock for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice by First-Class Mail within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may be obtained by contacting the Claims Administrator at notifications@gilardi.com or:

*Stamps.com Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43315
Providence, RI  02940-3315

15

Exhibit A

-21-

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

68.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Litigation is available at www.StampsSecuritiesSettlement.com, including, among other documents, copies of the Stipulation and Proof of Claim Form. All inquiries concerning this Notice or the Claim Form should be directed to:

*Stamps.com Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43315
Providence, RI  02940-3315
Toll-free number: 1-866-331-7166

**OR**

Eric I. Niehaus, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
eniehaus@rgrdlaw.com
*Lead Counsel*

**DO NOT CALL OR WRITE THE COURT OR THE**
**OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: October 14, 2021

By Order of the Court
United States District
Court
Central District of
California

16

Exhibit A

-22-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,  )<br><br>Plaintiff,  )<br><br>vs.  )<br><br>STAMPS.COM, INC., et al.,  )<br><br>Defendants.  )<br> ) | Case No. 2:19-cv-01828-MWF-SK<br><br><u>CLASS ACTION</u> |

**PROOF OF CLAIM AND RELEASE**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Litigation, you must complete and sign this Proof of Claim and Release ("Claim Form") and mail it by first-class mail to the address below, ***postmarked* no later than February 2, 2022 or submit it online at the website below on or before February 2, 2022.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth below.**

**I.     GENERAL INSTRUCTIONS**

1.     To recover as a Member of the Class based on your claims in the action entitled *Karinski v. Stamps.com, Inc., et al*., Case No. 2:19-cv-01828-MWF-SK (the "Litigation"), you must complete and, on page 8 hereof, sign this Proof of Claim and Release ("Claim Form").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.     Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM ON OR BEFORE FEBRUARY 2, 2022, ADDRESSED AS FOLLOWS:

*Stamps.com Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43315
Providence, RI  02940-3315
Online Submissions: www.StampsSecuritiesSettlement.com

If you are NOT a Member of the Class, as defined below and in the Notice of Pendency and Settlement of Class Action (the "Notice"), DO NOT submit a Claim Form.

4.     If you are a Member of the Class and you do not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

1

Exhibit A

-23-

5.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## II.      CLAIMANT IDENTIFICATION

1.      If you purchased or acquired Stamps.com common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify the beneficial owner(s) of the Stamps.com common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible Stamps.com common stock in your own name, you are the beneficial owner as well as the record owner.  If, however, your shares of eligible Stamps.com common stock were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE STAMPS.COM COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this Claim Form and be identified in Part I. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.      **One Claim should be submitted for each separate legal entity.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Stamps.com common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own or owned the Stamps.com common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

Exhibit A

-24-

III.       CLAIM FORM

1.        Use Part II of this form entitled "Schedule of Transactions in Stamps.com Common Stock" to supply all required details of your transaction(s) in and holdings of Stamps.com common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.        On the schedules, provide all of the requested information with respect to all of your purchases and acquisitions and all of your sales of Stamps.com common stock that took place at any time on or between and including May 3, 2017 and August 6, 2019, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of shares held at the close of trading on May 2, 2017, May 8, 2019, and August 6, 2019.

3.        List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.        You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Stamps.com common stock set forth in the Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The parties and the Claims Administrator do not independently have information about your investments in Stamps.com common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

5.        The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.        If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

7.        **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

8.        If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Gilardi & Co. LLC, at the address on the first page of the Claim Form, by email at info@StampsSecuritiesSettlement.com, or by toll-free phone at 1-866-331-7166, or you can visit the website, www.StampsSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

Exhibit A

-25-

9.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.StampsSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at info@StampsSecuritiesSettlement.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* ¶II.4 above) and the *complete* name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶II.2 above). Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@StampsSecuritiesSettlement.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-866-331-7166.**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶III.4 of the Instructions. Do not include information regarding securities other than Stamps.com common stock.

4

Exhibit A

-26-

**Official Office Use Only**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
*Stamps.com Securities Settlement*
No. 2:19-cv-01828-MWF-SK
**PROOF OF CLAIM AND RELEASE**
Please Type or Print in the Boxes Below
Do NOT use Red Ink, Pencil, or Staples

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than February 2, 2022**

**S3C**

## PART I: CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other _____

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number

or

Taxpayer Identification Number

—

Telephone Number (Primary Daytime)

—    —

Telephone Number (Alternate)

—    —

Email Address

## MAILING INFORMATION

Address

Address

City

State

ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



Exhibit A
-27-

## PART II.  SCHEDULE OF TRANSACTIONS IN STAMPS.COM COMMON STOCK

A.  Number of shares of Stamps.com common stock held at the close of trading on May 2, 2017. (Must be documented.) If none, write "zero":

Proof Enclosed?  ◯ Y   ◯ N

B.  Purchases or acquisitions of Stamps.com common stock (May 3, 2017-August 6, 2019, inclusive) (Must be documented.):

### PURCHASES

| Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased or Acquired | Purchase/Acquisition Price Per Share | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| M M / D D / Y Y Y Y | | | | |
| 1. / / | | $        . 00 | . 00 | ◯ Y  ◯ N |
| 2. / / | | $        . 00 | . 00 | ◯ Y  ◯ N |
| 3. / / | | $        . 00 | . 00 | ◯ Y  ◯ N |
| 4. / / | | $        . 00 | . 00 | ◯ Y  ◯ N |
| 5. / / | | $        . 00 | . 00 | ◯ Y  ◯ N |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes:  ◯ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y        Merger Shares:          Company:

C.  Sales of Stamps.com common stock (May 3, 2017- August 6, 2019, inclusive) (Must be documented.):

### SALES

| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Sale Price Per Share | Total Sales Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|---|
| M M / D D / Y Y Y Y | | | | |
| 1. / / | | $        . 00 | . 00 | ◯ Y  ◯ N |
| 2. / / | | $        . 00 | . 00 | ◯ Y  ◯ N |
| 3. / / | | $        . 00 | . 00 | ◯ Y  ◯ N |
| 4. / / | | $        . 00 | . 00 | ◯ Y  ◯ N |
| 5. / / | | $        . 00 | . 00 | ◯ Y  ◯ N |

D.  Number of shares of Stamps.com common stock held at the close of trading on May 8, 2019. (Must be documented.) If none, write "zero":

Proof Enclosed?  ◯ Y   ◯ N

E.  Number of shares of Stamps.com common stock held at the close of trading on August 6, 2019. (Must be documented.) If none, write "zero":

Proof Enclosed?  ◯ Y   ◯ N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



6

Exhibit A
-28-



#### IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation of Settlement dated August 16, 2021 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Stamps.com common stock during the Class Period and know of no other Person having done so on my (our) behalf.

#### V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Plaintiff's Claims (including Unknown Claims) against each and all of the Released Defendant Parties, all as defined herein and in the Notice and Stipulation.

2.    This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases or acquisitions of Stamps.com common stock and know of no other person having done so on my (our) behalf.

4.    I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases or acquisitions of Stamps.com common stock, as well as sales of Stamps.com common stock between May 3, 2017 through August 6, 2019, as well as the number of shares held at the close of trading on May 2, 2017, May 8, 2019, and August 6, 2019.

5.    The number(s) shown on this form is (are) the correct SSN/TIN(s).

6.    I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.



7

Exhibit A

-29-

Executed this_____ day of _____ in _____

                                  (Month/Year)                                (City/State/Country)

_____       _____
(Sign your name here)                                 (Sign your name here)

_____       _____
(Type or print your name here)                      (Type or print your name here)

_____       _____
(Capacity of person(s) signing, *e.g.*,                   (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)     Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** original stock certificates. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. **If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at 1-866-331-7166.**

7. If you move, please send your new address to the address below.

8. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@StampsSecuritiesSettlement. com, or by toll-free phone at 1-866-331-7166, or you may visit www.StampsSecuritiesSettlement.com. DO NOT call Stamps.com, the other Defendants, or their counsel with questions regarding your claim.

9. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN FEBRUARY 2, 2022, ADDRESSED AS FOLLOWS:**

*Stamps.com Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43315
Providence, RI  02940-3315
www.StampsSecuritiesSettlement.com



Exhibit A

-30-

# EXHIBIT B

**Gilardi & Co LLC**

1 McInnis Parkway
Suite 250
San Rafael, CA 94903
P: (415) 458-3015

November 4, 2021

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re:  **Stamps.com Securities Settlement**

Dear «GENDER» «LastName»:

Please find enclosed the Notice of Pendency and Settlement of Class Action (the "Notice") and Proof of Claim and Release for the above referenced litigation. Please note both the Class Period and the designated eligible securities described on page one of the Notice, specifically the inclusion of all persons who purchased or otherwise acquired Stamps.com Inc. ("Stamps.com" or the "Company") common stock from May 3, 2017 through May 8, 2019, inclusive (the "Class Period"), and were damaged thereby. In addition, **the Notice provides that the exclusion deadline is January 3, 2022 and the Claim Filing Deadline is February 2, 2022.**

Please pay particular attention to "What If I Bought Shares On Someone Else's Behalf?" on page fifteen of the Notice which states, in part: that nominees who purchased or acquired Stamps.com common stock for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice by First-Class Mail within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.

Please do not make your own copies of the Proof of Claim and Release, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at Notifications@Gilardi.com. If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact us to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send.  Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:
- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission.

If you have any questions, please email Notifications@Gilardi.com.

Sincerely,

Gilardi and Company, LLC

Exhibit B
-31-

# EXHIBIT C

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be printed in said publication on November 5, 2021:

Name of Publication: The Wall Street Journal

Address: 1211 Avenue of the Americas

City, State, Zip: New York, NY 10036

Phone #: 1-800-568-7625

State of: New York

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of November 2021, at Sellersville, Pennsylvania.


_Carla Peak_

Carla Peak

Exhibit C

-32-

## BUSINESS & FINANCE

# Peloton's Sales Slip Amid Return to Gyms

**Fitness machine maker cuts annual targets for revenue and subscribers**

BY SHARON TERLEP

**Peloton Interactive** Inc. is slowing down.

The maker of connected fitness equipment on Thursday reported its smallest quarterly gain in subscriber growth since it became a public company two years ago and said that fewer people are joining its online workouts.

Peloton also lowered its forecasts for the fiscal year that ends June 30, warning its annual revenue could be nearly 20% below its earlier projection. Shares plunged 25% in after-hours trading.

"A softer than anticipated start to [the quarter started Oct. 1] and challenged visibility into our near-term operating performance is leading us to recalibrate our fiscal year outlook," Peloton Chief Executive John Foley wrote in a letter to investors.

Peloton is feeling the pressure as rivals become more competitive and the nation's gyms, hit by closures and member exoduses during the Covid-19 pandemic, mount a comeback.

Earlier Thursday, gym chain **Planet Fitness** Inc. said it returned to same-store sales growth for the first time since the pandemic, raising forecasts for full-year revenue and new store openings for 2021.

Over the summer, Peloton lowered by 20% the price of its original stationary bike and predicted slower growth in demand for equipment and subscriptions.

Mr. Foley, in Thursday's letter to Peloton investors, said the price cuts helped sales but "there remains a lingering perception that Peloton is a luxury item."

The number of people subscribing to Peloton's remote fitness classes reached 2.5 million as of Sept. 30, up from 2.3 million at the end of June and 1.3 million a year earlier. It is the first time subscriber growth was less than 10% sequentially. Subscribers increased by 20% or more each quarter, between the fall 2019 and summer 2021.

Peloton's sales increased 6% to $805.2 million in the quarter ended Sept. 30. The company booked a net loss of about $376 million for the period, compared with a profit of $69.3 million a year ago.

The company said it now expects to have 3.35 million to 3.45 million subscribers at the end of June, down from an earlier target of 3.63 million. It now forecasts $4.4 billion to $4.8 billion in annual revenue, down from $5.4 billion.

Peloton has overhauled its manufacturing and supply chain after it experienced major shipping delays during the pandemic. A high-profile recall fight with U.S. regulators led the company in May to halt sales of its Tread+ treadmill, which has yet to return to market.

The Tread+ was recalled after a child was pulled under one of the machines and killed. Subsequently, the company and U.S. safety regulators learned of other cases of children and pets getting injured in the same manner. The company has restarted sales of another treadmill.



Peloton is feeling the pressure as rivals become more competitive.

MICHAEL LOCCISANO/GETTY IMAGES

# Kellogg Faces Growing Costs Amid Strike, Supply Snags

BY JESSE NEWMAN AND DAVE SEBASTIAN

A monthlong strike at **Kellogg** Co. is raising the cereal company's costs as it contends with inflation and supply-chain disruptions.

More than 1,000 employees walked off the job at Kellogg's U.S. cereal plants last month, objecting to the company's proposals during contract negotiations regarding holiday and vacation pay, retirement benefits and healthcare, according to the union representing the workers.

The cereal and snack maker behind Pop-Tarts, Frosted Flakes and Rice Krispies said Thursday that it expects supply-chain bottlenecks and shortages to continue in coming months, boosting costs as the strike aggravates existing difficulties. "There is no question that today's business environment is as challenging as we've ever seen it," said Chief Executive Steve Cahillane.

Michigan-based Kellogg is among the major U.S. companies where employees are demanding higher pay and expanded benefits as labor shortages persist across industries from food to manufacturing. Union officials have said workers' wage and health concerns deepened over the course of the Covid-19 pandemic, and some labor leaders have said they see an opportunity to organize more workplaces. Critics have said strikes and other worker demands risk pushing



More than 1,000 employees walked off the job at Kellogg's U.S. cereal plants. A rally supporting strikers at its headquarters last week.

ALYSSA KEOWN/BATTLE CREEK ENQUIRER/ASSOCIATED PRESS

up inflation and muting the U.S. economic recovery.

Mr. Cahillane said Kellogg is negotiating with the Bakery, Confectionery, Tobacco Workers and Grain Millers International Union, which represents workers at the company, and he said the food maker hopes to reach a reasonable conclusion.

Kellogg took steps to prepare in advance for contract negotiations, Mr. Cahillane said, including working to build its cereal inventory. Since the strike, he said Kellogg enacted contingency plans to keep cereal flowing to grocery stores, including deploying white-collar and replacement workers in its plants and importing cereal from its international facilities.

Kellogg's four U.S. cereal plants aren't running at full capacity, Mr. Cahillane said, but production is improving daily. He said Kellogg is anxious for its striking employees to return and he believes the company's current offer is fair, including increased compensation on top of already strong wages and benefits.

The union has said Kellogg is asking its employees for concessions on pay, healthcare and retirement benefits while the company books large profits and as employees work long, difficult hours during the pandemic. On Thursday, the union said its bargaining committee rejected Kellogg's latest proposal because it contained unacceptable terms and conditions.

"The company's last, best and final offer does not achieve what our members are asking for; a predictable pathway to fully vested, fully benefitted employment for all employees with no concessions," the union said in a statement.

Mr. Cahillane said in an interview: "The mitigations are working to help us meet the demand we have in the marketplace."

He added, "But the objective is we've got to get people back to work."

Kellogg said it is working to temper demand for products where it faces capacity constraints, including cereal, by cutting back on promotions and shifting advertising spending to items like crackers. "We don't want to create demand we can't meet," Mr. Cahillane said.

Kellogg on Thursday raised its sales outlook for the full year. The company said it expects organic net sales—which exclude the effect of acquisitions, divestitures, foreign currency and differences in shipping days—to rise 2% to 3% in fiscal 2021. That is up from the company's prior guidance of flat to 1% growth in organic net sales. The company reaffirmed its outlook for currency-neutral adjusted earnings per share to grow about 1% to 2% for the year.

Kellogg posted net sales for the quarter that ended Oct. 2 of $3.62 billion, up 5.6% from the comparable period last year and beating Wall Street estimates. The growth came from emerging markets and from within its snacking brands, the company said. Third-quarter adjusted earnings were $1.09 a share, ahead of expectations of analysts polled by FactSet.

---

ADVERTISEMENT

## The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

### CLASS ACTION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,
      Plaintiff,
vs.
STAMPS.COM, INC., et al.,
      Defendants.

Case No. 2:19-cv-01828-MWF-SK

CLASS ACTION

SUMMARY NOTICE

*IF YOU PURCHASED OR ACQUIRED STAMPS.COM INC. ("STAMPS.COM") COMMON STOCK FROM MAY 3, 2017 THROUGH AND INCLUDING MAY 8, 2019, AND WERE DAMAGED THEREBY (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Central District of California that the above-captioned litigation (the "Litigation") has been certified as a class action and that a Settlement has been proposed for $100,000,000 in cash. A hearing will be held on January 24, 2022, at 10:00 a.m., before the Honorable Michael W. Fitzgerald at the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012, for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (3) the application of Lead Plaintiff's counsel for the payment of attorneys' fees and expenses should be approved.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.** If you have not received a detailed Notice of Pendency and Settlement of Class Action (the "Notice") and a copy of the Claim Form, you may obtain a copy of these documents by contacting the Claims Administrator: *Stamps.com Securities Settlement*, c/o Gilardi & Co. LLC, P.O. Box 43315, Providence, RI 02940-3315. You may also obtain copies of the Stipulation of Settlement, Notice and Claim Form at www.StampsSecuritiesSettlement.com.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form by mail **postmarked no later than February 2, 2022**, or submit it online by that date. If you are a Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Litigation (including the releases provided for therein).

To exclude yourself from the Class, you must submit a written request for exclusion so that it is *received* **by January 3, 2022**, in accordance with the instructions set forth in the Notice. If you are a Class Member and do not exclude yourself from the Class, you will be bound by any judgment entered by the Court in this Litigation (including the releases provided for therein) whether or not you submit a Claim Form. If you submit a written request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, or the fees and expenses application must be filed with the Court and delivered such that it is *received* **by each of the following no later than January 3, 2022:**

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
First Street Courthouse
350 West First Street, Suite 4311
Los Angeles, CA 90012

*Lead Counsel*:
ROBBINS GELLER
RUDMAN & DOWD LLP
ERIC I. NIEHAUS
655 West Broadway, Suite 1900
San Diego, CA 92101

*Defendants' Counsel*:
KATTEN MUCHIN
ROSENMAN LLP
RICHARD H. ZELICHOV
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the address listed above or by calling 1-800-449-4900.

DATED: October 14, 2021

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### BUSINESS OPPORTUNITIES

**Santa Barbara 78 acre Vineyard & Winery**
30+ years: Chardonnay, Pinot Noir, Syrah
40,000 case permit, Tasting room,
Fully functioning winery
**SEEKING QUALIFIED BLIND CONTACTS**
**EMAIL: xlntpno@gmail.com**

**INVESTOR/OPPORT-MEDICAL DEVICE**
CARPAL TUNNEL SYNDROME (CTS)
SUFFERER'S AND COMPUTER GAMERS
MR MEDI MOUSE - www.mrmedimouse.com
USPTO UTILITY PATENT # 9,927,890 B1 NO
OTHER COMPUTER MOUSE LIKE IT PLEASE
VIEW MY WEB SITE, ABOVE CALL
P.PERLMAN 561-628-0885
TRADEMARKED REG. MOUSE LOGO
percad@aol.com-I AM PAST CTS SUFFERER

### PUBLIC NOTICES

**Caledonian Securities Limited
(In Official Liquidation) ("the Company")
The Companies Act (As Revised)
Notice of the Annual General
Meeting of Creditors
Registration No. 262778
Grand Court Cause No 26 of 2015 (ASCJ)**

NOTICE IS HEREBY GIVEN that a meeting of creditors of the Company will be held on 25 November 2021 at 9:00am (Cayman Islands time) by telephone conference for the purpose of reporting the progress in connection with the winding up of the Company and receiving an account of the Joint Official Liquidators during the preceding year. Any person intending to participate in the meeting must send written notice of their intention to do so to the contact for enquiries below by 5:00pm (Cayman Islands time) on 23 November 2021. Access details will be provided upon confirmation of attendance.
Dated this 5th day of November 2021
Mr. Keiran Hutchison, Joint Official Liquidator
Contact for enquires: The Joint Official Liquidators of the Company, c/o EY Cayman Ltd., 62 Forum Lane, Camana Bay, PO Box 510, Grand Cayman, KY1-1106, Cayman Islands, Email: gerard.somers@ky.ey.com

**Airborne Capital Limited Mandated to Sell Certain Rights and Claims**
Airborne Capital Limited (www.airbornecapital.aero) has been exclusively mandated to offer for sale certain rights and claims under lease agreements with AAA Golden Aircraft Star No.2 Limited and AAA Golden Aircraft Star No.1 Limited respectively, on behalf of FitzWalter Capital Partners (Financial Trading) Limited, as the security trustee under certain loan facility agreements. These rights and claims are to be sold on an "as is, where is" basis via a process beginning on 3rd November 2021.
For further information on the sale, expressions of interest, bid deadlines and procedures, please contact Jocelyn Noel or Gian Dooley at Airborne Capital by emailing remarketing@airbornecapital.aero with AAA Golden Aircraft in the subject line.

---

# Ford Continues Effort To Improve Finances

BY NINA TRENTMANN

**Ford** Motor Co. said it would buy back up to $5 billion in high-price debt, a move that comes as finance chief John Lawler works to overhaul the car maker's balance sheet and improve its credit rating.

Ford's tender offer is for 10 different debt instruments including securities with a 9% coupon due in April 2025 and those with a 9.625% coupon due in April 2030. The company in April 2020 sold $8 billion of bonds as a financial cushion as the coronavirus pandemic forced Ford's factories to close temporarily and dented sales. Ford also eliminated its dividend at the time.

Buying back the debt with cash from its operations would help the auto manufacturer bring down its interest costs and reduce its debt levels. Ford said it expects to incur a charge in the range of $1 billion to $1.2 billion depending on which securities are bought back.

"We can have the flexibility now to rework our debt structure," Mr. Lawler said, adding that Ford expects the tender offer to have a significant impact on its cost of debt. "We are continuing to look at how we strengthen the balance sheet...with the idea that it's going to provide us increased financial flexibility as well as it's part of returning our credit rating back to investment grade," he said.

Ford's senior unsecured debt is rated Ba2 by Moody's, which is two notches below investment-grade status. S&P Global Ratings rates some of the company's debt as BB+, which is one notch below investment-grade status, with a negative outlook.

Ford and its financing subsidiary **Ford Motor Credit** Co. on Thursday also launched a sustainable-financing framework that will serve as the basis for issuances of both secured and unsecured financing tools, including bonds tied to the company's environmental, social and governance goals like clean transportation and clean manufacturing. The auto maker said it wants to be carbon neutral no later than 2050.

"You could potentially see a green bond issuance, which we believe will be healthy for the company and...improve our balance sheet, lower our debt, and lower the cost of our debt considerably," Mr. Lawler said.

The company earlier this year sold a 0% convertible bond, taking advantage of the increase in its share price since the beginning of the year. Its stock price—at $19.38 in recent trading—has more than doubled since early January. Ford last month said it would reinstate its dividend in the fourth quarter, pledging to distribute 10 cents a share as of Dec. 1.

Thursday's tender offer "is a very strong signal, in addition to the reinstated dividend, that the balance sheet is being repaired fast," said Philippe Houchois, a managing director at investment bank Jefferies Group.

Extinguishing its higher-priced debt could provide Ford with about $455 million in additional pretax income a year, said David Whiston, an equity analyst at Morningstar Research Services LLC.

"I like them deploying their cash hoard to take out a decent part of their most expensive bonds," Mr. Whiston said. "It's a good use of cash right now."

Exhibit C
-33-

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be published as a press release by the following wire service:

Name of Publication: BusinessWire

Address: 101 California Street 20th Floor

City, State, Zip San Francisco, CA 94111

Phone #: 415-986-4422

State of: California

The press release was distributed on November 12, 2021 to the following media circuits offered by the above-referenced wire service:

1.  US1 National Newsline

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 12th day of November 2021, at Sellersville, Pennsylvania.

_Carla Peak_

Carla Peak

Exhibit C

-34-



# Robbins Geller Rudman & Dowd LLP Announces Proposed Settlement in the Stamps.com Securities Settlement

November 12, 2021 08:00 AM Eastern Standard Time

SAN DIEGO--(BUSINESS WIRE)--The following statement is being issued by Robbins Geller Rudman & Dowd LLP regarding the Stamps.com Securities Settlement:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, ) | Case No. 2:19-cv-01828-MWF-SK |
| Plaintiff, ) | |
| vs. ) | CLASS ACTION |
| STAMPS.COM, INC., et al., ) | |
| Defendants. ) | SUMMARY NOTICE |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

*IF YOU PURCHASED OR ACQUIRED STAMPS.COM INC. ("STAMPS.COM") COMMON STOCK FROM MAY 3, 2017 THROUGH AND INCLUDING MAY 8, 2019, AND WERE DAMAGED THEREBY (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

Exhibit C
-35-

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Central District of California that the above-captioned litigation (the "Litigation") has been certified as a class action and that a Settlement has been proposed for $100,000,000 in cash. A hearing will be held on January 24, 2022, at 10:00 a.m., before the Honorable Michael W. Fitzgerald at the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012, for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (3) the application of Lead Plaintiff's counsel for the payment of attorneys' fees and expenses should be approved.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.** If you have not received a detailed Notice of Pendency and Settlement of Class Action (the "Notice") and a copy of the Claim Form, you may obtain a copy of these documents by contacting the Claims Administrator: *Stamps.com Securities Settlement*, c/o Gilardi & Co. LLC, P.O. Box 43315, Providence, RI 02940-3315. You may also obtain copies of the Stipulation of Settlement, Notice and Claim Form at www.StampsSecuritiesSettlement.com.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form by mail **postmarked no later than February 2, 2022**, or submit it online by that date. If you are a Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Litigation (including the releases provided for therein).

To exclude yourself from the Class, you must submit a written request for exclusion so that it is *received* by January 3, 2022, in accordance with the instructions set forth in the Notice. If you are a Class Member and do not exclude yourself from the Class, you will be bound by any judgment entered by the Court in this Litigation (including the releases provided for therein) whether or not you submit a Claim Form. If you submit a written request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, or the fees and expenses application must be filed with the Court and delivered such that it is *received* **by each of the following no later than January 3, 2022**:

| CLERK OF THE COURT | *Lead Counsel*: | *Defendants' Counsel*: |
|---|---|---|
| UNITED STATES DISTRICT COURT | ROBBINS GELLER RUDMAN & DOWD LLP | KATTEN MUCHIN ROSENMAN LLP |
| CENTRAL DISTRICT OF CALIFORNIA | ERIC I. NIEHAUS | RICHARD H. ZELICHOV |
| First Street Courthouse | 655 West Broadway, Suite 1900 | 2029 Century Park East, |
| 350 West First Street, Suite 4311 | San Diego, CA 92101 | Suite 2600 |
| Los Angeles, CA 90012 | | Los Angeles, CA 90067 |

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the address listed above or by calling 1-800-449-4900.

DATED: October 14, 2021  BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Exhibit C

-36-

Contacts

Media:

Robbins Geller Rudman & Dowd LLP

Shareholder Relations

Rick Nelson

(619) 231-1058

Exhibit C

-37-

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 20, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ ERIC I. NIEHAUS
ERIC I. NIEHAUS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ericn@rgrdlaw.com

-38-

# Mailing Information for a Case 2:19 cv 01828 MWF SK Matt Karinski v. Stamps.com, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christina Lucen Costley**
  christina.costley@katten.com,marsha.davis@katten.com,courtalertlax@katten.com

- **Jason A Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com,lionel-glancy-2522@ecf.pacerpro.com

- **John T Jasnoch**
  jjasnoch@scott-scott.com,rswartz@scott-scott.com,edewan@scott-scott.com,dcolonna@scott-scott.com,tlaughlin@scott-scott.com,efile@scott-scott.com

- **Adam C McCall**
  amccall@zlk.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Eric Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com,kwoods@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,lobas@pomlaw.c

- **Steven W Pepich**
  stevep@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Jonathan A. Rotenberg**
  jonathan.rotenberg@katten.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kevin S Sciarani**
  ksciarani@rgrdlaw.com,KSciarani@ecf.courtdrive.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Hillary B. Stakem**
  hstakem@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Paul Satoshi Yong**
  paul.yong@katten.com,paula.phillips@katten.com,courtalertlax@katten.com

- **Richard H. Zelichov**
  richard.zelichov@katten.com,marsha.davis@katten.com,courtalertlax@katten.com,carrie.stickel@katten.com,jonathan.rotenberg@katten.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

-39-