ROBBINS GELLER RUDMAN
  & DOWD LLP
STEVEN W. PEPICH (116086)
JASON A. FORGE (181542)
ERIC I. NIEHAUS (239023)
HILLARY B. STAKEM (286152)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
stevep@rgrdlaw.com
jforge@rgrdlaw.com
ericn@rgrdlaw.com
hstakem@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> STAMPS.COM, INC., et al., ) <br><br> Defendants. ) | Case No. 2:19-cv-01828-MWF-SK <br><br> <u>CLASS ACTION</u> <br><br> [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to the Order of this Court, dated October 14, 2021, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated August 16, 2021 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable and adequate;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

4. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit 1 hereto), the Litigation and all claims contained therein are dismissed with prejudice as to Lead Plaintiff and the other Class Members and as against each and all of the Released

Defendant Parties.  The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

5.    No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

6.    Upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not Lead Plaintiff or such Class Member executes and delivers the Proof of Claim and Release and whether or not Lead Plaintiff or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

7.    Upon the Effective Date, the Defendants and each and every Released Defendant Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Releasing Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of the Stipulation are not released.

8.    Upon the Effective Date, Lead Plaintiff, all Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Plaintiff's Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

- 2 -

9. The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all Members of the Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

10. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of this Judgment.

11. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiff's Claims by the Released Defendant Parties, or of any wrongdoing or liability of the

Released Defendant Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal or of any liability or wrongdoing of any kind; (c) is or may be deemed to be evidence of or an admission or concession that Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.  The Released Defendant Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. The Court directs immediate entry of this Judgment by the Clerk of the Court.

18. The Court's orders entered during this Litigation relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: _____         _____

THE HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE