ROBBINS GELLER RUDMAN
  & DOWD LLP
STEVEN W. PEPICH (116086)
JASON A. FORGE (181542)
ERIC I. NIEHAUS (239023)
HILLARY B. STAKEM (286152)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
stevep@rgrdlaw.com
jforge@rgrdlaw.com
ericn@rgrdlaw.com
hstakem@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT KARINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>                   Plaintiff,<br><br>   vs.<br><br>STAMPS.COM, INC., et al.,<br><br>                 Defendants. | Case No. 2:19-cv-01828-MWF-SK<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND REPLY IN FURTHER SUPPORT OF (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) APPROVAL OF PLAN OF ALLOCATION; (3) AWARD OF ATTORNEYS' FEES AND EXPENSES; AND (4) AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4)<br><br>DATE:    January 24, 2022<br>TIME:    10:00 a.m.<br>CTRM:  5A<br>JUDGE:  Hon. Michael W. Fitzgerald |

4853-4727-0153.v1

Lead Plaintiff and Class Representative Indiana Public Retirement System ("Lead Plaintiff"), by and through its counsel Robbins Geller Rudman & Dowd LLP ("Lead Counsel"), respectfully submits this reply in further support of final approval of the $100 million Settlement, approval of the proposed Plan of Allocation, and an award of attorneys' fees and payment of expenses, including an award to Lead Plaintiff in connection with its representation of the Class.[1]

## I.   PRELIMINARY STATEMENT

Pursuant to the October 14, 2021 Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 199) ("Notice Order"), over 84,900 copies of the Notice of Pendency and Settlement of Class Action ("Notice") and Proof of Claim and Release form ("Proof of Claim") (together, the "Claim Package") were mailed to potential Class Members and nominees[2] and the Summary Notice was published in *The Wall Street Journal* and transmitted over *Business Wire*.[3]  The January 3, 2022 deadline for filing objections and submitting requests for exclusion has now passed. Lead Plaintiff and Lead Counsel are pleased to report that no objections to the proposed Settlement, Plan of Allocation, or fee and expense request were filed and only two requests for exclusion have been received.[4]

In sum, the favorable response from Class Members, the absence of any objections to this motion, along with the modest exclusion requests after this extensive notice program, strongly indicates that the Class supports the Settlement, the Plan of Allocation, and the fee and expense application, and weighs in favor of their approval.

---

[1]   Unless otherwise noted, all capitalized terms used herein are defined in the Stipulation of Settlement dated August 16, 2021.  ECF No. 196.

[2]   *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Supp. Murray Decl."), ¶4, submitted herewith.

[3]   *See* Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date ("Murray Decl."), ¶12. ECF No. 206.

[4]   Supp. Murray Decl., ¶6 and Exhibit A.

- 1 -

4853-4727-0153.v1

*See, e.g.*, *Roberti v. OSI Sys., Inc.*, No. CV-13-09174 MWF (MRW), 2015 WL 8329916, at *5 (C.D. Cal. Dec. 8, 2015) ("By any standard, the lack of objection favors final approval."); *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *13-*14 (N.D. Cal. Feb. 11, 2016) ("[T]he lack of objection of the Class Members favors approval of the Settlement" and "a low number of exclusions representing a small fraction of shares in the public float also supports the reasonableness of a securities class action settlement.").

## II. THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

The "reaction of the class members to the proposed settlement" is a factor to be considered in assessing the adequacy of the settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *In re MRV Commc'ns, Inc. Deriv. Litig.*, No. CV 08-03800 GAF (MANx), 2013 WL 2897874, at *5 (C.D. Cal. June 6, 2013) ("'[T]he reaction of the class to the proffered settlement . . . is perhaps the most significant factor to be weighed in considering its adequacy.'").[5]

The Ninth Circuit has recognized that when "the overwhelming majority of the class willingly approved the offer and stayed in the class," this "presents at least some objective positive commentary as to [the] fairness" of the settlement. *Hanlon*, 150 F.3d at 1027. Indeed, "'[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class [action] settlement . . . are favorable to the class members.'" *Sudunagunta v. NantKwest, Inc.*, No. CV 16-1947-MWF (JEMx), 2019 WL 2183451, at *5 (C.D. Cal. May 13, 2019).

Here, the reaction of the Class to the Settlement strongly supports final approval. Pursuant to the Court's Notice Order, an extensive notice program was conducted. *See generally* Murray Decl. and Suppl. Murray Decl. The Court-approved Notice provided

---

[5] Citations are omitted throughout unless otherwise noted.

- 2 -

detailed information about the Settlement, including the process of objecting and the consequences of inaction. Murray Decl., Ex. A. The deadline for objecting to any aspect of the Settlement has passed, and not a single Class Member has objected, raising a strong presumption that the Settlement is favorable to Class Members. *See OSI Sys.*, 2015 WL 8329916, at *5. The receipt of only two requests for exclusion also supports final approval of the Settlement. *See, e.g.*, *Aichele v. City of Los Angeles*, No. CV12-10863-DMG (FFMx), 2015 WL 5286028, at *4 (C.D. Cal. Sept. 9, 2015) ("As the Final Order Approving Class Action Settlement explains, there were no objections, and a total of four opt-outs. . . . As discussed in that Order, the reaction of the class supports approval of the settlement and it similarly supports the requested award of attorney's fees."); *Schulein v. Petroleum Dev. Corp.*, No. SACV 11-1891 AG (ANx), 2015 WL 12698312, at *4 (C.D. Cal. Mar. 16, 2015) ("The class has responded well to the proposed settlement agreement. . . . Seven class members have requested to be excluded from the settlement agreement . . . . Therefore, this factor weighs in favor of approving the settlement."); *Cagle v. Anti-Aging Essentials, Inc.*, No. CV11-02940 AHM (JEMx), 2012 WL 12883828, at *4 (C.D. Cal. June 6, 2012) ("The absence of any objection to the settlement, and the low opt-out numbers weigh in favor of approval.").

## III. THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AN AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4)

"[D]istrict courts in the Ninth Circuit also traditionally consider the reaction of the class when deciding whether to award the requested fee." *Cagle*, 2012 WL 12883828, at *5; *see also In re Heritage Bond Litig.*, No. 02-ML-1475-DT (RCX), 2005 WL 1594389, at *15 (C.D. Cal. June 10, 2005) ("The presence or absence of objections from the class is also a factor in determining the proper fee award.").

The Court-approved Notice reported that Lead Counsel would request a fee award of up to 16.75% of the Settlement Amount (plus interest), as well as the payment of

- 3 -

4853-4727-0153.v1

litigation expenses, totaling no more than $600,000 (plus interest). *See* Murray Decl., Exhibit A, Notice at ¶5; *cf. Aichele*, 2015 WL 5286028, at *6 ("In defining a 'reasonable fee' in representative actions, the law should 'mimic the market. . . .' Attorneys 'regularly contract for contingent fees between 30% and 40%.'"). And consistent with the Notice, Lead Counsel has requested an award of attorneys' fees of 16.75% of the Settlement Amount (plus interest), and payment of litigation expenses of $526,792.79 (plus interest). *See* ECF No. 203.

To date, no objection to the requested fee and expense award has been filed, and this fact weighs in favor of approval. *See, e.g.*, *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) (noting that class members' reaction may be "a determining factor in . . . determining the fee award" and holding that this factor supported the requested award where no objection "raised any concern about the amount of the fee"); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("the lack of objection from any Class Member supports the attorneys' fees award"); *Heritage Bond*, 2005 WL 1594389, at *16 (concluding "that the lack of significant objections to the requested fees" justified the requested award).

The lack of any objection to Lead Plaintiff's request for an award under 15 U.S.C. §78u-4(a)(4) also supports the approval of that request. *See Omnivision*, 559 F. Supp. 2d at 1049 (finding it "appropriate to reimburse Lead Plaintiffs for their reasonable costs and expenses" where "[t]he Notice adequately informed all potential Class Members that the Lead Plaintiffs would seek to recover these costs, and no one objected").

## IV.    CONCLUSION

Based on the foregoing and the entire record herein, Lead Plaintiff respectfully requests that the Court approve the Settlement and Plan of Allocation as fair, reasonable and adequate and in the best interests of the Class and enter final approval of the Settlement and Plan of Allocation; and grant Lead Counsel's application for attorneys' fees, litigation expenses and an award to Lead Plaintiff.

- 4 -

DATED:  January 14, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEVEN W. PEPICH
JASON A. FORGE
ERIC I. NIEHAUS
HILLARY B. STAKEM
KEVIN S. SCIARANI

s/ Eric I. Niehaus
ERIC I. NIEHAUS

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Lead Plaintiff

- 5 -

4853-4727-0153.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 14, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

 s/ Eric I. Niehaus
ERIC I. NIEHAUS

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ericn@rgrdlaw.com

4853-4727-0153.v1

-6-

**Mailing Information for a Case 2:19-cv-01828-MWF-SK Matt Karinski v. Stamps.com, Inc. et al**

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christina Lucen Costley**
  christina.costley@katten.com,marsha.davis@katten.com,courtalertlax@katten.com

- **Jason A Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com,lionel-glancy-2522@ecf.pacerpro.com

- **John T Jasnoch**
  jjasnoch@scott-scott.com,rswartz@scott-scott.com,edewan@scott-scott.com,dcolonna@scott-scott.com,tlaughlin@scott-scott.com,efile@scott-scott.com

- **Adam C McCall**
  amccall@zlk.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Eric Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com,kwoods@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,lobas@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,fgravenson@pomlaw.

- **Steven W Pepich**
  stevep@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Jonathan A. Rotenberg**
  jonathan.rotenberg@katten.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kevin S Sciarani**
  ksciarani@rgrdlaw.com,KSciarani@ecf.courtdrive.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Hillary B. Stakem**
  hstakem@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Paul Satoshi Yong**
  paul.yong@katten.com,paula.phillips@katten.com,courtalertlax@katten.com

- **Richard H. Zelichov**
  richard.zelichov@katten.com,marsha.davis@katten.com,courtalertlax@katten.com,carrie.stickel@katten.com,ewelina.johnson@katten.com,jonathan.rotenberg@katten

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)